Richard M. Heimann (State Bar No. 063607)
rheimann@lchb.com
Katherine Lubin Benson (State Bar No. 259826)
kbenson@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Steven E. Fineman (*Pro Hac Vice Forthcoming*)
Daniel P. Chiplock (*Pro Hac Vice Forthcoming*)
Michael J. Miarmi (*Pro Hac Vice Forthcoming*)
Sharon M. Lee (*Pro Hac Vice Forthcoming*)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 29th Fl.
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

*Counsel for Movant Izudin Jevric and Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MALRIAT, Individually and On Behalf Of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> QUANTUMSCAPE CORPORATION F/K/A CAPITAL ACQUISITION CORP., and JAGDEEP SINGH, <br><br> Defendants. | Civil Action No.: 3:21-cv-00058-WHO <br><br> NOTICE OF MOTION AND MOTION OF IZUDIN JEVRIC FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br><br> DATE: April 14, 2021 <br> TIME: 2:00 p.m. <br> JUDGE: William H. Orrick <br> CTRM: 2 – 17th Floor |
| ASHA GOWDA, Individually and On Behalf Of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> QUANTUMSCAPE CORPORATION, JAGDEEP SINGH, FRITZ PRINZ, TIMOTHY HOLME, KEVIN HETTRICH and VOLKSWAGEN GROUP OF AMERICA INVESTMENTS, LLC, <br><br> Defendants. | Civil Action No.: 3:21-cv-00070-WHO |

2137139.1

CHRISTOPHER LEO, Individually and On Behalf Of All Others Similarly Situated,

Plaintiff,

vs.

QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,

Defendants.

Civil Action No.:  3:21-cv-00150-WHO

## NOTICE OF MOTION AND MOTION

**TO:**  **ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that on April 14, 2021 at 2:00 p.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable William H. Orrick located at United States District Court, San Francisco Courthouse, Courtroom 2-17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, class member Izudin Jevric, by and through his counsel, will move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order (attached hereto): (i) consolidating the Related Actions filed in this Court; (ii) appointing Izudin Jevric as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired the securities of QuantumScape Corporation, formerly known as Kensington Capital Acquisition Corp. ("QuantumScape" or the "Company"); (iii) approving Mr. Jevric's selection of Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser") as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.  In support of this Motion, Mr. Jevric submits a Memorandum of Points and Authorities and the Declaration of Richard M. Heimann and exhibits attached hereto, the pleadings and other filings herein and such other written and oral arguments as may be presented to the Court.

This Motion is made on the grounds that Izudin Jevric is the most adequate plaintiff, as defined by the PSLRA, based on Movant's loss of approximately $337,970.91, which was

suffered as a result of defendants' wrongful conduct as alleged in the above-referenced actions. Further, Mr. Jevric satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    STATEMENT OF ISSUES TO BE DECIDED

Presently pending in this Court are three securities class actions lawsuits (the "Related Actions")[1] brought on behalf of investors who purchased or otherwise acquired the securities of QuantumScape during the class period.[2] Each action raises substantially similar allegations—that defendants violated Sections 10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5. Pursuant to the PSLRA, prior to selecting a Lead Plaintiff to lead this litigation on behalf of the Class, the Court must decide whether to consolidate the Related Actions. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar issues of law and fact.

Also pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the litigation and who satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I). Here, Izudin Jevric, with losses of approximately $337,970.91 in connection with his purchases of QuantumScape stock during the Class Period, is the "most adequate plaintiff" as defined by the PSLRA. Mr. Jevric believes he has the largest financial interest in the relief sought in the Related Actions by virtue of his substantial investments in QuantumScape

---

[1] In addition to the Related Actions pending in this District, a related securities class action against the same defendants alleging the same claims is pending in the Northern District of Illinois, namely, *Jordan A. Howard v. QuantumScape Corporation, et al.*, No. 1:21-cv-01004 (filed Feb. 23, 2021) (the "Illinois action"). Contemporaneous with this filing, Movant is also filing a motion for appointment as lead plaintiff and approval of selection of lead counsel in the Illinois action which ultimately should be consolidated with the Related Actions.

