Whitney E. Street (CA Bar No. 223870)
**BLOCK & LEVITON LLP**
100 Pine Street Suite 1250
San Francisco, CA 94111
Tel.: (415) 968-8999
Fax: (617) 507-6020
whitney@blockleviton.com

Jacob A. Walker (CA Bar No. 271217)
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
Tel.: (617) 398-5600
Fax: (617) 507-6020
jake@blockleviton.com

Attorney for Movant William Brown

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOSEPH MALRIAT, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., AND JAGDEEP SINGH, <br><br> Defendants. | No. 3:21-cv-00058-WHO <br><br> **CLASS ACTION** <br><br> **NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF PSLRA CASES, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF** <br><br> Date: April 14, 2021 <br> Time: 2:00 p.m. <br> Ctrm.: 2, 17th Floor <br><br> The Hon. William H. Orrick |

MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL - Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

- 1 -

| ASHA GOWDA, Individually and on Behalf of All Others Similarly Situated, | No. 3:21-cv-00070-WHO |
|---|---|
| Plaintiff, | |
| v. | |
| QUANTUMSCAPE CORPORATION, JAGDEEP SINGH, FRITZ PRINZ, TIMOTHY HOLME, KEVIN HETTRICH and VOLKSWAGEN GROUP OF AMERICA INVESTMENTS, LLC, | |
| Defendants | |
| CHRISTOPHER LEO, Individually and on Behalf of All Others Similarly Situated, | No. 3:21-cv-00150-WHO |
| Plaintiff, | |
| v. | |
| QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., AND JAGDEEP SINGH, | |
| Defendants | |

MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL - Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

- 2 -

**NOTICE OF MOTION AND MOTION**

TO:     ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on April 14, 2021 at 2:00 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable William H. Orrick, in Courtroom 2 on the 17th Floor of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, putative class member William Brown will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order: (1) consolidating the three above-captioned cases; (2) appointing Mr. Brown as Lead Plaintiff; and (3) approving of Mr. Brown's selection of Block & Leviton LLP as Lead Counsel. This Motion is made on the grounds that Mr. Brown is the most adequate proposed lead plaintiff.

Mr. Brown seeks appointment as Lead Plaintiff and approval of his choice of Block & Leviton LLP as Lead Counsel pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure, and the PSLRA. This Motion is based on this Notice and memorandum of law, the Declaration of Jacob A. Walker and the exhibits thereto, the Court's complete files and records in this action, and such further argument as the Court may allow at a hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

On January 5, 2021, the above-captioned *Malriat* action, the first of the three above-captioned class actions on behalf of purchasers of QuantumScape Corp. ("QuantumScape") common stock between December 8, 2020 and December 31, 2020, inclusive. The next day, another shareholder filed the *Gowda* action, on behalf of purchasers of QuantumScape Corp.

MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL - Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

- 1 -

common stock between November 27, 2020 and December 31, 2020, inclusive (the "Class Period").[1] These lawsuits allege claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") (15 U.S.C. §§ 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). On January 8, 2021, a third action was filed in this Court. *See Leo v. QuantumScape Corp., et al.*, No. 3:21-cv-00150-WHO.[2]

The PSLRA requires the Court to "consider any motion made by a purported class member," and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Under the PSLRA, the Court should "adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The Court should appoint Mr. Brown as Lead Plaintiff because he has timely moved for such appointment, has a substantial financial interest in the outcome of this litigation, and is a typical and adequate class representative. The Court should also approve of Mr. Brown's

---

[1] This motion adopts the longest Class Period on file, from November 27, 2020 to December 31, 2020, as alleged in the *Gowda* and *Leo* actions.

[2] On February 23, 2021, a fourth action was filed in the U.S. District Court for the Northern District of Illinois. *See Howard v. QuantumScape Corp., et al.*, No. 1:21-cv-01004 (N.D. Ill.). As noted above, QuantumScape is headquartered within the Northern District of California, and it is Mr. Brown's position that the *Howard* case was inappropriately filed in the Northern District of Illinois. If appointed as Lead Plaintiff, Mr. Brown will move to transfer the *Howard* action to this Court, and will then seek to consolidate it with the *Malriat*, *Gowda*, and *Leo* actions that were properly filed in this Court.

selection of Block & Leviton LLP as Lead Counsel because the firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members. Finally, and prior to the appointment of lead counsel, the Court should consolidate the three above-captioned PSLRA cases.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should consolidate the *Malriat*, *Gowda*, and *Leo* actions under 15 U.S.C. § 78u-4(a)(3)(B)(ii);

2.    Whether the Court should appoint Mr. Brown as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3); and

3.    Whether the Court should approve of Mr. Brown's selection of Block & Leviton LLP as Lead Counsel for the class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III.    STATEMENT OF FACTS[3]

