Christopher J. Keller (*pro hac vice* forthcoming)
Eric J. Belfi (*pro hac vice* forthcoming)
Francis P. McConville (*pro hac vice* forthcoming)
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff Shahin Nezhad*
*and Proposed Lead Counsel for the Class*

David Bricker (Cal. State Bar No. 158896)
**THORNTON LAW FIRM LLP**
9595 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212
Telephone: (310) 282-8676
Facsimile: (310) 388-5316
dbricker@tenlaw.com

*Local Counsel for Proposed Lead Plaintiff Shahin Nezhad*
*and Proposed Liaison Counsel for the Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MALRIAT, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH, <br><br> Defendants. | Case No. 3:21-cv-00058-WHO <br><br> **CLASS ACTION** <br><br> **NOTICE OF MOTION AND MOTION OF SHAHIN NEZHAD FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:  April 14, 2021 <br> Time: 2:00 p.m. <br> Courtroom: 2 – 17th Floor <br> Judge:  William H. Orrick |

| | |
|---|---|
| ASHA GOWDA, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-CV-00070-WHO |
| Plaintiff, | |
| v. | |
| QUANTUMSCAPE CORPORATION, JAGDEEP SINGH, FRITZ PRINZ, TIMOTHY HOLME, KEVIN HETTRICH and VOLKSWAGEN GROUP OF AMERICA INVESTMENTS, LLC, | |
| Defendants. | |
| CHRISTOPHER LEO, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-CV-00150-WHO |
| PLAINTIFF, | |
| v. | |
| QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., AND JAGDEEP SINGH, | |
| DEFENDANTS | |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................ii

NOTICE OF MOTION AND MOTION ..............................................................................1

STATEMENT OF ISSUES TO BE DECIDED ....................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................2

I.      PRELIMINARY STATEMENT .............................................................................2

II.     FACTUAL BACKGROUND...................................................................................4

III.    ARGUMENT ...........................................................................................................5

      A.      The Related Actions Should Be Consolidated........................................................5

      B.      Mr. Nezhad Should Be Appointed Lead Plaintiff...................................................6

            1.      The PSLRA Standard for Appointing Lead Plaintiff...............................6

      C.      Mr. Nezhad Is the "Most Adequate Plaintiff" .......................................................7

            1.      Mr. Nezhad Satisfied the PSLRA's Procedural
                  Requirements .............................................................................................7

            2.      Mr. Nezhad Has a Substantial Financial Interest.....................................8

            3.      Mr. Nezhad Satisfies Rule 23's Typicality and Adequacy
                  Requirements .............................................................................................8

      D.      The Court Should Approve Mr. Nezhad's Choice of Counsel ...........................10

CONCLUSION....................................................................................................................11

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ali v. Intel Corp.*,
No. 18-cv-00507-YGR, 2018 WL 2412111 (N.D. Cal. May 29, 2018) ...................................2

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .............................................................................7, 8, 10

*In re Cohen v. United States*,
586 F.3d 703 (9th Cir. 2009) .....................................................................................10

*In re Fastly, Inc. Sec. Litig.*,
No. 20-cv-06024-PJH, 2021 WL 493386 (N.D. Cal. Feb. 10, 2021) ..............................7, 8, 9

*GGCC, LLC v. Dynamic Ledger Sols., Inc.*,
No. 17-cv-06779-RS, 2018 WL 1388488 (N.D. Cal. Mar. 16, 2018) .......................................5

*Invs. Research Co. v. U.S. Dist. Ct. for Cent. Dist.*,
877 F.2d 777 (9th Cir. 1989) .......................................................................................5

*Mohanty v. BigBand Networks, Inc.*,
No. C 07-5101 SBA, 2008 WL 426250 (N.D. Cal. Feb. 14, 2008)...........................................9

*In re Solar City Corp. Sec. Litig.*,
No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) ....................................8

**Rules & Statutes**

Fed. R. Civ. P. 23 ........................................................................................... *passim*

Fed. R. Civ. P. 42 ........................................................................................... *passim*

15 U.S.C. § 78u-4, *et seq.* .............................................................................. *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
No. 04-cv-8141 (S.D.N.Y.).........................................................................................10

