**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MALRIAT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,<br><br>Defendants. | Case No. 3:21-cv-00058-WHO<br><br>**NOTICE OF MOTION AND MOTION OF MOVANT KIM CHU TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>CLASS ACTION</u><br><br>Judge: William H. Orrick<br>Hearing: April 14, 2021<br>Time: 2:00 PM<br>Ctrm: 2 – 17th Floor (San Francisco) |

[Additional captions below]

1

NOT. OF MTN. AND MTN. OF KIM CHU TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:21-cv-00058-WHO

| ASHA GOWDA, On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>QUANTUMSCAPE CORPORATION, JAGDEEP SINGH, FRITZ PRINZ, TIMOTHY HOLME, KEVIN HETTRICH and VOLKSWAGEN GROUP OF AMERICA INVESTMENTS, LLC,<br><br>    Defendants. | Case No. 3:21-cv-00070-WHO<br><br>Judge: William H. Orrick |
|---|---|
| CHRISTOPHER LEO, On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,<br><br>    Defendants. | Case No. 3:21-cv-00150-WHO<br><br>Judge: William H. Orrick |

**PLEASE TAKE NOTICE** that on April 14, 2021 at 2:00 PM before the Honorable William H Orrick in the San Francisco Courthouse, Courtroom 2 – 17th Floor, 1301 450 Golden Gate Avenue, San Francisco, CA 94102, Movant Kim Chu ("Movant") will and does move this Court for an order granting the Motion: (a) consolidating the related actions, (b) appointing Movant as Lead Plaintiff; and (c) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel. This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) and Federal Rule of Civil Procedure 42(a), on the grounds that: (1) the related actions should be consolidated as they involve common questions of law and fact and consolidation would promote judicial economy; (2)

2

Movant should be appointed as Lead Plaintiff for the class of securities purchasers of QuantumScape Corporation f/k/a Kensington Capital Acquisition Corp. ("QuantumScape" or the "Company") between November 27, 2020 and December 31, 2020, both dates inclusive, as Movant timely made this Motion, has the largest financial interest and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (3) that Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel should be approved as the firm is well-qualified with extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Laurence M. Rosen, the certification of Laurence M. Rosen pursuant to LR 3-7(d), a certification pursuant to LR 3-15, and a proposed order.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Kim Chu ("Movant"), respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)     consolidating the above-captioned related actions;

(2)     appointing Movant as Lead Plaintiff for all persons other than defendants who purchased the securities of QuantumScape between November 27, 2020 and December 31, 2020[1], both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

[1] The action *Malriat v. QuantumScape Corporation f/k/a Kensington Capital Acquisition Corp., et al.,* Case No. 3:21-cv-00058-WHO has a class period of December 8, 2020 through December 31, 2020, inclusive. The actions *Gowda v. QuantumScape Corporation, et al.,* Case No. 3:21-cv-00070-WHO and *Leo v. QuantumScape Corporation f/k/a Kensington Capital Acquisition Corp.*, Case No. 3:21-CV-00150-WHO have a class period of November 27, 2020 through December 31, 2020, inclusive. A more inclusive class period is favored at the lead plaintiff stage. *Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398, at \*10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113- 114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage).

3

NOT. OF MTN. AND MTN. OF KIM CHU TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:21-cv-00058-WHO

(3)      appointing The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## I.      CLAIMS ASSERTED

This action, captioned as *Malriat v. QuantumScape Corporation f/k/a Kensington Capital Acquisition Corp., et al.*, Case No. 3:21-cv-00058-WHO, was commenced on January 5, 2021 in the United States District Court Northern District of California against Defendants[2] for claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, a PSLRA early notice advising potential Class members of, among other things, the claims alleged in the action and the 60-day deadline for Class members to move to be appointed as lead plaintiff was issued. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

On February 18, 2021, the Court issued a related case order regarding the substantially similar actions captioned *Gowda v. QuantumScape Corporation, et al.*, Case No. 3:21-cv-00070-WHO and *Leo v. QuantumScape Corporation f/k/a Kensington Capital Acquisition Corp., et al.*, Case No. 3:21-cv-00150-WHO. Dkt. No. 18.

QuantumScape develops and commercializes solid-state lithium-metal batteries for electric vehicles ("EVs"). In 2012, QuantumScape began working with Volkswagen Group of America, Inc. and VGA to develop an EV battery. In 2018, VGA invested $100 million in the Company, becoming its largest shareholder. QuantumScape was taken public through a combination with a special purpose acquisition corporation ("SPAC"), Kensington Capital Acquisition Corp., in a transaction completed on November 27, 2020.

Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) Company's purported success

---

[2] The actions captioned as *Malriat v. QuantumScape Corporation f/k/a Kensington Capital Acquisition Corp., et al.*, Case No. 3:21-cv-00058-WHO and *Leo v. QuantumScape Corporation f/k/a Kensington Capital Acquisition Corp., et al.*, Case No. 3:21-cv-00150-WHO include the Company and Jagdeep Singh as defendants. The action captioned *Gowda v. QuantumScape Corporation, et al.*, Case No. 3:21-cv-00070-WHO includes the Company, Jagdeep Singh, Fritz Prinz, Kevin Hettrich, and Volkswagen Group of America Investments, LLC ("VGA") as defendants.

4

related to its solid-state battery power, battery life, and energy density were significantly overstated; (2) Company's battery technology was not sufficient for electric vehicle performance as it would not be able to withstand the aggressive automotive environment; (3) the Company's battery technology likely provided no meaningful improvement over existing battery technology; (4) the successful commercialization of the Company's battery technology was subject to much more significant risks and uncertainties than defendants had disclosed; (5) the Company is unlikely to be able to scale its technology to the multi-layer cell necessary to power electric vehicles; (6) result of the foregoing, defendants materially overstated the value and prospects of the Company's battery technology; and (7) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

Then on January 4, 2021, prior to the opening of trading, *Seeking Alpha* published a research report entitled "QuantumScape's Solid State Batteries Have Significant Technical Hurdles To Overcome." The introduction of the *Seeking Alpha* report emphasized that "QuantumScape's science is very good," "[b]ut their batteries are small and unproven – not yet as big as an iWatch battery, and never tested outside a lab," adding that "[t]here are significant risks associated with solid state batteries that have not been overcome – a list below," and emphasizing that "[t]hey will likely never achieve the performance they claim."

The market prices of QuantumScape publicly traded securities have fallen precipitously on these disclosures, with the price of QuantumScape's Class A common stock declining more than 63% from its Class Period high of more than $131 per share on December 22, 2020 to close down at $49.96 per share on January 4, 2020, including a precipitous one-day decline of more than $34 per share, or 41%, on January 4, 2020, on unusually high trading volume of more than 82 million shares traded, or four times the average daily volume over the already volatile preceding ten trading days. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

5

NOT. OF MTN. AND MTN. OF KIM CHU TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:21-cv-00058-WHO

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA*, 2007 WL 112344, at \*2 (N.D. Cal. Apr. 16, 2007).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions in this District allege similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as

6

practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, having the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A.  Movant Is Willing to Serve as Class Representative**

Movant timely filed the instant motion in response to a PSLRA early notice, and filed herewith a PSLRA certification attesting that Movant is willing to serve as a representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

**B.  Movant Has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest," the movant's approximate losses in the subject securities is the best measure. *Richardson,* 2007 WL 1129344 at * 4 (citing cases).

Movant lost approximately $1,152,801 in connection with transactions of QuantumScape securities during the Class Period. *See* Rosen Decl., Ex. 3 (Movant's Loss Chart). Accordingly,

Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the Class, and Movant's claims are typical of the members of the Class. Movant and all members of the Class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about QuantumScape and its business. Movant, as did all of the members of the Class, purchased the Company's securities at prices artificially inflated due to Defendants' misrepresentations and

8

omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Movant and other Class members, and Movant's desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Movant is a sophisticated investor with over 25 years of investing experience. Movant holds a Bachelor of Science in Engineering. He and his wife are currently the sole proprietors of a photo production business.

Movant has researched and retained competent and experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between their claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in QuantumScape securities and is therefore, extremely motivated to pursue claims in this action.

Movant's ability and desire to fairly and adequately represent the Class has been discussed above. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

9

NOT. OF MTN. AND MTN. OF KIM CHU TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:21-cv-00058-WHO

## III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching the Class' and the Movant's claims—reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation. The Rosen Law Firm, P.A. has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. The resume of the firm is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the Class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

NOT. OF MTN. AND MTN. OF KIM CHU TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:21-cv-00058-WHO

Dated: March 8, 2021.                          Respectfully submitted,

                                               **THE ROSEN LAW FIRM, P.A.**

                                               /s/Laurence M. Rosen
                                               Laurence M. Rosen, Esq. (SBN 219683)
                                               355 South Grand Avenue, Suite 2450
                                               Los Angeles, CA 90071
                                               Telephone: (213) 785-2610
                                               Facsimile: (213) 226-4684
                                               Email: lrosen@rosenlegal.com

                                               *Counsel for Movant and [Proposed]*
                                               *Lead Counsel for the Class*

11

NOT. OF MTN. AND MTN. OF KIM CHU TO CONSOLIDATE RELATED ACTIONS, FOR
APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN
SUPPORT THEREOF – 3:21-cv-00058-WHO

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On March 8, 2021 I electronically filed the following **NOTICE OF MOTION AND MOTION OF MOVANT KIM CHU TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on March 8, 2021.

/s/ Laurence M. Rosen
Laurence M. Rosen

12

NOT. OF MTN. AND MTN. OF KIM CHU TO CONSOLIDATE RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:21-cv-00058-WHO