Sophia M. Rios (Bar No. 305801)
BERGER MONTAGUE PC
12544 High Bluff Drive, Suite 340
San Diego, CA 91230
Tel: (619) 489-0300
srios@bm.net

Sherrie R. Savett
Michael Dell'Angelo
Andrew D. Abramowitz
Donnell Much
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, Pa 19103
Tel: (215) 875-3000
ssavett@bm.net
mdellangelo@bm.net
aabramowitz@bm.net
dmuch@bm.net

*Counsel for Proposed Lead Plaintiff Stephen Lau*
*and Proposed Lead Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MALRIAT, Individually and On Behalf of All Others Similarly Situated, | Case No. 3:21-CV-00058-WHO |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH, | |
| Defendants. | |
| | JUDGE: Hon. William H. Orrick |
| | DATE: April 14, 2021 |
| | TIME: 2:00 p.m. |

LAU'S MOT. FOR CONSOLIDATION, LEAD PLAINTIFF & LEAD COUNSEL
CASE NO. 3:21-CV-00058-WHO

(ADDITIONAL CAPTIONS ON THE NEXT PAGE)

ASHA GOWDA, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

QUANTUMSCAPE CORPORATION, JAGDEEP SINGH, FRITZ PRINZ, TIMOTHY HOLME, KEVIN HETTRICH and VOLKSWAGEN GROUP OF AMERICA INVESTMENTS, LLC,

Defendants.

Case No. 3:21-CV-00070

CHRISTOPHER LEO, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,

Defendants.

Case No. 3:21-CV-00150

**TABLE OF CONTENTS**

I.      INTRODUCTION ..................................................................................................................1

II.     STATEMENT OF ISSUES TO BE DECIDED ..................................................................3

III.    STATEMENT OF FACTS ...................................................................................................4

IV.     ARGUMENT........................................................................................................................5

        A.      The Actions Should Be Consolidated ......................................................................5

        B.      Movant Is The "Most Adequate Plaintiff" And Should Be Appointed Lead
                Plaintiff.....................................................................................................................6

                1.      This Motion Is Timely .................................................................................6

                2.      Movant Has A Substantial Financial Interest In The Relief Sought By The
                        Class..............................................................................................................7

                3.      Movant Is Typical And Adequate Of The Putative Class.............................7

        C.      The Court Should Approve Movant's Selection Of Counsel....................................9

V.      CONCLUSION....................................................................................................................9

**TABLE OF AUTHORITIES**

**Cases**
Page(s)

*Bodri v. GoPro, Inc.*,
    2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) .......................................................................... 8

*Felix v. Symantec Corp., No. C*,
    18-029102 WHA, 2018 WL 4029053 (N.D. Cal. Aug. 23, 2018).............................................. 5

*In re Cavanaugh*,
    306 F. 3d. 726 (9th Cir. 2002) ....................................................................................... 6, 7, 9

*In re Cohen*,
    586 F.3d 703 (9th Cir. 2009) ................................................................................................... 9

*In re Orion Sec. Litig.*,
    No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) ..................................... 5

*Richardson v. TVIA, Inc.*,
    No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)..................................... 5

*Zhu v. UCBH Holdings, Inc.*,
    682 F. Supp. 2d 1049 (N.D. Cal. 2010) ............................................................................... 7, 8

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)(i) ...................................................................... 1, 2, 3, 4, 5, 6, 7, 9

**Rules**

Fed. R. Civ. P. 23 ............................................................................................. 3, 5, 6, 7, 8

Fed. R. Civ. P. 23(a)(3)-(4)............................................................................................. 7

Fed. R. Civ. P. 23(a)(4)................................................................................................... 8

Fed. R. Civ. P. 42(a) ...................................................................................... 2, 3, 5, 6

**Other Authorities**

1995 U.S.C.C.A.N. 730 .................................................................................................. 9

H.R. Conf. Rep. No. 104-369 ........................................................................................ 9

