**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Frank Fish*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MALRIAT, Individually and On Behalf Of All Other Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,<br><br>Defendants. | Case No. 3:21-cv-00058-WHO<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRANK FISH'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:       April 14, 2021<br>Time:       2:00 p.m.<br>Courtroom: 2-17th Floor<br>Judge:      Hon. William H. Orrick |
| ASHA GOWDA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUANTUMSCAPE CORPORATION, JAGDEEP SINGH, FRITZ PRINZ, TIMOTHY HOLME, KEVIN HETTRICH and VOLKSWAGEN GROUP OF AMERICA INVESTMENTS, LLC,<br><br>Defendants. | Case No. 3:21-cv-00070-WHO |

CHRISTOPHER LEO, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,

Defendants.

Case No. 3:21-cv-00150-WHO

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on April 14, 2021 at 2:00 p.m., or as soon as counsel may be heard, the undersigned will move before the Honorable William H. Orrick at the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 2 on the 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

1. Consolidating the Related Actions (the "Actions");

2. Appointing Frank Fish ("Movant") as Lead Plaintiff;

3. Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel; and

4. Granting such other and further relief as the Court may deem just and proper.

Movant respectfully submits the following memorandum in support of his motion for: (a) consolidation of the Actions; (b) appointment of Movant as Lead Plaintiff; and (c) approval of Levi & Korsinsky as Lead Counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I.      SUMMARY OF ARGUMENT.................................................................................................... 1

II.     STATEMENT OF ISSUES TO BE DECIDED ................................................................... 2

III.    STATEMENT OF FACTS ..................................................................................................... 2

IV.     PROCEDURAL HISTORY .................................................................................................. 3

V.      ARGUMENT .......................................................................................................................... 4

        A.  Consolidation of the Actions is Appropriate ................................................................. 4

        B.  Movant's Appointment as Lead Plaintiff Is Appropriate. ............................................. 5

            1.  The Procedure Required by the PSLRA.................................................................. 5

                a.  Movant Is Willing to Serve as Class Representative............................................. 6

                b.  Movant Has the Largest Financial Interest in the Relief Sought by the Class. ..... 6

            2.  Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil

                Procedure. ...................................................................................................................... 7

                a.  Movant's Claims Is Typical of the Claims of All Class Members........................ 8

                b.  Movant Will Adequately Represent the Class....................................................... 8

        C.  Approval of Movant's Choice of Counsel Is Appropriate. ........................................... 10

VI.     CONCLUSION ...................................................................................................................... 10

iii

**TABLE OF AUTHORITIES**

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
   No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014)................... 6

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ........................................................................... 1, 6, 7

*Crawford v. Honig,*
   37 F.3d 485 (9th Cir. 1994) ...................................................................................... 9

*Daniels Family 2001 v. Las Vegas Sands Corp.,*
   2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) ................................................. 10

*Deinnocentis v. Dropbox, Inc.,*
   2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) ......................................... 10

*In re Drexel Burnham Lambert Grp.*,
   960 F.2d 285 (2d Cir. 1992) ...................................................................................... 8

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004)................................................................................ 8

*Gen. Tel. Co. of the Southwest v. Falcon*,
   457 U.S. 147 (1982) ................................................................................................... 8

*Gold v. Lumber Liquidators, Inc.,*
   323 F.R.D. 280 (N.D. Cal. 2017) .............................................................................. 8

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998)................................................................................... 8

*Haung v. Acterna Corp.,*
   220 F.R.D. 255 (D. Md. 2004) .................................................................................. 7

*Hessefort v. Super Micro Computer, Inc,*
   317 F.Supp.3d 1056 (N.D. Cal. 2018)....................................................................... 7

iv

*Johnson v. Celotex Corp.*,

   899 F.2d 1281 (2d Cir. 1990) ....................................................................................... 4, 5

*Johnson v. OCZ Tech. Grp.*,

   2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013)....................................................... 1, 5

*In re LendingClub Sec. Litig.*,

   282 F.Supp.3d 1171 (N.D. Cal. 2017)................................................................................ 8

*In re Milestone Sci. Sec. Litig.*,

    183 F.R.D. 404 (D.N.J. 1998) ........................................................................................ 7

*Mitchell v. Complete Mgmt., Inc.*,

   1999 U.S. Dist. LEXIS 14460 (S.D.N.Y. Sept. 17, 1999) ...................................................... 4

*Nickerson v. American Electric Power Company, Inc., et al.*,

   No. 2:20-cv-04243-SDM-EPD (S.D. Ohio Nov. 24, 2020).................................................... 10

*In re Oxford Health Plans, Inc. Sec. Litig.*,

   182 F.R.D. 42 (S.D.N.Y. 1998).......................................................................................... 8

*Primavera Familienstifung v. Askin*,

   173 F.R.D. 115 (S.D.N.Y. 1997)........................................................................................ 4

*Robidoux v. Celani*,

   987 F.2d 931 (2d Cir. 1993) .............................................................................................. 8

