Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles H. Linehan (SBN 307439)
  clinehan@glancylaw.com
Pavithra Rajesh (SBN 323055)
  prajesh@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Dr. Richard Louis Miller and Proposed Lead Counsel for the Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MALRIAT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,<br><br>Defendants. | Case No. 3:21-cv-00058-WHO<br><br>**NOTICE OF MOTION AND MOTION OF DR. RICHARD LOUIS MILLER FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     April 14, 2021<br>Time:     2:00 p.m.<br>Judge:    Hon. William H. Orrick<br>Crtm:     2, 17th Floor |
| ASHA GOWDA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUANTUMSCAPE CORPORATION, JAGDEEP SINGH, FRITZ PRINZ, TIMOTHY HOLME, KEVIN HETTRICH, and VOLKSWAGEN GROUP OF AMERICA INVESTMENTS, LLC,<br><br>Defendants. | Case No. 3:21-cv-00070-WHO |

CHRISTOPHER LEO, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,

Defendants.

Case No. 3:21-cv-00150-WHO

## NOTICE OF MOTION AND MOTION

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 14, 2021, at 2:00 p.m., or as soon thereafter as the matter can be heard telephonically or by Zoom videoconference by the Honorable William H. Orrick, Dr. Richard Louis Miller ("Movant") will move this Court for entry of an Order: (i) consolidating the above-captioned actions; (ii) appointing Movant as Lead Plaintiff; (iii) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

This motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and the Federal Rules of Civil Procedure. In support of this Motion, Movant submits a Memorandum of Points and Authorities in support thereof and the Declaration of Pavithra Rajesh and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

This motion is made on the grounds that Movant is the most adequate plaintiff, as defined by the PSLRA, based on his significant losses suffered as a result of the defendants' wrongful conduct as alleged in the above-referenced actions. Further, Movant satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class.

## MEMORANDUM OF POINTS AND AUTHORITIES

Dr. Richard Louis Miller ("Movant") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Movant's selection of Glancy Prongay & Murray LLP

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL
Case No. 3:21-cv-00058-WHO

("GPM") as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that purchased or otherwise acquired QuantumScape Corporation ("QuantumScape" or the "Company") securities between November 27, 2020 and December 31, 2020, inclusive (the "Class Period").

Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff. This motion is made on the grounds that Movant is the "most adequate plaintiff" as defined by the PSLRA.

Movant has "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movant respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class.

Additionally, Movant's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

QuantumScape develops and commercializes solid-state lithium batteries for electric vehicles. The company went public via a business combination with Kensington Capital Acquisition Corp., a special purpose acquisition company, that closed on November 25, 2020.

---

[1] This section is adapted from the allegations in the complaints in the above-captioned actions.

On January 4, 2021, an article was published on *Seeking Alpha* pointing to several risks with QuantumScape's solid-state batteries that make it "completely unacceptable for real world field electric vehicles." Specifically, it stated that the battery's power means it "will only last for 260 cycles or about 75,000 miles of aggressive driving." As solid-state batteries are temperature sensitive, "the power and cycle tests at 30 and 45 degrees above would have been significantly worse if run even a few degrees lower."

On this news, the Company's stock price fell $34.49, or approximately 40.84%, to close at $49.96 per share on January 4, 2021, on unusually heavy trading volume.

The complaints allege that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company's purported success related to its solid-state battery power, battery life, and energy density were significantly overstated; (2) that the Company is unlikely to be able to scale its technology to the multi-layer cell necessary to power electric vehicles; (3) that the Company's battery technology was not sufficient for electric vehicle performance as it would not be able to withstand the aggressive automotive environment; (4) that the Company's battery technology likely provided no meaningful improvement over existing battery technology; (5) that the successful commercialization of the Company's battery technology was subject to much more significant risks and uncertainties than defendants had disclosed; and (6) that, as a result of the foregoing, Defendants' public statements were materially false and misleading at all relevant times.

## III.    PROCEDURAL BACKGROUND

On January 5, 2021, plaintiff Joseph Malriat commenced a securities class action lawsuit against QuantumScape and certain of its officers, captioned *Malriat v. QuantumScape Corporation, et al.*, Case No. 3:21-cv-00058 (the "*Malriat* Action"). This action is brought on behalf of persons and entities who purchased or otherwise acquired QuantumScape securities between December 8, 2020 and December 31, 2020, inclusive.

