BETSY C. MANIFOLD (SBN 182450)
RACHELE R. BYRD (SBN 190634)
MARISA C. LIVESAY (SBN 223247)
BRITTANY N. DEJONG (SBN 258766)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
livesay@whafh.com
dejong@whafh.com

*Proposed Liaison Counsel for the Proposed Class*

(*Additional Counsel on signature page*)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MALRIAT, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,<br><br>Defendants. | Case No.:  3:21-cv-00058-WHO<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF RICHARD McCARTHY FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:    Hon. William H. Orrick<br>Date:     April 14, 2021<br>Time:     2:00 PM<br>Courtroom: 2, 17th Floor |

[caption continued on next page]

NOT. OF MTN. AND MTN. OF RICHARD McCARTHY FOR CONSOLIDATION OF RELATED ACTIONS APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF Ps &As IN SUPPORT THEREOF
No. 3:21-cv-00058-WHO

ASHA GOWDA, Individually and on behalf of all others similarly situated,

Plaintiff,

vs.

QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH, FRITZ PRINZ, TIMOTHY HOLME, KEVIN HETTRICH and VOLKSWAGEN GROUP OF AMERICA INVESTMENTS, LLC,

Defendants.

Case No.: 4:21-cv-00070

CHRISTOPHER LEO, Individually and on behalf of all others similarly situated,

Plaintiff,

vs.

QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,

Defendants.

Case No. 3:21-cv-00150

**TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that on April 14, 2021 at 2:00 p.m. before the Honorable William H. Orrick in San Francisco Courthouse, Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, lead plaintiff movant Richard McCarthy, will and hereby does move this Court for an order granting his Motion:

(a)  consolidating the above-captioned related actions (the "Related Actions");

(b)  appointing Mr. McCarthy as Lead Plaintiff; and

(c)  approving Mr. McCarthy's selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Liaison Counsel for the proposed Class.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), on the grounds that:

(1) the Related Actions are putative class actions alleging violations of the federal securities laws by the same Defendants occurring during the same Class Period,[1] and arising from the same alleged fraudulent misconduct.  As such, the Related Actions involve common questions of both law and fact, and their consolidation pursuant to Rule 42(a) is appropriate and warranted.

(2) Richard McCarthy should be appointed as Lead Plaintiff for the class of shareholders that purchased or otherwise acquired QuantumScape Corporation securities between November 27, 2020 and December 31, 2020, inclusive (the "Class Period"), as Mr. McCarthy has timely made this Motion, believes that he has the largest financial interest, and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and

(3) Richard McCarthy's selection of Bernstein Liebhard as Lead Counsel and Wolf Haldenstein as Liaison Counsel should be approved as the firms are well qualified and have extensive experience in cases of this type.

---

[1]    The complaint in *Malriat v. QuantumScape Corporation et al.*, No. 3:21-cv-00058 ("*Malriat*") alleged a class period starting on December 8, 2020 and ending on December 31, 2020. The complaints in *Gowda v. QuantumScape Corporation et al.*, No. 4:21-cv-00070 ("*Gowda*"), and *Leo v. QuantumScape Corporation et al.*, No. 3:21-cv-00150  ("*Leo*") allege a longer class period starting on November 27, 2020 and ending on December 31, 2020.

This motion is supported by the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Rachele R. Byrd in Support of Richard McCarthy's Motion for Consolidation of the Related Actions Appointment as Lead Plaintiff and Approval of Selection of Counsel the pleadings and other filings in this action, and such other written or oral argument as may be permitted by the Court.

## STATEMENT OF THE ISSUES TO BE DECIDED

1.     Whether consolidation of the Related Actions, pursuant to Rule 42(a), is warranted.

2.     Whether the Court should appoint Richard McCarthy as lead plaintiff under the PSLRA.

3.     Whether the Court should approve Richard McCarthy's selection of Bernstein Liebhard as lead counsel and Wolf Haldenstein as liaison counsel for the proposed class.

