Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
912 Cole Street, # 251
San Francisco, California 94117
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Proposed Lead Counsel and Counsel*
*for Bala Mullur*

*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH MALRIAT, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH, <br><br> Defendants. | Case No. 3:21-CV-58-WHO <br><br> **BALA MULLUR'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT HIM AS LEAD PLAINTIFF AND APPROVE HIS SELECTION OF LEAD COUNSEL** <br><br> <u>**CLASS ACTION**</u> <br><br> Judge: Hon. William H. Orrick <br> Date: April 14, 2021 <br> Time: 2:00 PM <br> Courtroom: 2 – 17th Floor |

MOTION TO CONSOLIDATE, APPOINT LP, AND                                    CASE No. 3:21-cv-58-WHO
APPROVE SELECTION OF LEAD COUNSEL

ASHA GOWDA, Individually and On           )    Case No. 3:21-CV-70-WHO
Behalf of All Others Similarly Situated,  )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )
                                          )
QUANTUMSCAPE CORPORATION,                 )
JAGDEEP SINGH, FRITZ PRINZ,               )
TIMOTHY HOLME, KEVIN                      )
HETTRICH and VOLKSWAGEN                   )
GROUP OF AMERICA                          )
INVESTMENTS, LLC,                         )
                                          )
                    Defendants.           )
                                          )

CHRISTOPHER LEO,                          )    Case No. 3:21-CV-150-WHO
                                          )
                    Plaintiff,            )
                                          )
        v.                                )
                                          )
QUANTUMSCAPE CORPORATION                  )
F/K/A KENSINGTON CAPITAL                  )
ACQUISITION CORP., et al.,                )
                                          )
                    Defendants.           )
                                          )
                                          )

MOTION TO CONSOLIDATE, APPOINT LP, AND                                CASE No. 3:21-cv-58-WHO
APPROVE SELECTION OF LEAD COUNSEL

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that at 2:00 p.m. on April 14, 2021, or as soon thereafter as the matter may be heard, before the Honorable William H. Orrick, United States District Court, Northern District of California, San Francisco Courthouse, Courtroom 2 – 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, Bala Mullur will and hereby does move for an order: (i) consolidating the above-captioned related securities actions; (ii) appointing him as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (iii) approving his selection of Kahn Swick & Foti, LLC as Lead Counsel for the putative class. If not conducted in person, this motion will be heard *via* such telephonic or other electronic communications as may be ordered by the Court. This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the attached declarations and exhibits, the pleadings on file in this action, oral argument, and such other matters as the Court may consider in hearing this motion.

**STATEMENT OF ISSUES TO BE DECIDED**

1.   Whether the three above-captioned related actions should be consolidated pursuant to FED. R. CIV. P. 42; *see* § IV.A, *infra*.

2.   Whether Bala Mullur should be appointed as lead plaintiff pursuant to the PSLRA. *See In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002); § IV.B, *infra*.

3.   Whether the Court should approve Bala Mullur's selection of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel. *See In re Cohen*, 586 F.3d 703 (9th Cir. 2009); § IV.C, *infra*.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Bala Mullur respectfully submits this memorandum of law in support of his motion to: (i) consolidate the three above-captioned related actions (the "Related Actions") and any other subsequently filed or transferred related actions in this District; (ii) appoint him as lead plaintiff in the Related Actions pursuant to Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5; and (iii) approve his selection of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the class. *See Cavanaugh*, 306 F.3d at 730-732.

The Related Actions involve common questions of law and fact, warranting consolidation pursuant to FED. R. CIV. P. 42 ("Rule 42").[1] *See* § IV.A, *infra*. Further, as described in the Certification and Loss Chart attached to the Declaration of Ramzi Abadou in Support of Bala Mullur's Motion to Consolidate Related Actions, Appoint Him as Lead Plaintiff and Approve His Selection of Lead Counsel ("Abadou Decl.") (Exhibits A & B), Mr. Mullur suffered substantial losses from his purchases

---

[1]   A fourth related lawsuit, captioned *Howard v. QuantumScape Corporation, et al.*, No. 1:21-cv-01004 (N.D. Ill.) ("*Howard* Action") was filed on February 23, 2021 in the United States District Court for the Northern District of Illinois, bringing similar claims against similar defendants. *See* § IV.A, *infra*. Given the PSLRA's preference to consolidate related matters for judicial efficiency (*see, e.g.*, 15 U.S.C. § 78u–4(a)(3)(B)(ii)), Mr. Mullur anticipates that the *Howard* Action will eventually be transferred to this District, in which case it should also be consolidated with these proceedings.

