ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
       – and –
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com

JOHNSON FISTEL, LLP
FRANK J. JOHNSON (174882)
655 West Broadway, Suite 1400
San Diego, CA  92101
Telephone:  619/230-0063
619/255-1856 (fax)
frankj@johnsonfistel.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH MALRIAT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> QUANTUMSCAPE CORPORATION f/k/a KENSINGTON CAPITAL ACQUISITION CORP., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 3:21-cv-00058-WHO

<u>CLASS ACTION</u>

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF

DATE:        April 14, 2021
TIME:        2:00 p.m.
CTRM:       2, 17th Floor
JUDGE:      Hon. William H. Orrick

4844-6769-0463.v1

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Wednesday, April 14, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA, 94102 before the Honorable William H. Orrick, class member Matthew N. Palucci will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointing Mr. Palucci as Lead Plaintiff; and (3) approving Mr. Palucci's selection of Robbins Geller Rudman & Dowd LLP and Johnson Fistel, LLP as Lead Counsel.  This Motion is made on the grounds that the related actions allege substantially similar facts and raise identical legal issues, and Mr. Palucci is the most adequate plaintiff to serve as lead plaintiff in the consolidated action.  In support of this motion, Mr. Palucci submits herewith a Memorandum of Points and Authorities and the Declaration of Danielle S. Myers ("Myers Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Presently pending before this Court are three securities class action lawsuits (the "Related Actions") brought on behalf of purchasers of QuantumScape Corporation ("QuantumScape" or the "Company") securities seeking to pursue remedies under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") against the Company, certain of QuantumScape's senior executives and directors, and Volkswagen Group of America Investments, LLC ("VGA"), the Company's controlling shareholder.[1]  Pursuant to the PSLRA, the Court must decide whether to

---

[1]    The Related Actions are: (1) *Malriat v. QuantumScape Corporation*, No. 3:21-cv-00058, filed on behalf of investors who purchased or otherwise acquired QuantumScape securities between December 8, 2020 and December 31, 2020, inclusive; (2) *Gowda v. QuantumScape Corporation*, No. 3:21-cv-00070, filed on behalf of investors who purchased or otherwise acquired QuantumScape securities between November 27, 2020 and December 31, 2020, inclusive; and (3) *Leo v. QuantumScape Corporation*, No. 3:21-cv-00150, filed on behalf of investors who purchased or otherwise acquired QuantumScape securities between November 27, 2020 and December 31, 2020, inclusive.  On February 28, 2021, the Court entered a Related Case Order relating *Gowda* and *Leo* with *Malriat*.  *See* ECF No. 18.  A substantially similar complaint, *Howard v. QuantumScape*

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 3:21-cv-00058-WHO        - 1 -
4844-6769-0463.v1

consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, consolidation is appropriate under Rule 42 because the Related Actions involve common legal and factual questions.

After deciding consolidation, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, Mr. Palucci should be appointed as lead plaintiff because he: (1) timely filed this motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Mr. Palucci's selection of Robbins Geller and Johnson Fistel to serve as lead counsel should be approved because the firms possess extensive experience prosecuting securities class actions and will adequately represent the interests of all class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

## II.     STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the Court should consolidated the Related Actions for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.      Whether the Court should appoint Mr. Palucci as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3.      Whether the Court should approve Mr. Palucci's selection of Robbins Geller and Johnson Fistel as Lead Counsel.

*Corporation*, No. 1:21-cv-01004 was filed in the Northern District of Illinois on February 23, 2021, on behalf of investors who purchased or otherwise acquired QuantumScape securities between December 8, 2020 and December 31, 2020, inclusive. Mr. Palucci is also filing a lead plaintiff motion in the *Howard* action. If appointed Lead Plaintiff, Mr. Palucci would seek to transfer and consolidate the actions in one forum. For purposes of this motion, the longest and most inclusive alleged class period is used – November 27, 2020 through December 31, 2020, inclusive (the "Class Period"). *See, e.g.*, *Ali v. Intel Corp.*, 2018 WL 2412111, at *2 n.6 (N.D. Cal. May 29, 2018) (recognizing that "'[f]or the purpose of determining lead plaintiff, . . . use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members'"). Unless otherwise noted, all emphasis is added and citations are omitted.

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 3:21-cv-00058-WHO          - 2 -
4844-6769-0463.v1

### III.    STATEMENT OF FACTS[2]

QuantumScape develops and commercializes solid-state lithium-metal batteries for electric vehicles ("EVs").  The Company was founded in 2010 and is headquartered in San Jose, California. QuantumScape was taken public through a combination with a special purpose acquisition corporation ("SPAC"), Kensington Capital Acquisition Corp., in a transaction completed on November 27, 2020.

