JOHN T. JASNOCH (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone:  619/233-4565
619/233-0508 (fax)
jjasnoch@scott-scott.com

*Attorneys for Lead Plaintiff Movant*
*Richard Hedreen and Proposed*
*Lead Counsel for the Class*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH MALRIAT, Individually and On Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>   v.<br><br>QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,<br><br>                  Defendants. | Case No. 3:21-cv-00058-WHO<br><br>**NOTICE OF MOTION & MOTION OF RICHARD HEDREEN FOR: (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT**<br><br>Date:       April 14, 2021<br>Time:      2:00 p.m.<br>Courtroom.: 5 (2nd Floor)<br>Judge:    Honorable William H. Orrick |
| ASHA GOWDA, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiffs,<br><br>   vs.<br><br>QUANTUMSCAPE CORPORATION, JAGDEEP SINGH, FRITZ PRINZ, TIMOTHY HOLME, KEVIN HETTRICH and VOLKSWAGEN GROUP OF AMERICA INVESTMENTS, LLC,<br><br>                  Defendants. | Case No. 3:21-cv-00070-WHO |

[Caption continued on next page.]

CHRISTOPHER LEO, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,

Defendants.

Case No. 3:21-cv-00150-WHO

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ...........................................................................................1

STATEMENT OF THE ISSUES TO BE DECIDED....................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................2

    I.     INTRODUCTION ...........................................................................................2

    II.    FACTUAL BACKGROUND...........................................................................3

    III.   ARGUMENT ....................................................................................................4

         A.     The Above-Captioned Cases Should Be Consolidated...............................4

         B.     Movant Should Be Appointed Lead Plaintiff .............................................5

             1.     Movant's Motion Is Timely.............................................................5

             2.     Movant Has the Largest Financial Stake in the Relief Sought by the Class ....................................................................................6

             3.     Movant Is Otherwise Qualified Under Rule 23 ..............................7

         C.     The Court Should Approve Movant's Choice of Counsel...........................8

    IV.   CONCLUSION................................................................................................10

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ...........................................................................................2, 6, 8

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
    586 F.3d 703 (9th Cir. 2009) ........................................................................................................8

*Cornwell v. Credit Suisse Grp.*,
    No. 08-cv-03758 (VM), 2011 WL 13263367 (S.D.N.Y. July 20, 2011)...................................9

*Dolan v.* No. 08-cv-03758 (VM),
    No. 04 Civ. 8564(RJH), 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005) .....................................5

*Feyko v. Yuhe Int'l Inc.*,
    No. CV 11-05511 DDP, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) ......................................6

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990)........................................................................................................4

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) ......................................................................................6

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
    No. 13-CV-05368-LHK, 2014 WL 2604991 (N.D. Cal. June 10, 2014) .............................3, 5

*Richardson v. TVIA, Inc.*,
    No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)....................................6

*Russo v. Finisair Corp.*,
    No. 5:CV 11-01252-EJD, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011) ................................7

*Weltz v. Lee*,
    199 F.R.D 129 (S.D.N.Y. 2001) ...................................................................................................4

*Westley v. Oclaro, Inc.*,
    No. C-11-2448 EMC, 2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) ..................................7, 8

**STATUTES, RULES & REGULATIONS**

15 U.S.C.
    §78u-4(a)(3)(A)(i).........................................................................................................................5
    §78u-4(a)(3)(A)(i)(II) ...................................................................................................................5
    §78u-4(a)(3)(A)-(B)......................................................................................................................5
    §78u-4(a)(3)(B)..............................................................................................................................2
    §78u-4(a)(3)(B)(i)..........................................................................................................................6
    §78u-4(a)(3)(B)(iii)(I)(bb) ...........................................................................................................6
    §78u-4(a)(3)(B)(iii)(I)(cc)............................................................................................................7
    §78u-4(a)(3)(B)(iii)(II)(aa) ..........................................................................................................8
    §78u-4(a)(3)(B)(v) ....................................................................................................................2, 8

ii

FEDERAL RULES OF CIVIL PROCEDURE
    Rule 23 ...................................................................................................................................1
    Rule 23(a)...............................................................................................................................7
    Rule 23(a)(3) ..........................................................................................................................7
    Rule 42(a)........................................................................................................................2, 4, 5

