POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*Anatole C. Bong and Proposed Lead*
*Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH MALRIAT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,<br><br>Defendants. | Case No.: 3:21-cv-00058-WHO<br><br>NOTICE OF MOTION AND MOTION OF ANATOLE C. BONG FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>CLASS ACTION<br><br>Date:  April 14, 2021<br>Time:  2:00 p.m.<br>Judge:  Hon. William H. Orrick<br>Courtroom:  2 – 17th Floor |

NOTICE OF MOTION AND MOTION OF ANATOLE C. BONG FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

| | |
|---|---|
| ASHA GOWDA, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>      vs.<br><br>QUANTUMSCAPE CORPORATION, JAGDEEP SINGH, FRITZ PRINZ, TIMOTHY HOLME, KEVIN HETTRICH and VOLKSWAGEN GROUP OF AMERICA INVESTMENTS, LLC,<br><br>                              Defendants. | Case No.: 3:21-cv-00070-WHO<br><br><br>CLASS ACTION |
| CHRISTOPHER LEO, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>      vs.<br><br>QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,<br><br>                              Defendants. | Case No.: 3:21-cv-00150-WHO<br><br><br>CLASS ACTION |

# **TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ..................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................3

I.      PRELIMINARY STATEMENT ..................................................................................3

II.     STATEMENT OF FACTS ...........................................................................................4

III.    ARGUMENT..................................................................................................................6

        A.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ...............6

        B.      BONG SHOULD BE APPOINTED LEAD PLAINTIFF.........................6

                1.      Bong Is Willing to Serve as Class Representative.........................7

                2.      Bong Is the Most Adequate Plaintiff Within the Meaning of the
                        PSLRA .................................................................................................8

                        a.      Bong Has the Largest Financial Interest in the Related
                                Actions ...................................................................................8

                        b.      Bong Otherwise Satisfies the Requirements of Rule 23....9

        C.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
                APPROVED ......................................................................................................11

IV.     CONCLUSION.............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF,
  2014 U.S. Dist. LEXIS 111869 (N.D. Cal. Aug. 11, 2014)....................................................... 9

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK,
  2012 U.S. Dist. LEXIS 2776 (N.D. Cal. Jan. 9, 2012) ........................................................ 2, 8

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ................................................................................................ 10

*Hessefort v. Super Micro Comput., Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018) .................................................................................. 9

*In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK,
  2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25, 2017) ........................................................ 9

*Knox v. Yingli Green Energy Holding Co.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) ....................................................................... 2, 3, 8, 9

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
  1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)................................................... 2, 8, 9

*Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC,
  2013 U.S. Dist. LEXIS 93119 (N.D. Cal. July 2, 2013)...................................................... 2, 6

*Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*,
  2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013)......................................................... 8

*Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*,
  2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013)................................................... 2, 3, 9

*Osher v. Guess?, Inc.*,
  2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ....................................................... 11

*Richardson v. TVIA, Inc.*, No. C-06-06304 RMW,
  2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007) ............................................. 2, 6, 10

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ................................................................................................ 11

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW,
  2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb. 21, 2012) .................................................. 2, 6

**Statutes**

15 U.S.C. § 77z-1.................................................................................................................*passim*

15 U.S.C. § 78u-4 ............................................................................................................... 3, 11

15 U.S.C. § 78j(b) .................................................................................................................. 3, 6

15 U.S.C. § 78t(a) .................................................................................................................. 3, 6

Private Securities Litigation Reform Act of 1995 ...............................................................*passim*

**Rules**

Federal Rule of Civil Procedure 23 .....................................................................................*passim*

Federal Rule of Civil Procedure 42 ................................................................................... 1, 2, 3, 6

## NOTICE OF MOTION

TO:     ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on April 14, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable William H. Orrick in Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Anatole C. Bong ("Bong") will and hereby does respectfully move this Court pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42 ("Rule 42"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Bong as Lead Plaintiff in the Related Actions on behalf of persons and entities that purchased or otherwise acquired QuantumScape Corporation ("QuantumScape" or the "Company") securities between November 27, 2020 and December 31, 2020, inclusive (the "Class Period") (the "Class"); and (3) approving Bong's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]

## SUMMARY OF ARGUMENT

To the extent that this motion seeks consolidation, it is made on the grounds that the Related Actions are putative class actions alleging violations of the federal securities laws by

