THOMAS L. LAUGHLIN, IV (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212/223-6444
Facsimile: 212/233-6334
tlaughlin@scott-scott.com

*Attorneys for Lead Plaintiff Movant*
*Richard Hedreen and Proposed*
*Lead Counsel for the Class*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH MALRIAT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,<br><br>Defendants. | Case No. 3:21-cv-00058-WHO<br><br>**HEDREEN'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>Date:      April 14, 2021<br>Time:     2:00 p.m.<br>Courtroom.: 5 (2nd Floor)<br>Judge:    Honorable William H. Orrick |
| ASHA GOWDA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>QUANTUMSCAPE CORPORATION, JAGDEEP SINGH, FRITZ PRINZ, TIMOTHY HOLME, KEVIN HETTRICH and VOLKSWAGEN GROUP OF AMERICA INVESTMENTS, LLC,<br><br>Defendants. | Case No. 3:21-cv-00070-WHO |

[Caption continued on next page.]

| CHRISTOPHER LEO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,<br><br>Defendants. | Case No. 3:21-cv-00150-WHO |
|---|---|

**TABLE OF CONTENTS**

**SUMMARY OF ARGUMENT** ........................................................................................................1

**ARGUMENT** ..........................................................................................................................3

      I.      Under the PSLRA's Leadership Test, Hedreen Has the Largest Loss of Any Movant That Satisfies the Adequacy and Typicality Requirements ...............3

      II.     Fish Is Not Adequate as Previously Held by the Southern District of New York ...................................................................................................................4

      III.    Mullur is Inadequate and Atypical as He is an Options-Only Trader......................5

      IV.    Hedreen Is Adequate and Typical and Satisfies Rule 23 ........................................7

**CONCLUSION** .......................................................................................................................8

HEDREEN'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
CASE NO. 3:21-cv-00058

<u>**TABLE OF AUTHORITIES**</u>

**PAGE(S)**

**CASES**

*Andrada v. Atherogenics, Inc.*,
    No. 05-CV-00061 (RJH), 2005 WL 912359 (S.D.N.Y. Apr. 19, 2005)...................................6

*Applestein v. Medivation Inc.*,
    No. C 10-00998 MHP, 2010 WL 3749406 (N.D. Cal. Sept. 20, 2010)...........................2, 5, 6

*Bricklayers of W. Penn. Pension Plan v. Hecla Min. Co.*,
    No. 2:12-CV-00042-BLW, 2012 WL 2872787 (D. Idaho July 12, 2012) ..............................7

*Gelt Trading, Ltd. v. Co-Diagnostics, Inc.*,
    No. 220CV00368JNPDBP, 2021 WL 913934 (D. Utah Mar. 10, 2021) ...............................6

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) .....................................................................................1, 3, 7

*In re Elan Corp. Sec. Litig.*,
    No. 1:08-CV-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ..............................6

*In re Longfin Corp. Sec. Litig.*,
    No. 18-cv-2933 (S.D.N.Y. June 25, 2018) ....................................................................1, 2, 4

*In re Nutanix, Inc. Sec. Litig.*,
    No. 19-CV-01651-WHO, 2021 WL 783579, at *1 (N.D. Cal. Mar. 1, 2021) ........................5

*In re SanDisk LLC Securities Litigation*,
    No. 3:15-cv-01455 (N.D. Cal.) ...................................................................................8

*In re Stitch Fix, Inc. Sec. Litig.*,
    393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) ...............................................................2, 3, 4, 6

*Klein v. Facebook, Inc.*,
    No. 5:20-CV-8570 (N.D. Cal.) ...................................................................................8

*Micholle v. Ophthotech Corp.*,
    No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018)...................................5

*Plaut v. Goldman Sachs Grp., Inc.*,
    No. 18-CV-12084 (VSB), 2019 WL 4512774 (S.D.N.Y. Sept. 19, 2019) ..............................5

*Robb v. Fitbit Inc.*,
    No. 16-cv-00151-SI, 2016 WL 2654351 (N.D. Cal. May 10, 2016).......................................3

*Russo v. Finisar Corp.*,
    No. 5:CV 11-01252-EJD, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011) ...............................7

ii

**STATUTES, RULES & REGULATIONS**

15 U.S.C.
   §78u-4(a)(3)(B)(iii)(I)(bb) ........................................................................................................1
   §78u-4(a)(3)(B)(iii)(II) ............................................................................................................4


FEDERAL RULES OF CIVIL PROCEDURE
   Rule 23 ...............................................................................................................1, 2, 3, 5, 7

iii

Lead Plaintiff movant and putative Class member Richard Hedreen respectfully submits this memorandum of law in opposition to the competing motions for appointment as lead plaintiff filed by Frank Fish ("Fish" or "Mr. Fish") (ECF No. 42); Bala Mullur ("Mullur" or "Mr. Mullur") (ECF No. 65); Kim Chu ("Chu") (ECF No. 40); Richard McCarthy ("McCarthy") (ECF No. 54); Matthew N. Palucci ("Palucci") (ECF No. 67); Dr. Richard Louis Miller ("Miller") (ECF No. 50); Izudin Jevric ("Jevric") (ECF No. 20) William Brown ("Brown") (ECF No. 27); Anatole C. Bong ("Bong") (ECF No. 76); Shahin Nezhad ("Nezhad") (ECF No. 28); and Stephen Lau ("Lau") (ECF No. 41).[1]

## SUMMARY OF ARGUMENT

Presently before the Court are seven competing motions for appointment as lead plaintiff and approval of lead counsel.[2]  Under the PSLRA, the Court must select as lead plaintiff the movant with the largest financial interest as long as that movant is otherwise adequate and typical within the meaning of Rule 23.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).  Hedreen should be appointed lead plaintiff because his loss of $575,008 is the largest of any movant that satisfies the Rule 23 inquiry.

The movant with the largest alleged loss, Frank Fish, does not satisfy the adequacy inquiry under Rule 23, which is required by the PSLRA of lead plaintiff movants.  Indeed, ***Mr. Fish has recently been considered and rejected as a securities lead plaintiff*** by Judge Denise L. Cote of the Southern District of New York in June 2018.  In securities class action litigation against Longfin Corp., Mr. Fish had also asserted the largest loss but was found to be inadequate by Judge Cote because he lacked the "ability to focus on this litigation and provide oversight of counsel in an appropriate way as a representative of the class."  *See In re Longfin Corp. Sec. Litig.*, No. 18-cv-2933 (S.D.N.Y. June 25, 2018), Tr. at 6:14-17; 17:3-18:13 (annexed to the Declaration of Thomas L. Laughlin, IV (the "Laughlin Decl.," filed herewith) as Exhibit A) (hereinafter "Longfin

---

[1]    Unless otherwise defined herein, all capitalized terms shall maintain the same meaning as those set forth in Hedreen's motion (ECF No. 72).

[2]    Competing movants Jevric, McCarthy, Lau, Chu, and Brown have withdrawn their motions or filed a notice of non-opposition to the competing motions.  ECF Nos. 83-87.

HEDREEN'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
CASE NO. 3:21-cv-00058

Tr."). Nothing has changed since Judge Cote's finding that should result in a different result here. Indeed, as in *Longfin*, Fish has ***again*** made an error in his certification, attesting to a purchase of stock at a price outside the historical range of prices on that day. Appointing Mr. Fish lead plaintiff is not in the interest of the class and will very likely create unnecessary problems as this case proceeds to litigation.

Movant Mr. Mullur also asserts that he suffered a loss larger than Hedreen, but Mullur is not typical or adequate within the meaning of Rule 23 because his loss is derived ***only from the sale of put options***. This is disqualifying where, as in the case, the putative class principally asserts claims on behalf of purchasers of QuantumScape stock during the Class Period. *See, e.g., In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) (rejecting options-only movant on typicality and adequacy grounds); *Applestein v. Medivation Inc*., No. C 10-00998 MHP, 2010 WL 3749406, at *4 (N.D. Cal. Sept. 20, 2010) ("because [movant] traded only in options, the court holds that [movant] should not be appointed lead [plaintiff]."). In other words, unlike the rest of the class, Mullur did not incur losses because he purchased QuantumScape stock during the Class Period; rather, he lost money because he sold puts that he had to cover with stock purchases that occurred after the Class Period. Consistent with authority in this District, Mullur should be rejected.

Hedreen has the next largest loss. Hedreen has significant losses that are derived from common stock that he purchased during the Class Period and held through the end of the Class Period. He is an ideally situated lead plaintiff for a class action governed by the PSLRA. There are no grounds for rebutting his lead plaintiff presumption. He has selected Scott+Scott, a national law firm with deep experience in securities litigation, as his counsel, and is otherwise adequate and typical within the meaning of Rule 23. Therefore, pursuant to the PSLRA, the Court must appoint Hedreen as lead plaintiff.

Accordingly, the Court should deny all competing lead plaintiff motions and grant Hedreen's motion in full.

**ARGUMENT**

**I.    Under the PSLRA's Leadership Test, Hedreen Has the Largest Loss of Any Movant That Satisfies the Adequacy and Typicality Requirements**

The losses claimed by the remaining competing movants in this case are set forth in the chart below.  ECF Nos. 42-3; 27-2; 72-6; 68-3; 51-3; 76-3; & 28-3 (movant loss charts).  As described herein, Hedreen has the largest loss of any movant who satisfies the adequacy and typicality requirements of Rule 23.

| Movant | Claimed Loss |
|---|---|
| Fish | $2,498,700 |
| Mullur | $1,521,461[3] |
| **Hedreen** | **$575,008** |
| Palucci | $437,773 |
| Miller | $345,889 |
| Bong | $74,548 |
| Nezhad | $72,028 |

The appointment of a lead plaintiff under the PSLRA is a three-step process.  *See In re Cavanaugh*, 306 F.3d 726, 729-31 (9th Cir. 2002).  The first step is for the plaintiff in the first-filed action to issue a notice of the action; all movants here agree this has occurred.  "In the next two steps, the Court considers potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical."  *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 835 (N.D. Cal. 2019).  In assessing lead plaintiff movants' respective financial interest, courts primarily consider the movants' alleged losses.  *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 WL 2654351, at *3 (N.D. Cal. May 10, 2016).

Other movants can rebut the lead plaintiff presumption by "present[ing] evidence that disputes the lead plaintiff's prima facie showing of typicality and adequacy."  *In re Stitch Fix, Inc. Sec. Litig.*, at 835.  The presumption may be rebutted if the movant: (1) "will not fairly and

---

[3]    As discussed further herein, Hedreen contests the loss number provided by Mullur, which is derived only from options securities and not common stock.

3

adequately protect the interests of the class;" or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  Here, Mr. Fish is not adequate and Mr. Mullur is neither adequate nor typical.

**II.      Fish Is Not Adequate as Previously Held by the Southern District of New York**

Although Fish suffered the largest loss of any movant, he is clearly not adequate.  Judge Cote of the Southern District of New York already held as much in June 2018.   In the *Longfin* securities litigation, Fish had the largest loss of any movant.  Longfin Tr. at 3:19-20, 5:12-13. However, Fish had filed a "flawed" PSLRA certification with incorrect information regarding his prior attempts to serve as a lead plaintiff.  *Id.* at 3:6-7, 4:1-5:19.  Although Fish corrected his certification before the lead plaintiff hearing, Judge Cote found Fish's failure to include this information in his certification demonstrated a fatal deficiency concerning his "ability to focus on this litigation and provide oversight of counsel in an appropriate way as a representative of the class."  *Id.* at 6:14-17.  Judge Cote also noted that "the omission says something to me about Mr. Fish's care with respect to tending to this litigation and its application, but also to counsel."  *Id.* at 17:3-11.  For these reasons, despite having the largest loss of any movant, Fish's motion to be appointed lead plaintiff was denied.  *Id.* at 17:11-16.

There is no reason to revisit Judge Cote's decision from only two and half years ago. Indeed, in *this* case, Fish has *again* made an error in his certification, underscoring the same inability to focus on this litigation that Judge Cote deemed fatal in *Longfin*.  Specifically, Fish attested to two purchases of a total of 7,000 shares on December 24, 2020, at a price of $124.00 per share.  ECF No. 27-1.  An examination of the historical prices of QuantumScape stock reflects that it did not trade at that price on that date.  Rather, the high price on December 24 was $120.33 and the low price was $112.10.  *See* Laughlin Decl., Exhibit B (historical pricing from Bloomberg L.P.).

A class member who has already been deemed inadequate and who continues to engage in the same conduct and again file a flawed certification is not a suitable lead plaintiff.  *See also Plaut v. Goldman Sachs Grp., Inc*., No. 18-CV-12084 (VSB), 2019 WL 4512774, at *5 (S.D.N.Y. Sept.

4

19, 2019) (finding applicant lacked adequacy in light of inadvertent errors); *see also Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) ("errors in [movant's] submissions [ ] militate against appointment and render him inadequate to serve as lead plaintiff under Rule 23's adequacy requirement," including that "the prices he claims to have paid do not fall within the high and low range listed on [the Company's] website"). Indeed, the appointment of such a plaintiff will only undermine the Class and create unnecessary problems and delay. For example, Fish may need to be replaced down the road, or he may withdraw on his own due to competing time concerns, delaying the litigation and leading to additional motion practice that could have been avoided. *See, e.g., In re Nutanix, Inc. Sec. Litig.*, No. 19-CV-01651-WHO, 2021 WL 783579, at *1 (N.D. Cal. Mar. 1, 2021). Fish's motion should be denied.

### III.    Mullur is Inadequate and Atypical as He is an Options-Only Trader

Mullur is an inadequate representative because, unlike the majority of the putative class, who incurred losses as the result of their Class Period *stock purchases*, Mullur incurred losses from *selling put options*. Courts in this District have held that such movants are not adequate or typical. For example, in *Stich Fix,* Judge Donato considered the adequacy and typicality of a movant who similarly "sold only [ ] put options during the class period and [ ] did not buy or sell any [ ] common stock." 393 F. Supp. 3d at 836. Judge Donato ruled that these facts demonstrated inadequacy and atypicality, rejecting the movant. *Id.* Other courts in this District and elsewhere have issued similar rulings. *See, e.g., Medivation*, 2010 WL 3749406, at *4 ("[T]he nature of the options trading and the information [ ] used to make investment decisions could become the focus of the litigation, distracting from the central issue: did [defendants] commit a fraud on the market? Accordingly, because [movant] traded only in options, the court holds that [movant] should not be appointed lead [plaintiff]."); *see also Ophthotech*, 2018 WL 1307285, at *9  (movant that "traded almost exclusively in put and call options" was atypical "because options traders may introduce factual issues irrelevant to stockholder class members, like strike price, duration, maturity, volatility, and interest rates, and could subject the class to unique defenses, causing unnecessary

5

conflict"); *In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL1321167, at *2 (S.D.N.Y. May 11, 2009) (same); *Andrada v. Atherogenics, Inc.*, No. 05-CV-00061 (RJH), 2005 WL 912359, at *5 (S.D.N.Y. Apr. 19, 2005) (finding options trader atypical and inadequate and noting absence of cases "in which an option holder was deemed to be an appropriate lead plaintiff for an entire securities fraud class action").

These decisions squarely apply to Bala Mullur, who only incurred losses from his options trades.  To be clear, Mullur incurred no losses from Class Period stock purchases; his losses are related entirely to the sale of put options and the purchase of stock *after* the Class Period to cover those options.  ECF No. 65-3.  While Mullur does have one Class Period stock purchase (on December 1, 2020), that purchase was extremely profitable for him because he bought at only $35.75, far below the "look-back" price for valuing shares after the alleged disclosure of truth in this case.  *Id.*  Thus, as Mullur admits, he earned $328,390.70 on his only Class Period stock purchase; any losses stem solely from his options trading.  *Id.*  As these facts demonstrate, there is no substantive difference between Mullur and the movants that were rejected in *Stitch Fix*, *Medivation*, and many other decisions.

Mullur is also subject to unique defenses regarding his damages (loss).  *See Gelt Trading, Ltd. v. Co-Diagnostics, Inc.*, No. 220CV00368JNPDBP, 2021 WL 913934, at *5 (D. Utah Mar. 10, 2021).  For example, unlike regular class members, Mullur, as a short-term options trader, would be required to show that, but for the corrective disclosures, the stock price would have stayed the same or within the strike price limit set by his options contracts.  If the stock would have fallen below the strike price anyway, Mullur's result would have been the same.  This would "require specialized expert testimony that would not be relevant to the other Class members." *Gelt Trading, Ltd*. at *5.  In addition, Mullur's losses were not generated until *after* the Class Period, and *after* the alleged disclosure of the truth, when he was required to purchase stock at contracted-to prices on January 4, 2021, prices that were far above the market price at the time.  There is no dispute that, *during* the Class Period, Mullur made money on his transactions – Mullur collected

6

$623,135 in proceeds from his sale of put options during the Class Period, in addition to the $328,390 Mullur made on the stock he purchased on December 1.

Relatedly, "[c]ourts have recognized that comparing damage calculations for purchasers of stock and purchasers of options is like 'comparing apples to oranges.'" *Bricklayers of W. Penn. Pension Plan v. Hecla Min. Co.*, No. 2:12-CV-00042-BLW, 2012 WL 2872787, at *4 (D. Idaho July 12, 2012). "[T]he price and value of a single share of common stock is very different from the price and value of a single call option. The options' valuable lives are limited, their value is conditional, and there is a large disparity between their price and their potential value." *Id.* For these reasons, the *Hecla Mining* Court found that options losses are not necessarily "realistically related to what the movant is likely to be able to recover." *Id.*

Finally, whether Mullur is a Class member at all is also open to attack and subject to a unique defense. The related complaints define the Class as those who "purchased or otherwise acquired" QuantumScape securities during the Class Period and were damaged thereby. *Malriat* Compl. ¶25; *Leo* Compl. ¶26; *Gowda* Compl. ¶¶1, 38. Mullur does not fit into the class definition because he *sold* put options tied to QuantumScape common stock (and made money on his Class Period transactions); he did not suffer losses on securities he *purchased* during the Class Period. *See* ECF No. 65-3 (Mullur loss chart).

**IV.    Hedreen Is Adequate and Typical and Satisfies Rule 23**

As the movant with the next largest loss, Hedreen must be appointed lead plaintiff unless the Court is presented with evidence showing that he is not adequate and typical. *Cavanaugh*, 306 F.3d at 730. No such evidence exists. Hedreen is typical of the putative Class. He suffered losses on common stock purchased during the Class Period on the open market. Like all members of the putative Class, he has Exchange Act claims that arise from the misrepresentations and omissions alleged in the related complaints. *See, e.g.*, *Russo v. Finisar Corp.*, No. 5:CV 11-01252-EJD, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011). With respect to adequacy, Hedreen has no known conflicts of interest with the Class.

Hedreen has also demonstrated that he is an adequate representative by retaining competent and experienced counsel.  Scott+Scott is an international law firm that specializes in securities and other complex class action cases throughout the country and has significant resources to litigate this matter.  Scott+Scott consists of over 110 team members, including 70 highly experienced attorneys and including a California office.  Scott+Scott also includes a team of paralegals, legal assistants, and other support staff including in-house investigators and an e-discovery litigation support group.  Scott+Scott has a long track record of successfully litigating securities class actions in this District and other state and federal courts across the country.  Most recently in this District, in 2019, acting as lead counsel, Scott+Scott settled *In re SanDisk LLC Securities Litigation*, No. 3:15-cv-01455 (N.D. Cal.), for $50 million.  Just last week, Scott+Scott was appointed interim class counsel for the advertiser class in an antitrust class action against Facebook, Inc.  *Klein v. Facebook, Inc.*, No. 5:20-CV-8570-LHK (N.D. Cal.), Order dated Mar. 18, 2021 (ECF No. 73). In addition, Scott+Scott has litigated, and continues to litigate, many other securities class actions across the country.  *See* ECF Nos. 72 at 8-10 and 72-7.  Scott+Scott's resources and experience will well serve the putative Class.

## CONCLUSION

For all of the foregoing reasons, and the reasons set forth in his opening papers, Richard Hedreen respectfully requests that the Court grant his motion for consolidation and appointment of lead plaintiff and lead counsel in full, and deny all competing motions.

DATED:  March 22, 2021

SCOTT+SCOTT ATTORNEYS AT LAW LLP

 *s/ Thomas L. Laughlin, IV*
THOMAS L. LAUGHLIN, IV (*pro hac vice*)
RHIANA L. SWARTZ (*pro hac vice forthcoming*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-233-6444
Facsimile: 212-233-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com

JOHN T. JASNOCH (CA 281605)

8

600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

*Attorneys for Lead Plaintiff Movant Richard Hedreen and Proposed Lead Counsel*

BRIAN J. SCHALL
**THE SCHALL LAW FIRM**
1880 Century Park East, Suite 404
Los Angeles, CA 90067-1604
Telephone: (310) 301-3335
Facsimile: (310) 388-0192
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant Richard Hedreen*

HEDREEN'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
CASE NO. 3:21-cv-00058

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

Executed on March 22, 2021, at New York, New York.

 */s/ Thomas L. Laughlin, IV*
THOMAS L. LAUGHLIN, IV
(*pro hac vice*)

10