ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
         – and –
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com

JOHNSON FISTEL, LLP
FRANK J. JOHNSON (174882)
655 West Broadway, Suite 1400
San Diego, CA  92101
Telephone:  619/230-0063
619/255-1856 (fax)
frankj@johnsonfistel.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH MALRIAT, Individually and on Behalf of All Others Similarly Situated, | ) Case No. 3:21-cv-00058-WHO |
| ) | |
| Plaintiff, | ) CLASS ACTION |
| ) | |
| vs. | ) MATTHEW N. PALUCCI'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF |
| QUANTUMSCAPE CORPORATION f/k/a KENSINGTON CAPITAL ACQUISITION CORP., et al., | ) DATE:        April 14, 2021 |
| ) TIME:        2:00 p.m. | |
| Defendants. | ) CTRM:       2, 17th Floor |
| ) JUDGE:      Hon. William H. Orrick | |

4831-8152-4705.v1

## I.    INTRODUCTION

Twelve lead plaintiff motions were filed by investors seeking appointment as lead plaintiff in this matter pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]  The PSLRA directs courts to "adopt a presumption that the most adequate plaintiff" is the person that "has the largest financial interest in the relief sought by the class" *and* "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Only Mr. Palucci presently satisfies both of these elements.

While Mr. Fish claims to possess the largest financial interest, he is not the presumptive lead plaintiff because his PSLRA Certification is incurably defective.  That is because Mr. Fish's PSLRA Certification fails to set forth all of his transactions in QuantumScape Corporation securities during the alleged Class Period, as mandated by the PSLRA.  15 U.S.C. §78u-4(a)(2)(A)(iv); ECF No. 42-2.  Mr. Fish's indifference to the PSLRA's certification requirements demonstrates a lack of diligence and counsels against a finding of adequacy.  *See Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307, 317 (E.D. Va. 2007).  Indeed, Mr. Fish's own attorneys successfully argued the following in support of in a recent lead plaintiff motion," "[i]t is not in the interests of the Class for Mr. Fish to serve as lead plaintiff because . . . Mr. Fish has already demonstrated his inability to effectively represent a proposed class of investors bringing claims under the federal securities laws."  *See* Declaration of Danielle S. Myers in Support of Matthew N. Palucci's Opposition to Competing Motions for Appointment as Lead Plaintiff ("Myers Opp. Decl."), Ex. 1 at 10.

The remaining movants claiming to have suffered a greater loss than Mr. Palucci similarly cannot satisfy all of the PSLRA's requirements for appointment:

---

[1]    The movants are: (1) Matthew N. Palucci; (2) Frank Fish; (3) Bala Mullur; (4) Kim Chu; (5) Richard Hedreen; (6) Richard McCarthy; (7) Dr. Richard Louis Miller; (8) Izudin Jevric; (9) William Brown; (10) Stephen Lau; (11) Anatole C. Bong; and (12) Shahin Nezhad.  *See* ECF Nos. 20, 27-28, 40-42, 50, 54, 65, 67, 72, 76.  On March 18, 2021, Mr. Jevric withdrew his motion.  *See* ECF. No. 83.  On March 19, 2021, Mr. McCarthy filed a notice of non-opposition to the competing motions, recognizing that he did "not possess the 'largest financial interest in the relief sought by the class' as required by the PSLRA."  ECF No. 84 at 3.  On March 22, 2021, Mr. Chu withdrew his motion and Mr. Lau, Mr. Brown, and Mr. Nehzad filed notices of non-opposition to the competing lead plaintiff motions.  *See* ECF Nos. 84-85, 87, 89.  Unless otherwise noted herein, all emphasis is added and citations are omitted.

OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF -
3:21-cv-00058-WHO                                                                                               - 1 -
4831-8152-4705.v1

- **Mr. Mullur** submitted a PSLRA Certification that fails to represent that he "[a]dopts" the underlying complaint's allegations or "[s]pecif[y] the allegations [he] intends to assert" as mandated in this District. *See* Civil L.R. 3-7(c); ECF No. 65-2.[2]

- **Mr. Hedreen** has not submitted any evidence of an assignment from his wife despite claiming losses from a brokerage account he owns with her – a deficiency that may jeopardize the entire class. *Hill v. Silver Lake Group, L.L.C.*, No. 4:20-cv-03766-JSW, ECF No. 36 at 5-6 (N.D. Cal. Dec. 1, 2020) (holding that assignment "may prejudice the class at the class certification stage and would, in any case, subject it to highly individualized determinations inapplicable to the rest of the class") (Myers Opp. Decl., Ex. 2); *see* ECF No. 72-5.

In contrast, Mr. Palucci respectfully submits that he is the only movant who meets all statutory requirements that govern the Court's choice of the presumptive lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The remaining movants suffered smaller losses and their motions should thus be denied.

## II.   ARGUMENT

To identify the presumptively most adequate plaintiff, the Court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). It "must then focus its attention on ***that*** plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* at 730 (emphasis in original). "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id.*

### A.   Mr. Fish's PSLRA Certification Is Incurably Defective and His Own Proposed Lead Counsel Previously Has Challenged His Adequacy

While Mr. Fish claims to have suffered the largest financial loss, he cannot trigger the presumption. The PSLRA requires representative parties to submit a sworn certification attesting to six required statements, the filing of which is generally understood to be required within the 60-day lead plaintiff filing deadline. 15 U.S.C. §78u-4(a)(2)(A); *see also Carson v. Clarent Corp.*, 2001

---

[2]  Mr. Hedreen also failed to make these representations within his PSLRA Certification and his motion should be denied for this reason as well.

WL 1782712, at *2 (N.D. Cal. Dec. 14, 2001) ("declin[ing] the [movant]'s invitation to ignore the PSLRA's time requirements"); *Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.*, 2017 WL 3780164, at *4 (E.D. Tex. Aug. 31, 2017) ("A motion for appointment as lead plaintiff 'cannot be supplemented or augmented beyond the sixty (60) day window established by the PSLRA.'") (quoting *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 819 (N.D. Ohio 1999)); *Miller v. Dyadic Int'l, Inc.*, 2008 WL 2465286, at *5 (S.D. Fla. Apr. 18, 2008) ("[T]o allow supplementation after the expiration of the sixty (60) day period would be inconsistent with both the language and purposes of the PSLRA.").

Here, while Mr. Fish submitted a PSLRA Certification, he inexplicably failed to comply with the PSLRA's express requirement to "set[] forth all of the transactions of [Mr. Fish] in the security that is the subject of the complaint during the class period specified in the complaint." 15 U.S.C. §78u-4(a)(2)(A)(iv); ECF No. 42-2. To be clear, paragraph 4 – which, pursuant to the statute, should identify the transactions under penalty of perjury – is missing from Mr. Fish's Certification. *See* ECF No. 42-2. As such, Mr. Fish's PSLRA Certification is incomplete, and therefore inaccurate and unreliable. Courts have found certification errors omitting statutorily-required language, like here, to be disqualifying even if corrected after the 60-day statutory deadline. For example, in *Nasin v. Hongli Clean Energy Techs. Corp.*, 2017 WL 5598214 (D.N.J. Nov. 21, 2017), the court found movants' failure to timely include the "required 'under penalty of perjury' language as federal law requires" in their PSLRA Certifications "subject[ed the movants] to a unique defense that render[ed] them] 'incapable of adequately representing the class' and, as a result, they [were] not the presumptively most adequate lead plaintiff." *Id.* at *3. In reaching its holding, the court also denied the movants' attempt to cure their defective PSLRA Certifications because they submitted corrected versions ***after*** the PSLRA's statutory 60-day motion deadline. *Id.* Consequently, by omitting this statutorily-required language and therefore failing to timely evidence his financial interest in the relief sought by the class, the Court is precluded from considering Mr. Fish's motion. *Id.*[3]

---

[3]    Many courts throughout the country have similarly held that errors such as those here are fatal to a movant's ability to serve as an adequate class representative. *Irving Firemen's Relief and Ret. Fund v. Tesco PLC*, 2015 WL 1345931, at *3 (S.D.N.Y. Mar. 19, 2015) (finding that court's inability to verify movant's financial interest due to "discrepancies" in certification "'undermines

Moreover, Mr. Fish's failure to satisfy such basic requirements while simultaneously asking the Court to appoint him to oversee this complex litigation should "cause [the Court] 'to doubt whether [he] possesses the necessary adequacy and sophistication to be lead plaintiff.'" *Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) (denying lead plaintiff motion because "certification errors in [movant's] submissions" were not "clerical error[s]" or "'minor defect[s]'" and spoke "'to a level of carelessness'"). Indeed, Mr. Fish's ***own counsel*** in this case recently successfully made this precise argument – against ***Mr. Fish himself in another PSLRA case***.

In *In re Longfin Corp. Sec. Litig.*, No. 1:18-cv-04953-DLC (S.D.N.Y.), Levi & Korsinsky, LLP represented an investor who moved to serve as lead plaintiff against two other individuals, one of whom was Mr. Fish. Myers Opp. Decl., Ex. 1 at 1. And in that case, Mr. Fish's sworn submission suffered from eerily similar deficiencies to the ones in this case. There, Mr. Fish also claimed to have suffered the largest financial loss ***and*** submitted a defective PSLRA Certification that failed to disclose that he served as lead plaintiff in a prior securities fraud class action under the federal securities laws (*In re Solar City Corp. Sec. Litig.*, No. 16-cv-04686-LHK (N.D. Cal.)) as mandated by the PSLRA. *Id.* at 2. Levi & Korsinsky argued that these deficiencies subjected Mr. Fish "to a disqualifying unique defense" and "evidence[d] Mr. Fish's inadequacy to serve as lead plaintiff." *Id.* Further undermining Mr. Fish's candidacy, according to Levi & Korsinsky, was Mr. Fish's "deficient prosecution" of the *Solar City* action. *Id.* at 15-16. A "small sampling" of Mr. Fish's deficient prosecution in the *Solar City* action, according to Levi & Korsinsky, included that Mr. Fish:

- "had completely abandoned one of his arguments in the amended complaint by failing to even attempt to rebut portions of the motion to dismiss";

[its] adequacy'"); *In re Enzymotec Ltd. Sec. Litig.*, 2015 WL 918535, at *2 (D.N.J. Mar. 3, 2015) (finding that a "deficient certification will subject [a movant] to a unique defense that renders [it] 'incapable of adequately representing the class'"); *Steamfitters Local 449 Pension Fund v. Cent. European Distrib. Corp.*, 2012 WL 3638629, at *12 (D.N.J. Aug. 22, 2012) (finding that movant "would be subject to a unique defense regarding invalid or lack of certification because the validity of their purported certification is fairly debatable" and denying motion); *Bhojwani v. Pistiolis*, 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007) (finding that discrepancies in certification "indicate[] a certain carelessness about detail that undermines the adequacy of [the movant] as a lead plaintiff").

OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF -
3:21-cv-00058-WHO                                                                                                    - 4 -
4831-8152-4705.v1

- "'fail[ed] to "allege specific facts that show" how [alleged falsities] were false'";

- "had 'not adequately alleged' certain alleged false statemen [sic] were untrue 'when the alleged false or misleading statements were made[']'";

- "failed to 'distinguish between' two contracts where one of them purportedly resulted in 'artificial inflation' and the other did not";

- "'once again' did 'not provide information on how' allegedly 'deceptive contracts' 'were obtained by deception'";

- "[s]ubmitted numerous allegations that were 'too vague'"; and

- "[f]ailed to 'adequately allege[] with particularity the falsity' of alleged misstatements."

*Id.* at 15. Mr. Fish did not amend his complaint in the *Solar City* action, instead electing to stipulate to its dismissal with prejudice. *Id.* at 15-16. Based on these facts, Levi & Korsinsky urged the court to conclude that "Mr. Fish's inability to adequately serve as a fiduciary on behalf of a class alleging claims under the federal securities laws demonstrates ***a lack of diligence and credibility that, in conjunction with his other deficiencies, weighs against a finding of adequacy***." *Id.* at 16. Two months later, the court denied Mr. Fish's motion. Myers Opp. Decl., Ex. 3.

Irrespective of Mr. Fish's counsel's about-face regarding his ability to now adequately serve as lead plaintiff, the record here is clear that Mr. Fish's own counsel agrees that his omission of statutorily-required information from his PSLRA Certification renders him ineligible for appointment as lead plaintiff.

**B.      Mr. Mullur's PSLRA Certification Is Also Defective**

Mr. Mullur also failed to represent that he "[a]dopts" the underlying complaint's allegations or to "[s]pecif[y] the allegations [he] intends to assert" as mandated in this District. *See* Civil L.R. 3-7(c); ECF No. 65-2. Such an omission raises questions as to Mr. Mullur's adequacy. Mr. Mullur's motion should thus be denied.

**C.      Mr. Hedreen's Questionable Standing Will Subject Him to Unique Defenses that May Jeopardize the Entire Class**

Defendants will surely argue that Mr. Hedreen is subject to a challenge regarding his Article III standing. It is axiomatic that to serve as lead plaintiff, one must have standing to assert claims on behalf of the putative class. *See W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549

OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF -
3:21-cv-00058-WHO                                                                                        - 5 -
4831-8152-4705.v1

F.3d 100, 106 (2d Cir. 2006*).* Indeed, "at an irreducible minimum, Art. III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982). Constitutional standing requires: (i) injury in fact; (ii) a causal connection between the injury and the conduct complained of; and (iii) a likelihood that the injury will be "'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). "As a general rule, the 'injury-in-fact' requirement means that a plaintiff must have **personally** suffered an injury." *W.R. Huff*, 549 F.3d at 107.

Here, Mr. Hedreen failed to submit the assignment he purportedly attained from Hedreen Holdings, LLC, which makes it impossible at this stage to determine whether the assignment is valid. *See W.R. Huff*, 549 F.3d at 107-08 & n.5 ("'The grant of a power of attorney . . . is not the equivalent of an assignment of ownership; and, standing alone, a power of attorney does not enable the grantee to bring suit in his own name.'"). Indeed, a valid assignment from Hedreen Holdings, LLC to Mr. Hedreen is necessary here because it "would be improper simply to disregard the legal distinction between [Mr. Hedreen] as an individual and the separate legal entity of [Hedreen Holdings, LLC]." *In re Spectranetics Corp. Sec. Litig.*, 2009 WL 1663953, at *5 (D. Colo. June 15, 2009) (declining to "conflate the interests of two distinct legal entities," one of which moved, the other of which – the one with the financial interest – did not). Nor does Mr. Hedreen himself claim to have purchased any QuantumScape securities during the Class Period. Rather, Mr. Hedreen claims to "manage the financial portfolio of a community property brokerage account [he] own[s] **with** [his] wife." ECF No. 72-5 at ¶1. However, despite asserting in conclusory fashion that his "wife is aware of and supports [his] motion to be appointed lead plaintiff," Mr. Hedreen effectively concedes that he failed to attain an assignment from her (*see id.*) – an oversight that may prove fatal. *See Petrie v. Elec. Game Card, Inc.*, 308 F.R.D. 336, 346 (C.D. Cal. 2015) (finding that proposed class representative who managed his wife's investment accounts lacked standing to assert her losses).

OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF -
3:21-cv-00058-WHO                                                                      - 6 -
4831-8152-4705.v1

Thus, "[e]ven if [Mr. Hedreen] can ultimately show that the assignments were valid and confer standing, [Mr. Hedreen] undoubtedly has different defenses than the other class members. . . . The litigation over [Mr. Hedreen]'s standing may prejudice the class at the class certification stage and would, in any case, subject it to highly individualized determinations inapplicable to the rest of the class." *Hill*, No. 4:20-cv-03766-JSW, ECF No. 36 at 5-6 (N.D. Cal. Dec. 1, 2020) (Myers Opp. Decl., Ex. 2); *see also In re Netflix, Inc., Sec. Litig.*, 2012 WL 1496171, at *4-*5 (N.D. Cal. Apr. 27, 2012) (finding movant did not satisfy the typicality requirement when "colorable issue" of standing was raised after she moved for appointment as lead plaintiff but was "not actually the legal entity who held the account on which her calculation of losses [was] based").[4]

As such, only by denying Mr. Hedreen's motion can the Court "ensure that the lead plaintiff will not prejudice the class by subjecting the class to the delay, expense, and uncertainty of litigating unique defenses." *Steamfitters Local 449*, 2012 WL 3638629, at *10-*11, *13 (adopting Magistrate Judge's report and recommendation declining to appoint as lead plaintiff entities subject to standing challenges based on imperfect assignments "when the Court must decide whether standing is a unique defense that is likely to play a major role in litigation, regardless of the outcome" and the court was "not persuaded . . . that the presence of entities that have standing will cure other entities' standing deficiencies").[5]

---

[4] Any *post hoc* attempt to cure assignment deficiencies would be futile. *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 116 (S.D.N.Y. 2009) (holding investment advisor lacked standing to bring claims assigned to it after it was appointed lead plaintiff); *In re Bard Assocs., Inc.*, 2009 WL 4350780, at *3 (10th Cir. Dec. 2, 2009) (finding no abuse of district court's discretion in adopting a "bright line rule requiring lead plaintiff movants to establish Article III standing by the time the lead plaintiff motions are due").

[5] The need to scrutinize Mr. Hedreen's standing at this stage is further evidenced by the fact that he is only able to affirm his Class Period transactions in QuantumScape securities "[t]o the best of [his] *current* knowledge" (ECF No. 72-4 at ¶4) and "[b]ased on the information *presently available*" (ECF No. 72 at 6). *See Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*, 2021 WL 533518, at *4 (S.D. Cal. Feb. 12, 2021) (fact that movant "was only able to affirm her Class Period transactions in her Declaration "'[t]o the best of [her] current knowledge,'" "raise[d] [a] concern for the Court" and ultimately denying motion).

**D.      The Remaining Competing Movants Do Not Possess the Largest Financial Interest**

When, as here, the movant with the largest financial interest does not satisfy the Rule 23 requirements, the Court repeats the sequential statutory inquiry "considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Cavanaugh*, 306 F.3d at 730. Here, Mr. Palucci is the remaining movant with the next largest loss:

| Remaining Movants | Claimed Loss |
|:---:|:---:|
| Mr. Palucci | $437,773 |
| Dr. Miller | $345,890 |
| Mr. Bong | $74,548 |

*See* ECF Nos. 68-3, 51-3, 76-3.

Because the remaining movants claim smaller losses than Mr. Palucci, his motion should be granted. *See Cavanaugh*, 306 F.3d at 732 (court considers other motions "if and only if" the presumptive lead plaintiff is "found inadequate or atypical").

**E.      Mr. Palucci Is the Presumptive Lead Plaintiff**

Having suffered nearly $438,000 in losses, supported his adequacy with a substantive Declaration, submitted a PSLRA Certification with the requisite representations, and by selecting qualified counsel to serve as lead counsel, Mr. Palucci is the only movant that satisfies ***all*** of the PSLRA's requirements to trigger the most adequate plaintiff presumption. Mr. Palucci's Declaration sets forth his ability and willingness to serve as a lead plaintiff, describing his nearly four decades of investing experience, career in the energy sector, and experience and familiarity selecting and overseeing lawyers. *See* ECF No. 68-4. As such, Mr. Palucci is the exact type of diligent investor the PSLRA envisioned would serve as lead plaintiff. "[O]ther than pointing out [his] relatively low[er] financial stake in the litigation," the other movants cannot make any legitimate argument against Mr. Palucci's appointment as lead plaintiff in this case. *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008). Mr. Palucci's motion should be granted.

OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF -
3:21-cv-00058-WHO                                                                                              - 8 -
4831-8152-4705.v1

**III.    CONCLUSION**

None of the competing movants satisfy the PSLRA's lead plaintiff requirements.  As such, their motions should all be denied.

DATED:  March 22, 2021                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS


                                   s/ Danielle S. Myers
                                  DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

JOHNSON FISTEL, LLP
FRANK J. JOHNSON
655 West Broadway, Suite 1400
San Diego, CA  92101
Telephone:  619/230-0063
619/255-1856 (fax)
frankj@johnsonfistel.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on March ,22 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

4831-8152-4705.v1

# Mailing Information for a Case 3:21-cv-00058-WHO Malriat v. QuantumScape Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Dale Richard Bish**
  dbish@wsgr.com,calendar@wsgr.com,ncuen@wsgr.com

- **David Bricker**
  dbricker@tenlaw.com

- **Rachele R. Byrd**
  byrd@whafh.com,salas@whafh.com,cabrera@whafh.com,loutsenhizer@whafh.com

- **Rebecca Lynn Epstein**
  bepstein@wsgr.com,lkoontz@wsgr.com

- **Andrew Frantela**
  afrantela@wsgr.com

- **Richard Martin Heimann**
  rheimann@lchb.com

- **John T. Jasnoch**
  jjasnoch@scott-scott.com,rswartz@scott-scott.com,scott-scott@ecf.courtdrive.com,tlaughlin@scott-scott.com,efile@scott-scott.com

- **Frank James Johnson**
  frankj@johnsonfistel.com,michaelf@johnsonfistel.com,kristeno@johnsonfistel.com,ceciliar@johnsonfistel.com,paralegal@johnsonfistel.com,brettm@johnsonfistel.co

- **Thomas L Laughlin , IV**
  tlaughlin@scott-scott.com,scott-scott@ecf.courtdrive.com,efile@scott-scott.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,tcrockett@poml

- **Pavithra Rajesh**
  prajesh@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

- **Sophia Marie Rios**
  srios@bm.net,jgionnette@bm.net

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Ignacio Evaristo Salceda**
  isalceda@wsgr.com,rlustan@wsgr.com

- **Whitney E. Street**
  wstreet@blockesq.com,whitney-street-0082@ecf.pacerpro.com

- **Jacob Allen Walker**
  jake@blockesq.com,jacob-walker-5598@ecf.pacerpro.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,cbarrett@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing. You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`