**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: 415-373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

[Additional Counsel Appear on Signature Page]

*Attorneys for Movant Frank Fish*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MALRIAT, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,<br><br>Defendants. | Case No. 3:21-cv-00058-WHO<br><br>CLASS ACTION<br><br>**FRANK FISH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**<br><br>Date: April 14, 2021<br>Time: 2:00 PM<br>Courtroom: 2-17th Floor<br>Judge: Hon. William H. Orrick |
| ASHA GOWDA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUANTUMSCAPE CORPORATION, JAGDEEP SINGH, FRITZ PRINZ, TIMOTHY HOLME, KEVIN HETTRICH, and VOLKSWAGEN GROUP OF AMERICA INVESTMENTS, LLC<br><br>Defendants. | Case No. 3:21-cv-00070-WHO |

CHRISTOPHER LEO, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL ACQUISITION CORP., and JAGDEEP SINGH,

Defendants.

Case No. 3:21-cv-00150-WHO

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

    I.    FISH IS THE MOST ADEQUATE PLAINTIFF ............................................................. 2

        A.  Fish has the Largest Financial Interest of Any Movant ...................................... 2

        B.  Fish Satisfies the Requirements of Rule 23........................................................ 4

        C.  No Movant Can Rebut the Presumption that Fish is the Most Adequate Plaintiff
.................................................................................................................................... 5

    II.    HEDREEN DOES NOT MEET THE REQUIREMENTS FOR APPOINTMENT AS

THE LEAD PLAINTIFF .................................................................................................... 7

    III.  FISH'S CHOICE OF COUNSEL SHOULD BE APPROVED .................................... 9

CONCLUSION ......................................................................................................................... 10

**TABLE OF AUTHORITIES**

**Cases**

*Beck v. Maximus, Inc.*,

457 F.3d 291 (3d Cir. 2006)..................................................................................................... 9

*In re Cavanaugh*,

306 F.3d 726 (9th Cir. 2002)................................................................................................. 2, 5

*Ferrari v. Gisch*,

225 F.R.D. 599 (C.D. Cal. 2004) ............................................................................................ 3

*Friedman v. Quest Energy Partners LP*,

261 F.R.D. 607 (W.D. Okla. 2009) ........................................................................................ 8

*Hanon v. Dataproducts Corp.*,

976 F.2d 497 (9th Cir. 1992)................................................................................................... 9

*In re HEXO Corp. Sec. Litig.*,

No. 19 CIV. 10965 (NRB), 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020) ............................ 8

*Hill v. Silver Lake Group*, L.L.C.,

No. 4:20-cv-03766-JSW, ECF No. 36 (N.D. Cal. Dec. 1, 2020)............................................. 9

*Hufnagle v. Rino Int'l Corp.*,

No. CV 10-8695-VBFVBKX, 2011 WL 710704 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV

10-1754-VBFVBKX, 2011 WL 710676 (C.D. Cal. Feb. 16, 2011) ......................................... 5

*In re Netflix, Inc., Sec. Litig.*,

No. 12-0225 SC, 2012 WL 1496171 (N.D. Cal. Apr. 27, 2012) ............................................. 9

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,

229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................................... 8

*Richardson v. TVIA, Inc.*,

No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)................................. 1, 3

*In re Schering Plough Corp. ERISA Litig.*,

589 F.3d 585 (3d Cir. 2009)................................................................................................. 9

*Sprint Commc'ns Co., L.P. v. APCC Servs.*,

554 U.S. 269 (2008) ...................................................................................................... 8

*Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*,

No. 20-CV-0966-AJB-DEB, 2021 WL 533518 (S.D. Cal. Feb. 12, 2021) .......................... 5, 8

*Waterford Twp. Police v. Mattel, Inc.*,

No. CV 17-04732-VAP (KSx), 2017 WL 10667732 (C.D. Cal. Sept. 29, 2017)..................... 3

*In re Wrap Techs., Inc. Sec. Exch. Act Litig.*,

No. CV208760DMGRAOX, 2021 WL 71433 (C.D. Cal. Jan. 7, 2021) .................................. 3

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)...................................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(B)(i)................................................................................................ 2, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)............................................................................................. 2, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)................................................................................... 2, 4

15 U.S.C § 78u-4(a)(3)(B)(iii)(II) ........................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(v)................................................................................................. 9

**PRELIMINARY STATEMENT**

Movant Frank Fish's Motion for appointment as lead plaintiff and selection of counsel should be granted.[1] Between him and the other movants still actively seeking appointment as lead plaintiff, Fish has the largest financial in the Action under the factor that courts in the Ninth Circuit find as the "most determinative in identifying the plaintiff with the largest financial loss", the approximate loss suffered:

| Movant[2] | LIFO Loss |
|---|---|
| Frank Fish | $2,498,700.00 |
| Bala Mullur | $1,521,461.67 |
| Richard Hedreen | $575,008.17 |
| Matthew N. Palucci | $437, 773.09 |
| Dr. Richard Louis Miller | $345,889.93 |
| Anatole C. Bong | $74,548.00 |

*Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007).

With $2,498,700 in losses, Fish is by far the movant with the "largest financial interest" in the Actions and, therefore, is presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B). The other remaining movants' losses suffered are substantially smaller than Fish's losses. In fact, the movant that claims the next largest financial interest after Fish, Mullur, claims losses that are ***$977,238 less than Fish***. ECF No. 65-

---

[1] Capitalized terms herein shall have the meaning ascribed to the in the Memorandum of Points and Authorities in Support of Frank Fish's Motion For: (1) Consolidation of Related Actions; (2) Appointment as Lead Plaintiff; and (3) Approval of Selection of Counsel ("Motion" ECF No. 42).

[2] Movants Kim Chu and Izudin Jevric have each withdrew their respective motions for appointment as the lead plaintiff. ECF No. 86 (Chu); ECF No. 83 (Jevric). Movants Richard McCarthy, Stephen Lau, William Brown, and Shanin Nezhad have each filed non-oppositions to the competing motions for appointment as the lead plaintiff. ECF No. 84 (McCarthy); ECF No. 85 (Lau); ECF No. 87 (Brown); ECF No. 89 (Nezhad).

3.

Fish is ready, willing, and able to serve as the lead plaintiff in the Actions. In support of his motion for appointment, Fish submitted a declaration detailing his sophistication, experience, commitment to this litigation, and his willingness and efforts to represent the Class and fulfill his fiduciary duties to them if appointed as the lead plaintiff (the "Declaration", ECF No. 42-5). The Declaration exceeds the requisite *prima facie* showing of typicality and adequacy necessary for Fish to trigger the presumption of the "most adequate plaintiff" and to be appointed as the lead plaintiff. Given that no movant will be able to rebut the statutory presumption afforded to him through proof or evidence against his typicality or adequacy, Fish respectfully submits that his Motion be granted in its entirety.

## ARGUMENT

### I.      FISH IS THE MOST ADEQUATE PLAINTIFF

#### A.  *Fish has the Largest Financial Interest of Any Movant*

Under the PSLRA, this Court is directed to "appoint as lead plaintiff 'the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members.'" 15 U.S.C. § 78u-4(a)(3)(B)(i). When deciding among competing lead plaintiff movants, the Court must first determine which investor possesses the largest financial interest, and then – absent any showing that could rebut such movant's adequacy or typicality – appoint that investor as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C § 78u-4(a)(3)(B)(iii). The movant who "has the largest financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *In re Cavanaugh,* 306 F.3d at 732.

Courts in this Ninth Circuit have considered four factors when identifying the movant with the greatest financial interest: "(1) total shares purchased, (2) net shares purchased, (3) net funds

expended, and (4) approximate loss suffered." *Ferrari v. Gisch*, 225 F.R.D. 599, 604 (C.D. Cal. 2004). In this District and throughout the Ninth Circuit, the fourth factor, the "approximate loss suffered, is considered the "most determinative in identifying the plaintiff with the largest financial loss." *Richardson*, 2007 WL 1129344, at *4; *see also In re Wrap Techs., Inc. Sec. Exch. Act Litig.*, No. CV208760DMGRAOX, 2021 WL 71433, at *2 (C.D. Cal. Jan. 7, 2021) ("In this circuit, no case law requires the Court to give equal weight to the first three Olsten-Lax factors…. '[c]ourts in the Ninth Circuit have tended to give the final factor the most emphasis and tend to use a last in, first out ('LIFO') methodology.'" (*quoting Waterford Twp. Police v. Mattel, Inc.*, No. CV 17-04732-VAP (KSx), 2017 WL 10667732, at *5 (C.D. Cal. Sept. 29, 2017)).[3]

The other movants do not even come close to matching Fish's financial interest in the Actions. Fish is entitled to the presumption of "most adequate plaintiff" because, relative to the other movants, he has the largest financial interest of any qualified movant:

| Movant | LIFO Loss[4] |
|---|---|
| Frank Fish | $2,498,700.00 |
| Bala Mullur | $1,521,461.67[5] |
| Richard Hedreen | $575,008.17 |
| Matthew N. Palucci | $437,773.09 |
| Dr. Richard Louis Miller | $345,889.93 |

[3] The lesser weight typically ascribed to the first three factors is further reduced here due to the uncertainty of whether post-Class Period stock acquisitions should be included in calculating the first three factors. The first three Olsten-Lax factors are typically used to evaluate the financial interest of a movant based on their transactions during the class period. *See*, *e.g., Richardson,* 2007 WL 1129344, at *3. Based on Mullur's representations in his sworn certification and loss chart, Mullur's claimed losses stem from his QuantumScape stock acquired *after the Class Period* on January 4, 2021 from an assignment of the put options that he sold during the Class Period. ECF Nos. 65-2, 65-3.

[4] Loss figures are the amounts claimed by the movants in their respective loss charts.

[5] This figure is the amount of losses claimed by Mullur in his loss chart. *See* ECF No. 65-3. This figure assumes that Mullur is correct to include losses on shares acquired after the Class Period on January 4, 2021 as part of his financial interest in the Actions. Notwithstanding, Fish lists Mullur's claimed losses here because Fish has over $977,000 dollars more in losses more than Mullur even when assuming that Mullur's claimed loss amount is correct.

FRANK FISH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
Case Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO

3

| Anatole C. Bong | $74,548.00 |

ECF Nos. 42-3 (Fish); 51-3 (Miller); 65-3 (Mullur); 68-3 (Palucci); 72-5 (Hedreen); 76-3 (Bong). As apparent from the chart above, Fish possesses the largest financial interest in the outcome of the Actions.

### B.  Fish Satisfies the Requirements of Rule 23

Fish also meets the adequacy and typicality requirements of Rule 23. As detailed in his Motion (ECF No. 42 at 8-10) and in his Declaration (ECF No. 42-5), Fish is a sophisticated and experienced investor who can adequately represent the Class' interest as its fiduciary and is typical of other investors in the Class as a result of purchasing shares of QuantumScape on the open market during the Class Period.

As detailed in his Declaration, Fish is a sophisticated and experienced investor who is committed to serving as a faithful fiduciary to the Class. *See* ECF 45-2. First, he is the founding member and senior property manager of a real estate investment firm located in Manhattan that has been in existence for over 40 years. Declaration, ¶2. Second, Fish is an educated and sophisticated investor as evidenced by his Master's Degree in Construction Management and from his over 35 years of experience in trading securities. *Id.* at ¶¶2-3. Third, he has substantial experience not only overseeing counsel for routine business matters, but also from previous experience serving as a lead plaintiff in a federal securities class action. *Id.* at ¶6. Fourth, Fish has demonstrated his willingness to discharge the duties as the lead plaintiff and serve as a fiduciary to the Class, by amongst other things, travelling and attending hearings, and communicating with and overseeing counsel. *Id.* at ¶¶7-13. Fifth, Fish considered various counsel and only chose to retain Levi & Korsinsky, LLP after having evaluated the firm's experience, resources, knowledge of the case, and past successes. *Id.* at ¶10.

Fish's experience, sophistication, and open-market purchases of 43,000 shares of QuantumScape common stock make a *prima facie* showing of his typicality and adequacy and, in turn, triggers the presumption that he is the "most adequate plaintiff." *Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*, No. 20-CV-0966-AJB-DEB, 2021 WL 533518, at *6 (S.D. Cal. Feb.

12, 2021) (discussing the movant's declaration established his adequacy as "[h]is experience in investing in securities, coupled with his extensive background with leadership and management, makes him a suitable candidate for Lead Plaintiff.").

### C.  No Movant Can Rebut the Presumption that Fish is the Most Adequate Plaintiff

By having timely filed a motion for appointment as the lead plaintiff, possessing the largest financial interest in the Actions, and sufficiently making a *prima facie* showing of typicality and adequacy, Fish has fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (discussing requirements to become the "most adequate plaintiff"). Fish, therefore, is entitled to the presumption that he shall be appointed as the lead plaintiff in the Actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (stating the court "shall appoint as the lead plaintiff" the "most adequate plaintiff"). Fish's presumption as the "most adequate plaintiff" may only be rebutted upon ***proof*** by a class member that Fish "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh,* 306 F.3d at 741. Absent *proof* rebutting the presumption, Fish is entitled to be appointed as the lead plaintiff. *See Hufnagle v. Rino Int'l Corp*., No. CV 10-8695-VBFVBKX, 2011 WL 710704, at *6 -9(C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 WL 710676 (C.D. Cal. Feb. 16, 2011) (appointing the most adequate plaintiff where competing movants failed to submit proof of unique defense). This is something that the other movants cannot do.

Fish is a sophisticated investor with years of experience in business, litigation, and investing. *See* Declaration, ¶¶2-3, 6. Furthermore, Fish's transactions are clearly typical of other investors in the proposed Class as they consist only of purchases of stock on the open-market.[6] Finally, Fish has evidenced his commitment to the Actions and to discharging his duties as lead

---

[6] Competing movants may attempt to argue that Fish's December 24, 2020 purchase of 7,000 QuantumScape shares at a price of $124.00 per share is incorrect or indicative of an issue. Any such arguments are incorrect. Fish's PSLRA certification correctly lists the trade information for this purchase as evidenced by the trade confirmation from his broker. Declaration of Adam M. Apton dated March 22, 2021 ("Apton Decl."), Ex. 1.

plaintiff if appointed by the Court. Any such arguments raised by any of the competing movants' will therefore be purely speculative and will fail for lack of proof.

Competing movants may attempt to rebut this presumption by pointing to Fish's attempt to be appointed as the lead plaintiff **almost three years ago** in another securities class action titled *In re Longfin Corp. Securities Class Action Litigation*, Case No. 1:18-cv-02933-DLC (S.D.N.Y.). These arguments do not reflect on Fish's adequacy today to represent the interests of the Class in the Actions.

In *Longfin*, Fish inadvertently omitted in his PSLRA certification his appointment as the lead plaintiff in the case titled *In re Solar City Corporation Securities Litigation*, No. 16-cv-04686-LHK (N.D. Cal.) as an action that he sought or served as the lead plaintiff during the preceding three years. Apton Decl., Ex. 2, ¶5 (*Longfin*, ECF No. 30 (Declaration of Frank J. Fish). Upon identifying the omission and prior to the filing of any oppositions to his motion for appointment as lead plaintiff, Fish promptly and *sua sponte* filed a corrected certification correcting the omission and a declaration explaining that the omission was inadvertent and was a "mistake" that he wished to correct with the Court. *See* Apton Decl., Ex. 2, ¶5; Ex. 3 (*Longfin* ECF No. 30-1 (corrective PSLRA certification)).

During the hearing on the competing motions for appointment as lead plaintiff, which Fish attended, the Court noted that it "appreciate[d]" Fish proactively notifying the Court of the omission. Apton Decl., Ex. 4 (transcript of hearing on lead plaintiff motions in *Longfin* dated June 25, 2018), 17:8-9. The Court, however, looked favorably upon the competing movant's and his counsel's, Levi & Korsinky, LLP, arguments.

During the hearing, the Court stressed the failures of Fish's counsel including that the inadvertent omission "reflect[ed] poorly" on Fish's counsel as it "didn't do the due diligence" and that "[c]ounsel should have in place systems that would have prevented this." *See id.* at 6:18-20; 14:13-15; 17:11-13. As a result of the Court's concerns with Fish's counsel's failures and the Fish's inadvertent omission in "this litigation," the Court appointed the competing movant. *See id.* at 17:8-16.

Fish regrets the inadvertent omission in *Longfin*, has accepted his role in the events, and has learned from this mistake almost three years ago. As a result, Fish is especially cognizant of his fiduciary duties to the Class, his duty of care, and his responsibilities to oversee counsel in the litigation. *See* Declaration. To that end, Fish has taken steps to ensure the necessary care and oversight of the Actions in anticipation of serving as their lead plaintiff. Notably, Fish has retained the very same firm, Levi & Korsinsky, that successfully argued against his appointment as the lead plaintiff in *Longfin* to represent him and the Class in the Actions here. Prior to retaining Levi & Korsinsky, Fish considered multiple firms and evaluated Levi & Korsinsky for its ability to litigate federal securities class actions and its past successes. *See* Declaration at ¶10. Moreover, Fish is committed to this litigation, has reviewed a complaint filed in the Actions, has discussed the litigation with his counsel, has and continues to oversee and communicate with counsel, and is committed to discharging the responsibilities and fiduciary duties of a lead plaintiff to maximize the recovery for the Class. *Id*. at ¶¶7-13.

In summary, Fish is a sophisticated investor with years of experience in business, investing, and litigation, including securities class actions. *See* Declaration, ¶¶2-6. Mr. Fish has evidenced his commitment to the Actions and to discharging his duties as lead plaintiff if appointed by the Court. *Id.* at ¶¶7-13. A singular and regrettable inadvertent mistake approximately three years ago is not proof of a unique defense or his inadequacy to represent the interests of the Class in the Actions today. Therefore, any such arguments raised by any of the competing movants' must fail.

## II.   HEDREEN DOES NOT MEET THE REQUIREMENTS FOR APPOINTMENT AS THE LEAD PLAINTIFF

Hedreen has failed to provide a *prima facie* showing of his adequacy to represent the Class and must be disqualified from consideration for being appointed as the lead plaintiff. Importantly, Hedreen has failed to provide any details for the Court to evaluate and determine his sophistication and suitability to serve as a lead plaintiff. Here, there is simply "a dearth of information upon which the Court can determine" if Hedreen would be able to adequately assume the role of lead

plaintiff. *Sorrento Therapeutics*, 2021 WL 533518, at *4; *In re HEXO Corp. Sec. Litig.*, No. 19 CIV. 10965 (NRB), 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020) (denying motion for appointment as lead plaintiff because, the Court was skeptical that the movant "an individual investor about whom little is known – possesse[d] the requisite sophistication to serve as lead plaintiff in this action."); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 417 (S.D.N.Y. 2004) (holding that the "experience of a candidate" is "relevant to reaching a determination as to whether a candidate will be capable of adequately protecting the interests of the class"). Thus, Hedreen should be disqualified for his failure to establish his adequacy to represent the Class.

Furthermore, Hedreen has failed to establish his adequacy based on failing to provide the assignment of claims he received from Hedreen Holdings LLC for which he claims as part of his financial interest in the Action and is also subject to unique defenses as a result of it. *See* ECF No. 72-5 (declaration stating he has received an assignment of claims). While third parties can litigate claims on behalf of others, to do so, the claims of the assignor must be assigned "lock, stock, and barrel" to an assignee. *Sprint Commc'ns Co., L.P. v. APCC Servs.*, 554 U.S. 269, 286 (2008). This, assignment, however, has not been submitted to the Court or to the competing movants to evaluate whether it is validly transfers the claims to Hedreen so that it may be included as part of his financial interest or the extent that the assignment subjects him to unique defenses. Notably, the declaration states that he has only received an assignment of Hedreen Holdings LLC's claims in "this Action" and not all the currently pending Actions which supports that the assignment is limited to only one of the four total pending securities class actions. ECF No. 72-5. By failing to provide the Court a copy of this assignment, Hedreen has failed to make the requisite showing of adequacy. *See HEXO Corp.,* 2020 WL 905753, at *3 (a lead plaintiff movant must make a *prima facie* showing of typicality and adequacy); *Friedman v. Quest Energy Partners LP*, 261 F.R.D. 607, 612 (W.D. Okla. 2009) (rejecting assignments submitted after the lead plaintiff motion deadline because "[t]he plain language of the [PSLRA] precludes consideration of any supplemental information filed after the sixty day window has closed"),

*aff'd*, *In re Bard Assocs., Inc.*, No. 09-6243, 2009 WL 4350780, at *1 (10th Cir. Dec. 2, 2009).

Furthermore, Hedreen's declaration that the representation it was limited to "this Action" is proof of a unique defense. *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 598 (3d Cir. 2009) (stating that a proposed class representative is not typical under Rule 23(a)(3) if "the representative is subject to a unique defense that is likely to become a major focus of the litigation." (quoting *Beck v. Maximus, Inc.*, 457 F.3d 291, 301 (3d Cir. 2006)); *see also Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992) ("We agree that a named plaintiff's motion for class certification should not be granted if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.) (internal quotation marks omitted). As such, Hedreen must be disqualified. *See Hill v. Silver Lake Group*, L.L.C., No. 4:20-cv-03766-JSW, ECF No. 36 (N.D. Cal. Dec. 1, 2020) ("Even if the Intelsat Group can ultimately show that the assignments were valid and confer standing, Mr. Parakhnevich undoubtedly has different defenses than the other class members. . . . The litigation over Mr. Parakhnevich's standing may prejudice the class at the class certification stage and would, in any case, subject it to highly individualized determinations inapplicable to the rest of the class.")(Apton Decl. Ex. 5); *In re Netflix, Inc., Sec. Litig.,* No. 12-0225 SC, 2012 WL 1496171, at *4-5 (N.D. Cal. Apr. 27, 2012) (finding movant did not satisfy the typicality requirement when "colorable issue" of standing was raised after she moved for appointment as lead plaintiff but was "not actually the legal entity who held the account on which her calculation of losses [was] based"). For these reasons, Hedreen's motion must be denied.

### III.   FISH'S CHOICE OF COUNSEL SHOULD BE APPROVED

This Court should approve Fish's selection of Levi & Korsinsky as Lead Counsel. The PSLRA vests authority in the lead plaintiff to select and retain lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v). Numerous courts throughout the country have appointed Levi & Korsinsky as lead counsel in securities class action lawsuits and is notably is currently serving as the lead counsel in *In re Tesla Securities, Inc. Securities Litigation,* 3:18-cv-04865-EMC (N.D. Cal.). *See* ECF No. 42-6, at 2-4. With over 25 attorneys across five different offices, including an office in this

district, Levi & Korsinsky stands ready, willing and able to prosecute this case. ECF No. 42-6. Given Levi & Korsinsky's extensive experience in the securities litigation area, Fish's choice of counsel should be approved.

**CONCLUSION**

For the foregoing reasons, Fish respectfully requests that this Court: (1) appoint him as lead plaintiff for the Class in the Actions and (2) approve Levi & Korsinsky, LLP as lead counsel for the Class.

Dated: March 22, 2021                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ Adam M. Apton_____
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: 415-373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

Nicholas I. Porritt*
Alexander A. Krot III*
1101 30th St, NW
Suite 115
Washington, DC 20007
Tel: 202-524-4294
Email: nporritt@zlk.com
Email: akrot@zlk.com
*Pro hac vice to be submittted*

*Attorneys for Movant Frank Fish*

FRANK FISH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING
MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
Case Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO
10