ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com

JOHNSON FISTEL, LLP
FRANK J. JOHNSON (174882)
655 West Broadway, Suite 1400
San Diego, CA  92101
Telephone:  619/230-0063
619/255-1856 (fax)
frankj@johnsonfistel.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH MALRIAT, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>     vs.<br><br>QUANTUMSCAPE CORPORATION f/k/a KENSINGTON CAPITAL ACQUISITION CORP., et al.,<br><br>                              Defendants. | Case No. 3:21-cv-00058-WHO<br><br><u>CLASS ACTION</u><br><br>MATTHEW N. PALUCCI'S REPLY IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF<br><br>DATE:          April 14, 2021<br>TIME:          2:00 p.m.<br>CTRM:         2, 17th Floor<br>JUDGE:        Hon. William H. Orrick |

4830-9465-6226.v1

## I.    INTRODUCTION

The field of movants seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") has been narrowed down from twelve to four: (1) Matthew N. Palucci; (2) Frank Fish; (3) Bala Mullur; and (4) Richard Hedreen.[1]  Only one of these movants satisfies *both* the financial interest and Rule 23 prongs of the PSLRA: Mr. Palucci.

Indeed, by failing to substantively oppose Mr. Palucci's motion, the remaining movants effectively conceded that he is typical and adequate, and is thus not subject to any unique defenses. 15 U.S.C. §78u-4(a)(3)(B)(iii).

By contrast, the remaining competing movants cannot trigger the PSLRA's most adequate plaintiff presumption and their motions should be denied.  Mr. Palucci's motion should be granted.

## II.    ARGUMENTS

### A.    The Remaining Movants Effectively Concede that Mr. Palucci Is Adequate and Typical

The remaining movants' opposition briefs made no "argument against [Mr. Palucci] other than pointing out [his] relatively low[er] financial stake in the litigation." *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) (appointing movant that lacked the largest financial interest as lead plaintiff because it was the first movant "that satisfie[d] both prongs of Rule 23"); *see generally* ECF Nos. 90, 93, 94 (failing to make any arguments against Mr. Palucci's typicality and adequacy).

Importantly, the Court's Local Civil Rules required all lead plaintiff movants to file their oppositions by March 22, 2021.  *See* Civil L.R. 7-3(a).  Here, none of the remaining movants opposed Mr. Palucci's motion by arguing that he was unable to meet the Rule 23 requirements. Nor could they, as Mr. Palucci is entirely typical and adequate – precisely the type of diligent and

---

[1]    Movants Kim Chu and Izudin Jevric withdrew their motions for appointment as lead plaintiff. *See* ECF Nos. 83, 86.  Similarly, movants William Brown, Stephen Lau, Richard McCarthy, Dr. Richard Louis Miller, and Shahin Nezhad filed notices of non-opposition to the competing lead plaintiff motions.  *See* ECF Nos. 84, 85, 87, 89, 96.  The remaining movant, Anatole C. Bong, failed to file a response brief and has thus abandoned his motion.  *See In re KIT Digit., Inc. Sec. Litig.*, 293 F.R.D. 441, 443 (S.D.N.Y. 2013) ("Two additional movants . . . did not file opposition briefs, and thus the Court deems their applications abandoned or withdrawn.").  Unless otherwise noted herein, all emphasis is added and citations are omitted.

experienced investor the PSLRA envisioned would serve as lead plaintiff.  *See* ECF No. 68-4.  And any argument against Mr. Palucci's adequacy and typicality for the first time on reply would be improper as the remaining movants waived any such contentions.  *See, e.g.*, *Arik v. Astrue*, 2010 WL 2557493, at \*3 (N.D. Cal. June 21, 2010) (holding that party waived argument by failing to raise it in opposition brief).  Accordingly, Mr. Palucci is the only candidate that satisfies all of the PSLRA's requirements and his motion should be granted.[2]

### B.    The Remaining Movants Cannot Trigger the "Most Adequate Plaintiff" Presumption

As discussed in Mr. Palucci's opposition, and as further outlined below, the remaining movants do not satisfy the Rule 23 requirements as they will be subject to a host of unique defenses that will become a significant focus of the litigation.  *See generally* ECF No. 91.

### 1.    Mr. Fish Is Not Eligible for Appointment as Lead Plaintiff

Mr. Fish cannot trigger the "most adequate plaintiff" presumption because he submitted a PSLRA Certification that inexplicably failed to comply with the express statutory requirement to

---

[2]    Dr. Miller mischaracterizes his purported "non-opposition" to the competing lead plaintiff motions by claiming that "if the Court determines that the arguments raised by competing movants against Mr. Fish have merit, then there are viable arguments to disqualify the lead plaintiff movants with financial interests larger than that of Dr. Miller."  ECF No. 96 at 3.  But Dr. Miller's ploy is a brazen attempt to circumvent the Court's opposition deadline as his "non-opposition" was filed on March 24, 2021 – *a full two days after oppositions were due*.  *See* Civil L.R. 7-3(a).  The Court should not reward Dr. Miller's gamesmanship by allowing him to belatedly raise these claims. *Kona Enters., Inc. v. Est. of Bishop ex rel. Peters*, 243 F. App'x 274, 277 (9th Cir. 2007) (holding that district court did not abuse its discretion by granting party's motion to strike certain exhibits that were filed after opposition deadline).  Regardless, Dr. Miller's arguments against Mr. Palucci are without merit.  *See* ECF No. 96 at 3.  First, Dr. Miller "has not shown—based on the extensive trading records provided in the schedules attached to [Mr. Palucci]'s Certification—that the trades claimed by [Mr. Palucci] are indicative of day trading." *Rieckborn v. Velti PLC*, 2013 WL 6354597, at \*4 (N.D. Cal. Dec. 3, 2013) (Orrick, J.).  Second, even if Mr. Palucci could be characterized as a "day trader," "whether [movants are] day trader[s] is *inconsequential* to [a] request to be appointed lead plaintiff." *In re Zynga Inc. Sec. Litig.*, 2013 WL 257161, at \*2 (N.D. Cal. Jan. 23, 2013); *see also Schueneman v. Arena Pharm., Inc.*, 2011 WL 3475380, at \*7 (S.D. Cal. Aug. 8, 2011) ("a plaintiff's status as a purported 'day trader' is not enough in and of itself to rebut the presumption of adequacy").  And finally, Dr. Miller's assertion that Mr. Palucci may have "sold before the disclosure of the fraud" (ECF No. 96-3 at 1) is baseless as the January 4, 2021 *Seeking Alpha* article that allegedly disclosed the underlying fraud was published at 5:46 a.m. EST while Mr. Palucci's sale could not have occurred earlier than approximately 8:22 a.m. EST based on intra-day trading prices – more than two and a half hours *after* the fraud was revealed.  *See* Declaration of Danielle S. Myers in Support of Matthew N. Palucci's Reply in Further Support of Motion for Appointment as Lead Plaintiff, Exs. A, B.

"set[] forth all of the transactions of [Mr. Fish] in the security that is the subject of the complaint during the class period specified in the complaint." 15 U.S.C. §78u-4(a)(2)(A)(iv).  Specifically, Mr. Fish's PSLRA Certification failed to identify his QuantumScape Corporation securities transactions under penalty of perjury – rending his PSLRA Certification incomplete and unreliable.  *See* ECF No. 42-2.  Courts throughout the country have recognized that such PSLRA certification errors are fatal to a movant's ability to serve as an adequate class representative.  *Nasin v. Hongli Clean Energy Techs. Corp.*, 2017 WL 5598214, at *3 (D.N.J. Nov. 21, 2017) (finding movants' failure to include the "required 'under penalty of perjury' language as federal law requires" in their PSLRA certifications "subject[ed the movants] to a unique defense that render[ed] them 'incapable of adequately representing the class'"); *Irving Firemen's Relief and Ret. Fund v. Tesco PLC*, 2015 WL 1345931, at *3 (S.D.N.Y. Mar. 19, 2015) (finding that court's inability to verify movant's financial interest due to "discrepancies" in certification "'undermines [its] adequacy'").

Nor can Mr. Fish cure his deficient PSLRA Certification after the 60-day statutory deadline. 15 U.S.C. §78u-4(a)(2)(A); *see also Carson v. Clarent Corp.*, 2001 WL 1782712, at *2 (N.D. Cal. Dec. 14, 2001) ("declin[ing] the [movant]'s invitation to ignore the PSLRA's time requirements"); *Miller v. Dyadic Int'l, Inc.*, 2008 WL 2465286, at *5 (S.D. Fla. Apr. 18, 2008) ("[T]o allow supplementation after the expiration of the sixty (60) day period would be inconsistent with both the language and purposes of the PSLRA.").  Mr. Fish's own proposed lead counsel agree.  ECF No. 92-1 at 13 ("the fact that Mr. Fish filed a deficient, and false, PSLRA certification with his motion does not permit him to belatedly supplement his motion papers by submitting an amended certification").

Mr. Fish's indifference to the PSLRA's certification requirements demonstrates a lack of diligence and counsels against a finding of adequacy.  *See Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307, 317 (E.D. Va. 2007).  In fact, as outlined in Mr. Palucci's opposition, this is Mr. Fish's ***second consecutively-filed*** defective PLSRA Certification – a troubling pattern that seriously undermines his adequacy and strongly counsels against his appointment at lead plaintiff.  As such, Mr. Fish's assertion now that he "regrets" his prior PSLRA Certification "omission in *Longfin*, has accepted his role in the events, and has learned from this mistake" rings hollow.  ECF No. 93 at 12.

MATTHEW N. PALUCCI'S REPLY IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF - 3:21-cv-00058-WHO                                                                                        - 3 -
4830-9465-6226.v1

Accordingly, Mr. Fish's inexcusable omission of statutorily-required information from his PSLRA Certification renders him ineligible for appointment as lead plaintiff.

### 2. Mr. Mullur's PSLRA Certification Is Also Defective

Mr. Mullur failed to represent that he "[a]dopts" the underlying complaint's allegations or to "[s]pecif[y] the allegations [he] intends to assert" as required in the Northern District of California. *See* Civil L.R. 3-7(c); ECF No. 65-2.  Such an omission raises questions as to Mr. Mullur's adequacy.

### 3. Mr. Hedreen's Questionable Standing Will Subject Him to Unique Defenses

Mr. Hedreen failed to submit the assignment he purportedly received from Hedreen Holdings, LLC, which makes it impossible at this stage to determine whether the assignment is valid.  *See W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 107-08 & n.5 (2d Cir. 2006) ("'The grant of a power of attorney . . . is not the equivalent of an assignment of ownership; and, standing alone, a power of attorney does not enable the grantee to bring suit in his own name.'"); *In re Spectranetics Corp. Sec. Litig.*, 2009 WL 1663953, at *5 (D. Colo. June 15, 2009) (declining to "conflate the interests of two distinct legal entities," one of which moved, the other of which – the one with the financial interest – did not).  Mr. Hedreen also effectively concedes that he failed to attain an assignment from his wife (*see* ECF No. 72-5 at ¶1) – an oversight that may prove fatal.  *See Petrie v. Elec. Game Card, Inc.*, 308 F.R.D. 336, 346 (C.D. Cal. 2015) (finding that proposed class representative who managed his wife's investment accounts lacked standing to assert her losses).

Calling Mr. Hedreen's standing into further doubt is his failure to unequivocally affirm his Class Period transactions in QuantumScape securities.  *See* ECF No. 72-4 at ¶4 (PSLRA Certification listing transactions "[t]o the best of [Mr. Hedreen's] *current* knowledge"); ECF No. 72 at 6 (opening brief characterizing Mr. Hedreen's financial interest as "[b]ased on the information *presently* available"); *Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*, 2021 WL 533518, at *4 (S.D. Cal. Feb. 12, 2021) (fact that movant "was only able to affirm her Class Period transactions in

her Declaration "'[t]o the best of [her] current knowledge'" "raise[d] [a] concern for the Court" and ultimately denying motion).

As such, Mr. Hedreen's questionable standing may jeopardize the entire class. *Hill v. Silver Lake Group, L.L.C.*, No. 4:20-cv-03766- JSW, ECF No. 36 at 5-6 (N.D. Cal. Dec. 1, 2020) (ECF No. 92-2) (holding that assignment "may prejudice the class at the class certification stage and would, in any case, subject it to highly individualized determinations inapplicable to the rest of the class"). The Court should thus ensure that Mr. Hedreen "not prejudice the class by subjecting [it] to the delay, expense, and uncertainty of litigating unique defenses" by denying his motion. *Steamfitters Local 449 Pension Fund v. Cent. European Distrib. Corp.*, 2012 WL 3638629, at *10-*11, *13 (D.N.J. Aug. 22, 2012).

## III.     CONCLUSION

Mr. Palucci is the only movant that satisfies the PSLRA's lead plaintiff requirements and his motion is substantively unopposed. By contrast, the remaining movants cannot trigger the PSLRA's most adequate plaintiff presumption because they suffer from a host of disqualifying defects. Accordingly, each competing motion should be denied.

DATED:  March 29, 2021

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIELLE S. MYERS

s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com

MATTHEW N. PALUCCI'S REPLY IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF - 3:21-cv-00058-WHO
4830-9465-6226.v1

- 5 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

JOHNSON FISTEL, LLP
FRANK J. JOHNSON
655 West Broadway, Suite 1400
San Diego, CA  92101
Telephone:  619/230-0063
619/255-1856 (fax)
frankj@johnsonfistel.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

MATTHEW N. PALUCCI'S REPLY IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF - 3:21-cv-00058-WHO                                                    - 6 -
4830-9465-6226.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 29 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dmyers@rgrdlaw.com

4830-9465-6226.v1

# Mailing Information for a Case 3:21-cv-00058-WHO Malriat v. QuantumScape Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Dale Richard Bish**
  dbish@wsgr.com,calendar@wsgr.com,ncuen@wsgr.com

- **David Bricker**
  dbricker@tenlaw.com

- **Rachele R. Byrd**
  byrd@whafh.com,salas@whafh.com,cabrera@whafh.com,loutsenhizer@whafh.com

- **Rebecca Lynn Epstein**
  bepstein@wsgr.com,lkoontz@wsgr.com

- **Andrew Frantela**
  afrantela@wsgr.com

- **Richard Martin Heimann**
  rheimann@lchb.com

- **John T. Jasnoch**
  jjasnoch@scott-scott.com,rswartz@scott-scott.com,scott-scott@ecf.courtdrive.com,tlaughlin@scott-scott.com,efile@scott-scott.com

- **Frank James Johnson**
  frankj@johnsonfistel.com,michaelf@johnsonfistel.com,kristeno@johnsonfistel.com,ceciliar@johnsonfistel.com,paralegal@johnsonfistel.com,brettm@johnsonfistel.co

- **Thomas L Laughlin , IV**
  tlaughlin@scott-scott.com,scott-scott@ecf.courtdrive.com,efile@scott-scott.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Brett M. Middleton**
  brettm@johnsonfistel.com,michaelf@johnsonfistel.com,kristeno@johnsonfistel.com,johno@johnsonfistel.com,paralegal@johnsonfistel.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,tcrockett@poml

- **Pavithra Rajesh**
  prajesh@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

- **Sophia Marie Rios**
  srios@bm.net,jgionnette@bm.net

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Ignacio Evaristo Salceda**
  isalceda@wsgr.com,rlustan@wsgr.com

- **Whitney E. Street**
  wstreet@blockesq.com,whitney-street-0082@ecf.pacerpro.com

- **Jacob Allen Walker**
  jake@blockesq.com,jacob-walker-5598@ecf.pacerpro.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing. You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)