Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
912 Cole Street, # 251
San Francisco, California 94117
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Counsel for Plaintiff, Bala Mullur*

*[Additional counsel on signature page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 3:21-CV-58-WHO

**BALA MULLUR'S ADMINISTRATIVE MOTION PURSUANT TO CIVIL L.R. 3-12 AND 7-11 TO CONSIDER WHETHER CASES SHOULD BE RELATED**

**CLASS ACTION**

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED

CASE No. 3:21-cv-58-WHO

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiff Bala Mullur respectfully moves the Court to consider whether the case captioned *Mullur v. QuantumScape, et al.*, No. 3:21-cv-03309-JD (N.D. Cal.) (the "*Mullur* Action") is related to the above-captioned action *In re QuantumScape Securities Class Action*, No. 3:21-cv-00058-WHO (consolidated April 20, 2021) (the "*QuantumScape* Action").[1] Civil L.R. 3-12(a) provides that "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." That standard is easily satisfied here.

The above-referenced cases are federal securities class actions each brought on behalf of a putative class of QuantumScape Corporation ("QuantumScape" or the "Company") investors, alleging violations of §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder. *Compare* ECF No. 1 at ¶¶ 43-58 *with Mullur vs. QuantumScape*, *et al.*, No. 3:21-cv-03309-JD  (N.D. Cal. May 4, 2021), Dkt. No. 1 at ¶ 1 ("*Mullur* Complaint"). Both actions bring claims against similar Defendants, stemming from the same events—namely, QuantumScape's alleged material misrepresentations overstating the performance and prospects of the Company's purported solid-state batteries. *Compare Malriat v. QuantumScape Corp.*, 2021 U.S. Dist. LEXIS 76914, at *5-7 (N.D. Cal. 2021) *with Mullur* Complaint at ¶¶ 2-6, 14-19. The *Mullur* Action includes the current allegations in the *QuantumScape* Action, as well as additional (and related) disclosures published on April 15, 2021 by Scorpion Capital in a report titled *QuantumScape: A Pump and Dump SPAC Scam By Silicon Valley Celebrities, That Makes Theranos Look like Amateurs* (hereinafter, the "Scorpion Capital Report"). The *Mullur* Action also encompasses and extends the proposed class period to April 14, 2021 to include the significant stock drop caused by the Scorpion Capital Report's publication. *Id.* at ¶¶ 7-8. Currently, the *QuantumScape* Action's class period ends on December 31, 2020. *See* ECF No. 1 at ¶ 1.

---

[1]    On April 20, 2021, the Court issued an order, *inter alia*, consolidating: (1) *Malriat v. QuantumScape Corporation*, *et al.*, No. 3:21-cv-00058 (N.D. Cal.) (filed January 5, 2021; (2) *Gowda v. QuantumScape Corporation, et al.*, No. 3:21-cv-00070 (N.D. Cal.) (filed January 6, 2021); and (3) *Leo v. QuantumScape Corporation, et al.*, No. 3:21-cv-00150 (N.D. Cal.) (filed January 8, 2021).

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
1
CASE No. 3:21-cv-58-WHO

On January 4, 2021, *Seeking Alpha* published a pre-market report ("Morin Report") revealing that QuantumScape's solid-state batteries were "completely unacceptable for real world field electric vehicles." *See* ECF No. 1 at ¶ 22; *see also Malriat*, 2021 U.S. Dist. LEXIS 76914, at *5. The Morin Report contended that QuantumScape overstated its batteries' power performance, range, ability to operate at low temperatures, and energy density. *See* ECF No. 1 at ¶ 22; *see also Malriat*, 2021 U.S. Dist. LEXIS 76914, at *5. The Morin Report further asserted that the Company's batteries: (i) could not be manufactured as a multi-layer cell battery practicable for vehicle use; (ii) were susceptible to vibrations, which causes the growth of dendrites and leads to cracking or worse—explosion; (iii) were potentially flammable given their lithium concentrations; and (iv) would be costly to manufacture at scale. *See* ECF No. 1 at ¶ 23. On this news, the trading price of QuantumScape stock fell by $34.49, closing at $49.96 per share, representing a 40.84% decline over the previous day's trading on unusually heavy trading volume. *See* ECF No. 1 at ¶ 24; *see also Malriat*, 2021 U.S. Dist. LEXIS 76914, at *5-6.

The *Mullur* Action extends this class period end date to April 14, 2021 to include subsequent (but related) material revelations concerning the extent of the Company's misrepresentations about its solid-state technology. *See Mullur* Complaint at ¶¶ 1, 5-8. The Scorpion Capital Report published, for the first time, accounts from former QuantumScape engineers and leading solid-state battery experts substantiating and expounding on claims made in the Morin Report. *See id*. at ¶¶ 39-53. Specifically, the Scorpion Capital Report outlined six purportedly "phony claim[s]" made by Defendants regarding the following issues: (i) the solid-state material's resistance to dendrites; (ii) the battery's performance in low temperatures; (iii) the battery's purported ability to fast-charge to 80% in under fifteen minutes; (iv) the battery's purported long life of more than one thousand charge/discharge cycles; (v) the battery's longevity in low temperatures; and (vi) the aggressive automotive power profiles. *Id*. at ¶¶ 7, 39-53. The Scorpion Capital Report's revelations caused a 12.24% drop in QuantumScape's share price on April 15, 2021. *Id*. at ¶ 54.

Courts in this District routinely relate actions which involve the same class of investors, defendants, and events but differing, overlapping class periods. *See In re Intel Corp. Secs. Litig.*, No.

4:18-cv-507, slip op. at 1 (N.D. Cal. Mar. 16, 2018); *see also Miami Police Relief and Pension Fund v. Fusion-io, Inc., et al.*, No. 5:13-cv-05368, slip op. at 1 (N.D. Cal. Feb. 3, 2014). This Court recently did just that, relating the *Malriat, Gowda*, and *Leo* Actions. *See* ECF No. 18.[2] And they do so for complaints filed even after a lead plaintiff is selected. *See In re Leapfrog Enters. Sec. Litig.*, 2005 U.S. Dist. LEXIS 44899, at *12 (N.D. Cal. 2005) (Whyte, J.).

Given that the *QuantumScape* and *Mullur* Actions involve the same putative class of investors, similar Defendants, and claims stemming from the same events, there would be an "unduly burdensome duplication of labor and expense" and a risk of "conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(2). Accordingly, Civil L.R. 3-12's requirements are satisfied here. For the foregoing reasons, Mr. Mullur respectfully requests that the Court relate the *Mullur* Action to the now-consolidated *QuantumScape* Action and reassign the *Mullur* Action to this Court.

Dated: May 5, 2021

Respectfully submitted,

**KAHN SWICK & FOTI, LLP**

By:    *s/ Ramzi Abadou*
Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
912 Cole Street, # 251
San Francisco, California 94117
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

-and-

Lewis S. Kahn
(to be admitted *pro hac vice*)
Alexander L. Burns
(admitted *pro hac vice*)
Alayne K. Gobeille
(to be admitted *pro hac vice*)

---

[2]    Noting that the underlying actions "include slightly different lengths for the class period[,]" the Court later consolidated those actions. *Malriat*, 2021 U.S. Dist. LEXIS 76914, at *6, *9-10 n.2.

Morgan M. Embleton
(to be admitted *pro hac vice*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
alayne.gobeille@ksfcounsel.com
morgan.embleton@ksfcounsel.com

*Counsel for Plaintiff, Bala Mullur*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper *via* the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Ramzi Abadou*
RAMZI ABADOU

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED

4

CASE No. 3:21-cv-58-WHO

# Mailing Information for a Case 3:21-cv-00058-WHO In re QuantumScape Securities Class Action Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Dale Richard Bish**
  dbish@wsgr.com,calendar@wsgr.com,ncuen@wsgr.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **David Bricker**
  dbricker@tenlaw.com

- **Alexander Louis Burns**
  alexander.burns@ksfcounsel.com

- **Rebecca Lynn Epstein**
  bepstein@wsgr.com,lkoontz@wsgr.com

- **Andrew Frantela**
  afrantela@wsgr.com

- **Richard Martin Heimann**
  rheimann@lchb.com

- **John T. Jasnoch**
  jjasnoch@scott-scott.com,rswartz@scott-scott.com,scott-scott@ecf.courtdrive.com,tlaughlin@scott-scott.com,efile@scott-scott.com

- **Frank James Johnson**
  frankj@johnsonfistel.com,michaelf@johnsonfistel.com,kristeno@johnsonfistel.com,ceciliar@johnsonfistel.com,paralegal@johnsonfistel.com,brettm@johnsonfistel.com

- **Thomas L Laughlin , IV**
  tlaughlin@scott-scott.com,scott-scott@ecf.courtdrive.com,efile@scott-scott.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Adam Christopher McCall**
  amccall@zlk.com

- **Brett M. Middleton**
  brettm@johnsonfistel.com,michaelf@johnsonfistel.com,kristeno@johnsonfistel.com,johno@johnsonfistel.com,paralegal@johnsonfistel.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,asoto@pomlaw.com

- **Nicholas Ian Porritt**
  nporritt@zlk.com,ecf@zlk.com

- **Pavithra Rajesh**
  prajesh@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Ignacio Evaristo Salceda**
  isalceda@wsgr.com,rlustan@wsgr.com

- **Whitney E. Street**
  wstreet@blockesq.com,whitney-street-0082@ecf.pacerpro.com

- **Jacob Allen Walker**
  jake@blockesq.com,jacob-walker-5598@ecf.pacerpro.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)