# EXHIBIT A

## Alexander Burns

| | |
|---|---|
| **From:** | Nicholas I. Porritt <nporritt@zlk.com> |
| **Sent:** | Tuesday, May 4, 2021 7:01 PM |
| **To:** | Alexander Burns; Adam M Apton; Adam C McCall; 'Afrantela@wsgr.Com'; 'Dbish@wsgr.Com'; 'Bepstein@wsgr.Com'; 'Isalceda@wsgr.Com'; Joseph E. Levi; Eduard Korsinsky |
| **Cc:** | Ramzi Abadou; Ashley Errington |
| **Subject:** | Re: [External]In re QuantumScape Sec. Litig., No. 3:21-cv-00058 |

Dear Mr. Burns:

We acknowledge receipt of your email and have reviewed the complaint filed by Mr. Mullar and its attached certification. We do not oppose the relation of *Mullar v. QuantumScape Corp.*, Case No. 3:21-cv-03309, with the earlier filed case *In re QuantumScape Sec. Class Action Litig.*, Case No. 3:21-cv-00058 where Mr. Mullar unsuccessfully moved for appointment as lead plaintiff. We do, however, oppose any motion by Mr. Mullar to reopen the lead plaintiff appointment process. We do not believe any such motion would be in the best interests of the class and, in fact, would prejudice the class by introducing further delay in the prosecution of the class claims in this matter. A schedule for filing a consolidated class action complaint has already been entered by the Court as well as a schedule for briefing any motion to dismiss that may be filed in response. Reopening the lead plaintiff process will inevitably introduce several months of delay and require entry of a new schedule. Further, even with the new extended class period, it appears that Mr. Mullar has less of a financial interest in the proceeding than the current Lead Plaintiff, Mr. Fish. Thus, Mr. Mullar would not be the most adequate lead plaintiff under any renewed lead plaintiff process and, therefore, the proposed motion would be futile and appears designed to achieve some perceived strategic advantage motivated by the failure of Mr. Mullar to be appointed lead plaintiff and your firm to be appointed lead counsel.

*Leapfrog* is inapposite and does not support reopening the lead plaintiff process in this case. While the *Mullar* complaint modestly expands the class period and has added one new defendant, it otherwise does not dramatically altered the contours of the lawsuit. Indeed, the paragraphs alleging misrepresentations made by Defendants in the *Mullar* complaint (in paragraphs 3 and 28-30) are identical to the allegations made in the previously filed *Gowda* proceeding, cv 4:21-cv-0070, (paragraphs 3 and 24-26). *Gowda* has now been consolidated into *In re QuantumScape*. Thus, the *Mullar* complaint relates to the same misrepresentations, against mostly the same defendants, on behalf of purchasers of the same group of securities. Mullar has not identified any potentially more appropriate lead plaintiff that was excluded from moving for lead plaintiff in *In re QuantumScape*. Therefore, *Thomas v. Magnachip Semiconductor Corp.*, No. 14-CV-01160-JST, 2015 WL 3749784, at *4 (N.D. Cal. June 15, 2015), where the Court declined to reopen the lead plaintiff process and which is consistent with the greater weight of authority which disfavors reopening, is more relevant and should govern here.

Sincerely,

Nicholas Porritt
Partner
LEVI&KORSINSKYLLP
1101 30th Street, NW, Suite 115
Washington, DC 20007
T. 202.524.4293
F. 202.333.2121
nporritt@zlk.com | www.zlk.com

1

**From:** Alexander Burns <Alexander.Burns@ksfcounsel.com>
**Date:** Tuesday, May 4, 2021 at 6:28 PM
**To:** Adam M Apton <aapton@zlk.com>, Adam C McCall <amccall@zlk.com>, Nicholas I. Porritt <nporritt@zlk.com>, 'Afrantela@wsgr.Com' <Afrantela@wsgr.Com>, 'Dbish@wsgr.Com' <Dbish@wsgr.Com>, 'Bepstein@wsgr.Com' <Bepstein@wsgr.Com>, 'Isalceda@wsgr.Com' <Isalceda@wsgr.Com>
**Cc:** Ramzi Abadou <Ramzi.Abadou@ksfcounsel.com>, Ashley Errington <Ashley.Errington@ksfcounsel.com>
**Subject:** [External]In re QuantumScape Sec. Litig., No. 3:21-cv-00058

Dear Counsel –

Earlier today, our client filed a proposed securities class action complaint in the N.D. Cal. that's related to *In re QuantumScape Secs. Litig.* (Case No. 3:21-cv-0058) pending before the Hon. William H. Orrick.  The complaint (Case No. 3:21-cv-03309) alleges an extended class period of November 27, 2020 through April 14, 2021, inclusive.

No later than tomorrow afternoon, we'll be filing a notice of related case as well as two administrative motions (i) as to why the cases should be related; and (ii) to modify the briefing schedule for Lead Plaintiff's filing of a CAC and revisit the lead plaintiff appointment process due to the extended Class Period alleged in our client's complaint. *See*, *e.g.*, *In re Leapfrog Enters. Sec. Litig.*, 2005 U.S. Dist. LEXIS 44899, at *12 (N.D. Cal. 2005) (Whyte, J.).  Please let us know if you'll stipulate to one or both administrative motions and feel free to contact me with any questions.

Sincerely,

-Alex

Alexander L. Burns
Associate Attorney (#31076), Certified Public Accountant (#24794)
Licensed in Louisiana

## Kahn Swick & Foti, LLC

1100 Poydras Street, Suite 3200
New Orleans, LA 70163
(504) 648-1848 Direct
(504) 455-1498 Fax
Alexander.Burns@ksfcounsel.com

* Kahn Swick & Foti LLC · Louisiana · New York — Kahn Swick & Foti LLP · California

THIS MESSAGE IS PRIVILEGED LAWYER-CLIENT COMMUNICATION, OR IS CONFIDENTIAL, OR BOTH. IT IS DIRECTED ONLY TO THE INDIVIDUALS AND ENTITIES NAMED ABOVE, AND ITS UNAUTHORIZED USE BY OTHERS IS PROHIBITED. IF YOU ARE NOT NAMED AS A RECIPIENT, DO NOT READ, COPY, DISTRIBUTE, DISSEMINATE, OR RETAIN IT. IF YOU DO RECEIVE THIS E-MAIL BY MISTAKE, PLEASE E-MAIL INFO@KSFCOUNSEL.COM.

We remind you that an attorney-client relationship will not be created until both you and Kahn Swick & Foti, LLC, owner of ksfcounsel.com and other websites, agree to do so in writing. We will inform you about our willingness to create a relationship after we have evaluated the information you have submitted.