Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
912 Cole Street, # 251
San Francisco, California 94117
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Counsel for Plaintiff, Bala Mullur*

*[Additional counsel on signature page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | Case No. 3:21-CV-58-WHO |
| | **BALA MULLUR'S ADMINISTRATIVE MOTION REQUESTING MODIFICATION OF SCHEDULE PENDING THE COURT'S REVIEW OF LEAD PLAINTIFF PROCESS** |
| | **CLASS ACTION** |

ADMINISTRATIVE MOTION REQUESTING MODIFICATION OF SCHEDULE

CASE No. 3:21-cv-58-WHO

## I.    INTRODUCTION

Pursuant to Civil Local Rules 6-1(b), 6-3 and 7-11, Plaintiff Bala Mullur respectfully requests modification of the current scheduling order [ECF No. 120], to provide the Court an opportunity to determine whether the lead plaintiff process should be revisited, and the current case schedule correspondingly revised. *See In re Leapfrog Enters. Sec. Litig.*, 2005 U.S. Dist. LEXIS 44899, at *12 (N.D. Cal. 2005) (Whyte, J.).

On April 14, 2021, this Court heard oral argument on the then-pending motions for, *inter alia*, appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The following morning, on April 15, 2021, Scorpion Capital published a 188-page report titled *QuantumScape: A Pump and Dump SPAC Scam By Silicon Valley Celebrities, That Makes Theranos Look like Amateurs* (hereinafter, the "Scorpion Capital Report"). *See* Declaration of Ramzi Abadou ("Abadou Decl."), Ex. A. The Scorpion Capital Report caused QuantumScape's share price to plummet 12.2% on April 15, 2021, on massive volume of over 52 million shares traded.

A few days later, on April 20, 2021, this Court appointed Frank Fish ("Fish") as Lead Plaintiff, recognizing his presumptive lead plaintiff status because he claimed the greatest net loss during the then-proposed Class Period of November 27, 2020 through December 31, 2020, inclusive. *See Malriat v. QuantumScape Corp.*, 2021 U.S. Dist. LEXIS 76914, at *22 (N.D. Cal. 2021).[1] On May 4, 2021, Mr. Mullur filed a related class action complaint in this District extending the class period to April 14, 2021 to account for the Scorpion Capital Report's impact on this litigation. *See Mullur vs. QuantumScape, et al.*, No. 3:21-cv-03309-JD (N.D. Cal.), Dkt. No. 1, ¶¶ 1, 5-8, 54. ("*Mullur* Complaint").

In reassessing the lead plaintiff selection process in *Nutanix,* this Court recognized that extended class periods can "upend the largest financial interest calculus." *In re Nutanix, Inc. Sec. Litig.*, 2021 U.S. Dist. LEXIS 37740, at *8 (N.D. Cal. 2021). Many other courts in this District are in accord. *See*, *e.g.*, *Kipling v. Flex Ltd.*, 2019 U.S. Dist. LEXIS 57744 (N.D. Cal. 2019) (Koh, J.). The Court should therefore exercise its discretion to enable the proposed lead plaintiffs in the above-

---

[1]    All internal cites and quotations omitted, and emphasis added unless otherwise specified.

ADMINISTRATIVE MOTION REQUESTING
MODIFICATION OF SCHEDULE

1

CASE No. 3:21-cv-58-WHO

captioned action to recalculate and resubmit their losses for the period between November 27, 2020 and April 14, 2021, inclusive. *See Nutanix*, 2021 U.S. Dist. LEXIS 37740, at *6. Judicial economy also favors doing so now, given that Mr. Fish, as a class fiduciary, will have little choice but to extend the Class Period to April 14, 2021 given the Scorpion Capital Report's import when he files his consolidated amended complaint on June 21, 2021. *See* ECF No. 120 (Order Regarding the Filing of a Consolidated Amended Complaint and Motion to Dismiss Briefing). Addressing this issue now will enable the Court and the parties to avoid the disruption that a longer alleged class period will invariably have on the Court's docket after Fish files his consolidated amended complaint with the same extended class period Plaintiff has alleged in the *Mullur* Complaint.

## II.    ARGUMENT

On April 15, 2021—the day after the Court's hearing on the lead plaintiff motions (*see* ECF No. 112)—an investment firm published the Scorpion Capital Report, detailing new facts about the alleged fraud in this matter. *See* Abadou Decl., Ex. A. Buttressed by interviews from multiple confidential witnesses, including former QuantumScape engineers, the Scorpion Capital Report detailed how Defendants had misrepresented their ability to produce a functioning solid-state electric battery. *Id*. at 19, 185. This was the first time that Company insiders had corroborated earlier reports that QuantumScape "will likely never achieve the performance they claim." *Mullur* Complaint at ¶ 32. In response, QuantumScape common stock fell in value by 12.2% to close at $35.85 on April 15, 2021, on an unusually high trading volume of 59,022,500 shares. *Id*. at ¶ 54.

As the market digested this and related news, the Company's share price continued to decline due to articles about the Scorpion Capital Report, which noted the "numerous valid doubts about QuantumScape['s]" technology—the central allegation in the consolidated action. *See* Abadou Decl., Ex. B (The Mobilist, April 19, 2021: *A Short-Seller Attack on QuantumScape Suggests a Forlorn New Reality for Exotic Batteries*). By April 19, 2021, and while the Company vigorously contested its contents, QuantumScape's share price stock fell even further to a low of $31.05 on April 19, 2021, representing a nearly 23% overall decline since the Scorpion Capital Report's publication. *Mullur* Complaint at ¶ 54.

Based on these significant developments, on May 4, 2021, former proposed lead plaintiff Bala Mullur filed a new related action against Defendants. *See, generally, Mullur* Complaint; *see also* § I, *supra*. The *Mullur* Complaint includes the current allegations in this consolidated action, as well as the additional (and related) revelations from the Scorpion Capital Report. *Id.* Accordingly, it extends the proposed class period to April 14, 2021 to include the massive stock drops caused by the Scorpion Capital Report's publication. *Id.* at ¶¶ 1, 5-8, 54. In short, the additional allegations in the *Mullur* Complaint protect investors, like Mr. Mullur, who were damaged by the additional revelations in the Scorpion Capital Report. *Id.* at ¶¶ 5-9, 39-54.[2]

Extended class periods can "impact[] all four of the *Lax-Olsten* factors." *Nutanix*, 2021 U.S. Dist. LEXIS 37740, at *8. While "the weight of authority puts the most emphasis on the competing movants' estimated losses," this factor is also heavily impacted by the much larger class period. *QuantumScape*, 2021 U.S. Dist. LEXIS 76914, at *11. Indeed, if Mr. Mullur's losses are recomputed under the extended putative class period, his LIFO losses as of this writing exceed $2.8 million—more than the $1.52 million he previously asserted under the earlier corrective disclosures of January 4, 2021. ECF No. 65-3. Based on information previously filed in this case, Mr. Mullur's losses dwarf those of any other movant—including the currently-appointed Lead Plaintiff, Mr. Fish. Such developments "necessitate[]" revisiting lead plaintiff selection "to ensure that the best plaintiff for the [] new class period" is chosen to potentially represent the class. *See Leapfrog*, 2005 U.S. Dist. LEXIS 44899, at *12. Lead Plaintiff Fish opened the door to such a loss reassessment by representing, without any support, that "even with the new extended class period, it appears that Mr. Mullar [sic] has less of a financial interest in the proceeding than the current Lead Plaintiff, Mr. Fish." *See* Abadou Decl., Ex. C; n.3, *infra*.

Accordingly, Mr. Mullur respectfully requests that this Court re-evaluate its selection of lead plaintiff to consider the additional losses, if any, the proposed lead plaintiffs sustained when the Company's share price fell over 12% on April 15, 2021. *See generally In re Cloudera Secs. Litig.*,

---

[2]   Mr. Mullur is filing concurrently herewith an Administrative Motion to Consider Whether Cases Should Be Related to alert the Court to this development.

2020 U.S. Dist. LEXIS 47102 (N.D. Cal. 2020) (granting administrative motion to modify schedule and revisit lead plaintiff selection process) (Koh, J.).

Further, the Ninth Circuit permits such reevaluations by holding that a "district court's order designating a lead plaintiff is not a conclusive, immutable determination of the issue." *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1218 (9th Cir. 2000). "It can be revisited if circumstances warrant." *Id.* Here, the sooner the better. This case is still in its infancy as the Court only recently approved the parties' proposed briefing schedule for filing a consolidated amended complaint and motion to dismiss. *See* ECF No. 120. Resolution of this matter now will avoid any complications that will undoubtedly arise if the Court were required to revisit lead plaintiff selection at a later procedural posture after Lead Plaintiff files his consolidated amended complaint in June 2021. *See*, *e.g.*, *In re Nutanix, Inc. Sec. Litig.*, Case No. 3:19-cv-01651, Dkt. No. 173, at 8 (N.D. Cal. Mar. 4, 2021) (extending deadlines for conferral on briefing on pending motion for class certification until after a new lead plaintiff is selected).

Indeed, courts routinely revisit lead plaintiff selection when a class period is significantly altered due to a material event impacting class-wide damages. *See Union Asset Mgmt. Holding AG v. SanDisk Corp.*, 2016 U.S. Dist. LEXIS 15090, at *14 (N.D. Cal. 2016) (revisiting selection after granting motion to dismiss and finding "that the class period proposed by the current lead plaintiffs was artificially long."); *see also Nutanix,* 2021 U.S. Dist. LEXIS 37740, at *8 (revisiting selection where, *inter alia*, class period was extended by 91 days); *Sayce v. Forescout Techs., Inc.*, 2020 U.S. Dist. LEXIS 129646, at *17-18 (N.D. Cal. 2020) (revisiting selection where subsequent events enlarged original class period by 7 months). In *Leapfrog*, for instance, Judge Whyte appointed William Sullivan and Alice Cupples (the "Cupples") as lead plaintiff for a class period ending February 10, 2004. 2005 U.S. Dist. LEXIS 44899, at *4. A few weeks after the Court appointed the Cupples as lead plaintiff, the Parnassus Fund and the Parnassus Equity Fund ("Parnassus") filed a separate action in a different division of this District, encompassing new statements and with an extended class period to October 18, 2004. *Id.* at *5. The Cupples moved to relate the two actions and, when they filed their amended complaint a month later, included allegations made by Parnassus and extended the class

period to end October 18, 2004. *Id.* Noting that the Cupples' amended complaint overlapped with the allegations and class period alleged by Parnassus (and extended the class period from 5 to 15 months), Judge Whyte related the cases and found, *inter alia*, that the "new scope" of the Cupples' complaint "necessitate[d]" new lead plaintiff selection. *Id.* at *12.[3]

Such an outcome is similarly warranted here, as the class period of 128 days in the *Mullur* Action is **four** times longer than the 34-day class period undergirding Fish's appointment. *Cf. Mullur* Complaint at ¶ 1; *with* ECF No. 42-3; *see also Kipling*, 2019 U.S. Dist. LEXIS 57744, at *6 (revisiting selection where, *inter alia*, class period extended by 6 months); *Leapfrog*, 2005 U.S. Dist. LEXIS 44899, at *12 (revisiting selection after class period extended from 6 to 14 months); *Nutanix*, 2021 U.S. Dist. LEXIS 37740, at *8 ("[P]utative class members who purchased large numbers of Nutanix shares between February and May 2019, or who retained large numbers of shares through this period, may now have a larger financial interest than under the original class period.").[4]

## III. CONCLUSION

For the foregoing reasons, Plaintiff's administrative motion should be granted.

Dated: May 5, 2021

Respectfully submitted,

**KAHN SWICK & FOTI, LLP**

By:    *s/ Ramzi Abadou*
Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP

---

[3] Mr. Fish's counsel argues that the process should not be revisited, citing *Thomas v. MagnaChip Semiconductor Corp.*, 2015 U.S. Dist. LEXIS 77288 (N.D. Cal. 2015). *See* Abadou Decl., Ex. C. But in *MagnaChip*, the second and separate class action was filed on April 21, 2015—nearly **a year** after the initial May 12, 2014 lead plaintiff deadline, and one month after lead plaintiff filed a second amended complaint. *Id.* at *4-5. Further, unlike Mr. Mullur, the party in *MagnaChip* did not seek appointment as lead plaintiff in the initial filing period. *Id.* at *15 ("The Retirement System could have sought appointment as lead plaintiff in Thomas in May 2014, but it did not."). Here, a year-long delay is not present, a consolidated complaint has yet to be filed, and Mr. Mullur did seek appointment in the first instance. Thus, *MagnaChip* is not pertinent here.

[4] No new notice has yet been published in the *Mullur* Action advising absent class members of the extended class period. *See* 15 U.S.C. § 78u-4(a)(3)(A) (when more than one related action is filed, "only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published . . . ."). Were the Court to elect to reopen the lead plaintiff selection process, Mr. Mullur would issue such a notice in accordance with the PSLRA and the Court's order, if any.

912 Cole Street, # 251
San Francisco, California 94117
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

-and-

Lewis S. Kahn
(to be admitted *pro hac vice*)
Alexander L. Burns
(admitted *pro hac vice*)
Alayne K. Gobeille
(to be admitted *pro hac vice*)
Morgan M. Embleton
(to be admitted *pro hac vice*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
alayne.gobeille@ksfcounsel.com
morgan.embleton@ksfcounsel.com

*Counsel for Plaintiff, Bala Mullur*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper *via* the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Ramzi Abadou*
RAMZI ABADOU

ADMINISTRATIVE MOTION REQUESTING
MODIFICATION OF SCHEDULE

6

CASE No. 3:21-cv-58-WHO

# Mailing Information for a Case 3:21-cv-00058-WHO In re QuantumScape Securities Class Action Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,Ashley.Errington@ksfcounsel.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Dale Richard Bish**
  dbish@wsgr.com,calendar@wsgr.com,ncuen@wsgr.com

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **David Bricker**
  dbricker@tenlaw.com

- **Alexander Louis Burns**
  alexander.burns@ksfcounsel.com

- **Rebecca Lynn Epstein**
  bepstein@wsgr.com,lkoontz@wsgr.com

- **Andrew Frantela**
  afrantela@wsgr.com

- **Richard Martin Heimann**
  rheimann@lchb.com

- **John T. Jasnoch**
  jjasnoch@scott-scott.com,rswartz@scott-scott.com,scott-scott@ecf.courtdrive.com,tlaughlin@scott-scott.com,efile@scott-scott.com

- **Frank James Johnson**
  frankj@johnsonfistel.com,michaelf@johnsonfistel.com,kristeno@johnsonfistel.com,ceciliar@johnsonfistel.com,paralegal@johnsonfistel.com,brettm@johnsonfistel.com

- **Thomas L Laughlin , IV**
  tlaughlin@scott-scott.com,scott-scott@ecf.courtdrive.com,efile@scott-scott.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Adam Christopher McCall**
  amccall@zlk.com

- **Brett M. Middleton**
  brettm@johnsonfistel.com,michaelf@johnsonfistel.com,kristeno@johnsonfistel.com,johno@johnsonfistel.com,paralegal@johnsonfistel.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,asoto@pomlaw.com

- **Nicholas Ian Porritt**
  nporritt@zlk.com,ecf@zlk.com

- **Pavithra Rajesh**
  prajesh@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Ignacio Evaristo Salceda**
  isalceda@wsgr.com,rlustan@wsgr.com

- **Whitney E. Street**
  wstreet@blockesq.com,whitney-street-0082@ecf.pacerpro.com

- **Jacob Allen Walker**
  jake@blockesq.com,jacob-walker-5598@ecf.pacerpro.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)