**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: 415-373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

[Additional counsel on signature page]

*Attorneys for Lead Plaintiff Frank Fish*
*and Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | Case No. 3:21-cv-00058-WHO<br><br>**LEAD PLAINTIFF FRANK FISH'S OPPOSITION TO BALA MULLUR'S ADMINISTRATIVE MOTION REQUESTING MODIFICATION OF SCHEDULE PENDING THE COURT'S REVIEW OF LEAD PLAINTIFF PROCESS (ECF NO. 123)**<br><br><u>CLASS ACTION</u> |

## PRELIMINARY STATEMENT

Unsuccessful lead plaintiff movant, Bala Mullur, seeks to modify the Court's April 27, 2021 scheduling order to reopen the lead plaintiff process. Courts, however, reopen the lead plaintiff proceedings only under extraordinary circumstances. No such circumstances exist here. Instead, Mullur argues simply that his losses have grown since the Court appointed Frank Fish as the lead plaintiff and that he now, as a function of time and happenstance, has the "largest financial interest" in the litigation. The policy behind the Private Securities Litigation Reform Act and the practical considerations at stake make clear that entertaining Mullur's request would be an error.

The purpose of the PSLRA's notice provision is "to draw all potential lead plaintiffs into the suit so that the district court will have the full roster of contenders before deciding which contender to appoint." *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 (2018). The PSLRA requires the Court to swiftly appoint a lead plaintiff at the beginning of the case and does not provide for the Court to revisit its decision. Accordingly, as long as the scope and nature of the case does not dramatically change after that point, republication of the notice and re-briefing is unnecessary and disfavored because revisiting the lead plaintiff selection sows delay and risk into the prosecution of the action with no obvious benefit to class representation. *Thomas v. Magnachip Semiconductor Corp.*, No. 14-CV-01160-JST, 2015 WL 3749784, at *4 (N.D. Cal. June 15, 2015).

That is precisely what would happen if the Court were to grant Mullur's motion. Although he points to the potential three-month extension of the class period as grounds for reissuing notice, Mullur simultaneously admits that it will not impact the case or the theory of liability. Thus, engaging in what will inevitably amount to a "re-do" for Mullur is entirely unwarranted and will serve only to further delay the proceedings presently underway by at least three to four months as the plaintiffs initiate a new lead plaintiff notice and engage in additional lead plaintiff briefing. Mullur identifies no benefit to the class from this delay or any deficiency in Fish's ongoing representation of the class.

## BACKGROUND

On January 5, 2021, Joseph Malriat filed his complaint on behalf of all "persons and

entities that purchased or otherwise acquired QuantumScape securities between December 8, 2020 and December 31, 2020, inclusive" against QuantumScape and its CEO, Jagdeep Singh. ECF No. 1 at ¶¶1, 13-14. Two other QuantumScape shareholders filed similar complaints on January 6 and 8, 2021. *See* Dkt. 21-cv-00070, No. 1; Dkt. 21-cv-00150, No. 1. These complaints included allegations that the price for QuantumScape's stock dropped at the end of the Class period by approximately $35 per share. ECF No. 1 at ¶5.

On March 8, 2021, Fish, Mullur, and several other current/former QuantumScape shareholders filed motions for appointment as lead plaintiff. Fish claimed a loss of $2.49 million compared to Mullur's loss of $1.5 million. *See* ECF Nos. 42-3 (Fish loss chart), 65-3 (Mullur loss chart). On April 20, 2021, the Court granted Fish's motion and appointed him and his counsel as lead plaintiff and lead counsel. In pertinent part, the Court recognized that "Fish's claimed LIFO loss [was] $2,498,700 while Mullur's claimed loss [was] $1,521,461." ECF No. 115 at 6.

On April 27, 2021, the Court ordered a schedule agreed by Fish, now as Lead Plaintiff, and Defendants. The schedule requires Fish to file his amended complaint on June 21, 2021 and Defendants to file their anticipated motion(s) to dismiss by August 20, 2021. *See* ECF No. 120.

On May 4, 2021, Mullur filed a new complaint, largely copying word-for-word the allegations from one of the initial shareholder complaints filed at the outset of the action. *Compare* Dkt. 21-cv-03309, No. 1 (Mullur Complaint) *with* Dkt. 21-cv-00070, No. 1 (Gowda Complaint). Like the complaints already on file, it contains the same alleged misrepresentations and asserts the same securities fraud violations against the same QuantumScape officers and directors. The only substantive difference is that Mullur extends the class period through April 14, 2021. *See* Dkt. 21-cv-03309, No. 1 at ¶1. It does ***not*** add any additional misrepresentations but adds an additional stock price decline of $5 per share that occurred on April 15, 2021. *Id*. at ¶8.

On May 5, 2021, Mullur filed the present motion, styled as a motion for "administrative relief" pursuant to Civil Local Rule 7-11, asking for a "modification" of the Court's April 27, 2021 scheduling order so the Court can consider "whether the lead plaintiff process should be revisited." ECF No. 123 at 1. Mullur's basis for seeking to reargue the lead plaintiff motion is that his claimed loss has allegedly increased since the Court appointed Fish as the lead plaintiff

due to the decline in the price of QuantumScape's stock that occurred on or after April 15, 2021. *See id*. at 1, 4. Mullur contemplates a renewed lead plaintiff process that would likely run through July and August 2021, well past the currently scheduled date for the amended complaint and Defendants' response.

**ARGUMENT**

**I.      COURTS DO NOT REOPEN THE LEAD PLAINTIFF NOTICE AND SELECTION PROCESS UNLESS EXTRAORDINARY CIRCUMSTANCES ARE PRESENT.**

Mullur's "administrative" request to modify the Court's scheduling order is a facile attempt at rearguing a lead plaintiff motion he already lost. Even assuming *arguendo* that Fish will extend the class period through April 14, 2021, restarting the lead plaintiff notice and selection process due to a three-month extension of the class period would be contrary to the case law and policy behind it. "In general, republication is not required where a complaint expands the class period or includes an additional defendant or a closely related new claim." *Thomas*, 2015 WL 3749784, at *4 (citing cases); *see also In re Leapfrog Enterprises, Inc. Sec. Litig.*, No. C 03 05421 RMW, 2005 WL 5327775, at *2 (N.D. Cal. July 5, 2005) (discussing instances of changes to allegations in amended complaints). Despite these common changes to the allegations in securities class action complaints following appointment of lead plaintiff, "courts typically disfavor republication" of the PSLRA notice. *See Kipling v. Flex Ltd.*, No. 18-CV-02706-LHK, 2019 WL 1472358, at *1 (N.D. Cal. Apr. 3, 2019) (citing *Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013)); *see also In re Int'l Rectifier Corp. Sec. Litig.*, 2008 WL 4555794, at *23 (C.D. Cal. May 23, 2008) (no notice republication based on 32-month class period extension where amendments to pleading did not otherwise change legal theories or facts).

"[M]inor amendments to complaints or differences between complaints in related cases do not warrant republication or revisiting the lead plaintiff contest." *Leapfrog*, 2005 WL 5327775, at *2. This is because "the efficiency cost of republication outweighs the marginal fairness gains of notifying class members of an extended class period." *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.,* No. 05–CV–1898, 2005 WL 1322721, at *2 (S.D.N.Y. June 1, 2005); *see also Cheney v. Cyberguard Corp.,* 211 F.R.D. 478, 498 (S.D. Fla. 2002) ("[A]dditional

notice is not required where the original complaint is amended to include, in part, an extension of the class period."). Accordingly, republication of the PSLRA notice is ordered only in exceptional cases where the amended complaint "dramatically alters the contours of the lawsuit," *Leapfrog*, 2005 WL 5327775, at *3, especially where the amendments "make it likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice." *Kipling*, 2019 WL 1472358, at *2 (*quoting Kaplan*, 947 F. Supp. 2d at 367).

Mullur's three-month extension of the class period is a "minor amendment[]" to the complaint and does not "dramatically alter[] the contours of the lawsuit." *Leapfrog*, 2005 WL 5327775, at *2-3. To the contrary, as Mullur admits, the Scorpion Capital report published in April 2021 relates directly to the "doubts about QuantumScape['s] technology—the central allegation in the consolidated action." ECF No. 123 at 2. Thus, like *Thomas* and *In re Thornburg Mortgage, Inc. Securities Litigation*, 629 F. Supp. 2d 1233 (D.N.M. 2009), there is no need for republication of a PSLRA notice. In *Thomas*, the class period had expanded by nine months at the end of the class period and, most importantly, the amended complaint "still center[ed] on the same factual scenario concerning MagnaChip's financial statements that was presented in Hayes's original complaint." 2015 WL 3749784, at *4. Similarly, in *Thornburg*, while the amended complaint added six months to the end of the class period, the alleged misrepresentations were the same as alleged in the initial complaint. 629 F. Supp. 2d at 1236, 1242.

## II.   GRANTING MULLUR'S MOTION WILL DELAY THIS ACTION AND INVITE FURTHER MOTION PRATICE AS EACH MOVANT'S LOSS INCREASES AND DECREASES OVER TIME.

The PSLRA "does not contemplate any sort of lead-plaintiff proceedings beyond the very earliest stages of the litigation." *In re Tezos Sec. Litig.*, No. 17-CV-06779-RS, 2019 WL 2183448, at *2 (N.D. Cal. Apr. 8, 2019) (quoting *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2005 WL 8179740, at *4 (N.D. Cal. Mar. 9, 2005)). Courts in the Ninth Circuit have found that Congress's silence on any requirement to repeat the lead plaintiff process "suggests 'Congress contemplated invoking the PSLRA's lead plaintiff process ***only once***—at the very beginning of the suit.'" *Id*.

Mullur's motion makes clear why this is so. Since the Court appointed Fish as the lead plaintiff, Mullur claims that his loss has increased from $1.5 million to $2.8 million. *See* ECF No. 123 at 3. Whether and to what extent that is true remains unknown, as Mullur did not provide any support for the calculation with his motion. However, Mullur did not buy or sell any additional QuantumScape securities, *compare* Certification dated March 7, 2021, ECF No. 65-2, *with* Dkt. 21-cv-03309, No. 2, which means that his newfound loss is simply a function of QuantumScape's stock price continuing to decline after the initial class period. Thus, interrupting the case schedule at this point to allow for a new 60-day notice period followed by another round of lead plaintiff briefing would only serve to delay the case by at least three to four months, and potentially for no purpose at all depending on what Mullur's loss might be at that point in time. Indeed, if QuantumScape's stock price increases over the remainder of the potential new 90-day "look-back" period, then Mullur's losses would decrease as a function of the "limitation on damages" provision within the PSLRA. *See* 15 U.S.C. §78u-4(e). This sort of repetitive loss analysis is ***not*** part of the PSLRA's lead plaintiff process, and Mullur provides no basis to deviate from what this Court has already done except for the simple fact that he now claims a loss greater than the one he had when his motion was denied previously.

## CONCLUSION

The initial lead plaintiff process attracted several willing lead plaintiffs with substantial financial stakes in the litigation. The Court appointed Fish who experienced $2.5 million in losses as lead plaintiff. Mullur identifies no benefit to the class that would accrue as a result of replacing Fish with himself and which would justify the inevitable delay and disruption caused by his proposed alteration to the schedule. For the foregoing reasons, Fish respectfully requests that the Court deny Mullur's administrative motion in its entirety.

//
//
//
//
//

Dated: May 10, 2021                    Respectfully submitted,

                                       **LEVI & KORSINSKY, LLP**

                                       /s/ Adam M. Apton
                                       Adam M. Apton (SBN 316506)
                                       Adam C. McCall (SBN 302130)
                                       388 Market Street, Suite 1300
                                       San Francisco, CA 94111
                                       Tel: 415-373-1671
                                       Email: aapton@zlk.com
                                       Email: amccall@zlk.com

                                       Nicholas I. Porritt
                                       1101 30th St, NW, Suite 115
                                       Washington, DC 20007
                                       Tel: 202-524-4294
                                       Email: nporritt@zlk.com

                                       *Attorneys for Lead Plaintiff Frank Fish*
                                       *and Lead Counsel for the Class*