**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
Email:   aapton@zlk.com
Email: amccall@zlk.com
75 Broadway, Suite 202
San Francisco, CA 94111
Telephone: (415) 373-1671

*Attorneys for Lead Plaintiff*
*and Lead Counsel for the Class*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | Case No. 3:21-CV-00058-WHO **PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** Hearing Date: December 8, 2021 Time: 2:00 p.m. Courtroom: 2 Honorable William H. Orrick |

**PRELIMINARY STATEMENT**

The Court should deny Defendants' Request for Incorporation by Reference and Judicial Notice. Rule 12(d) prohibits courts from considering materials extraneous to the pleadings at the motion to dismiss stage. While incorporation by reference and judicial notice provide exceptions to this rule, they are applicable in only limited circumstances; namely those in which the facts to be noticed are noncontroversial or come directly from a source whose accuracy cannot be readily questioned. FED. R. EVID. 201. The materials that Defendants seek to incorporate by reference and judicially notice do not fall into these exceptions.

Rather, Defendants use these documents to contradict Plaintiff's well-pleaded factual allegations, which is explicitly not allowed under the Federal Rules of Civil Procedure or applicable binding precedent. Defendants may not supplant the Plaintiff's allegations with their own version of the facts.

**LEGAL STANDARD**

**A. Judicial Notice**

Judicial notice is reserved for special situations. It allows courts to consider facts and materials that are not included in the pleadings or record so long as those facts and materials are not subject to dispute. FED. R. EVID. 201. A court might take judicial notice that October 19, 2021, was a Tuesday, or that a party filed a brief opposing a motion in a state court case, or that a particular document was recorded with the county recorder's office. *Lee v. City of Los Angeles,* 250 F.3d 668, 690 (9th Cir. 2001) (discussing judicial notice of undisputed matters of public record); *see also Daubert v. Merrell Dow Pham., Inc.*, 509 U.S. 579, 592 n.11, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (discussing judicial notice of "firmly established" scientific laws); *Barnes v. Indep. Auto. Dealers Ass'n of Cal. Health & Welfare Benefit Plan*, 64 F.3d 1389, 1395 (9th Cir. 1995) (discussing judicial notice of "[w]ell-known medical facts").

A court may not take judicial notice of a fact that is subject to reasonable dispute without converting the motion to dismiss into a Rule 56 motion for summary judgment and giving "both parties . . . the opportunity to present all material that is pertinent to the motion." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F. 3d 668, 690

(9th Circ. 2001) (reversing district court's taking judicial notice over "disputed facts stated in public records" to support its ruling and its failure to "draw all reasonable inferences from plaintiff's allegations.").

### B. Incorporation By Reference

Related to judicial notice is the doctrine of incorporation by reference. This doctrine, like judicial notice, allows courts to consider materials referenced in the pleadings even though the materials themselves are not part of the record. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). Incorporation by reference allows a court deciding a Rule 12(b)(6) motion to dismiss to consider a document that is not attached to the complaint if the complaint "necessarily relies" on it and "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006).

### ARGUMENT

Citing the incorporation by reference and judicial notice doctrines, Defendants seek judicial notice of several documents to support various factual arguments asserted in their motion to dismiss. But the fact that Defendants feel compelled to submit so many documents (25 in total) underscores how much their motion rests on disputed factual issues.

Defendants improperly seek judicial notice of factual assertions from their own press releases to undermine Plaintiff's well-pled allegations. *See Khoja,* 899 F.3d at 998-99 ("Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine.") In *Khoja*, the Ninth Circuit warned against "[t]he overuse and improper application of judicial notice and the incorporation-by-reference doctrine." *Id.* This is, "especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id.* (collecting cases). "[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Id*. at 1002. "[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the

doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Id*. Defendants' attempt to do just this should be rejected.

Defendants' motion is also improper because judicial notice only permits a court to take notice of matters that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). None of these requirements are met with respect to Defendants' interpretation of the contents of their press releases. Even if the Court took judicial notice of the existence of the documents, that would not permit judicial notice that Defendants' arguments concerning the contents of the documents are true. See, e.g., *Farrell v. Boeing Employees Credit Union*, 761 F. App'x 682, 684 n.1 (9th Cir. 2019) ("[W]e take judicial notice of the existence of the website in the public realm, but decline[] to notice that the contents of the website are true."). Accordingly, a court may take "judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999 (internal citations omitted). The Ninth Circuit has clarified that if a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document. *Id.* at 999. Further, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* As an example, the Ninth Circuit held that for a transcript of a conference call, the court may take judicial notice of the fact that there was a conference call on the specified date but may not take judicial notice of a fact mentioned in the transcript, because the substance "is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." *Id.* at 999–1000.

Defendants' motion is further improper as it seeks judicial notice of irrelevant documents. *See, e.g., Santa Monica Nativity Scenes Cmte. v. City of Santa Monica*, 784 F.3d 1286, 1298 n.6 (9th Cir. 2015) (denying requests for judicial notice "on the grounds that the documents to be noticed are irrelevant"); *Plevy v. Haggerty*, 38 F.Supp.2d 816, 820-21 (C.D. Cal. 1998) (declining to take judicial notice of public records that were not relevant to motion to dismiss)

As set forth below, this authority supports denial of Defendants' request for judicial notice.

**Exhibit 14: QuantumScape's February 16, 2021 Letter to Shareholders**

In seeking judicial notice of Exhibit 14, Defendants concede that this document goes beyond the allegations in the Complaint and should be excluded. MTD at 11:16-18. Specifically, Defendants want the Court to take notice of a company announcement that it made a 4-layer cell and tested a 10-layer cell to undermine Plaintiff's well-pled allegations about QuantumScape's single-layer pouch cell and their testing conditions. *Id.* This would exceed the bounds and applications of judicial notice and the doctrine of incorporation by reference, as discussed in the Ninth Circuit. *See Khoja*, 899 F.3d at 998-1002.  Like the materials at issue in *Khoja*, this shareholder letter "merely creates a defense to the well-pled allegations in the complaint. . ." *Id.* at 1002. This letter represents Defendants' improper effort to "insert their own version of events into the complaint." *Id.* at 998-99. The contents of the letter are also the subject to reasonable dispute as it does not disclose details of Volkswagen's tests or provide data sufficient for independent evaluation.

**Exhibit 19: QuantumScape's March 31, 2021 Press Release**

Similarly, Defendants seek judicial notice of a press release which states, "[Volkswagen] successfully tested QuantumScape's cells in its labs during the Class Period, satisfying a significant technical milestone." MTD at 11:21-22.  This press release is not cited by Plaintiff, goes beyond the allegations in the Complaint, and should be excluded. *Khoja,* 899 F.3d 988-1002; *Iron Workers Local 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at *6 (N.D. Cal. Mar. 16, 2020) (incorporating "SEC document that is expressly referenced in the [Complaint]."). Here too, the contents of the press release, which was not referenced in the Complaint, are also the subject to reasonable dispute as it does not disclose details of Volkswagen's tests or data sufficient for independent evaluation.

**Exhibit 23: QuantumScape's 10-Q, Filed with SEC on July 29, 2021**

Defendants also seek judicial notice of excerpts from QuantumScape's July 29, 2021 10-Q, which was issued ***after*** the end of the Class Period, and states that Volkswagen tested their 4-layer and tested a 10-layer cells (MTD at 11:16-18), Volkswagen invested $100 million as a result of the tests (MTD at 11:22-23), and that Volkswagen has invested $300 million in QuantumScape in total (MTD at 10:11-14).

Defendants assert that this document is judicially noticeable simply because it was filed with the SEC. Defendants are mistaken and disregard precedent in this circuit. With respect to SEC filings, the Court may only take judicial notice of the content of these filings, and the fact that they were filed with the agency. *In re Medicis Pharm. Corp. Sec. Litig.*, 689 F. Supp. 2d 1192, 1201 (D. Ariz. 2009) (internal citations omitted). "The truth of the content, and the inferences properly drawn from them . . .[are] not a proper subject of judicial notice under [Federal Rule of Evidence] 201." *Id.*; *see also Ritz Camera & Image, LLC v. SanDisk Corp.*, 772 F. Supp. 2d 1100, 1109 (N.D. Cal. 2011) ("[W]hile a court may take judicial notice of the existence of SEC filings, it may not take judicial notice of documents for the truth of disputed facts asserted therein.") (emphasis in original).

Again, Defendants neither disclose the details of Volkswagen's tests or their testing data nor the details of Volkswagen's investments in the company. For instance, Defendants do not disclose whether the investments were cash payments or on-paper credit transfers with strings attached. Accordingly, it would be improper to take judicial notice of these excerpts of Exhibit 23 for the truth of any of the facts they assert.

## CONCLUSION

None of these exhibits should be admitted either by judicial notice or by the incorporation by reference doctrine. For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' request for judicial notice of Exhibits 14, 19, and 23 as appended to Defendants' Motion to Dismiss.

Dated: October 19, 2021

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

 */s/ Adam M. Apton*                          .
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
Email: aapton@zlk.com
Email: amccall@zlk.com
75 Broadway, Suite 202
San Francisco, CA 94111
Telephone: (415) 373-1671

Case No. 3:21-CV-00058-WHO
PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

-and-

Nicholas I. Porritt
**LEVI & KORSINSKY, LLP**
1101 30th Street N.W., Suite 115
Washington, D.C. 20007
Tel:    (202) 524-4290
Email: nporritt@zlk.com
(*admitted pro hac vice*)

*Attorneys for Lead Plaintiff*
*and Lead Counsel for the Class*

Case No. 3:21-CV-00058-WHO
PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE