IGNACIO E. SALCEDA, State Bar No. 164017
DALE BISH, State Bar No. 235390
REBECCA L. EPSTEIN, State Bar No. 168226
ANDREW FRANTELA, State Bar No. 325278
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:    (650) 493-9300
Facsimile:    (650) 565-5100
Email:        isalceda@wsgr.com
              dbish@wsgr.com
              bepstein@wsgr.com
              afrantela@wsgr.com

*Attorneys for Defendants QuantumScape Corporation, Jagdeep Singh, Timothy Holme, and Kevin Hettrich*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | Case No.: 3:21-CV-00058-WHO |
| | **REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT** |
| | Hearing Date: December 8, 2021 Time: 2:00 p.m. Courtroom: 2 Before: Hon. William H. Orrick |

DEFS' REPLY ISO RJN ISO MOTION TO DISMISS
CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO.: 3:21-CV-00058-WHO

Defendants QuantumScape Corporation ("QuantumScape" or the "Company"), Jagdeep Singh, Timothy Holme, and Kevin Hettrich (collectively, "Defendants") submit this Reply in further support of Defendants' Request for Judicial Notice and for Incorporation by Reference in Support of Motion to Dismiss the Consolidated Class Action Complaint ("RJN") and in response to Plaintiff's Opposition to Defendants' RJN ("RJN Opposition" or "RJN Opp."), ECF No. 140.

## I.    EXHIBIT 14 IS PROPERLY CONSIDERED IN CONNECTION WITH DEFENDANTS' MOTION

When deciding a motion to dismiss, the Court is entitled to look beyond a plaintiff's characterizations and consider the full contents of documents alleged in the complaint. *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (having made allegations based on SEC filings, plaintiff "can hardly complain" when defendants refer to the same materials in their motion to dismiss). Indeed, "the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). Accordingly, Defendants "may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.* at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). In addition, the heightened pleading requirements of the Private Securities Litigation Reform Act require that a plaintiff's allegations be weighed against documents incorporated by reference and judicially noticeable facts. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) (stating that courts ruling on motions to dismiss must consider "plausible opposing inferences" and "in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Plaintiff contends that Defendants apply the incorporation by reference doctrine to "insert [Defendants'] own version of the facts." RJN Opp. at 2-4. However, Plaintiff's references to *Khoja*, describing the unique harms from improper application of the incorporation by reference doctrine where "defendants possess materials to which the plaintiffs do not yet have access," are inapposite. *See* RJN Opp. at 2-3. No information asymmetry is present here because Exhibit 14 is a Letter to Shareholders (the "Shareholder Letter") that was publicly filed with the Securities and

Exchange Commission as part of the Company's Form 8-K in February 2021. Plaintiff also refers extensively to this document in the Complaint by reproducing block quotes from it that span nearly a page. ¶¶ 269-274. Accordingly, this Court is entitled to consider the entire Shareholder Letter.

Plaintiff claims that "Defendants concede that this document goes beyond the allegations in the Complaint and should be excluded." RJN Opp. at 4. Defendants made no such concession. Instead, Defendants pointed to Plaintiff's artful pleading and his omission from the Complaint of those parts of the Shareholder Letter that do not support his claims. *See* MTD at 3 ("Nor does the CAC acknowledge that shortly after the Battery Showcase, the Company progressed to making 4-layer cells and then to testing 10-layer cells. Ex. 14 at Ex. 99.1; Ex. 23 at 23."); RJN Opp. at 4. Moreover, the Complaint misstates the financials in the Shareholder Letter by alleging that QuantumScape "spent" $1.1 billion in 2020 (¶ 316) when QuantumScape ended 2020 with nearly $1 billion in cash and securities, and had $81 million in operating expenses. Ex. 14 at Ex. 99.1, pp.9-10. Plaintiff asserts over $1 billion in expenses only by incorrectly including an almost $1 billion accounting treatment adjustment for the Company's Series F financing. *Id.* at Ex. 99.1, p.10 n.2. Such artful pleading is precisely what the incorporation by reference doctrine is designed to curb. *See Khoja*, 899 F.3d at 1003.

The Court may also take judicial notice of Exhibit 14 pursuant to Federal Rule of Evidence 201 because this SEC-filed Shareholder Letter is not subject to reasonable dispute. *See Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1014 n.13 (N.D. Cal. 2015) (granting a request for judicial notice of a Form 8-K because "[a] filing with the SEC is the type of public record that comes from a source whose accuracy cannot reasonably be questioned"). Exhibit 14 is not offered for the truth of its contents, but rather offered for the reasons stated above and to show that publicly available information about the Company demonstrates optimism that cuts against Plaintiff's pessimistic characterization of QuantumScape's technology. The Shareholder Letter therefore should be judicially noticed.

## II.    EXHIBITS 19 AND 23 ARE PROPERLY CONSIDERED IN CONNECTION WITH DEFENDANTS' MOTION

Pursuant to Federal Rule of Evidence 201(b), Courts may take judicial notice of information "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *See also* Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."). As explained by Judge Chen in *Yamauchi v. Cotterman*, "[a] filing with the SEC is the type of public record that comes from a source whose accuracy cannot reasonably be questioned." 84 F. Supp. 3d at 1014 n.13; *see also Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, No. 11-01016-SC, 2012 WL 685344, at *8 n.5 (N.D. Cal. Mar. 2, 2012) ("A court may consider materials, even if they are not referenced in the pleading, so long as they meet the requirements for judicial notice set forth in Federal Rule of Evidence 201.").

### A.    Exhibit 19

Exhibit 19 is a press release that was Exhibit 99.1 to QuantumScape's Form 8-K, filed with the SEC on April 1, 2021, noting the Company's accomplishment of a technical milestone. RJN at 6. Plaintiff objects because "[t]his press release is not cited by Plaintiff" and "goes beyond the allegations in the Complaint." RJN Opp. at 4. Defendants, however, requested that the Court take judicial notice of this SEC filing under Federal Rule of Evidence 201, not under the doctrine of incorporation by reference. RJN at 5-6. Moreover, despite Plaintiff's contention (RJN Opp. at 4), there is no dispute regarding Exhibit 19, for it is not offered for its truth. It is offered to show the publicly available information about the Company cutting against Plaintiff's pessimistic characterization of QuantumScape's technology and relevant to the allegations that Defendants supposedly did not have an honestly held belief in the potential of QuantumScape's technology as revealed by the single-cell testing results. As the Supreme Court held, Courts must "take into account plausible opposing inferences" that could weigh against a finding of scienter, and accordingly judicial notice of the exhibit is proper. *Tellabs*, 551 U.S. at 323.

**B.      Exhibit 23**

Plaintiff objects to the Court's taking judicial notice of Exhibit 23, the Company's July 2021 10-Q, because it was issued after the Class Period. RJN Opp. at 4. Courts, however, may consider SEC filings that post-date the alleged class period. *See In re Netflix, Inc. Sec. Litig.*, No. 04-02978-FMS, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005) (holding that "SEC filings are appropriately noticed by the Court" on a motion to dismiss, even when those documents were filed with the SEC outside the class period); *In re Twitter, Inc. Sec Litig.*, 506 F. Supp. 3d 867, 874 n.1 (N.D. Cal.) (same), *appeal filed*, No. 20-17465 (9th Cir. Dec. 22, 2020).

Defendants seek judicial notice of Exhibit 23 because it is publicly available information further describing the testing of 4-layer and 10-layer cells and Volkswagen's investment in QuantumScape. Plaintiff refers to QuantumScape's relationship with Volkswagen a number of times in the Complaint and claims unspecified former Volkswagen employees said there was "internal skepticism" about QuantumScape. ¶ 304. Exhibit 23 is properly the subject of judicial notice to assess whether Plaintiff has failed to plead scienter because a non-culpable inference is the more plausible one—that Defendants had a reasonable and good faith belief in their technology. *Tellabs*, 551 U.S. at 323.

<strong>CONCLUSION</strong>

For the foregoing reasons and for the reasons set forth in the RJN, Defendants respectfully request that the Court consider all of Defendants' exhibits in connection with their Motion to Dismiss.

Dated: November 18, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Ignacio E. Salceda*
    Ignacio E. Salceda

*Attorneys for Defendants*