[2] The class period referred to herein is the longest class period alleged between the Related Actions, namely November 27, 2020 through December 31, 2020, inclusive (the "Class Period"). In determining the lead plaintiff movant with the "largest financial interest" under the PSLRA, courts have applied the longest, most inclusive class period alleged in related cases. *See, e.g., Eichenholtz v. Verifone Hold., Inc.,* No. C07-6140MHP, 2008 WL 3925289, at *2 (N.D. Cal. Aug. 22, 2008).

stock and the losses he suffered as a result of defendants' misconduct. Mr. Jevric is also an adequate class representative with claims typical of the other Class members. Accordingly, Mr. Jevric respectfully submits that he should be appointed Lead Plaintiff.

In addition, Mr. Jevric's selection of Lieff Cabraser to serve as Lead Counsel should be approved because Lieff Cabraser possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all Class members.

## II.  STATEMENT OF FACTS

QuantumScape, headquartered in San Jose, California, develops battery technology for electric vehicles and other applications. QuantumScape became a publicly traded company through a business combination with Kensington Capital Acquisition Corp. The transaction closed on November 25, 2020, with QuantumScape as the surviving public entity.

The Related Actions charge QuantumScape and certain of its senior officers and directors with violations of Sections 10(b) and 20(a) of the Exchange Act, and SEC Rule 10-b5. The actions allege that during the Class Period, defendants issued materially false and misleading statements regarding QuanutmScape's solid-state battery technology. Specifically, the actions allege that defendants misrepresented and failed to disclose (1) that the Company's purported successes related to its solid-state battery power, battery life, and energy density were significantly overstated; (2) that the Company was unlikely to be able to scale its technology to the multi-layer cell necessary to power electric vehicles; and (3) that, as a result of the foregoing, Defendants' positive statements about QuantumScape's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. As a result of Defendants' false statements and omissions, QuantumScape's securities traded at artificially inflated prices during the Class Period.

On January 4, 2021, *Seeking Alpha* published an article noting several risks with QuantumScape's solid-state batteries that make it "completely unacceptable for real world field electric vehicles." The article stated that the battery's power means it "will only last for 260 cycles or about 75,000 miles of aggressive driving." According to the article, as solid-state batteries are temperature sensitive, "the power and cycle tests at 30 and 45 degrees above would

2137139.1
- 3 -

have been significantly worse if run even a few degrees lower." On this news, QuantumScape's stock price fell $34.49 per share, or approximately 40.84%, to close at $49.96 on January 4, 2021, on unusually heavy trading volume.

## III.   ARGUMENT

### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA requires that prior to the appointment of a lead plaintiff, a court should consolidate securities class actions brought "on behalf of a class asserting substantially the same claim or claims." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions "if [the] actions before the court involve a common question of law or fact."

Here, the Related Actions involve the same operative facts, assert violations of the Exchange Act, and name substantially the same defendants. In the interests of judicial efficiency and economy, the Related Actions should be consolidated for all purposes.

### B.   IZUDIN JEVRIC SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth a procedure that governs the appointment of a lead plaintiff in a private action arising under the Exchange Act brought as a class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i); *see also In re Cavanaugh,* 306 F.3d 726, 729 (9th Cir. 2002).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person *or group of persons* that
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *see In re Cavanaugh*, 306 F.3d at 729-30.

As set forth below, Mr. Jevric satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff.

### 1. Izudin Jevric's Motion is Timely

In this case, counsel for the plaintiff in the first-filed action published a notice on January 6, 2021 on the newswire Business Wire. *See* Heimann Decl. at Exhibit A (attaching copy of notice). The notice advised that all Class members who are interested in moving for the appointment of Lead Plaintiff in this litigation must do so by March 8, 2021. Mr. Jevric's motion, filed on March 8, 2021, is therefore timely.

### 2. Izudin Jevric Has the Largest Financial Interest in the Action

As noted above, the PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the "person" or "group of persons" who "has the largest financial interest in the relief sought by the class," and who also satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). "So long as the plaintiff with the largest losses satisfies the adequacy requirements, he is entitled to lead plaintiff status . . . ." *Ferrari v. Gisch*, 225 F.R.D. 599, 602 (C.D. Cal. 2004) (citing *In re Cavanaugh*, 306 F. 3d at 732). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As of the time of the filing of this motion, Mr. Jevric believes that he has the largest

NOT. OF MTN AND MTN FOR CONSOL., APPT AS
LEAD AND APPROV. OF LEAD COUNSEL; MPA
Civil No. 3:21-CV-00058-WHO

financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. 1997) (financial interest may be determined by [1] the number of shares purchased during the class period; [2] the number of net shares purchased during the class period; [3] the total net funds expended during the class period; and [4] the approximate losses suffered).[3]

During the Class Period, Mr. Jevric (1) purchased a total of 6,880 shares of QuantumScape stock; (2) purchased a net amount of 6,880 shares of QuantumScape stock; (3) expended a net amount of $696,964.89 on his purchases of QuantumScape stock; and (4) suffered a loss of $337,970.91 as a result of the disclosure of the fraud. *See* Heimann Decl. at Exhibits B and C (attaching Izudin Jevric's certifications and chart analyzing his loss). Mr. Jevric believes he possesses the largest financial interest in the outcome of this litigation and, therefore, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**3. <u>Izudin Jevric Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure</u>**

In addition to satisfying the requirement set forth above, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." In assessing which movant should be appointed as lead plaintiff, however, the inquiry should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy. *See In re Cavanaugh*, 306 F.3d at 730.

**a. <u>Izudin Jevric's Claims Are Typical Of The Claims of The Class</u>**

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied "when the putative lead plaintiff has suffered the same injuries as absent class members, as a result of the same conduct by the defendants." *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). The putative lead plaintiff's claims are typical "if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

---

[3] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 993 (N.D. Cal. 1999). *Accord In re Comverse Tech., Inc., Sec. Litig.*, No. 06-CV-1825 (NGG)(RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

1019 (9th Cir. 1998).

Mr. Jevric satisfies the typicality requirement of Fed. R. Civ. P. 23 because, just like all other class members, he purchased QuantumScape securities during the Class Period at prices that were artificially inflated by Defendants' wrongful conduct and suffered damages thereby.  Mr. Jevric's claims are therefore typical of the claims of other Class members because they all arise out of the same course of events and are based on the same legal theories.

### 4. Izudin Jevric Will Fairly and Adequately Represent the Interests of the Class

Rule 23(a)(4) of the Federal Rules of Civil Procedure requires that a representative party also demonstrate that it will "fairly and adequately protect the interests of the class."  A representative party is "adequate" if "its interests are aligned with those of other members of the Class and he or she is able to prosecute the action vigorously through qualified counsel." *Johnson v. OCZ Tech. Group*, No. CV 12-05265, 2013 U.S. Dist. LEXIS 1610, at *8 (N.D. Cal. Jan. 4, 2013) (citing *Lerwill v. Inflight Motion Pictures, Inc*., 582 F.2d 507, 512 (9th Cir. 1978)).

Mr. Jevric has made a sufficient showing that he is adequate under Rule 23.  Mr. Jevric and his counsel believe that their interests do not conflict with the interests of other Class members.  In fact, the interests of Mr. Jevric and other Class members are aligned because each Class member purchased QuantumScape securities in reliance on the defendants' misrepresentations or omissions.  There is also no evidence that Mr. Jevric's action is collusive. Moreover, his selected proposed Lead Counsel, Lieff Cabraser, is qualified and competent, as demonstrated herein.

### C. LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA directs that once a court designates a lead plaintiff, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  The lead plaintiff's selection of lead counsel, however, shall not be disturbed unless it is necessary to protect the interests of the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *In re Cavanaugh*, 306 F.3d at 732, n.11 ("Congress gave the lead plaintiff, and not the court, the

power to select a lawyer for the class.").

Mr. Jevric has selected Lieff Cabraser to serve as Lead Counsel.  As detailed in its firm resume (*see* Heimann Decl., Exhibit D), Lieff Cabraser is one of the nation's largest plaintiffs' law firms and has successfully prosecuted scores of securities and financial fraud lawsuits on behalf of public and private institutional investors and other investors and obtained significant recoveries.  For example, Lieff Cabraser serves as co-lead counsel in *In re Wells Fargo & Company Shareholder Derivative Litigation*, No. 3:16-cv-05541 (N.D. Cal.), in which plaintiffs alleged Wells Fargo's officers and directors knew or consciously disregarded that bank employees illicitly created millions of customer accounts, without those customers' knowledge or consent.  In 2020, the court granted final approval to a $240 million settlement of the litigation. Lieff Cabraser also served on the Plaintiffs' Executive Committee and as co-lead class counsel in landmark litigation against BNY Mellon and its predecessors and subsidiaries, alleging defendants deceptively overcharged custodial customers on foreign currency exchanges ("FX") made necessary by the purchase or sale of foreign securities.  *In re Bank of New York Mellon Corp. Foreign Exchange Transactions Litigation*, No. MD-12-2335-LAK (S.D.N.Y.).  In 2015, a global resolution of the private and governmental enforcement actions against BNY Mellon was achieved, in which $504 million was paid back to BNY Mellon customers ($335 million of which is directly attributable to the class litigation).  Lieff Cabraser is one of few plaintiffs' firms with experience trying federal securities class cases.  In *Claghorn v. Edsaco*, No. 98-3039-SI (N.D. Cal.), Lieff Cabraser obtained a $170.7 million jury verdict after a multi-week trial.  Also, in *FPI/Agretech Securities Litigation*, MDL No. 763 (D. Haw.), Lieff Cabraser recovered tens of millions of dollars in class settlements and a $25 million jury verdict at trial against a non-settling defendant.  Lieff Cabraser also has significant experience serving as lead counsel in other federal securities class action litigation.  *See, e.g., In re: BofI Holding, Inc. Securities Litigation*, No. 3:15-cv-02324-GPC-KSC (S.D. Cal.); *In re A-Power Energy Generation Systems, Ltd. Securities Litigation*, No. 2:11-ml-2302-GW-(CWx) (C.D. Cal.); *In re Brooks Automation, Inc. Securities Litigation*, No. 06-11068-RWZ (D. Mass.).  Thus, the Court may be confident that the Class will receive the highest caliber of legal representation.

NOT. OF MTN AND MTN FOR CONSOL., APPT AS
LEAD AND APPROV. OF LEAD COUNSEL; MPA
Civil No. 3:21-CV-00058-WHO

## CONCLUSION

WHEREFORE, Izudin Jevric respectfully requests that the Court issue an order: (1) consolidating the Related Actions; (2) appointing Izudin Jevric as Lead Plaintiff for the Class; (3) approving his selection of Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated: March 8, 2021                     Respectfully submitted,

                                         LIEFF CABRASER HEIMANN & BERNSTEIN, LLP


                                         By:    */s/ Richard M. Heimann*
                                                 Richard M. Heimann

                                         Richard M. Heimann (State Bar No. 063607)
                                         rheimann@lchb.com
                                         Katherine Lubin Benson (State Bar No. 259826)
                                         kbenson@lchb.com
                                         275 Battery Street, 29th Floor
                                         San Francisco, CA  94111-3339
                                         Telephone:  (415) 956-1000
                                         Facsimile:  (415) 956-1008

                                         LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
                                         Steven E. Fineman (*Pro Hac Vice Forthcoming*)
                                         Daniel P. Chiplock (*Pro Hac Vice Forthcoming*)
                                         Michael J. Miarmi (*Pro Hac Vice Forthcoming*)
                                         Sharon M. Lee (*Pro Hac Vice Forthcoming*)
                                         250 Hudson Street, 29th Fl.
                                         New York, NY  10013
                                         Telephone:  (212) 355-9500
                                         Facsimile:  (212) 355-9592


                                         *Counsel for Movant Izudin Jevric and Proposed Lead
                                         Counsel for the Class*

Richard M. Heimann (State Bar No. 063607)
rheimann@lchb.com
Katherine Lubin Benson (State Bar No. 259826)
kbenson@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Steven E. Fineman (*Pro Hac Vice Forthcoming*)
Daniel P. Chiplock (*Pro Hac Vice Forthcoming*)
Michael J. Miarmi (*Pro Hac Vice Forthcoming*)
Sharon M. Lee (*Pro Hac Vice Forthcoming*)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 29th Fl.
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

*Counsel for Movant Izudin Jevric and Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MALRIAT, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>QUANTUMSCAPE CORPORATION F/K/A CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,<br><br>Defendants. | Civil Action No.:  3:21-cv-00058-WHO<br><br>CLASS ACTION<br><br>CERTIFICATE OF SERVICE |
| ASHA GOWDA, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>QUANTUMSCAPE CORPORATION, JAGDEEP SINGH, FRITZ PRINZ, TIMOTHY HOLME, KEVIN HETTRICH and VOLKSWAGEN GROUP OF AMERICA INVESTMENTS, LLC,<br><br>Defendants. | Civil Action No.:  3:21-cv-00070-WHO |

2137452.1

CHRISTOPHER LEO, Individually and On Behalf Of All Others Similarly Situated,

Plaintiff,

vs.

QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,

Defendants.

Civil Action No.: 3:21-cv-00150-WHO

I am employed in the County of San Francisco, State of California. I am over the age of eighteen (18) years and not a party to the within action; my principal business address is 275 Battery Street, 29th Floor, San Francisco, California 94111-3339.

On March 8, 2021, I caused to be served via electronic transmission through the website for the U.S. District Court, Northern District of California, a copy of the below-referenced document(s) upon parties registered in the action for e-service:

1. **NOTICE OF MOTION AND MOTION OF IZUDIN JEVRIC FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**

2. **[PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF LEAD COUNSEL;**

3. **DECLARATION OF RICHARD M. HEIMANN IN SUPPORT OF MOTION OF IZUDIN JEVRIC FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL;**

4. **CERTIFICATION OF RICHARD M. HEIMANN PURSUANT TO CIVIL LOCAL RULE 3-7(d);**

5. **CERTIFICATION OF DANIEL P. CHIPLOCK PURSUANT TO CIVIL LOCAL RULE 3-7(d);**

6. **CERTIFICATION OF SHARON M. LEE PURSUANT TO CIVIL LOCAL RULE 3-7(d);**

7. **CERTIFICATION OF MICHAEL J. MIARMI PURSUANT TO CIVIL LOCAL RULE 3-7(d); and**

8. **CERTIFICATION OF KATHERINE LUBIN BENSON PURSUANT TO CIVIL**

2137452.1

- 1 -

CERTIFICATE OF SERVICE
Civil No. 3:21-CV-00058-WHO

**LOCAL RULE 3-7(d)**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record who are registered users of CM/ECF.

I further declare that on March 8, 2021, 1 served true and correct copies of the document(s) listed above by causing to be transmitted a true and correct Portable Document Format (PDF) copy via electronic mail from email address azane@lchb.com on this date to the person(s) at the email address(es) below:

Plaintiff Jordan A. Howard in 21-cv-1004-JRB (N.D. Ill.), represented by:

Nathan Charles Volheim
Alejandro Emmanuel Figueroa
Eric Donald Coleman
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
(630) 575-8181 ext 113
Email: nvolheim@sulaimanlaw.com
Email: alejandrof@sulaimanlaw.com
Email: ecoleman@sulaimanlaw.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Diablo, California, March 8, 2021

Dated: March 8, 2021                    Respectfully submitted,

                                        LIEFF CABRASER HEIMANN & BERNSTEIN, LLP


                                        By:    */s/ Richard M. Heimann*
                                                Richard M. Heimann

                                        Richard M. Heimann (State Bar No. 063607)
                                        rheimann@lchb.com
                                        Katherine Lubin Benson (State Bar No. 259826)
                                        kbenson@lchb.com
                                        275 Battery Street, 29th Floor
                                        San Francisco, CA  94111-3339
                                        Telephone:  (415) 956-1000
                                        Facsimile:  (415) 956-1008

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Steven E. Fineman (*Pro Hac Vice Forthcoming*)
Daniel P. Chiplock (*Pro Hac Vice Forthcoming*)
Michael J. Miarmi (*Pro Hac Vice Forthcoming*)
Sharon M. Lee (*Pro Hac Vice Forthcoming*)
250 Hudson Street, 29th Fl.
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

*Counsel for Movant Izudin Jevric and Proposed Lead Counsel for the Class*

2137452.1

CERTIFICATE OF SERVICE
Civil No. 3:21-CV-00058-WHO