QuantumScape, founded in 2010 and headquartered in San Jose, California, develops and commercializes solid-state lithium-metal batteries for electric vehicles. ¶ 2. In a transaction completed on November 27, 2020, QuantumScape went public via a business combination with Kensington Capital Acquisition Corp. ("Kensington"), which was a special purpose acquisition company. *Id.* Since, QuantumScape's Class A common stock has traded on the New York Stock Exchange under the ticker symbol "QS." *Id.*

These lawsuits allege that throughout the Class Period, Defendants issued materially false and misleading statements about the strength of QuantumScape's business, operations, and financial prospects. ¶ 3. For example, QuantumScape asserted that it was "developing next

---

[3] Unless otherwise noted, all references to "¶_" are to paragraphs of the Complaint for Violations of the Federal Securities Laws filed in the above-captioned *Gowda* lawsuit. *See* Case No. 3:21-cv-00070-WHO, ECF No. 1.

MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL - Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

- 3 -

generation battery technology for EVs and other applications," and Defendants stated that they "believe[d] that [QuantumScape's] technology [would] enable a new category of battery that meets the requirements for broader market adoption" and that the "lithium-metal solid-state battery technology that . . . QuantumScape is developing is being designed to offer greater energy density, longer life, faster charging, and greater safety when compared to today's conventional lithium-ion batteries." *Id.*

After having gone public via Kensington, QuantumScape then commenced an underwritten secondary public stock offering of its securities "at market price," registered for resale more than 300 million shares of QuantumScape publicly traded securities by insiders beginning on December 31, 2020, including several QuantumScape senior executives and the Company's controlling shareholder, Defendant Volkswagen Group of America Investments, LLC. *Id.*

On January 4, 2021, an article was published on *Seeking Alpha* that pointed to several risks associated with QuantumScape's solid-state batteries that make them "completely unacceptable for real world field electric vehicles." ¶ 4. The article specifically provided that the battery's power means it "will only last for 260 cycles or about 75,000 miles of aggressive driving." *Id.* Moreover, the article noted that as solid-state batteries are temperature-sensitive, "the power and cycle tests at 30 and 45 degrees above would have been significantly worse if run even a few degrees lower." *Id.*

On this news, the price of QuantumScape common stock fell $34.49 per share, or approximately 41%, to close at $49.96 on January 4, 2021, on unusually heavy volume of over 82 million shares traded, or four times the average daily volume for the already volatile preceding ten trading days. ¶ 5.

MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL - Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

- 4 -

These lawsuits allege that investors who purchased QuantumScape common stock during the Class Period suffered damages due to Defendants' misstatements, and assert claims under §§ 10(b) and 20(a) of the Exchange Act. *Id.*, ¶¶ 1, 7.

## IV.    ARGUMENT

### A.  The Court Should Consolidate the PSLRA Cases

Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed," the court shall not make the determination of the most adequate plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 77u-4(a)(3)(B)(ii). Rule 42(a) of the Federal Rules of Civil Procedure grants the court discretion to consolidate "actions involving a common question of law or fact." *Curry v. Hansen Med., Inc.*, No. 09-cv-5094, 2010 WL 702432, at *1 (N.D. Cal. Feb. 25, 2010) (quoting Fed. R. Civ. P. 42(a)).

Here, as described above, the *Malriat*, *Gowda*, and *Leo* lawsuits assert the same legal claims, against primarily the same Defendants[4], and all arise under the same set of facts. Moreover, the Court has already related these actions.[5] As such, they qualify for consolidation under Fed. R. Civ. P. 42(a). Accordingly, the cases should be consolidated into the first-filed *Malriat* action, 3:21-cv-00058-WHO. Upon selection as Lead Plaintiff, Mr. Brown proposes to file a single consolidated class action complaint.

---

[4] The *Malriat*, *Gowda*, and *Leo* actions all name QuantumScape and Jagdeep Singh as Defendants. In addition, the *Gowda* action names Fritz Prinz, Timothy Holme, Kevin Hettrich, and Volkswagen Group of America Investments, LLC, as Defendants. *See* No. 3:21-cv-00070-WHO, ECF No. 1.

[5] *See* Dkt. No. 3:21-cv-00058-WHO, ECF No. 18.

Mot. for Consolidation, Appt. as Lead Plaintiff, and Approval of Lead Counsel - Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

- 5 -

### B.  The Court Should Appoint Mr. Brown as Lead Plaintiff

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the federal securities laws] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, March 8, 2021), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir 2002).

Mr. Brown satisfies each of these requirements, and the Court should therefore appoint him as Lead Plaintiff.

Mot. for Consolidation, Appt. as Lead Plaintiff, and Approval of Lead Counsel - Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

- 6 -

### a.  The Motion Is Timely.

The statutorily-required notice of this action was published on January 5, 2021, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; and (3) the right to move the Court to be appointed as lead plaintiff by March 8, 2021. *See* Ex. A to the Declaration of Jacob A. Walker (the "Walker Decl."). On January 6, 2021, notice of the *Gowda* action was published advising class members of this same information, as well as the expanded class period asserted in that lawsuit. Walker Decl., Ex. B.

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Brown timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Mr. Brown has signed a certification pursuant to the PSLRA, and has submitted a Declaration in support of his motion. *See* Walker Decl., Exs. C, E. Mr. Brown has selected and retained qualified counsel to represent him and the proposed class. *See* Walker Decl., Ex. F. Accordingly, Mr. Brown is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel considered and approved by the Court.

### b.  Mr. Brown Has a Substantial Financial Interest in the Relief Sought by the Class.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (district courts must first compare the financial stakes of the various movants to determine which has the most to gain from the lawsuit).

During the Class Period, as evidenced by, among other things, Mr. Brown's accompanying signed certification and loss chart, Mr. Brown incurred substantial losses of

MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL - Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

- 7 -

approximately $295,171.05 on his transactions in QuantumScape common stock during the class period. *See* Walker Decl. Exs. C, D. At the time of this filing, Mr. Brown believes that he possesses the largest financial interest of any movant seeking lead plaintiff status. Accordingly, Mr. Brown is entitled to the presumption that he is the most adequate lead plaintiff.

### c. Mr. Brown Otherwise Satisfies Rule 23.

In addition to possessing a significant financial interest, a presumptive lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). At the lead plaintiff stage of the litigation, "only a preliminary showing is necessary" for the typicality and adequate of representation requirements. *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009), citing *Cavanaugh*, 306 F.3d at 729-31.

The test of typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations omitted). The adequacy requirement "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'" *Cavanaugh*, 306 F.3d at 730 (quoting Fed. R. Civ. P. 23(a)(4)).

Mr. Brown has submitted a sworn certification confirming his desire, willingness, and ability to serve as lead plaintiff. *See* Walker Decl., Ex. C. Mr. Brown has also submitted a declaration describing his employment and investment experience, and detailing his

MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL - Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

- 8 -

understanding of the role of Lead Plaintiff and his readiness to fulfill such obligations. *Id.*, Ex. E. Like all class members, Mr. Brown purchased QuantumScape stock during the Class Period at allegedly inflated prices and suffered damages when Defendants' alleged misconduct came to light. *Id.*, Exs. C, D. Mr. Brown's substantial financial interest indicates that he has the requisite incentive to vigorously represent the putative class' claims. Moreover, Mr. Brown is not subject to unique defenses or aware of any conflicts between his claims and those asserted by the class. Finally, as discussed below, he has selected qualified counsel, highly experienced in securities litigation.

Mr. Brown's common interests shared with the class, substantial financial interest in this Action, and selection of qualified counsel demonstrate that he *prima facie* satisfies the Rule 23 inquiries at this stage of the litigation.

### C. The Court Should Approve of Mr. Brown's Selection of Block & Leviton LLP as Lead Counsel.

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class she seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). The lead plaintiff's choice of counsel should be approved, and the Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. Mr. Brown has selected Block & Leviton LLP, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel. Walker Decl., Ex. F. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean*

MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL - Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

- 9 -

*Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.*

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21).

Accordingly, the Court should approve of Mr. Brown's selection of Block & Leviton LLP as Lead Counsel.

## V.   CONCLUSION

Mr. Brown has satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff. Accordingly, Mr. Brown respectfully requests that the Court: (1) consolidate the *Malriat*, *Gowda*, and *Leo* actions; (2) appoint Mr. Brown as Lead Plaintiff; and (3) approve of Mr. Brown's selection of Block & Leviton LLP as Lead Counsel.

Dated: March 8, 2021                     Respectfully submitted,

By: */s/ Jacob A. Walker*
Jacob A. Walker (CA Bar No. 271217)
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
Tel.: (617) 398-5600
Fax: (617) 507-6020
jake@blockleviton.com

Whitney E. Street (CA Bar No. 223870)
**BLOCK & LEVITON LLP**
100 Pine Street Suite 1250
San Francisco, CA 94111
Tel.: (415) 968-1852
Fax: (617) 507-6020
whitney@blockleviton.com

*Attorneys for Mr. Brown and [Proposed] Lead Counsel*

Mot. for Consolidation, Appt. as Lead Plaintiff, and Approval of Lead Counsel - Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


                                        /s/ Jacob A. Walker

Mot. for Consolidation, Appt. as Lead Plaintiff, and Approval of Lead Counsel - Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

- 11 -