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
No. 08-md-1963 (S.D.N.Y.) ........................................................................................10

*In re Broadcom Corp. Class Action Litig.*,
No. 06-cv-05036 (C.D. Cal.) ......................................................................................11

*In re Countrywide Fin. Corp. Sec. Litig.*,
No. 07-cv-5295 (C.D. Cal.) ........................................................................................10

*In re Mercury Interactive Corp. Sec. Litig.*,
    No. 05-cv-3395 (N.D. Cal.) ...............................................................................................10

**Other Authorities**

*Newberg, et al.*, NEWBERG ON CLASS ACTIONS, §3:13 (4th ed. 2002) ..........................................9

# NOTICE OF MOTION AND MOTION

**TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that Lead Plaintiff movant Shahin Nezhad, ("Mr. Nezhad") by and through his counsel, hereby moves this Court in Courtroom 2 – 17th Floor of the Honorable William H. Orrick at the United States District Court, Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, on April 14, 2021 at 2:00 p.m., or as soon thereafter as the matter may be heard, for the entry of an Order: (1) consolidating the above-captioned actions pursuant to Rule 42 of the Federal Rules of Civil Procedure; (2) appointing Mr. Nezhad as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq*.; (3) approving the selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class and Thornton Law Firm LLP ("Thornton") as Liaison Counsel for the Class (the "Motion"); and (4) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Mr. Nezhad believes he is the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff.  Specifically, Mr. Nezhad believes he has the "largest financial interest" in the relief sought by the Class in this litigation.  Mr. Nezhad also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because his claims are typical of other Class members' claims, and because he will fairly and adequately represent the Class.

This Motion is based upon the accompanying Memorandum of Law in support thereof, the Declaration of David Bricker, Esq. ("Bricker Decl.") filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

**WHEREFORE**, Mr. Nezhad respectfully requests that the Court grant his motion and enter an Order: (1) consolidating the above-captioned actions; (2) appointing Mr. Nezhad as Lead Plaintiff; (3) approving Mr. Nezhad's selection of Labaton Sucharow as Lead Counsel and Thornton as Liaison Counsel; and (4) granting such other and further relief as the Court may deem just and proper.

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether the Court should consolidate the above-captioned actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.      Whether the Court should appoint Mr. Nezhad as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3.      Whether the Court should approve of Mr. Nezhad's selection of Labaton Sucharow as Lead Counsel for the Class and Thornton as Liaison Counsel to the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      PRELIMINARY STATEMENT**

Presently pending before the Court are three related securities class actions (the "Actions").[1]   The Actions allege that  QuantumScape Corporation ("QuantumScape" or the "Company"), certain of its executive officers and directors, as well as Volkswagen Group of America Investments, LLC ("VGA") ("Defendants"), violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and SEC Rule 10b-5 promulgated thereunder, and have been brought on behalf of those who purchased or otherwise acquired QuantumScape securities between November 27, 2020 and December 31, 2020, inclusive (the "Class Period"), who were damaged thereby (the "Class").[2]

In securities class actions, the PSLRA requires district courts to resolve consolidation prior to the appointment of a lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Here, the Actions, which have already been related by this court, should be consolidated because they each

---

[1] By this Court's order dated February 18, 2021, pursuant to Civ. LR 3-12, the cases captioned *Gowda v. QuantumScape Corporation*, No. 21-cv-00070 (N.D. Cal.) (the "*Gowda* Action") and *Leo v. QuantumScape Corporation*, No. 21-cv-00150 (N.D. Cal.) (the "*Leo* Action"), were related to the first-filed case captioned *Malriat v. QuantumScape Corporation*, No. 21-cv-00058 (N.D Cal.).  *See* ECF No. 18.

[2] The longest, most inclusive proposed class period has been used for the purposes of this motion, as is generally appropriate in the context of lead plaintiff appointment. *See, e.g.*, *Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018 WL 2412111, at *2 n.6 (N.D. Cal. May 29, 2018) (collecting cases that use of "longer, most inclusive class period" appropriate at lead plaintiff stage) (citation omitted).

involve identical legal and factual questions. *See* Fed. R. Civ. P. 42(a). As soon as practicable after its decision on consolidation, the PSLRA then instructs this Court to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which member of the Class has the "largest financial interest" in the relief sought by the Class, and also whether that movant has made a *prima facie* showing of typicality and adequacy under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Nezhad respectfully submits that he should be appointed Lead Plaintiff because he has the "largest financial interest" in this litigation and has made the requisite showing of typicality and adequacy required by the standards of the PSLRA. As discussed herein, Mr. Nezhad incurred ***$72,028*** in losses as a result of his relevant transactions in QuantumScape securities during the Class Period.[3]  In light of this significant loss, Mr. Nezhad has a substantial financial interest in the relief sought by this litigation—an interest believed to be greater than that of any competing movant. Mr. Nezhad also meets the typicality and adequacy requirements of Rule 23 because his claims are typical of those of absent Class members, and because he will fairly and adequately represent the interests of the Class. Mr. Nezhad has further demonstrated his adequacy through his selection of Labaton Sucharow as proposed Lead Counsel for the Class. Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Mr. Nezhad is the "most adequate plaintiff," and respectfully requests that the Court appoint him Lead Plaintiff and approve his selection of counsel.

---

[3] A Copy of Mr. Nezhad's PSLRA Certification ("Certification") is attached as Exhibit A to the accompanying Bricker Decl., which sets forth all transactions for Mr. Nezhad in QuantumScape securities during the Class Period. In addition, a chart reflecting the calculation of Mr. Nezhad's losses as a result of his Class Period transactions in QuantumScape securities ("Loss Analysis") is attached as Exhibit B to the Bricker Decl.

## II.    FACTUAL BACKGROUND

Defendant QuantumScape develops and commercializes solid-state lithium-metal batteries for electric vehicles ("EVs").  The Company was founded in 2010 and is headquartered in San Jose, California.  QuantumScape was taken public through a combination with a special purpose acquisition corporation ("SPAC"), Kensington Capital Acquisition Corp. ("Kensington"), in a transaction completed on November 27, 2020.  Since then, QuantumScape's Class A common stock has traded on the New York Stock Exchange ("NYSE") under the ticker symbol "QS" and its publicly traded warrants have traded on the NYSE under the ticker symbol "QS.WS."

Throughout the Class Period, defendants made materially false and misleading statements about the strength of QuantumScape's business, operations, and financial prospects.  Among other things, in connection with their claims that the Company was "developing next generation battery technology for EVs and other applications," defendants stated that they "believe[d] that [the Company's] technology [would] enable a new category of battery that meets the requirements for broader market adoption" and that the "lithium-metal solid-state battery technology that . . . QuantumScape is developing is being designed to offer greater energy density, longer life, faster charging, and greater safety when compared to today's conventional lithium-ion batteries."  Having overstated the value of the Company's business metrics and financial prospects, QuantumScape was able to complete the combination with Kensington and to commence an underwritten secondary public stock offering (the "SPO") of its publicly traded securities "at market price," registering for resale more than 300 million shares of QuantumScape publicly traded securities by insiders beginning on December 31, 2020, including several QuantumScape senior executives and the Company's controlling shareholder VGA.

Truth in fact, defendants were concealing multiple known risks with QuantumScape's solid state battery development and design that rendered the batteries "completely unacceptable for real world field electric vehicle performance."  Specifically, as would later be revealed, the power of QuantumScape batteries "will only last for 260 cycles or about 75,000 miles of aggressive driving" and, because solid state batteries are temperature sensitive, "power and cycle

tests at 30 and 45 degrees above would have been significantly worse if run even a few degrees lower."

Only by virtue of a stock research report published by *Seeking Alpha* on January 4, 2021 would the investment community learn the truth. The market prices of QuantumScape publicly traded securities have since fallen precipitously on those disclosures, with the price of QuantumScape's Class A common stock declining more than 62% from its Class Period high of more than $131 per share on December 22, 2020, to close down at $49.96 per share on January 4, 2020, including a precipitous one-day decline of more than $34 per share, or 41%, on January 4, 2020, on unusually high trading volume of more than 82 million shares traded, or four times the average daily volume over the already volatile preceding ten trading days.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Mr. Nezhad and the Class have suffered significant losses and damages.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a).[4] "In applying this standard, courts have found that '[c]onsolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate.'" *GGCC, LLC v. Dynamic Ledger Sols., Inc.*, No. 17-cv-06779-RS, 2018 WL 1388488, at *2 (N.D. Cal. Mar. 16, 2018) (citation omitted). Furthermore, "[t]he district court has broad discretion . . . to consolidate cases pending in the same district." *Invs. Research Co. v. U.S. Dist. Ct. for Cent. Dist.*, 877 F.2d 777, 777 (9th Cir. 1989).

---

[4] Similarly, the standard for relation under Civ. LR 3-12, which was met here, is where "[t]he actions concern substantially the same parties, property, transaction or event; and . . . [t]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Consolidation of the related Actions is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. Each of the actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act arising from the public dissemination of false and misleading information to investors.[5] Accordingly, the actions should be consolidated pursuant to Rule 42(a) for all purposes.

**B.      Mr. Nezhad Should Be Appointed Lead Plaintiff**

Mr. Nezhad respectfully submits that he is the presumptively "most adequate plaintiff" because he has complied with the PSLRA procedural requirements, holds the largest financial interest of any qualified movant, and otherwise satisfies Rule 23's typicality and adequacy requirements.

**1.      The PSLRA Standard for Appointing Lead Plaintiff**

The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --
>
> (I)      of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)      that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

---

[5] Similarly, the standard for relation under Civ. LR 3-12 is where "[t]he actions concern substantially the same parties, property, transaction or event; and . . . [t]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff. Specifically, the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (. . . the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing three-step competitive process for selecting a lead plaintiff). This presumption "'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff [ ] will not fairly and adequately protect the interests of the class'" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Fastly, Inc. Sec. Litig.*, No. 20-cv-06024-PJH, 2021 WL 493386, at *2 (N.D. Cal. Feb. 10, 2021) (same).

### C.    Mr. Nezhad Is the "Most Adequate Plaintiff"

#### 1.    Mr. Nezhad Satisfied the PSLRA's Procedural Requirements

Mr. Nezhad filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on January 6, 2021, counsel for the Plaintiff in the first-filed *Malriat* Action caused notice regarding the pending nature of this case to be published on *Business Wire*, a widely circulated, national, business-oriented news reporting service. *See* Notice, Bricker Decl. Ex. C. Thus, as permitted by the PSLRA, any person or group of persons may apply to be appointed Lead Plaintiff within sixty (60) days after publication of the notice, *i.e.*, on or before March 8, 2021. Mr. Nezhad filed his motion within the required period.

**2.     Mr. Nezhad Has a Substantial Financial Interest**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. During the Class Period, Mr. Nezhad suffered substantial losses of ***$72,028*** as a result of his transactions in QuantumScape securities.  *See* Loss Analysis, Bricker Decl. Ex. B.  Mr. Nezhad is presently unaware of any other movant with a larger financial interest in the outcome of the Action.  Consequently, and because he also satisfies Rule 23's typicality and adequacy requirements, as discussed below, Mr. Nezhad is entitled to the legal presumption that he is the "most adequate plaintiff."

**3.     Mr. Nezhad Satisfies Rule 23's Typicality and Adequacy Requirements**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).  However, at the lead-plaintiff-selection stage, all that is required is a *preliminary showing* that the lead plaintiff's claims are typical and adequate.  *See, e.g.*, *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017) ("Although the inquiry at this stage of the litigation is not as searching as the one triggered by a motion for class certification, the proposed lead plaintiff must make at least a preliminary showing that it meets the typicality and adequacy factor.") (quoting *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010)).

"The typicality requirement focuses on 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Fastly, Inc.*,

2021 WL 493386, at *6 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).  "The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation."  *Id.* (quoting *Hurst v. Enphase Energy, Inc.*, 2020 WL 7025085, *5 (N.D. Cal. Nov. 30, 2020).)

Here, the claims that Mr. Nezhad asserts are typical of the claims of the other members of the putative Class because, like all other Class members, Mr. Nezhad: (1) purchased QuantumScape securities during the Class Period; (2) in reliance on Defendants' false and misleading statements; and (3) suffered harm when defendants' alleged misconduct was revealed.  Because the claims that Mr. Nezhad asserts are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied.  *See Newberg*, *et al.*, NEWBERG ON CLASS ACTIONS, §3:13 (4th ed. 2002).  Thus, Mr. Nezhad satisfies the typicality requirement.

Mr. Nezhad is likewise adequate as he is not aware of any conflicts between his claims and those asserted on behalf of the putative class and is not subject to any unique defenses.  Mr. Nezhad, a Texas resident, is a sophisticated investor with more than 10 years of investing experience and has earned a Bachelor's Degree and Master's Degree in Petroleum Engineering and a Ph.D. in Ancient History.  *See* Bricker Decl. Ex. D, ¶¶ 3, 4.  Mr. Nezhad is currently employed as a Petroleum Engineer.  *Id.* ¶ 4.  Further, as detailed in his Declaration, Mr. Nezhad determined to seek the role of Lead Plaintiff because he believes in the importance of this matter in that it alleges serious misconduct that caused substantial losses to investors and raises significant corporate governance concerns.  *Id.* ¶¶ 2, 4.  In this regard, Mr. Nezhad is strongly motivated to recover investment losses in QuantumScape securities on behalf of himself and the Class, and therefore believes it is necessary this litigation be entrusted to highly qualified counsel as Lead Counsel.  *Id.* ¶¶ 4, 6, 7.

It was only after extensive discussion with counsel concerning the facts of this case, the responsibilities of a lead plaintiff and criteria for appointment, and most importantly, the qualifications of his proposed counsel, that Mr. Nezhad selected the law firm of Labaton

Sucharow as proposed Lead Counsel and Thornton Law as proposed Liaison Counsel. *See generally id.* A*s* discussed more fully below, Labaton Sucharow is highly experienced in prosecuting securities class actions vigorously and efficiently, and timely submitted its choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v). Accordingly, Mr. Nezhad satisfies the adequacy requirement.

### D. The Court Should Approve Mr. Nezhad's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. United States*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs. And, indeed, it did not. While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Here, Mr. Nezhad has selected Labaton Sucharow, highly qualified counsel, to serve as Lead Counsel for the proposed Class. Labaton Sucharow has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors. Labaton Sucharow served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel, and secured a $117.5 million settlement in *In re Mercury Interactive Corp. Securities Litigation*, No. 05-cv-3395 (N.D. Cal.). In addition, Labaton Sucharow was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.),

which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead counsel in *In re Broadcom Corp. Class Action Litigation*, No. 06-cv-05036 (C.D. Cal.). Labaton Sucharow presently serves as lead and co-lead counsel in several significant investor class actions.  *See* Bricker Decl., Ex. E.

Likewise, Thornton is well qualified to represent the Class as Liaison Counsel.  Thornton maintains an office in this Circuit and is thus well qualified to represent the Class as Liaison Counsel.  *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court.").

Thus, the Court may be assured that by granting this motion and approving Mr. Nezhad's selection of Labaton Sucharow as Lead Counsel and Thornton as Liaison Counsel, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Mr. Nezhad respectfully requests that the Court: (1) consolidate the above-captioned actions; (2) appoint Mr. Nezhad as Lead Plaintiff; (3) approve the selection of Labaton Sucharow as Lead Counsel for the Class and Thornton Law as Liaison Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED:  March 8, 2021                    Respectfully submitted,

                                         */s/ David Bricker*

                                         **THORNTON LAW FIRM LLP**
                                         David Bricker (158896)
                                         9595 Wilshire Boulevard, Suite 900
                                         Beverly Hills, California 90212
                                         Telephone: (310) 282-8676
                                         Facsimile: (310) 388-5316
                                         dbricker@tenlaw.com

                                         *Local Counsel for Proposed Lead Plaintiff Shahin Nezhad and Proposed Liaison Counsel for the Class*

                                         **LABATON SUCHAROW LLP**
                                         Christopher J. Keller (*pro hac vice* forthcoming)

Eric J. Belfi (*pro hac vice* forthcoming)
Francis P. McConville (*pro hac vice* forthcoming)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff Shahin Nezhad
and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ David Bricker*
David Bricker