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on April 14, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable William H. Orrick of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, either telephonically or through Zoom videoconference, class member Stephen Lau ("Movant" or "Lau") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an Order: (i) consolidating all related actions; (ii) appointing Movant as Lead Plaintiff on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired the securities of QuantumScape Corporation ("QuantumScape" or the "Company") between November 27, 2020 and December 31, 2020, both dates inclusive (the "Class Period"); (iii) approving Movant's selection of Berger Montague PC ("Berger Montague") as Lead Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Movant submits herewith a Memorandum of Points and Authorities and the Declaration of Sophia M. Rios ("Rios Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Movant respectfully submits that he should be appointed Lead Plaintiff on behalf of all investors who acquired QuantumScape securities during the Class Period (the "Class") and who were damaged as a result of Defendants' alleged fraud. The above-captioned actions (the "Actions")[1] allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934

---

[1] In addition to the above-captioned actions, a securities class action arising from substantially the same factual allegations against substantially the same defendants and alleging a substantially overlapping class period is pending in the United States District Court for the Northern District of Illinois, *Howard v. QuantumScape Corp., et al.*, Case No. 1:21-cv-01004 (N.D. Ill.) ("*Howard*"). Rios Decl., Ex. A. The *Howard* complaint, which asserts claims for violations of the Exchange Act against Defendants QuantumScape and Singh during the period of December

(the "Exchange Act") against the Company and co-founder and Chief Executive Officer ("CEO") Jagdeep Singh ("Singh")[2] during the Class Period.[3] As argued herein, they should be consolidated pursuant to Federal Rule of Civil Procedure 42(a).

Pursuant to the PSLRA, the Court "shall appoint the most adequate plaintiff as Lead Plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). The Lead Plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class and whether such movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons stated herein, Movant respectfully submits that he is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Movant has incurred a loss

8, 2020 through December 31, 2020, seeks to represent potentially conflicting classes of investors. It simultaneously purports to be brought on behalf of "***all persons and entities*** that purchased or otherwise acquired QuantumScape securities between December 8, 2020 and December 31, 2020" and "[a]ll persons ***in the state of Illinois*** that purchased or otherwise acquired QuantumScape securities between December 8, 2020 and December 31, 2020." *Id*. at 1, 12. (Emphasis added). While Movant Lau is not a resident of Illinois, out of an abundance of caution, Movant is simultaneously filing a motion for lead plaintiff appointment in *Howard*.

[2] In addition to suing QuantumScape and Singh, the complaint filed in the above-captioned action *Gowda v. QuantumScape Corp. et al.*, Case No. 3:21-cv-00070 (N.D. Cal.) ("*Gowda*"), also names as defendants co-founder and member of QuantumScape's Board of Directors Fritz Prinz, co-founder and Chief Technology Officer Timothy Holme, Chief Financial Officer ("CFO") Kevin Hettrich, and Volkswagen Group of America Investments, LLC, a Delaware corporation based in Herndon, Virginia, that, as of November 27, 2020, beneficially owned approximately 31% of the QuantumScape Class A common stock and 11.36% of the QuantumScape Class B common stock outstanding, representing 13.76% of the Company's voting power.

[3] While the complaints in the *Gowda* action and the above-captioned *Leo v. QuantumScape Corp. et al.*, Case No. 3:21-cv-00150-VC (N.D. Cal.) ("*Leo*") allege a Class Period of November 27, 2020 through December 31, 2020, the complaint in the above-captioned *Malriat v. QuantumScape Corp. et al.*, Case No. 3:21-cv-00058 (N.D. Cal.) ("*Malriat*"), alleges a class period of December 8, 2020 through December 31, 2020. Movant Lau hereby seeks to represent a class consisting of purchasers of QuantumScape securities during the longer period alleged in the *Gowda* and *Leo* actions, and has defined the Class and Class Period herein accordingly.

of $67,599.68 in connection with his Class Period transactions in QuantumScape securities, calculated on both a last-in-first-out ("LIFO") and first-in-first-out ("FIFO") basis. Movant thus has a substantial financial interest in recovering losses attributable to Defendants' alleged violations of the federal securities laws.

Further, Movant satisfies the typicality and adequacy requirements of Rule 23 in that: (i) Movant's claims arise from the same course of events as those of the other Class members, (ii) Movant relies on similar legal theories to prove Defendants' liability as those of the other Class members, and (iii) Movant has retained experienced counsel and is committed to vigorously prosecuting the claims.

Finally, pursuant to the PSLRA, Movant respectfully requests that the Court approve his selection of Berger Montague as Lead Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Berger Montague is a nationally recognized leader in shareholder litigation and securities class actions, has represented investors for more than fifty years, and has recovered billions of dollars on behalf of aggrieved investors. Berger Montague has the expertise and resources necessary to handle this complex litigation and will adequately represent the interests of all Class members, including through trial and any appeal.

Accordingly, Movant respectfully requests that the Court consolidate the Actions, appoint him as Lead Plaintiff for the Class, and approve his selection of Lead Counsel.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should consolidate the Actions pursuant to Federal Rule of Civil Procedure 42(a);

2.    Whether the Court should appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3.    Whether the Court should approve Movant's selection of Berger Montague as Lead Counsel.

## III.   STATEMENT OF FACTS

Headquartered in San Jose, California, QuantumScape develops solid-state lithium-metal batteries for electric vehicles ("EVs"). The Company was founded in 2010 and was taken public on November 27, 2020 through a combination with special purpose acquisition corporation ("SPAC") known as Kensington Capital Acquisition Corp. ("Kensington"). On that date, QuantumScape's Class A common shares began trading on the New York Stock Exchange.

The Actions allege that, beginning on November 27, 2020, when the Company completed its business combination with Kensington, QuantumScape falsely touted its EV batteries as superior to existing technology. It claimed, for instance, that its "solid-state lithium-metal batteries are designed to be safer, and to deliver greater range, faster charge times and improved cycle life, than today's conventional lithium-ion battery technology."

In a December 8, 2020 press release, the Company announced purported performance data for its EV batteries. Among its many claims, it represented that the technology was "designed to enable up to 80% longer range compared to today's lithium-ion batteries," was "capable of lasting hundreds of thousands of miles and is designed to operate at a wide range of temperatures, including results that show operation at -30 degrees Celsius." Defendant Singh, QuantumScape's CEO, was quoted in the press release as stating that, "We believe that the performance data we've unveiled today shows that solid-state batteries have the potential to narrow the gap between electric vehicles and internal combustion vehicles and help enable EVs to become the world's dominant form of transportation."

According to the Actions, these statements were revealed to be false and/or misleading on January 4, 2021. On that date, an article published by *Seeking Alpha* claimed to undermine many of the Company's claims and charged that QuantumScape's EV batteries were "completely unacceptable" for "real world" performance. The report documented numerous "Areas of Overstated Success," and noted that the batteries are "small and unproven," "never tested outside a lab," and "will likely never achieve the performance they claim."

These revelations sent QuantumScape's shares plummeting 40%, from a closing price of $84.45 per share on December 31, 2020 to a closing price of $49.96 on January 4, 2021.

## IV.   ARGUMENT

Movant respectfully submits that the Actions should be consolidated for all purposes; that he should be appointed Lead Plaintiff because he filed the instant Motion in a timely manner, has a substantial, if not the largest, financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23; and that his selected counsel, Berger Montague, should be appointed Lead Counsel on behalf of the Class.

### A.   **The Actions Should Be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Consolidation pursuant to Rule 42(a) is appropriate when actions "involve common questions of law or fact." *Richardson v. TVIA, Inc.* No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007). In securities class action cases, such as this one, courts have deemed consolidation particularly appropriate where the actions "predicated . . . on the same announcements and allegations of misstatement" if there are "common questions of law and fact. . . ." *Id.*   Rule 42(a) "does not require the complaints to be identical for purposes of consolidation." *Felix v. Symantec Corp.*, No. C 18-029102 WHA, 2018 WL 4029053, at *2 (N.D. Cal. Aug. 23, 2018); *see also, In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008).

Here, the three pending Actions are well-suited for consolidation. Each alleges substantially similar, if not identical, conduct on the part of substantially identical parties. Each asserts that Defendants made materially false and misleading statements and omitted materially adverse facts concerning the true state of QuantumScape's business, operations, and the quality of the Company's EV batteries. Because consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Federal Rule of Civil Procedure 42(a).

Accordingly, Movant respectfully requests that the Court consolidate the Actions, as well as any other subsequently filed actions.

**B.    Movant Is The "Most Adequate Plaintiff" And Should Be Appointed Lead Plaintiff**

The PSLRA specifies the procedure for selecting a lead plaintiff for any "private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).[4]

***First***, the pendency of the action must be publicized in a widely circulated national business publication or wire service not later than 20 days after the first complaint is filed. 15 U.S.C. § 78u-4(a)(3)(A)(i).

***Second***, the PSLRA provides the Court shall adopt a presumption that the "most adequate plaintiff" is the person that (i) has either filed a complaint or timely filed a motion for Lead Plaintiff appointment; (ii) in the Court's determination, has the largest financial interest in the relief sought by the Class; and (iii) otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii). *In re Cavanaugh*, 306 F. 3d. 726, 729-30 (9th Cir. 2002).

As set forth in detail below, Movant Lau satisfies each of these requirements. Accordingly, he is entitled to the PSLRA's presumption that he is "the most adequate" movant to represent the interests of the Class and should be appointed Lead Plaintiff.

**1.    This Motion Is Timely**

Pursuant to 15 U.S.C. § 78u 4(a)(3)(A)(i), the plaintiff in this Action caused notice of this Action's pendency and the deadline to seek Lead Plaintiff appointment to be published on *Business Wire*, a widely circulated business news wire service, on January 6, 2021. *See* Rios Decl., Ex. B. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply for Lead Plaintiff appointment within sixty days after the notice's publication; *i.e.*, on or

---

[4] Pursuant to the PSLRA, Movant reserves his right to respond to and submit proof to rebut any other class member's motion for lead plaintiff appointment. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

before March 8, 2021. Movant timely files this Motion within this deadline, and thus has satisfied the first PSLRA requirement.

### 2.    Movant Has A Substantial Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth in his PSLRA certification, Movant purchased QuantumScape securities during the Class Period (Rios Decl., Ex. C), and has incurred a substantial loss of $67,599.68 on his Class Period transactions in QuantumScape securities, calculated on both a LIFO and FIFO basis. *See* Rios Decl., Ex. D. Movant has a significant financial interest in the outcome of this litigation and is presumptively the most adequate plaintiff. *See* 15 U.S.C. § 78u 4(a)(3)(B)(iii); *see, e.g.*, *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1054 (N.D. Cal. 2010) (finding an individual investor with largest losses presumptively the most adequate lead plaintiff).

### 3.    Movant Is Typical And Adequate Of The Putative Class

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Federal Rules of Civil Procedure 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that the "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (courts should ensure typicality and adequacy are demonstrated at the lead plaintiff selection stage); *Bodri v. GoPro, Inc.*, 2016 WL 1718217, at *5 (N.D. Cal. Apr. 28, 2016) (same).

"Typicality" is met where the proposed lead plaintiff's claims are "typical of the claims or defenses of the class." *Id*. (quoting Fed. R. Civ. P. 23(a)(3)). "Adequacy" is satisfied where the proposed lead plaintiff demonstrates it will "fairly and adequately protect the interests of the class." *Id*. (quoting Fed. R. Civ. P. 23(a)(4)).

Specifically, Rule 23(a)'s typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *Zhu*, 682 F. Supp. 2d at 1053. Here, class members allegedly were injured when the truth about Defendants' misconduct became known to the market.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant asserts that Defendants made material misstatements and omissions regarding QuantumScape's operations, financial condition, and prospects in violation of the federal securities laws. Movant's PSLRA certification also confirms that he purchased QuantumScape securities during the Class Period and, thus, suffered the same injury as other class members when defendants' alleged misconduct was revealed to the market and the market price for QuantumScape declined. *See* Rios Decl., Ex. C.

The adequacy requirement is met "if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation." *Zhu*, 682 F. Supp. 2d at 1053. Movant's PSLRA certification demonstrates that he suffered substantial losses in connection with the alleged fraud and thus has a significant if not the largest financial interest in the outcome of this litigation. Movant's financial interest provides sufficient incentive to seek recompense for himself and other class members and aligns his interests with those of other class members. Movant is unaware of any conflict as between his interests and those of other class members and there is no evidence to suggest that Movant is "subject to unique defenses that render such plaintiff incapable of representing the class." 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(II). Finally, Movant also has retained Berger Montague— experienced and resourceful counsel with fifty years of experience vigorously prosecuting securities class actions and achieving outstanding results. *See infra* Section C.

Thus, Movant satisfies all of the requirements prescribed by the PSLRA and should be appointed Lead Plaintiff.

**C.    The Court Should Approve Movant's Selection Of Counsel**

The PSLRA authorizes the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), as reprinted in 1995 U.S.C.C.A.N. 730, 734; s*ee also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35.

Here, Movant has selected Berger Montague as proposed lead counsel for this matter. Berger Montague is among the nation's leading plaintiffs' securities class action law firms. Berger Montague has a long record of success in securities litigation and has achieved many of the largest securities recoveries since Congress enacted the PSLRA. The Firm advises clients on litigation and recovery options in securities proceedings throughout the United States and internationally.

Berger Montague has extensive relevant experience, having served as lead or co-lead counsel in numerous other major securities class action cases both within this District and beyond, where substantial settlements were achieved on behalf of investors, including: *In re KLA Tencor Securities Litigation* (N.D. Cal.) ($65 million recovery); *In re Merrill Lynch Securities Litigation* (S.D.N.Y.) ($475 million recovery); *In re Sotheby's Holding, Inc. Securities Litigation* (S.D.N.Y.) ($70 million recovery, which includes $30 million individual defendant contribution); *In re CIGNA Corp. Securities Litigation* (E.D. Pa.) ($93 million recovery); and *In re Rite Aid Corp. Securities Litigation* (E.D. Pa.) ($334 million recovery). *See* Rios Decl., Ex. E.

Movant's selection of Berger Montague as Lead Counsel ensures the putative class will receive the highest quality representation with the expertise, resolve and resources necessary to achieve the best recovery possible on its behalf.

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant this Motion and enter an Order: (i) consolidating the Actions; (ii) appointing Movant Stephen Lau as Lead Plaintiff; (iii) approving Movant's selection of Berger Montague as Lead Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

Date:   March 8, 2021                    Respectfully submitted,

BERGER MONTAGUE PC

 /s/ *Sophia M. Rios*
Sophia M. Rios (Bar No. 305801)
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel:  (619) 489-0300
srios@bm.net

Sherrie R. Savett
Michael Dell'Angelo
Andrew D. Abramowitz
Donnell Much
1818 Market Street, Suite 3600
Philadelphia, Pa 19103
Tel: (215) 875-3000
ssavett@bm.net
mdellangelo@bm.net
aabramowitz@bm.net
dmuch@bm.net

*Counsel for Proposed Lead Plaintiff Stephen Lau
and Proposed Lead Counsel*