*Veal v. LendingClub Corporation*,

   2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) ........................................................................ 7

*Weisz v. Calpine Corp.*,

   2002 U.S. Dist. LEXIS 27831 (N.D. Cal. Aug. 19, 2002) ....................................................... 4

*Weltz v. Lee*,

   199 F.R.D. 129 (S.D.N.Y. 2001).......................................................................................... 4

*White Pine Invs. v. CVR Ref.*,

   2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021) .......................................................... 10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRANK FISH'S MOTION FOR:
(1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF;
AND (3) APPROVAL OF SELECTION OF COUNSEL
NOS. 3:21-CV-00058-WHO; 3:21-CV-00070-WHO; 3:21-CV-00150-WHO

**Statutes**

15 U.S.C. § 78u-4 ...................................................................................................... passim

**Rules**

Fed. R. Civ. P. 23(a) ................................................................................................ 2, 7, 8

Fed. R. Civ. P. 42(a) ....................................................................................................... 4

## I.  SUMMARY OF ARGUMENT

Presently pending before the Court are the three[1] above-captioned securities class actions (the "Actions") brought on behalf of all persons who purchased or otherwise acquired the securities of QuantumScape Corporation ("QuantumScape" or the "Company") f/k/a Kensington Capital Acquisition Corp. ("Kensington") between November 27, 2020 and December 31, 2020, inclusive (the "Class Period")[2].  Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its officers and/or directors.

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  Movant lost approximately $2,498,700 in losses recoverable under *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 338 (2005) using a last-in-first-out ("LIFO") analysis.  *Johnson v. OCZ Tech. Grp.*, No. 12-cv-05265-RS, 2013 U.S. Dist. LEXIS 1610, at *7 (N.D. Cal. Jan. 4, 2013).[3]  Moreover, Movant satisfies the

---

[1] A related securities action entitled *Howard v. QuantumScape Corporation et al.,* No. 1:21-cv-01004-JRB (N.D. Ill.) (the "*Howard* Action") is pending in the Untied States District Court for the Northern District of Illinois and was filed on February 23, 2021.

[2] The *Howard* Action and the actions entitled *Malriat v. Quantumscape Corporation et al.,*No. 3:21-cv-00058-WHO (N.D. Cal.) (the "*Malriat* Action") and *Gowda v. QuantumScape Corporation et al.,* No. 4:21-cv-00070-WHO (N.D. Cal.) (the "*Gowda* Action") define the Class Period as December 8, 2020 through December 31, 2020, inclusive. The *Leo v. QuantumScape Corporation et al.,* No. 3:21-cv-00150-WHO (N.D. Cal.) (the "*Leo* Action") defines the Class Period as November 27, 2020 through December 31, 2020, inclusive.  Movant adopts the most-inclusive Class Period defined in the *Leo* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

[3] Movant's certification identifying his transactions in QuantumScape, as required by the PSLRA, as well as a chart identifying his losses, are attached to the accompanying Declaration of Adam

requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[4]  As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that: (1) the Actions be consolidated; (2) he be appointed Lead Plaintiff; and (3) his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") be approved as Lead Counsel.

**II.        STATEMENT OF ISSUES TO BE DECIDED**

1.        Whether the Actions involve substantially similar issues of fact and law and should be consolidated;

2.        Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

3.        Whether the Court should appoint Movant's selection of Levi & Korsinsky as Lead Counsel for the proposed Class.

**III.       STATEMENT OF FACTS[5]**

QuantumScape develops battery technology for electric vehicles and other applications. ¶ 2. QuantumScape went public via business combination with Kensington, in a transaction completed on November 27, 2020 (the "Merger"), with QuantumScape as the surviving public entity.¶ 3. Kensington was a special purpose acquisition company that was formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization or similar business combination. *Id.*

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business,

---

M. Apton ("Apton Decl"), as Exhibits A and B, respectively.

[4] The "Class" is comprised of all persons who purchased or otherwise acquired securities during the Class Period.

[5] Citations to "¶ __" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed in the first-filed Action captioned *Marliat v. QuantumScape Corporation F/K/A Kensington Capital Acquisition, et al.*, 3:21-cv-00058-WHO (N.D. Cal. Jan. 5, 2021) (the "*Marliat* Action").  The facts set forth in the Complaint are incorporated herein by reference.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRANK FISH'S MOTION FOR:
(1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF;
AND (3) APPROVAL OF SELECTION OF COUNSEL
NOS. 3:21-CV-00058-WHO; 3:21-CV-00070-WHO; 3:21-CV-00150-WHO

operations, and prospects. ¶ 6. Specifically, Defendants failed to disclose to investors that: (1) the Company's purported success related to its solid-state battery power, battery life, and energy density were significantly overstated; (2) the Company is unlikely to be able to scale its technology to the multi-layer cell necessary to power electric vehicles; and (3) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

On January 4, 2021, an article was published on Seeking Alpha pointing to several risks with QuantumScape's solid-state batteries that make it "completely unacceptable for real world field electric vehicles." ¶ 4. Specifically, it stated that the battery's power means it "will only last for 260 cycles or about 75,000 miles of aggressive driving." *Id.* As solid-state batteries are temperature sensitive, "the power and cycle tests at 30 and 45 degrees above would have been significantly worse if run even a few degrees lower." *Id.*

In response to this news, the Company's stock price dropped approximately 40.84%, or $34.49, to close on January 4, 2021 at $49.96 per share, on unusually heavy trading volume. ¶ 5.

## IV. PROCEDURAL HISTORY

Pending before this Court is the above-captioned Actions against the Defendants. Plaintiff Joseph Malriat ("Malriat") commenced the first-filed action of January 5, 2021. On the following day, counsel acting on Malriat's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movants' Motion ("Apton Decl.").

On January 6, 2021, a substantially similar action was filed against QuantumScape in this district, the *Gowda* Action. Then, a third action was filed against QuantumScape on January 8, 2021 in this district, the *Leo* Action, expanding the Class Period to include all shareholders who purchased QuantumScape securities between November 27, 2020 through December 31, 2020, inclusive . Lastly, a fourth action was filed against QuantumScape on February 23, 2021 in the United States District Court for the Northern District of Illinois, the *Howard* Action.

## V. ARGUMENT

### A. Consolidation of the Actions is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions."  *Id.*

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999); *see also Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation") (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)).  Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc.*, No. 99-cv-1454, 1999 U.S. Dist. LEXIS 14460, *4 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *Primavera Familienstifung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).  Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.  *See, e.g.*, *Weisz v. Calpine Corp.*, No. 02-cv-1200, 2002 U.S. Dist. LEXIS 27831, at *7-8 (N.D. Cal. Aug. 19, 2002); *Takeda*, 67 F. Supp. 2d at 1132-33 (consolidation appropriate in securities class actions).

The Actions pending before this Court present similar factual and legal issues, as they both involve the same subject matter and are based on the same wrongful course of conduct.  Each names QuantumScape and certain of its officers and/or directors as defendants.  Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions.

4

Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B. Movant's Appointment as Lead Plaintiff Is Appropriate.

#### 1. The Procedure Required by the PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *4 (describing the Ninth Circuit's three-part test to determine the most adequate

plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Actions.

### a. Movant Is Willing to Serve as Class Representative.

On January 6, 2021, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against QuantumScape and the Individual Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Actions.[8]

Movant has reviewed the complaint filed in the pending Actions and has timely filed his motion pursuant to the Notice. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *6.

### b. Movant Has the Largest Financial Interest in the Relief Sought by the Class.

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Actions. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl, Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-4921, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant purchased QuantumScape shares in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of approximately $2,498,700 under a LIFO and *Dura* LIFO

---

[8] The Notice was published over *Business Wire*, a widely circulated national business-oriented wire service. A copy of the Notice is attached as Exhibit C to the Apton Decl.

analysis. *See* Apton Decl, Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of

Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a. Movant's Claims Is Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because its claims result from: (i) the same injuries as the absent class members; (ii) the same course of conduct by Defendants; and (iii) are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.,* 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon,* 150 F.3d at 1020). A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.,* 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claim is identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired QuantumScape securities during the Class Period and was damaged thereby. Thus, Movant's claim is typical, if not identical, to those of the other members of the Class because the losses Movant seeks to recover is similar to those of other Class members and his losses results from the defendants' common course of conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the

8

interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interest of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interest is clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interest and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial loss he suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Furthermore, Movant is more than capable of understanding the complex issues present in this type of litigation, evidenced by his profession as an attorney and active litigator. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has the largest financial interest in the outcome of the Actions as a result of the defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

Moreover, Movant is an adequate representative for the Class. Movant considers himself to be a sophisticated investor, having been investing in the stock market for 35 years, making all his own investment decisions. *See* Apton Decl., Ex. D (Movant Declaration). He resides in Nanuet, New York, and possess a Master's Degree in Construction Management. *Id.* Currently, he is employed as the founding member and senior property manager of LC Lemle Real Estate

9

Group LLC, a real estate investment firm that has been in business for 40 years. *Id.* . Further, Movant has experience hiring and overseeing attorneys not only for routine business matters relating to his company, but he also has moved for lead plaintiff in several securities actions and has served as a lead plaintiff as well. *See* Apton Decl., Exs. A, D.  Accordingly, Movant meets the adequacy requirement of Rule 23.

### C.  Approval of Movant's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class.  The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible. *See also* Apton Decl, Ex. E (the firm résumé of Levi & Korsinsky).

### VI. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate

10

the Actions; (2) appoint Movant as Lead Plaintiff for the Class in the consolidated action; (3) approve Levi & Korsinsky as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: March 8, 2021                              Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ Adam M. Apton
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Frank Fish and Proposed Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRANK FISH'S MOTION FOR:
(1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF;
AND (3) APPROVAL OF SELECTION OF COUNSEL
NOS. 3:21-CV-00058-WHO; 3:21-CV-00070-WHO; 3:21-CV-00150-WHO