On January 6, 2021, plaintiff Asha Gowda commenced a substantially similar lawsuit, captioned *Gowda v. QuantumScape Corporation, et al.*, Case No. 3:21-cv-00070 (the "*Gowda* Action"), against QuantumScape, certain of its officers, and Volkswagen Group of America Investments, LLC, a beneficial owner of the Company. This action is brought on behalf of all purchasers of QuantumScape securities between November 27, 2020 and December 31, 2020, inclusive.

On January 8, 2021, plaintiff Christopher Leo commenced a substantially similar lawsuit captioned *Leo v. QuantumScape Corporation, et al.*, Case No. 3:21-cv-00150 (the "*Leo* Action," and together with the *Malriat* and *Gowda* Actions, the "Related Actions"). This action is brought on behalf of persons and entities who purchased or otherwise acquired QuantumScape securities between November 27, 2020 and December 31, 2020.

## IV.     ARGUMENT

### A.     The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Russo v. Finisar Corp.*, No. 11-cv-1252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated").

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B.     Movant Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most

adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice...;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Movant has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff.  Movant, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23 and is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class.  Accordingly, Movant respectfully submits that he should be appointed lead plaintiff.  *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.    Movant's Motion Is Timely

In addition to filing the complaint commencing this action, Movant has made a timely motion in response to a PSLRA early notice.  On January 6, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action.  *See* Declaration of Pavithra Rajesh ("Rajesh Decl."), Ex. A.  Therefore, Movant had sixty days (i.e.,

until March 8, 2021) to file a motion to be appointed as Lead Plaintiff.  As a purchaser of QuantumScape securities during the Class Period, Movant is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the Notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class.  Rajesh Decl., Ex. B.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

> **2.      Movant Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002).  At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Movant purchased QuantumScape securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Rajesh Decl., Ex. C.  To the best of his knowledge, Movant is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial interest.  As such, Movant believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

> **3.      Movant Satisfies the Requirement of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See*

*Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant*, 264 F.3d at 263 ("The initial inquiry…should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

### a)      Movant's Claims are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims…of the representative parties" be "typical of the claims…of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id*. (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant purchased QuantumScape securities during the Class Period and suffered losses as a result of his transactions. Like all members of the Class, Movant alleges that

---

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL
Case No. 3:21-cv-00058-WHO
7

defendants violated federal securities laws by disseminating materially misleading statements concerning QuantumScape's operations and financial prospects. Movant's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of QuantumScape securities caused by defendants' alleged misrepresentations and omissions. Accordingly, Movant's interests and claims are typical of the interests and claims of the Class.

<strong>b)   Movant Is An Adequate Representative</strong>

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv- 8007 SJO (CWx), 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004) (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986).

Here, Movant easily satisfies the adequacy requirements. Movant's financial interest demonstrates that he has a sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Movant is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Moreover, Movant has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Rajesh Decl., Ex. D (the firm's résumé). Dr. Miller resides in Mendocino County, California. He is a clinical psychologist, author, and founder and Chief Executive Officer of a health sanctuary. Dr. Miller has a Ph.D. in clinical psychology, and he has been managing his investment portfolio for approximately a year. In addition, Movant is not aware of any conflict between his claims and those asserted on behalf of the Class.

There are no facts that indicated any conflicts of interests between Movant and the other class members, and therefore Movant satisfies the typicality and adequacy requirements of Rule 23.

### C.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7.  The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)).  Here, Movant has selected GPM as lead counsel for the class. As reflected by the firm's résumé, attached to the Rajesh Decl. as Ex. D, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movant's selection of counsel.

### V.    CONCLUSION

For the foregoing reasons, Dr. Richard Louis Miller respectfully asks the Court to grant his motion and enter an Order: (i) consolidating the Related Actions; (ii) appointing Movant as Lead Plaintiff; (iii) approving Movant's selection of GPM as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

DATED:  March 8, 2021

Respectfully submitted,

GLANCY PRONGAY & MURRAY LLP

By:   /s/ Pavithra Rajesh
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  info@glancylaw.com

*Attorneys for Lead Plaintiff Movant Dr. Richard Louis
Miller and Proposed Lead Counsel for the Class*

THE LAW OFFICES OF FRANK R. CRUZ
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On March 8, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 8, 2021, at Los Angeles, California.

/s/ Pavithra Rajesh
Pavithra Rajesh

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL
Case No. 3:21-cv-00058-WHO