Dated: March 8, 2021                           Respectfully submitted,

                                               **WOLF HALDENSTEIN ADLER
                                                FREEMAN & HERZ LLP**

                                               By:    */s/ Rachele R. Byrd*
                                                       RACHELE R. BYRD

                                               BETSY C. MANIFOLD
                                               RACHELE R. BYRD
                                               MARISA C. LIVESAY
                                               BRITTANY N. DEJONG
                                               750 B Street, Suite 1820
                                               San Diego, CA 92101
                                               Telephone: (619) 239-4599
                                               Facsimile: (619) 234-4599
                                               manifold@whafh.com
                                               byrd@whafh.com
                                               livesay@whafh.com
                                               dejong@whafh.com

                                               *Counsel for Richard McCarthy and Proposed
                                               Liaison Counsel for the Proposed Class*

                                               **BERNSTEIN LIEBHARD LLP**
                                               LAURENCE J. HASSON (*pro hac vice
                                               forthcoming*)
                                               10 East 40th Street
                                               New York, NY 10016
                                               Tel: (212) 779-1414
                                               Fax: (212) 779-3218

NOT. OF MTN. AND MTN. OF RICHARD McCARTHY FOR CONSOLIDATION OF RELATED ACTIONS
APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF Ps &As IN SUPPORT THEREOF
No. 3:21-cv-00058-WHO

2

Email:  lhasson@bernlieb.com

*Counsel for Richard McCarthy and Proposed*
*Lead Counsel for the Proposed Class*

NOT. OF MTN. AND MTN. OF RICHARD McCARTHY FOR CONSOLIDATION OF RELATED ACTIONS
APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF Ps &As IN SUPPORT THEREOF
No. 3:21-cv-00058-WHO

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

Richard McCarthy respectfully submits this memorandum of points and authorities in support of his motion for: (a) consolidation of the Related Actions; (b) appointment as Lead Plaintiff for the proposed Class, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (c) approval of Mr. McCarthy's selection of Bernstein Liebhard LLP ("Bernstien Liebhard") as Lead Counsel and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Liaison Counsel for the proposed Class.

**PRELIMINARY STATEMENT**

Presently pending in this Court is the above-captioned securities class action lawsuit (the "Action") alleging violations of the Exchange Act brought on behalf of a proposed class of shareholders that purchased or otherwise acquired QuantumScape Corporation ("QuantumScape" or the "Company") securities between November 27, 2020 and December 31, 2020, inclusive (the "Class Period").

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action. The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that he or she is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

Richard McCarthy, a resident of Florida with over 15 years of investing experience, satisfies these requirements. First, Mr. McCarthy has a large financial interest in the Action as he lost $541,967.54 on his purchases of QuantumScape securities during the Class Period. Mr. McCarthy's substantial financial interest will ensure his vigorous prosecution of the Class' claims. Second, Mr. McCarthy satisfies Federal Rules 23(a)(3) and (a)(4) as his claims are typical of the claims of the Class and Mr. McCarthy will fairly and adequately represent the interests of the Class. Additionally, Mr. McCarthy has selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, for the reasons discussed below, Mr. McCarthy respectfully requests that the Court grant his motion to appoint him as Lead Plaintiff, and approve his choice of counsel.

## SUMMARY OF THE COMPLAINT

QuantumScape develops and commercializes solid-state lithium-metal batteries for electric vehicles ("EVs"). QuantumScape merged with a special purpose acquisition company, Kensington Capital Acquisition Corp., on November 25, 2020 and was publicly traded thereafter.

The complaint alleges that Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company's purported success related to its solid-state battery power, battery life, and energy density were significantly overstated; (2) that the Company is unlikely to be able to scale its technology to the multi-layer cell necessary to power electric vehicles; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked reasonable basis.

On January 4, 2021, an article published on *Seeking Alpha* pointed to multiple risks in the solid-state batteries being developed by QuantumScape which rendered the batteries "completely unacceptable for real world field electric vehicles." The article stated that the battery's power would "only last for 260 cycles or about 75,000 miles of aggressive driving." Further, because solid-state batteries are temperature sensitive, "the power and cycle tests at 30 and 45 degrees above would have been significantly worse if run even a few degrees lower."

On this news, QuantumScape's stock price fell $34.49, or approximately 40.84%, to close at $49.96 per share on January 4, 2021.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the Related Actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii).    As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Related Actions alleges substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors.  Accordingly, the Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes. [2]

## II.    THE COURT SHOULD APPOINT RICHARD McCARTHY AS LEAD PLAINTIFF

### A.  The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act or the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i-ii). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

---

[2]    In addition to the Related Actions, a QuantumScape investor filed an action in the United States District Court for the Northern District of Illinois. *See Howard v. QuantumScape Corporation et al.*, No. 1:21-cv-01001 (N.D. Ill.) ("*Howard*"). Mr. McCarthy has simultaneously filed a motion seeking Lead Plaintiff appointment in *Howard*.

NOT. OF MTN. AND MTN. OF RICHARD McCARTHY FOR CONSOLIDATION OF RELATED ACTIONS APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF Ps &As IN SUPPORT THEREOF
No. 3:21-cv-00058-WHO

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> i)      has either filed the complaint or made a motion in response to an Early Notice;
>
> ii)     in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth herein, Richard McCarthy meets the foregoing criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

**B.      Richard McCarthy is the Most Adequate Plaintiff**

Richard McCarthy respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, believes he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**1.       Richard McCarthy's Motion is Timely**

On January 6, 2021, the Early Notice was published via *Business Wire*. *See* Declaration of Rachele R. Byrd ("Byrd Decl."), Exhibit A. Accordingly, putative class members had until March 8, 2021 to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.")

Richard McCarthy has timely filed this motion in response to the Early Notice. Additionally, he has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A) attesting to his review of the complaint in this action and his willingness to serve as the representative of the Class, including providing

testimony at deposition and trial, if necessary. *See* Byrd Decl., Ex. B. Accordingly, Mr. McCarthy satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2. Richard McCarthy Believes He Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Richard McCarthy suffered losses of $541,967.5 in connection with his purchases of QuantumScape securities during the Class Period. *See* Byrd Decl., Ex. C. Mr. McCarthy is not aware of any other movant that has suffered greater losses in QuantumScape securities during the Class Period. Accordingly, Mr. McCarthy believes that he has the largest financial interest in this litigation.

### 3. Richard McCarthy Satisfies the Requirements of Fed. R. Civ. P. 23

Once a movant has demonstrated that he has the largest financial interest, it need only make a *prima facie* showing of its typicality and adequacy. *See In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Mr. McCarthy satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the only Rule 23 provisions relevant to a determination of Lead Plaintiff under the PSLRA. *Id.*

#### a. Richard McCarthy's Claims Are Typical of Those of the Class

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992) (citation omitted).

Mr. McCarthy's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by Defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and

---

NOT. OF MTN. AND MTN. OF RICHARD McCARTHY FOR CONSOLIDATION OF RELATED ACTIONS APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF Ps &As IN SUPPORT THEREOF
No. 3:21-cv-00058-WHO

5

- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Mr. McCarthy as to all members of the Class. Since Mr. McCarthy's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### b. Richard McCarthy Will Fairly and Adequately Protect the Interests of the Class

In determining whether the adequacy requirement is met, courts in this Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Richard McCarthy, an investor residing in the state of Florida with more than 15 years of investing experience, is an adequate Lead Plaintiff. Mr. McCarthy and members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Mr. McCarthy's substantial financial stake in the litigation, Class members can be assured that he has the incentive to vigorously prosecute the claims.

Additionally, Mr. McCarthy has demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel and Wolf Haldenstein as Liaison Counsel for the proposed Class. As discussed more fully below, these firms are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated their ability to prosecute complex securities class action lawsuits.

### III. THE COURT SHOULD APPROVE RICHARD McCARTHY'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Byrd Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *In re Hexo Corp Sec. Litig.*, No. 1:19-cv-10965-NRB (S.D.N.Y.) and *In re Fiat Chrysler Automobiles N.V. Sec. Litig.*, No. 1:19-cv-06770-ERK (E.D.N.Y.).

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. *The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Additionally, proposed Liaison Counsel, Wolf Haldenstein, maintains offices in California and has extensive securities class action experience. *See* Byrd Decl., Ex. E (Firm Résumé of Wolf Haldenstein).

<strong><u>CONCLUSION</u></strong>

For the foregoing reasons, Richard McCarthy respectfully requests that this Court: (1) consolidate the Related Actions; (2) appoint him as Lead Plaintiff for this Action, and all subsequently-filed, related actions; and (3) approve his selection of Bernstein Liebhard as Lead Counsel and Wolf Haldenstein as Liaison Counsel for the proposed Class.

Dated: March 8, 2021                                        Respectfully submitted,

**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP**

By:    */s/ Rachele R. Byrd*
        RACHELE R. BYRD

BETSY C. MANIFOLD
RACHELE R. BYRD
MARISA C. LIVESAY
BRITTANY N. DEJONG
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
livesay@whafh.com
dejong@whafh.com

*Counsel for Richard McCarthy and Proposed
Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
LAURENCE J. HASSON (*pro hac vice forthcoming*)
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email:  lhasson@bernlieb.com

*Counsel for Richard McCarthy and Proposed Lead Counsel for the Proposed Class*

27117

NOT. OF MTN. AND MTN. OF RICHARD McCARTHY FOR CONSOLIDATION OF RELATED ACTIONS
APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF Ps &As IN SUPPORT THEREOF
No. 3:21-cv-00058-WHO

9