of QuantumScape Corporation ("QuantumScape") securities between November 27, 2020 and December 31, 2020, inclusive ("Class Period").[2] To the best of his knowledge, this loss represents the largest financial interest of any investor seeking to be appointed lead plaintiff. In addition, Mr. Mullur's Certification and Declaration demonstrate his awareness of the fiduciary duties associated with serving as a lead plaintiff. *See* Abadou Decl., Ex's. A & C. Mr. Mullur also satisfies the applicable typicality and adequacy requirements of Rule 23. Accordingly, Mr. Mullur seeks an order: (i) consolidating the Related Actions; (ii) appointing him as Lead Plaintiff pursuant to the PSLRA; and (iii) approving his selection of KSF as Lead Counsel for the putative class.

## II. PROCEDURAL BACKGROUND

The first securities lawsuit against Defendants, captioned *Malriat v. QuantumScape Corporation*, *et al.*, No. 3:21-cv-00058 (N.D. Cal.), was filed in this District on January 5, 2021 ("*Malriat* Action"), bringing claims on behalf of a putative class of investors between December 8, 2020 through December 31, 2020, inclusive. ECF No. 1 ("*Malriat* Compl.") at ¶ 1. On January 6, 2021, notice of the *Malriat* Action's pendency was published over *Business Wire*, informing investors of the 60-day deadline to seek appointment as lead plaintiff under the PSLRA. *See* Abadou Decl., Ex. D. Two more related lawsuits were subsequently filed in this District: (i) *Gowda v. QuantumScape Corporation, et al.*, No. 3:21-cv-00070 (N.D. Cal.) ("*Gowda* Action"); and (ii) *Leo v. QuantumScape Corporation, et al.*, No. 3:21-cv-00150 (N.D. Cal.) ("*Leo* Action"). Both assert similar claims as the *Malriat* Action but allege a proposed class period commencing on November 27, 2020 and ending on December 31, 2020, inclusive. *Gowda* Compl. at ¶ 1; *Leo* Compl. at ¶ 1. This Court has previously acknowledged the related nature of these lawsuits by entering a Related Case Order on February 18,

---

[2] The "Class Period" as used herein is defined using the longest and most inclusive class period alleged. *See Hardy v. MabVax Therapeutics Holdings*, 2018 U.S. Dist. LEXIS 152226, at *15-16 (S.D. Cal. 2018) ("For the purposes of assessing which proposed lead plaintiff has the largest financial interest, the most sensible way to harmonize the different class periods is to adopt the longest class period"); *Deering v. Galena Biopharma*, Inc., U.S. Dist. LEXIS 140766, at *30-31 (D. Or. 2014) ("Courts have almost universally held that the longest, most inclusive class period should be used to determine which lead plaintiff movant has the largest financial interest in the relief sought by the class.") (collecting cases)

2021. ECF No. 18. The Related Actions each allege violations of §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder. *See Malriat* Compl. at ¶¶ 43-58; *Gowda* Compl. at ¶¶ 44-49; *and Leo* Compl. at ¶¶ 44-59.

On February 23, 2021, another related class action complaint captioned *Howard v. QuantumScape Corporation, et al.* No. 1:21-cv-01004 (N.D. Ill.) was filed in the United States District Court for the Northern District of Illinois on behalf of a putative class of investors between December 8, 2020 and December 31, 2020, inclusive. Like the Related Actions, the *Howard* Action also alleges violations of §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder, against certain common defendants. *Howard* Compl. at ¶¶ 1, 12-13, 42-57.

### III.   STATEMENT OF FACTS

Defendant QuantumScape went public following a business combination with Kensington Capital Acquisition Corp., with the former entity surviving. *Malriat* Compl. at ¶ 3. QuantumScape's principal place of business is in San Jose, California, and its stock trades on the New York Stock Exchange under the symbol "QS." *Id.* at ¶ 13. Defendant Jagdeep Singh ("Singh") founded QuantumScape and was, at all pertinent times, its Chief Executive Officer. *Id.* at ¶ 14. The Company develops battery technology intended for electric vehicles and other applications. *Id.* at ¶ 15. Throughout the putative Class Period, QuantumScape made material misrepresentations by overstating the performance and success of its solid-state batteries, exaggerating their power, lifespan, and energy density. *Id.* at ¶¶ 17-21; *Gowda* Compl. at ¶¶ 24-27; *and Leo* Compl. at ¶¶ 17-22.

Before the market opened on January 4, 2021, *Seeking Alpha* published an article reporting, among other things, that QuantumScape's solid-state batteries were not acceptable for real world field electric vehicles, that the battery life would only last for 260 cycles, equivalent to 75,000 miles of driving, and likely would fare worse at lower temperatures. *Malriat* Compl. at ¶ 22. The article further contended that QuantumScape's batteries: (i) could not be manufactured as a multi-layer cell battery practicable for vehicle use; (ii) were susceptible to vibrations, causing cracking, if not explosion; (iii) were potentially flammable due to lithium concentrations; and (iv) would be costly to manufacture at

scale. *Id*. at ¶ 23. Upon this news, the trading price of QuantumScape stock plunged by $34.49, closing at $49.96 per share, representing a ***40.84% decline*** over the previous day's trading on unusually heavy trading volume. *Id*. at ¶ 24. *See also Gowda* Compl. at ¶¶ 28-33; *and Leo* Compl. at ¶¶ 23-25 (discussing *Seeking Alpha* article and market reaction).

## IV.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

Consolidation of securities class actions is appropriate where, as here, the actions involve common questions of law and fact. *See Deinnocentis v. Dropbox, Inc.*, 2020 U.S. Dist. LEXIS 8680, at *6-7 (N.D. Cal. 2020); *Ali v. Intel Corp.*, 2018 U.S. Dist. LEXIS 89401, at *3-4 (N.D. Cal. 2018). Courts recognize that securities class actions are ideally suited to consolidation. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018). The Related Actions should be consolidated because they each bring claims on behalf of QuantumScape investors for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.[3] *See* § II, *supra*. QuantumScape and Singh are also common Defendants in all three actions. *Malriat* Compl. at ¶¶ 13-14; *Gowda* Compl. at ¶¶ 10-11; *and Leo* Compl. at ¶¶ 13-14. The *Gowda* Action names four additional Defendants: Fritz Prinz, Timothy Holme, Kevin Hettrich, and Volkswagen Group of America. *Gowda* Compl., ¶¶ 12-15. The naming of additional Defendants does not preclude consolidation. *See Ruland v. InfoSonics Corp.*, 2006 U.S. Dist. LEXIS 79144, at *4 (S.D. Cal. 2006) (consolidating securities actions covering the same time period, facts, and securities laws violations, notwithstanding certain defendants unique to each action). And while the *Gowda* Action and *Leo* Action allege an incrementally earlier start to the putative class period, this is also no obstacle to consolidation. *See Mulligan v. Impax Lab'ys, Inc.*, 2013 U.S. Dist. LEXIS 93119, at *10 (N.D. Cal. 2013) (consolidating actions with "different start dates" separated by three months, as they otherwise "present[ed] questions of law and fact that overlap almost completely."). Accordingly, the Related Actions should be consolidated.

---

[3]   The *Howard* Action should be consolidated if and once it is transferred to this District. *See* n.1, *supra*.

**B.    Mr. Mullur Should Be Appointed as Lead Plaintiff**

The PSLRA establishes the procedure to appoint a lead plaintiff in a securities fraud class action. 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i). First, the plaintiff who files the initial action must publish a notice within 20 days of filing the action, advising the class of their right to file a motion for appointment as lead plaintiff. *Id.* § 78u-4(a)(3)(A)(i). Here, notice of the first-filed lawsuit in this matter was published on January 6, 2021 *via Business Wire*, advising members of the putative class of their 60-day deadline to seek appointment as lead plaintiff in these proceedings. Abadou Decl., Ex. D. Additionally, plaintiff in the later-filed *Gowda* Action also published notice, advising investors of the longer Class Period alleged therein. Abadou Decl. Ex. E.

Next, within 60 days of publication, members of the proposed class are entitled to seek appointment as lead plaintiff. *Id.* § 78u-4(a)(3)(A)-(B). The Court then appoints as lead plaintiff the member of the class that is determined to be "most capable" of adequately representing the interest of class members. *Id.* § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)  has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii). Once the presumption attaches, it can only be overcome upon a showing of proof that the presumptive lead plaintiff will not fairly and adequately represent the class or is subject to unique defenses that will render the presumptive lead plaintiff incapable of doing so. *See id.* § 78u-4(a)(3)(B)(iii)(II).

**1.    Mr. Mullur's Motion is Timely**

On January 6, 2021, notice of the *Malriat* and *Gowda* Actions were both published *via Business Wire*. *See* Abadou Decl., Ex. D and E, respectively. *Business Wire* is a widely circulated national

business-oriented wire service which is routinely found to satisfy the PSLRA's statutory notice requirements in this District. *See Greene v. Granite Constr. Inc.*, 2019 U.S. Dist. LEXIS 206455, at *2 (N.D. Cal. 2019); *In re LendingClub Sec. Litig.*, 2018 U.S. Dist. LEXIS 44835 (N.D. Cal. 2018) (ordering publication of proposed and summary notices of preliminary approval of class certification over *Business Wire*). Filed within 60 days of the notice, Mr. Mullur's motion is timely.[4]

### 2. Mr. Mullur Possesses the Largest Financial Interest in the Relief Sought by the Class

Next, the Court is to consider the losses claimed by the various movants before selecting the presumptive lead plaintiff. *Cavanaugh*, 306 F.3d at 730-732. In making that assessment, courts sometimes also consider the: (i) number of gross shares purchased during the Class Period; (ii) number of net shares purchased during the Class Period; and (iii) total net funds expended during the Class Period. *See In re Nutanix, Inc. Sec. Litig.*, 2021 U.S. Dist. LEXIS 37740, at *7 (N.D. Cal. 2021) (Orrick, J.). Here, Mr. Mullur had net purchases of 76,700 shares of common stock during the Class Period, at a total cost of $6.146 million. Abadou Decl., Ex. B. His approximate loss on shares of QuantumScape common stock held at the end of the Class Period is $2.1 million. *Id*. To the best of his knowledge, this represents the largest financial interest in the relief sought by the putative class.

### 3. Mr. Mullur Meets the Requirements of Rule 23

In addition to possessing the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of a lead plaintiff, Rule 23(a) requires generally that their claims be typical of the claims of the class and that the representatives will fairly and adequately protect the interest of the class. *See* FED. R. CIV. P. 23; *see also Rieckborn v. Velti PLC*, 2013 U.S. Dist. LEXIS 171206, at *6 (N.D. Cal. 2013) ("The 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as he

---

[4]     The 60-day period following the January 6, 2021 publication date ends on Sunday, March 7, 2021. However, because the last day of that period "is a . . . Sunday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." FED. R. CIV. P. 6(a)(1)(C). Here, that date is Monday, March 8, 2021.

MOTION TO CONSOLIDATE, APPOINT LP, AND           7                        CASE No. 3:21-cv-58-WHO
APPROVE SELECTION OF LEAD COUNSEL

meets the requirements of [Federal Rule of Civil Procedure] 23.") (Orrick, J.) (quoting *Cavanaugh*, 306 F.3d at 729). As detailed below, Mr. Mullur satisfies the typicality and adequacy requirements of Rule 23(a).

Rule 23(a)(3)'s typicality requirement is satisfied when a representative "plaintiff's claim arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." *Monachelli v. Hortonworks, Inc.*, 2016 U.S. Dist. LEXIS 71575, at *6 (N.D. Cal. 2016). Mr. Mullur's claims are typical to those of other putative class members. *See Wong v. Arlo Techs., Inc.*, 2019 U.S. Dist. LEXIS 77186, at *8-9 (N.D. Cal. 2019). Like other putative class members, Mr. Mullur: (i) purchased or otherwise acquired QuantumScape securities during the Class Period; (ii) did so in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (iii) suffered damages from purchasing artificially inflated securities, which lost value when the truth was revealed. *See* Abadou Decl., Ex's. A, B, & C.

A representative party must "fairly and adequately protect the interests of the class." Rule 23(a)(4); *see Ziolkowski v. Netflix, Inc.*, 2017 U.S. Dist. LEXIS 91848, at *9-10 (N.D. Cal. 2017). Mr. Mullur's interests are clearly aligned with the members of the class and there is no antagonism between his interests and those of other class members. Mr. Mullur, a project management professional from Milbury, Massachusetts with thirty-seven years of investment experience, has amply demonstrated his adequacy as a class representative by signing a sworn certification and declaration affirming his willingness to serve, and assume the fiduciary responsibilities of serving, as lead plaintiff. *See* Abadou Decl., Ex. A (Mullur certification); Ex. C (Mullur Declaration at ¶¶ 5-9). In addition, Mr. Mullur has selected counsel highly experienced in prosecuting securities class actions as proposed lead counsel. Abadou Decl., Ex. F.

**C.     This Court Should Approve Mr. Mullur's Choice of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732; *Cohen*, 586 F.3d at 709-10. Here, Mr. Mullur has selected KSF as Lead Counsel following his own independent assessment of the firm's qualifications. *See* Abadou Decl., Ex. C at ¶¶ 7-8. KSF is a

national law firm with presences in Louisiana, California, and New York and courts have repeatedly found KSF well-qualified to serve as Lead Counsel in securities class actions such as this. *See* Abadou Decl., Ex. F; *Bangzheng Chen v. CytRx Corp.*, 2014 U.S. Dist. LEXIS 194696, at *9 (C.D. Cal. 2014) ("Based on the firm's résumé and experience with class action securities litigation, the Court is satisfied that Kahn, Swick & Foti, LLC is qualified to serve as lead counsel in this case."); *Dougherty v. Esperion Therapeutics*, 2020 U.S. Dist. LEXIS 216515, at *22-23 (E.D. Mich. 2020) (approving KSF as co-lead and co-class counsel); *In re Health Ins. Innovations Secs. Litig.,* 2020 U.S. Dist. LEXIS 231055, at *13 (M.D. Fla. 2020) ("KSF is highly experienced in prosecuting securities class actions."); *Kasper v. AAC Holdings, Inc.*, 2017 U.S. Dist. LEXIS 109608, at *42-43 (M.D. Tenn. 2017) (certifying KSF as class counsel under Rule 23(g)); *In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, 2020 U.S. Dist. LEXIS 49786, at *29 (S.D.N.Y. 2020) (same).

KSF also recently prevailed on behalf of the court-appointed lead plaintiff in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), *cert. denied sub nom.* 139 S. Ct. 2615 (2019), a landmark decision that clarified the federal securities pleading requirements and civil pleading practice generally in this Circuit. *See* Abadou Decl., Ex. F. KSF also served as counsel to the lead plaintiff in the *Halliburton* securities litigation matter, where lead plaintiff twice prevailed before the United States Supreme Court and ultimately obtained a $100 million recovery for the class. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 134 S. Ct. 2398 (2014); *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 131 S. Ct. 2179 (2011). Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber legal representation available from KSF. *See* Abadou Decl., Ex. F.

## V.    CONCLUSION

For the foregoing reasons, Mr. Mullur respectfully requests that the Court: (i) consolidate the Related Actions; (ii) appoint him as Lead Plaintiff; and (iii) approve his selection of KSF as Lead Counsel for the putative class.

Dated: March 8, 2021

Respectfully submitted,

**KAHN SWICK & FOTI, LLP**

By:＿＿＿*s/ Ramzi Abadou*＿＿＿＿＿＿＿＿
Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
912 Cole Street, # 251
San Francisco, California 94117
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

-and-

Lewis S. Kahn
(to be admitted *pro hac vice*)
Alexander L. Burns
(to be admitted *pro hac vice*)
Alayne K. Gobeille
(to be admitted *pro hac vice*)
Morgan M. Embleton
(to be admitted *pro hac vice*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
alayne.gobeille@ksfcounsel.com
morgan.embleton@ksfcounsel.com

*Proposed Lead Counsel and Counsel
for Bala Mullur*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

        *s/ Ramzi Abadou*
        RAMZI ABADOU

# Mailing Information for a Case 3:21-cv-00058-WHO Malriat v. QuantumScape Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Dale Richard Bish**
  dbish@wsgr.com,calendar@wsgr.com,ncuen@wsgr.com

- **David Bricker**
  dbricker@tenlaw.com

- **Rebecca Lynn Epstein**
  bepstein@wsgr.com,lkoontz@wsgr.com

- **Andrew Frantela**
  afrantela@wsgr.com

- **Richard Martin Heimann**
  rheimann@lchb.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Pavithra Rajesh**
  prajesh@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

- **Sophia Marie Rios**
  srios@bm.net,jgionnette@bm.net

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Ignacio Evaristo Salceda**
  isalceda@wsgr.com,rlustan@wsgr.com

- **Whitney E. Street**
  wstreet@blockesq.com,whitney-street-0082@ecf.pacerpro.com

- **Jacob Allen Walker**
  jake@blockesq.com,jacob-walker-5598@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)