As the complaints allege, throughout the Class Period, defendants made materially false and misleading statements about the strength of QuantumScape's business, operations, and financial prospects.  Among other things, in connection their claims that the Company was "developing next generation battery technology for EVs and other applications," defendants stated that they "believe[d] that [the Company's] technology [would] enable a new category of battery that meets the requirements for broader market adoption" and that the "lithium-metal solid-state battery technology that . . . QuantumScape is developing is being designed to offer greater energy density, longer life, faster charging, and greater safety when compared to today's conventional lithium-ion batteries." *Gowda*, ECF No. 1 at ¶3.  Having overstated the value of the Company's business metrics and financial prospects, QuantumScape was able to complete the combination with Kensington and to commence an underwritten secondary public stock offering (the "SPO") of its publicly traded securities "at market price," registering for resale more than 300 million shares of QuantumScape publicly traded securities by insiders beginning on December 31, 2020, including several QuantumScape senior executives and the Company's controlling shareholder VGA.

However, as alleged, defendants were concealing multiple known risks with QuantumScape's solid state battery development and design that rendered the batteries "completely unacceptable for real world field electric vehicle performance."  *Gowda*, ECF No. 1 at ¶4. Specifically, as would later be revealed, the power of QuantumScape batteries "will only last for 260 cycles or about 75,000 miles of aggressive driving" and, because solid state batteries are temperature

---

[2]    These allegations are mostly based on the *Gowda* complaint.

sensitive, "power and cycle tests at 30 and 45 degrees . . . would have been significantly worse if run even a few degrees lower." *Id.*

Only by virtue of a stock research report published by *Seeking Alpha* on January 4, 2021 and authored by Dr. Brian Morin – the CEO of Soteria Battery Innovation Group, a company that also makes lithium ion batteries, as well as the Director and Vice President of the National Alliance for Advanced Technology Batteries – would the investment community learn the truth. Dr. Morin's research report entitled "QuantumScape's Solid State Batteries Have Significant Technical Hurdles To Overcome" emphasized, *inter alia*, that QuantumScape's "batteries are small and unproven – not yet as big as an iWatch battery, and never tested outside a lab," adding that "[t]here are significant risks associated with solid state batteries that have not been overcome" and that "[t]hey will likely never achieve the performance they claim." *Id.* at ¶28. On this news, the price of QuantumScape's Class A common stock declined approximately 41%.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of QuantumScape shares, Mr. Palucci and other class members have suffered significant losses and damages.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Differences in defendants or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law – and if the differences do not outweigh the interests of judicial economy served by consolidation. *Ali*, 2018 WL 2412111 at *2 n.4.

Here, the Related Actions present nearly identical factual and legal issues, allege identical claims in overlapping class periods, and name overlapping defendants. *See generally Malriat*, ECF No. 1; *Gowda*, ECF No. 1; *Leo*, ECF No. 1. Accordingly, consolidation is appropriate here.

### B. Mr. Palucci Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Mr. Palucci meets each of these requirements and should be appointed Lead Plaintiff.

### 1. This Motion Is Timely

On January 6, 2021, notice of the first-filed *Malriat* action was published on *Business Wire* advising class members of the pendency of the action, its alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days, *i.e.*, by March 8, 2021. *See* Myers Decl., Ex. A. Because this motion is being filed on March 8, it is timely and Mr. Palucci is entitled to be considered for appointment as lead plaintiff.[3]

---

[3] Sixty days after January 6, 2021 was March 7, 2021, a Sunday; thus, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is March 8, 2021.

### 2.    Mr. Palucci Has A Substantial Financial Interest in the Relief Sought by the Class

As evidenced by his PSLRA Certification, Mr. Palucci expended more than $3 million purchasing 24,950 shares of QuantumScape securities, suffering approximately $437,773 in losses as a result of defendants' alleged misconduct. *See* Myers Decl., Exs. B, C. Therefore, Mr. Palucci has a substantial financial interest in the relief sought by the class.

### 3.    Mr. Palucci Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage); *Bodri v. GoPro, Inc.*, 2016 WL 1718217, at *5 (N.D. Cal. Apr. 28, 2016) (same).

"Typicality asks whether 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" *Bodri*, 2016 WL 1718217, at *5 (quoting Fed. R. Civ. P. 23(a)(3)). The adequacy requirement "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'" *Id.* (quoting Fed. R. Civ. P. 23(a)(4)).

Here, as to typicality, Mr. Palucci purchased QuantumScape securities and suffered the same injury as absent class members when defendants' alleged misconduct was revealed. *See* Myers Decl., Exs. B, C. As to adequacy, Mr. Palucci's substantial stake in the outcome of the case indicates he has the requisite incentive to vigorously represent the class's claims. Moreover, Mr. Palucci is not aware of any conflicts between his claims and those asserted on behalf of the putative class and is not subject to any unique defenses. Finally, Mr. Palucci also submitted with his motion a declaration further demonstrating his adequacy to represent the class in this case. *See* Myers Decl., Ex. D.

As such, the Court should find that Mr. Palucci has made the requisite showing of typicality and adequacy.

### C.    The Court Should Approve Mr. Palucci's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35.  Mr. Palucci has selected Robbins Geller and Johnson Fistel as lead counsel in this case.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.  With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.[4]  District courts in this District, and throughout the nation, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations.  *See, e.g.*, *Carpenter v. Gigamon Inc.*, No. 3:17-cv-06653-WHO, ECF No. 37 (N.D. Cal. Mar. 14, 2018) (Orrick, J.) (appointing Robbins Geller as lead counsel); *In re LendingClub Sec. Litig.*, No. 3:16-cv-02627-WHA, ECF No. 383 (N.D. Cal. Sept 24, 2018) (finalizing the $125 million settlement Robbins Geller achieved – a settlement that ranks among the top ten largest securities recoveries ever in the Northern District of California.).

Notably, last year alone, Robbins Geller recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict

---

[4]   For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 3:21-cv-00058-WHO        - 7 -
4844-6769-0463.v1

for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[5]

Likewise, Johnson Fistel is a leading class action law firm and has earned a reputation for excellence and innovation in shareholder rights litigation. Johnson Fistel has been appointed as lead or co-lead counsel in shareholder litigation numerous times in federal and state courts throughout the country, and has successfully litigated numerous such cases on behalf of injured investors. *See* https://www.johnsonfistel.com/.[6]

Robbins Geller and Johnson Fistel have experience serving as lead counsel with one another and understand the importance of providing comprehensive representation to the class without performing duplicative work. *See, e.g., Gerneth v. Chiasma, Inc.*, No. 1:16-cv-11082-DJC (D. Mass.) (Robbins Geller and Johnson Fistel, as lead counsel in securities case, secured an $18.75 million class-wide settlement). Thus, the Court can be assured that by approving Mr. Palucci's choice of Robbins Geller and Johnson Fistel as lead counsel, the putative class will receive the highest caliber of representation without duplicating fees, costs or expenses.

---

[5]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

[6]   A hard copy of Johnson Fistel's resume is available upon the Court's request, if preferred.

## V.    CONCLUSION

The Related Actions are nearly identical and should be consolidated for all purposes. Additionally, Mr. Palucci has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Mr. Palucci respectfully requests that the Court consolidate the Related Actions, appoint him as Lead Plaintiff, and approve his selection of Lead Counsel.

DATED:  March 8, 2021                          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS


          s/ Danielle S. Myers
        DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

JOHNSON FISTEL, LLP
FRANK J. JOHNSON
655 West Broadway, Suite 1400
San Diego, CA  92101
Telephone:  619/230-0063
619/255-1856 (fax)
frankj@johnsonfistel.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 3:21-cv-00058-WHO      - 9 -
4844-6769-0463.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 8, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

4844-6769-0463.v1

# Mailing Information for a Case 3:21-cv-00058-WHO Malriat v. QuantumScape Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Dale Richard Bish**
  dbish@wsgr.com,calendar@wsgr.com,ncuen@wsgr.com

- **David Bricker**
  dbricker@tenlaw.com

- **Rachele R. Byrd**
  byrd@whafh.com,salas@whafh.com,cabrera@whafh.com,loutsenhizer@whafh.com

- **Rebecca Lynn Epstein**
  bepstein@wsgr.com,lkoontz@wsgr.com

- **Andrew Frantela**
  afrantela@wsgr.com

- **Richard Martin Heimann**
  rheimann@lchb.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Pavithra Rajesh**
  prajesh@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

- **Sophia Marie Rios**
  srios@bm.net,jgionnette@bm.net

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Ignacio Evaristo Salceda**
  isalceda@wsgr.com,rlustan@wsgr.com

- **Whitney E. Street**
  wstreet@blockesq.com,whitney-street-0082@ecf.pacerpro.com

- **Jacob Allen Walker**
  jake@blockesq.com,jacob-walker-5598@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)