CODE OF FEDERAL REGULATIONS
    17 C.F.R. §240.10b-5...........................................................................................................3

**OTHER AUTHORITIES**

NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008) .......................................................................7

## NOTICE OF MOTION AND MOTION

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that Lead Plaintiff movant and putative Class (defined below) member Richard Hardeen, by and through his undersigned counsel, hereby moves this Court in Courtroom 5 (second floor) of the U.S. District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, California 94612, on April 14, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard, for the entry of an order: (1) consolidating the above-captioned actions; (2) appointing Richard Hedreen as Lead Plaintiff for the putative Class pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§78u-4, *et seq.*; and (3) approving his selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class.

This motion is made on the grounds that Richard Hedreen, ("Hedreen or Movant"), timely filed this motion and is the "most adequate plaintiff."  Based on the information presently available, Movant has the largest financial interest in the relief sought by the Class amongst movants for lead plaintiff, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as his claims are typical of the claims of the Class, and it will fairly and adequately represent the interests of the Class.  In addition, Movant has selected and retained Scott+Scott, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel.  Further, the above-captioned cases are sufficiently similar that they should be consolidated and proceed together.

This motion is based on the notice of motion and memorandum of points and authorities herein, the Declaration of John T. Jasnoch ("Jasnoch Decl.") filed concurrently herewith and in support hereof, including Exhibits A-F attached thereto, the pleadings and other files and records previously entered in these actions, and such other written or oral argument as may be presented to the Court.

1

**STATEMENT OF THE ISSUES TO BE DECIDED**

1.     Whether the Court should consolidate the above-captioned actions pursuant to Fed. R. Civ. P. 42(a) ("Rule 42(a)");

2.     Whether the Court should appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3.     Whether the Court should approve Movant's selection of Scott+Scott as Lead Counsel for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Movant, by and through his undersigned counsel, respectfully submits this memorandum of points and authorities in support of his motion for: (1) consolidation of the above-captioned actions; (2) appointment as Lead Plaintiff pursuant to §21D of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the PSLRA; and (3) approval of his selection of Scott+Scott to serve as Lead Counsel for the putative Class. The three above-captioned cases are nearly identical and should be consolidated and proceed together.

The PSLRA provides that the Court is to appoint as lead plaintiff the member of the purported plaintiff class with the largest financial interest in the action that otherwise satisfies the requirements of Rule 23. 15 U.S.C. §78u-4(a)(3)(B)(iii). As demonstrated below, Movant should be appointed to serve as Lead Plaintiff for this litigation because: (1) his motion for appointment is timely filed; (2) based on information presently available, he has the largest financial interest in this litigation; and (3) he is an adequate and typical Class member. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (describing the PSLRA standard for lead plaintiff appointment); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (same). In addition, Movant's selection of Scott+Scott to serve as Lead Counsel for the putative Class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). Scott+Scott has a long history of successfully litigating

2

securities class actions and possesses the necessary resources to aggressively prosecute this action on behalf of the putative Class.

## II.       FACTUAL BACKGROUND

On January 5, 2021, Glancy Prongay & Murray LLP filed the first of three related putative class actions that are currently pending in this District against QuantumScape Corporation ("QuantumScape" or the "Company") and its Chief Executive Officer, captioned *Malriat v. QuantumScape Corp.*, No. 3:21-cv-00058-WHO (the "*Malriat* Action"), on behalf of all persons who purchased or otherwise acquired QuantumScape securities  between December 8, 2020 and December 31, 2020, inclusive, and who were damaged by the misconduct alleged in the Complaint (the "Class").  ¶25.[1]  The *Malriat* Action asserts claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).  ¶8.

Then, on January 6, 2021, a similar action was filed in this District on behalf of substantially the same Class, regarding substantially the same misstatements, stating a slightly longer class period of November 27, 2020 through December 31, 2020, inclusive (hereinafter the "Class Period"),[2] captioned *Gowda v. QuantumScape Corp.*, No. 3:21-cv-00070-WHO (the "*Gowda* Action").  The *Gowda* Action added four additional defendants, a member of the Company's Board of Directors, the Company's Chief Technology Officer, the Company's Chief Financial Officer, and Volkswagen Group of America Investments, LLC ("VGA"), an investor in QuantumScape and an alleged control person.  *Gowda* Compl. ¶¶1, 10-15, 49.

Then, on January 8, 2021, a third related action was filed in this District on behalf of the same Class as the *Gowda* Action, stating the same Class Period as the *Gowda* Action, and against

---

[1]      All "¶" and "¶¶" citations are to the Class Action Complaint filed in the *Malriat* Action on January 5, 2021 (ECF No. 1) (the "Complaint").

[2]      Generally, the longest alleged class period is used for the purpose of determining the most appropriate lead plaintiff. *See, e.g., Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *6 n.3 (N.D. Cal. June 10, 2014) ("For purposes of appointing a lead plaintiff, the longest class period governs.").  In any event, Hedreen's approximate loss is the same under the longer class period pled in the *Gowda* and *Leo* Actions and the shorter class period pled in the *Malriat* Action.

NOTICE OF MOT. & MOT. OF RICHARD HEDREEN FOR: (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL; MEMO. OF POINTS & AUTHORITIES IN SUPPORT
CASE NO. 3:21-cv-00058

the same two defendants as the *Malriat* Action, captioned *Leo v. QuantumScape Corp.*, No. 3:21-cv-00150-WHO (the "*Leo* Action").  *Leo* Compl. ¶¶1, 13-14, 26.

These three related actions bring nearly identical claims, on behalf of substantially the same class of investors, and against substantially the same Defendants.  All three complaints allege that, during the Class Period, QuantumScape (and the respective other defendants) made materially false and misleading statements about the strength of QuantumScape's business, operations and financial prospects, particularly as those things relate to its solid-state battery development.  ¶¶24-27; *Gowda* Compl. ¶¶20-27; *Leo* Compl. ¶¶17-22.

QuantumScape develops and commercializes solid-state lithium-metal batteries for electric vehicles ("EVs").  The Company was founded in 2010 and is headquartered in San Jose, California. QuantumScape was taken public through a combination with a special purpose acquisition corporation ("SPAC"), Kensington Capital Acquisition Corp. ("Kensington"), in a transaction completed on November 27, 2020.  ¶2.  The truth about the Company's Class Period misstatements was revealed on January 4, 2021, in a research report published on *Seeking Alpha* and entitled, "QuantumScape's Solid State Batteries Have Significant Technical Hurdles To Overcome."  ¶¶5, 28-32.  On this news, the market prices of QuantumScape securities fell, with the price of QuantumScape's Class A common stock declining more than 63% from its Class Period high of more than $131 per share on December 22, 2020 to close down at $49.96 per share on January 4, 2020, including a precipitous one-day decline of more than $34 per share, or 41%, on January 4, 2020, on unusually high trading volume.  ¶33.

**III.    ARGUMENT**

**A.    The Above-Captioned Cases Should Be Consolidated**

Under Rule 42(a), consolidation is appropriate when actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz v. Lee*, 199 F.R.D 129, 131 (S.D.N.Y. 2001).  "'In securities actions where the complaints are based on the same "public statements and reports," consolidation is appropriate if

4

there are common questions of law and fact and the [parties] will not be prejudiced.'" *Id.*; *see also Dolan v. Axis Capital Holdings Ltd.*, No. 04 Civ. 8564(RJH), 2005 WL 883008, at \*1 (S.D.N.Y. Apr. 13, 2005).

The three above-captioned actions present very similar factual and legal issues and allege the same violations of the federal securities laws against substantially the same Defendants and on behalf of substantially the same Class.  Because the above-captioned actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others and common questions of law and fact will predominate in these actions. Accordingly, consolidation under Rule 42(a) is appropriate here.

### B.     Movant Should Be Appointed Lead Plaintiff

#### 1.     Movant's Motion Is Timely

Within 20 days of filing a securities class action, the plaintiff must publish a notice informing putative class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice").  15 U.S.C. §78u-4(a)(3)(A)(i).  Following the commencement of the *Malriat* Action, on January 6, 2021, plaintiff Malriat published notice of pendency of the action via *Business Wire.  See* Jasnoch Decl., Ex. A.  Later that day, plaintiff Gowda published notice of the pendency of the *Gowda* Action and the expanded Class Period.  *See* Jasnoch Decl., Ex. B.  Because the Early Notice was published within 20 days of the initiating *Malriat* Action, notice was timely. *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at \*4 (N.D. Cal. June 10, 2014) (finding notice "timely because it was published within 20 days after the filing of the complaint").[3]

All putative Class members seeking to be appointed lead plaintiff in this matter are required to move for appointment within 60 days of publication of the Early Notice, or March 8, 2021.  15 U.S.C.  §78u-4(a)(3)(A)-(B).   Since the instant motion was filed within 60 days from the publication of the Early Notice, it is timely.  15 U.S.C. §78u-4(a)(3)(A)(i)(II).  Moreover, Movant

---

[3]     Unless otherwise noted, emphasis is added and citations are omitted.

NOTICE OF MOT. & MOT. OF RICHARD HEDREEN FOR: (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL; MEMO. OF POINTS & AUTHORITIES IN SUPPORT
CASE NO. 3:21-cv-00058

has submitted a certification stating his willingness to serve as representative party on behalf of the Class. *See* Jasnoch Decl., Ex. C. Movant has also submitted a Declaration regarding his accounts. *See* Jasnoch Decl., Ex. D.

### 2. Movant Has the Largest Financial Stake in the Relief Sought by the Class

The PSLRA provides that courts: "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph." 15 U.S.C. §78u-4(a)(3)(B)(i). Furthermore, there is a "rebuttable presumption that the most adequate plaintiff in any private action arising under this [title]" is the movant that "has the largest financial interest in the relief sought by the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA lead plaintiff appointment process); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *2 (C.D. Cal. Mar. 2, 2012) (same) (citing *Cavanaugh*, 306 F.3d at 730). "District courts have typically considered the Olsten–Lax factors to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered'" *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (internal quotation marks omitted) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), and *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). "Of the Olsten-Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss." *Richardson*, 2007 WL 1129344, at *4.

Based on the information presently available, Hedreen is the movant with the largest financial interest in the relief sought in this litigation. Hedreen suffered losses of approximately $575,008. *See* Jasnoch Decl., Ex. E. Given that Hedreen has the largest financial interest in this

6

litigation and, as discussed below, satisfies all of the PSLRA prerequisites for appointment as lead plaintiff, he should be appointed Lead Plaintiff.

### 3.   Movant Is Otherwise Qualified Under Rule 23

Pursuant to §21D(a)(3)(B) of the Exchange Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "preliminary." *See*, *e.g.*, *Westley v. Oclaro, Inc.*, No. C-11-2448 EMC, 2011 WL 4079178, at \*2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).

The typicality requirement of Rule 23(a)(3) is satisfied when the representative party "'has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues.'" *Id.* Here, Movant's claims are typical of the claims of the other members of the putative Class because, like all other Class members, he: (1) purchased Intelsat securities during the Class Period; (2) was adversely affected by Defendants' alleged misconduct (insider trading); and (3) suffered damages as a result thereof. *See Russo v. Finisair Corp.*, No. 5:CV 11-01252-EJD, 2011 WL 5117560, at \*4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can meet the typicality requirement). Since the claims asserted by Movant are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied. NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008).

7

With respect to adequacy, a movant is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members and the movant attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Westley*, 2011 WL 4079178, at \*2 (explaining that, with regard to the adequacy requirement, a court must evaluate "'whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation'"). The Lead Plaintiff Movant satisfies the "adequacy" requirement in the instant litigation because his interests are clearly aligned with the interests of the putative Class. Moreover, Movant, like all other members of the Class, suffered losses as a result of purchasing QuantumScape securities during the Class Period. Movant will, therefore, benefit from the same relief as other Class members. In short, there is absolutely no evidence of antagonism between Movant and the putative Class.

Movant has also demonstrated that he is an adequate representative in this matter, by retaining competent and experienced counsel. As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Movant has made a *prima facie* showing that he satisfies all of the requirements of Rule 23 for the purposes of this motion.

### C.    The Court Should Approve Movant's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35. As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733 n.12.

The Lead Plaintiff Movant has selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Jasnoch Decl., Ex. F.

8

Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[4]

Scott+Scott's efforts have not gone unnoticed by the courts.  For instance, in *Cornwell v. Credit Suisse Grp.*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

No. 08-cv-03758 (VM), 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011).

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including:  *Hill v. MacroGenics, Inc.*, No. 8:19-cv-02713 (D. Md.); *Visser v. Energy Recovery, Inc.*, No. 1:20-cv-05647 (S.D.N.Y.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-02115 (N.D. Ohio); *Mo-Kan Iron Workers Pension Fund v. Teligent, Inc.*, No. 1:19-cv-03354 (S.D.N.Y.); *In re Weight Watchers Int'l, Inc. Sec. Litig.*, No. 1:19-cv-02005 (S.D.N.Y.); *Mustafin v. GreenSky, Inc.*, No. 1:18-cv-11071 (S.D.N.Y.); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

---

[4]     Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

9

In light of the foregoing, the Court should approve Movant's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving Movant's choice of counsel, the putative Class will receive the highest caliber of representation.

## IV.    CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that the Court consolidate the above-captioned cases, appoint him as Lead Plaintiff, and approve his selection of Scott+Scott to serve as Lead Counsel.

DATED:  March 8, 2021                        Respectfully submitted,

                                             **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

                                              */s/ John T. Jasnoch*
                                             JOHN T. JASNOCH (CA 281605)
                                             600 W. Broadway, Suite 3300
                                             San Diego, CA 92101
                                             Telephone:  619/233-4565
                                             619/233-0508 (fax)
                                             jjasnoch@scott-scott.com

                                             THOMAS L. LAUGHLIN, IV
                                             (*pro hac vice* forthcoming)
                                             RHIANA L. SWARTZ
                                             (*pro hac vice* forthcoming)
                                             **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
                                             The Helmsley Building
                                             230 Park Avenue, 17th Floor
                                             New York, NY 10169
                                             Telephone:  212/233-6444
                                             212/233-6334 (fax)
                                             tlaughlin@scott-scott.com
                                             rswartz@scott-scott.com

                                             *Attorneys for Lead Plaintiff Movant Richard Hedreen and Proposed Lead Counsel for the Class*

                                             BRIAN J. SCHALL
                                             **THE SCHALL LAW FIRM**
                                             1880 Century Park East, Suite 404
                                             Los Angeles, CA 90067-1604
                                             Telephone: (310) 301-3335
                                             Facsimile: (310) 388-0192
                                             brian@schallfirm.com

                                             *Additional Counsel for Richard Hedreen*

10

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

Executed on March 8, 2021, at San Diego, California.

*/s/ John T. Jasnoch*
JOHN T. JASNOCH (CA 281605)

11