---

[1] On January 5, 2021, the first-filed of the Related Actions was filed in this Court, styled *Malriat v. QuantumScape Corporation et al.*, No. 3:21-cv-00058 (N.D. Cal.) (the "*Malriat* Action"), alleging a class period including persons and entities that purchased or otherwise acquired QuantumScape securities between December 8, 2020 and December 31, 2020, inclusive. On January 6, 2021, a second action alleging substantially the same wrongdoing as the *Malriat* Action against overlapping defendants was filed in this Court, styled *Gowda v. QuantumScape Corporation et al.*, No. 3:21-cv-00070 (N.D. Cal.) (the "*Gowda* Action"), alleging a larger class period including all purchasers of QuantumScape publicly traded securities between November 27, 2020 and December 31, 2020, inclusive. On January 8, 2021, a third action alleging substantially the same wrongdoing as the *Malriat* Action and the *Gowda* Action against overlapping defendants was filed in this Court, styled *Leo v. QuantumScape Corporation f/k/a Kensington Capital Aquisition Corp. et al.*, No. 3:21-cv-00150 (N.D. Cal.) (the "*Leo* Action"), alleging the same class period in the *Gowda* Action on behalf of a similar class of investors. Therefore, without conceding that this is the appropriate class period, to avoid excluding any potential class members, this motion has adopted the larger class period alleged in the *Gowda* Action and *Leo* Action.

NOTICE OF MOTION AND MOTION OF ANATOLE C. BONG FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

overlapping defendants and arising from the same alleged fraudulent misconduct.  As such, the Related Actions involve common questions of both law and fact, and their consolidation pursuant to Rule 42(a) is appropriate and warranted.  Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *6 (N.D. Cal. Apr. 16, 2007); *Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119, at *10 (N.D. Cal. July 2, 2013); *Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *9 (N.D. Cal. Feb. 21, 2012).

To the extent that this motion seeks appointment of Bong as Lead Plaintiff, this motion is made on the grounds that Bong is the "most adequate plaintiff" to lead the Class within the meaning of the PSLRA and that the PSLRA therefore mandates Bong's appointment as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  Bong believes that he is entitled to a rebuttable presumption favoring his appointment, since he has the "largest financial interest" in the relief sought by the Class in the Related Actions by virtue of, *inter alia*, his losses of approximately $74,548, which were suffered as a result of the above-captioned defendants' ("Defendants") wrongful conduct as alleged in the Related Actions.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997) (determining financial interest by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (N.D. Cal. Jan. 9, 2012) (same); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff

movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18-*19; *Knox*, 135 F. Supp. 3d. at 1163.  As the movant, to his knowledge, with the largest financial interest in the Related Actions, Bong believes he is presumptively the most adequate lead plaintiff within the meaning of the PSLRA.

Bong also satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23") because his claims are typical of the claims of other putative Class members and because he will fairly and adequately represent their interests.

In addition, the PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court.  Bong's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Related Actions effectively and expeditiously under Bong's direction.

This motion is supported by the memorandum of points and authorities submitted herewith, the Declaration of Jennifer Pafiti, Esq. ("Pafiti Decl."), and all exhibits thereto.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

Presently pending in this District are three actions (the Related Actions) alleging violations of Section 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder by the United States ("U.S.") Securities and Exchange Commission ("SEC") (17 C.F.R. § 240.10b-5), on behalf of all those who purchased or otherwise acquired QuantumScape securities during the Class Period, against Defendants.  Bong hereby moves for these three actions to be consolidated pursuant to Rule 42(a) because they involve common questions of law and fact and because consolidation here would promote judicial economy.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that is shown to be the "most adequate plaintiff."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the one that possess the "largest

financial interest" in the outcome of the litigation and that satisfies the requirements of Rule 23. *Id.* Bong believes that he should benefit from a rebuttable presumption arising from his having the largest financial interest in this litigation. Bong purchased 3,000 shares of QuantumScape securities during the Class Period, expended $322,970 on his purchases, retained 2,000 of his QuantumScape shares, and, as a result of the disclosures revealing the misrepresentations and/or omissions during the Class Period, incurred losses of approximately $74,548 in connection with his purchases of QuantumScape securities. *See* Pafiti Decl., Ex. A.

Beyond his significant financial interest, Bong also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his responsibilities as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Bong has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors. In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the U.S., as well as an $80 million recovery on behalf of investors in Yahoo! securities. Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

Based on his being the "most adequate plaintiff," his significant financial interest, his satisfaction of Rule 23 requirements, and his commitment to overseeing the Related Actions, Bong respectfully requests that the Court enter an order appointing him as Lead Plaintiff and approving Pomerantz as Lead Counsel.

## II.    STATEMENT OF FACTS

As alleged in the Complaint of the *Malriat* Action, QuantumScape develops battery technology for electric vehicles and other applications.

QuantumScape went public via a business combination with Kensington Capital Acquisition Corp. ("Kensington"), which closed on November 25, 2020, with QuantumScape as

NOTICE OF MOTION AND MOTION OF ANATOLE C. BONG FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

the surviving public entity.  Kensington was a special purpose acquisition company that was formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination.  Though Kensington was not limited to a particular industry or sector, it focused its search for a target business in the automotive and automotive-related sector.

On January 4, 2021, an article was published on *Seeking Alpha* pointing to several risks with QuantumScape's solid-state batteries that make them "completely unacceptable for real world field electric vehicles."  Specifically, it stated that the battery's power means it "will only last for 260 cycles or about 75,000 miles of aggressive driving."  As solid-state batteries are temperature sensitive, "the power and cycle tests at 30 and 45 degrees above would have been significantly worse if run even a few degrees lower."

On this news, the Company's stock price fell $34.49, or approximately 40.84%, to close at $49.96 per share on January 4, 2021, on unusually heavy trading volume.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors: (1) that the Company's purported success related to its solid-state battery power, battery life, and energy density were significantly overstated; (2) that the Company is unlikely to be able to scale its technology to the multi-layer cell necessary to power electric vehicles; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs in the Related Actions and other Class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a); *see also Richardson*, 2007 U.S. Dist. LEXIS 28406, at *6; *Mulligan*, 2013 U.S. Dist. LEXIS 93119, at *10; *Woburn Ret. Sys.*, 2012 U.S. Dist. LEXIS 21590, at *9.

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed." 15 U.S.C. 78u-4(a)(3)(A)(ii).   As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder by the SEC, by the Defendants arising from the public dissemination of false and misleading information to investors.  Accordingly, the Related Actions should be consolidated pursuant to Rule 42(a) for all purposes.

### B.   BONG SHOULD BE APPOINTED LEAD PLAINTIFF

Motions by proposed lead plaintiffs must be filed within 60 days of the publication of notice of the action, which in this case was published on January 6, 2021 (*see* Pafiti Decl., Ex. B). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  The PSLRA directs courts to consider any such motion by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).  Bong's instant motion is thus timely and must be considered.

NOTICE OF MOTION AND MOTION OF ANATOLE C. BONG FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  Bong is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

To guide this determination, the PSLRA creates a rebuttable presumption that the "most adequate plaintiff" "is the person or group of persons that" (i) either filed the complaint or made a lead plaintiff motion; (ii) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (iii) otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).  As set forth below, Bong satisfies all three of these criteria and thus believes that he is entitled to the rebuttable presumption that he is the most adequate plaintiff within the meaning of the PSLRA.  Specifically, Bong is willing to serve as Lead Plaintiff, has the largest financial interest in the Related Actions to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

For all these reasons, as set forth in greater detail below, Bong respectfully urges the Court to appoint him to serve as Lead Plaintiff overseeing the Related Actions.

### 1.    Bong Is Willing to Serve as Class Representative

On January 6, 2021, counsel for the plaintiff in the *Malriat* Action caused a notice (the "Notice") to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants and which advised investors in QuantumScape securities that they had 60 days from the date of the Notice—*i.e.*, until March 8, 2021—to file a motion to be appointed as lead plaintiff.  *See* Pafiti Decl., Ex. B.  Bong has filed the instant motion pursuant to the Notice, and has attached a Certification executed by him attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See* Pafiti Decl., Ex. C.  Under the PSLRA, Bong's

NOTICE OF MOTION AND MOTION OF ANATOLE C. BONG FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

actions were timely and legally sufficient.  Accordingly, Bong readily satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Bong Is the Most Adequate Plaintiff Within the Meaning of the PSLRA

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  Bong is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

### a. Bong Has the Largest Financial Interest in the Related Actions

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Bong has the largest financial interest of any QuantumScape investor or investor group seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered.  1997 U.S. Dist. LEXIS 11866, at *17-*18. In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.  *See, e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18 ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys.*, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (same); *Knox*, 136 F. Supp. 3d at 1163 (same).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of

the PSLRA. *See, e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at \*18-\*19; *Knox*, 135 F. Supp. 3d. at 1163.

During the Class Period, Bong: (1) purchased 3,000 shares of QuantumScape securities; (2) expended $322,970 on his purchases of QuantumScape securities; (3) retained 2,000 of his shares of QuantumScape securities; and (4) as a result of the disclosures revealing the misrepresentations and/or omissions during the Class Period, incurred losses of approximately $74,548 in connection with his purchases of QuantumScape securities. *See* Pafiti Decl., Ex. A. Thus, under the *Lax* factors, Bong believes that he has the largest financial interest among any potential lead plaintiff movants in the Related Actions, thereby entitling Bong to a rebuttable presumption that he is the "most adequate plaintiff" within the PSLRA's meaning (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)), given that he also satisfies the requirements of Rule 23.

### b. Bong Otherwise Satisfies the Requirements of Rule 23

For a lead plaintiff movant to secure the PSLRA's rebuttable presumption that the movant is the "most adequate plaintiff," the movant must also demonstrate that it "otherwise satisfies the requirements of Rule 23." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). A *prima facie* showing suffices for this determination. *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at \*9 (N.D. Cal. Aug. 11, 2014). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at \*13 (N.D. Cal. Jan. 25, 2017). Bong readily passes muster.

Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23(b)(3) adds that common questions must predominate over any questions affecting only individual class members and that a class action must be superior to other available methods for fairly and efficiently adjudicating the case. *See* Fed. R. Civ. P. 23(b)(3). Here, the Complaints in the Related Actions plead Rule 23(a)(1) numerosity (*Malriat* Action, Dkt. No. 1 ("*Malriat* Complaint") ¶ 26; *Gowda* Action, Dkt. No. 1 ("*Gowda* Complaint") ¶ 39; *Leo* Action, Dkt. No. 1 ("*Leo* Complaint") ¶ 27), Rule 23(a)(2) common questions (*Malriat* Complaint ¶ 29; *Gowda* Complaint ¶ 42; *Leo* Complaint ¶ 30), and Rule 23(b)(3) predominance (*Malriat* Complaint ¶ 29; *Gowda* Complaint ¶ 42; *Leo* Complaint ¶ 30) and superiority (*Malriat* Complaint ¶ 30; *Gowda* Complaint ¶ 43; *Leo* Complaint ¶ 31) in a manner common to all lead plaintiff candidates. The sufficiency of these allegations is not upset by any facts uniquely concerning Bong.

Bong satisfies the threshold for Rule 23(a)(3) typicality. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *16 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Bong's claims are typical of those of the Class members. Like all Class members, Bong alleges that: (1) Defendants violated the Exchange Act by making false or misleading statements of material facts and/or omitting to disclose material facts concerning QuantumScape; (2) Bong and the Class members purchased QuantumScape securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions; and (3) Bong and the Class members were damaged upon the revelation of Defendants' alleged misrepresentations or omissions through corrective disclosures that drove QuantumScape's share price downward. These shared claims, which are based on the same legal theories and arise from the same underlying facts and course of conduct, demonstrate Bong's typicality under Rule 23(a)(3).

Bong also satisfies the Rule 23(a)(4) adequacy requirement.  In determining whether that requirement is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).  Here, Bong has submitted a Certification executed by him declaring his commitment to protect the interests of the Class.  *See* Pafiti Decl., Ex. C.  Bong has no conflicts of interest or antagonism with the Class of QuantumScape investors he seeks to represent.  Bong's significant losses from his purchases of QuantumScape securities during the Class Period demonstrate that he has a sufficient interest in the outcome of this litigation that aligns with the interests of Class members.

Indeed, Bong has already demonstrated his ability to pursue securities claims through his choice of counsel, Pomerantz.  Pomerantz is one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in Section III.C., *infra*.  Bong's and Pomerantz's willingness and ability to zealously litigate the claims in the Related Actions on behalf of the Class cannot reasonably be questioned.

Further demonstrating his adequacy, Bong has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See* Pafiti Decl., Ex. D.

## C.  LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc*., No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so in order "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Bong has selected Pomerantz to serve as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Pafiti Decl., Ex. E. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.*

As a result of their extensive experience in similar litigation, Bong's choice of counsel, Pomerantz, have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute the Related Actions effectively and expeditiously. The Court may be assured that by approving Bong's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, Bong respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## IV.   CONCLUSION

For the foregoing reasons, Bong respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Bong as Lead Plaintiff for the Class; and (3) approving Bong's selection of Pomerantz as Lead Counsel for the Class.

Dated:  March 8, 2021                   Respectfully submitted,

                                        POMERANTZ LLP

                                        */s/ Jennifer Pafiti*
                                        Jennifer Pafiti (SBN 282790)
                                        1100 Glendon Avenue, 15th Floor
                                        Los Angeles, California 90024

NOTICE OF MOTION AND MOTION OF ANATOLE C. BONG FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano*
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom*
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant Anatole C. Bong and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein*
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Lead Plaintiff Movant Anatole C. Bong*

(*pro hac vice* applications forthcoming)

NOTICE OF MOTION AND MOTION OF ANATOLE C. BONG FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

**PROOF OF SERVICE**

I hereby certify that on March 8, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

> */s/ Jennifer Pafiti*
> Jennifer Pafiti

NOTICE OF MOTION AND MOTION OF ANATOLE C. BONG FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO