IGNACIO E. SALCEDA State Bar No. 164017
Email: isalceda@wsgr.com
DALE BISH, State Bar No. 235390
Email: dbish@wsgr.com
REBECCA L. EPSTEIN, State Bar No. 168226
Email: bepstein@wsgr.com
ANDREW FRANTELA, State Bar No. 325278
Email: afrantela@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*Attorneys for Defendants QuantumScape Corporation, Jagdeep Singh, Timothy Holme, and Kevin Hettrich*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | CASE NO.: 3:21-CV-00058-WHO<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br><u>Demand for Jury Trial</u> |

Defendants QuantumScape Corporation ("QuantumScape" or the "Company"), and Jagdeep Singh, Kevin Hettrich, and Timothy Holme (collectively, the "Individual Defendants" and, together with QuantumScape, the "Defendants") hereby answer Plaintiff's Consolidated Complaint for Violations of the Federal Securities Laws, ECF No. 131, filed June 21, 2021 (the "Complaint").

The Court's Order dated January 14, 2022 (ECF No. 153, the "Order") denied Defendants' motion to dismiss the Complaint, but found certain of Plaintiff's allegedly false or misleading statements to be insufficiently pled. *See* Order at 24 n.3 (dismissing part of statement 19 as not misleading and dismissing the other part as puffery). Defendants will accordingly note those Complaint allegations that the Court's Order dismissed and to which no response is necessary.

To the extent that the paragraphs in the Complaint are grouped under headings and subheadings (which are also listed in the Complaint's Table of Contents), Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus the headings are not included herein. To the extent that a response is deemed necessary, Defendants deny each and every heading and subheading in the Complaint.

Except as explicitly admitted herein, Defendants deny each and every allegation of the Complaint, including, without limitation, any allegations in the unnumbered paragraphs on page 1 of the Complaint, headings, subheadings, footnotes, and/or the prayer for relief. Defendants further answer the numbered paragraphs in the Complaint as follows.

1. Defendants admit that Plaintiff purports to bring this action as a federal securities class action on behalf of a class consisting of all persons, other than Defendants, who purchased or otherwise acquired securities of QuantumScape during the putative class period of November 27, 2020 through April 14, 2021. Defendants deny that Plaintiff or any other purchaser of QuantumScape securities suffered any compensable damages and deny that class certification is appropriate. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 1.

2. Defendants admit that QuantumScape stated in its Form 8-K filed with the SEC on December 2, 2020 that it was "a pre-revenue company with no commercial operations." Defendants admit that QuantumScape develops a solid-state battery using a solid-state separator for use in electric vehicles. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding batteries developed by other solid-state battery researchers and, on that basis, deny the allegations. Defendants admit that at the December 8, 2020 QuantumScape Battery Showcase, Mr. Singh stated that "this technology is in fact ready for commercial deployment as soon as we can scale up production and make multilayer versions of these cells." Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 2.

3. Defendants admit that solid-state batteries can replace the separator and the liquid electrolyte in the separator with a solid electrolyte that can come in the form of a glass, ceramic, or other materials. Defendants admit that a key characteristic that defines solid-state batteries is the solid-state separator/electrolyte, which is the material that separates the anode and cathode. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 3.

4. Defendants admit that the potential increase in energy density for a lithium-metal anode battery has been known since the mid-1970s. Defendants admit that it has also been known that lithium-metal anodes do not work with conventional liquid electrolytes due to the twin issues of dendrite formation when a battery is being charged and rapid impedance growth from a chemical side-reaction between the liquid electrolyte and the lithium metal. Defendants admit that dendrites have sometimes been described, in general, non-scientific terms, as needle-like metallic growths and deposits of lithium metal that resemble a tree, roots, or a fungus. Defendants admit that the quoted text in paragraph 4 purports to reflect portions of statements made by Mr. Singh to a news outlet, but deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 4.

5. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding unidentified companies that claimed to have "solved the solid-

state puzzle" or have manipulated data using "tricks" or "compromises," and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 5.

6. Defendants admit that QuantumScape was founded in 2010 and, as of the date of the December 8, 2020 QuantumScape Battery Showcase, QuantumScape had invested 10 years and over $300 million dollars into research and development. Defendants admit that QuantumScape's proprietary solid-state separator is a ceramic material. Defendants further aver that Defendants' statements regarding QuantumScape's technology speak for themselves and Defendants refer to the statements themselves for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 6.

7. Defendants admit that Kensington Capital Acquisition Corp.'s ("Kensington") shareholders approved a merger with QuantumScape on November 25, 2020, and beginning November 27, 2020, QuantumScape's shares began trading on the New York Stock Exchange under the ticker "QS." Defendants admit that the quoted text in paragraph 7 purports to reflect portions of statements made during an interview with Mr. Singh on CNBC on November 27, 2020. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of these statements. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 7.

8. Defendants admit that QuantumScape held a presentation on December 8, 2020 (hereinafter referred to as the "December 8, 2020 QuantumScape Battery Showcase"), during which the Company presented results, data, and specifications from its internal battery testing, but deny that Plaintiff's selective characterization is complete or presented with full context. Defendants admit that QuantumScape filed a Form 8-K with the SEC on December 8, 2020, to which the Company attached a press release and the slideshow presentation. Defendants admit that the quoted text in paragraph 8 reflects portions of the statements made by Mr. Singh during the December 8, 2020 Battery Showcase or November 27, 2020 interview with CNBC. Defendants deny that Plaintiff's selective quotations are complete or presented with full context

and deny Plaintiff's characterization of these statements. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 8.

9. Defendants admit that Seeking Alpha published an article on January 4, 2021 authored by Brian Morin titled "QuantumScape's Solid State Batteries Have Significant Technical Hurdles To Overcome." Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 9.

10. Defendants admit that QuantumScape's stock price closed at $84.45 on December 31, 2020, and closed at $49.96 on January 4, 2021, which represents a decline of 40.84%, with trading volume of 84.7 million shares. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding investors "doubting" or "questioning" QuantumScape's data and results and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 10.

11. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation regarding investors' "doubts about QuantumScape's presentation and data" and, on that basis, deny the allegation. Defendants further aver that the Court dismissed Plaintiff's claims concerning the statements quoted in paragraph 11. *See* Order at 24 n.3 (dismissing part of the statement as not misleading and dismissing the other part as puffery). Defendants deny the allegations in paragraph 11 on the ground that they have been dismissed. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 11.

12. Defendants admit that on January 14, 2021 (Pacific Standard Time), Dr. Holme published a LinkedIn article titled "A Discussion of QuantumScape's Battery Technology Performance Results." Defendants admit to publishing a shareholder letter on February 16, 2021. Defendants admit that the quoted language in the second sentence of paragraph 12 purports to reflect isolated statements made during interviews with Mr. Singh and various news outlets. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of these statements. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 12.

13. Defendants admit that Scorpion Capital published a report on April 15, 2021, titled "QuantumScape (NYSE: QS) A Pump and Dump SPAC Scam by Silicon Valley Celebrities, That Makes Theranos Look Like Amateurs." Defendants admit that the excerpted text that appears within quotation marks in paragraph 13 reflects portions of statements in the April 15, 2021 report, but deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 13.

14. Defendants admit that Scorpion Capital published a report on April 15, 2021. Defendants admit that QuantumScape's stock price closed at $40.85 on April 14, 2021, and closed at $35.85 on April 15, 2021, which represents a decline of 12.24%, with trading volume of 59.0 million shares. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 14.

15. Defendants deny the allegations in paragraph 15.

16. Defendants deny the allegations in paragraph 16.

17. Defendants admit that the Complaint purports to bring claims under Sections 10(b), 20(a), and SEC Rule 10b-5 promulgated thereunder. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 17.

18. Defendants admit that this Court has jurisdiction over this action.

19. Defendants admit that venue is proper in this District. Defendants admit that QuantumScape is headquartered in San Jose, California. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 19.

20. Defendants deny the allegations in paragraph 20.

21. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21 and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 21.

22. Defendants admit that QuantumScape is designing and developing a "solid-state" battery technology and that QuantumScape was incorporated in Delaware and is headquartered in San Jose, California. Defendants admit that, as of December 23, 2020, there were

approximately 207,696,594 shares of Class A Common Stock and 156,263,710 shares of Class B Common Stock issued and outstanding, subject to the exclusions identified in Amendment No. 1 to Form S-1 Registration Statement filed with the SEC on December 23, 2020. Defendants admit that shares of Class B common stock have 10 votes per share, shares of Class A common stock have 1 vote per share, and QuantumScape's Class A common stock trades on the New York Stock Exchange under the ticker "QS." Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 22.

23. Defendants admit the allegations in paragraph 23.

24. Defendants admit the allegations in paragraph 24.

25. Defendants admit the allegations in paragraph 25.

26. Defendants admit that the Complaint refers to Messrs. Singh and Hettrich and Dr. Holme as the "Individual Defendants," and QuantumScape and the Individual Defendants as "Defendants," collectively.

27. Defendants admit that the Individual Defendants had responsibilities commonly associated with their respective positions and admit the allegations in the second sentence of paragraph 27. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 27.

28. The allegations in paragraph 28 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 28.

29. Defendants admit that certain of the Individual Defendants had control over the content of various SEC filings, press releases, and other public statements by QuantumScape during the class period consistent with their respective positions at the Company. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 29.

30. Defendants admit that the Individual Defendants had access to nonpublic information about QuantumScape's business operations, testing data, and battery technology. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 30

31. Defendants admit that Kensington was a publicly listed special purpose acquisition company and that it was formed for the purpose of effecting a merger, stock purchase, or similar business combination with a business in the automotive sector. Defendants admit that Kensington's shareholders approved a merger with QuantumScape on November 25, 2020, and beginning November 27, 2020, QuantumScape's shares began trading on the New York Stock Exchange under the ticker "QS." Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 31.

32. Defendants admit the allegations in paragraph 32.

33. Defendants admit the allegations in paragraph 33.

34. Defendants admit that QuantumScape and Kensington issued a joint press release announcing the merger on September 3, 2020. Defendants admit that the excerpted text that appears within quotation marks in the second sentence of paragraph 34 reflects portions of statements in the September 3, 2020 press release, but deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 34.

35. Defendants admit that Kensington Capital Acquisition Corp.'s ("Kensington") shareholders approved a merger with QuantumScape on November 25, 2020, and beginning November 27, 2020, QuantumScape's shares began trading on the New York Stock Exchange under the ticker "QS." Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 35.

36. Defendants admit that, as explained in QuantumScape's Form 8-K, filed with the SEC on November 27, 2020, "QuantumScape's solid-state lithium-metal batteries are designed to be safer, and to deliver greater range, faster charge times and improved cycle life, than today's conventional lithium-ion battery technology." Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 36.

37. Defendants admit that the 2019 Nobel Prize in Chemistry was awarded to scientists who worked on the idea of lithium-ion batteries during the 1970s and that lithium-ion

batteries are in widespread use. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

39. Defendants admit that a battery is typically made up of an anode, cathode, separator, electrolyte, and two current collectors (positive and negative). Defendants admit that, in lithium-ion batteries, lithium is stored in the cathode and anode. Defendants admit that, in lithium-ion batteries, the electrolyte carries positively charged lithium ions from the anode to the cathode and vice versa through the separator. Defendants admit that, in lithium-ion batteries during discharge, the movement of the lithium ions liberates electrons in the anode which creates a charge at the negative current collector. Defendants admit that, in lithium-ion batteries during discharge the electrical current then flows from the negative current collector to the positive current collector through a device being powered. Defendants admit that, in conventional lithium-ion batteries, the separator and liquid electrolyte block the flow of electrons inside the battery. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 39.

40. Defendants admit that, while a lithium-ion battery is discharging and providing an electric current, the anode releases lithium ions to the cathode, generating a flow of electrons from around an electrical circuit. Defendants admit that, for lithium-ion batteries, when charging, the opposite happens: lithium ions are released by the cathode and received by the anode. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 40.

41. Defendants admit that, as a lithium-ion battery goes through its discharge cycle, lithium atoms in the anode are separated from their electrons. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 41.

42. Defendants admit that in a typical lithium-ion cell design, there is a higher negative electrode capacity than positive electrode capacity. Defendants admit that this is done to avoid metallic lithium plating during charge. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 42.

43. Defendants admit that in some rechargeable lithium-metal cell technologies under development, the excess lithium is provided during assembly using a thin lithium foil or evaporation of metallic lithium. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 43.

44. Defendants admit that the cathode used in some lithium-ion cells includes Lithium Nickel Manganese Cobalt Oxide (NMC) or Lithium Nickel-Cobalt-Aluminum Oxide (NCA), but deny that Plaintiff's characterization is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 44.

45. Defendants admit that the specific usable capacities can include what is alleged in paragraph 45. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 45.

46. Defendants admit that energy, life, safety, and cost are some of the considerations in battery design. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 46.

47. Defendants lack knowledge and information sufficient to form a belief to admit or deny the characterizations in paragraph 47 and on that basis deny the allegations.

48. Defendants admit that a range of over 310 miles is feasible for certain electric vehicles. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 48.

49. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49 and footnote 1, and, on that basis, deny the allegations.

50. Defendants admit that Plaintiff purports to characterize the article cited in paragraph 50 footnote 2, but deny that Plaintiff's selective characterization of the article is accurate, complete, or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 50.

51. Defendants admit that Chengyu Mao et al. published an article in Electrochemistry Communications in December 2018 titled "Identifying the limiting electrode in lithium ion batteries for extreme fast charging" and that it includes the chart that Plaintiff

included in page 13 of the Complaint. Defendants deny that Plaintiff's chart and selective information are complete or presented with full context and deny Plaintiff's characterization of the article. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 51.

52. Defendants lack knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations and chart in paragraph 52 and footnote 4 and, on that basis, deny the allegations.

53. Defendants lack knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations in paragraph 53 and, on that basis, deny the allegations.

54. Defendants lack knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations regarding Tesla's capabilities and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 54.

55. Defendants lack knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations in paragraph 55 and, on that basis, deny the allegations.

56. Defendants admit that solid-state batteries can replace liquid electrolytes with a solid electrolyte that can come in the form of a glass, ceramic, or other materials. Defendants admit that a key characteristic that defines solid-state batteries is the solid-state separator/electrolyte, which is the material that separates the anode and cathode. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 56.

57. Defendants admit that solid-state batteries have the potential to be safer and more durable over the long run. Defendants admit that, when damaged or otherwise compromised, lithium-ion batteries potentially can experience what is sometimes described, generally, as thermal runaway. Defendants admit that, in lithium-ion batteries, sometimes this process halts itself inside the battery pack, but at other times the runaway reaction can cause a fire. Defendants admit that, in lithium-ion batteries, any liquid electrolyte present can be flammable. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants lack knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations in the first sentence of paragraph 59 and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 59.

60. Defendants admit the potential increase in energy density for a lithium-metal anode battery has been known since the mid-1970s. Defendants admit that it has also been believed by many that lithium-metal anodes do not work well with conventional liquid electrolytes due to the twin issues of dendrite formation when a battery is being charged and impedance growth from a chemical side-reaction between the liquid electrolyte and the lithium metal. Defendants lack knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations regarding scientists' efforts to make batteries with lithium metal since the 1800s and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 60.

61. Defendants admit that dendrites have sometimes been described, in general, non-scientific terms, as needle-like metallic growths and deposits of lithium metal that resemble a tree, roots, or a fungus. Defendants admit that the quoted text in paragraph 61 purports to reflect portions of statements made by Mr. Singh to a news outlet, but Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of these statements. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 61.

62. Defendants admit that the allegations in paragraph 62 purport to paraphrase or quote to Venkat Srinivasan's statements in a Wired.com article from December 8, 2020 titled "Did QuantumScape Just Solve a 40-Year-Old Battery Problem?" and that this Wired.com article states that Venkat Srinivasan is the director of the Argonne Collaborative Center for Energy Storage Science. Defendants deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 62.

63. Defendants admit that paragraph 63 purports to paraphrase or quote Venkat Srinivasan's statements from a Wired.com article titled "Did QuantumScape Just Solve a 40-Year-Old Battery Problem?" dated December 8, 2020. Defendants deny that Plaintiff's selective quotations are complete or presented with full context, and deny Plaintiff's characterization of the article. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 63.

64. Defendants admit the allegations in paragraph 64.

65. Defendants admit that the allegations in paragraph 65 describe solid-state separator needs as applicable to electric vehicle batteries that are required to operate at high energy and power. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 65.

66. Defendants deny the allegations in paragraph 66.

67. Defendants deny that paragraph 67 accurately quotes statements made by Dr. Stan Whittingham, the coinventor of the lithium-ion battery and a member of the QuantumScape Science Advisory Committee, at the December 8, 2020 QuantumScape Battery Showcase, and further deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 67.

68. Defendants admit that it is generally known that sub-paragraphs (a) through (e) in paragraph 68 describe testing conditions that can be used when testing solid-state separators with lithium-ion anodes. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 68.

69. Defendants lack knowledge and information sufficient to form a belief as to the truth and accuracy of the allegations in paragraph 69 as to any specific, unnamed company, and, on that basis, deny the allegations.

70. Defendants aver that the allegations in paragraph 70 can only be responded to as written based on speculation and, on that basis, deny the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants admit that a blog post published by QuantumScape on February 16, 2021 (updated March 22, 2021), states that "deliver[ing] on th[e] promise" of solid-state lithium metal batteries requires a separator that "needs to (a) have lithium-ion conductivity similar to today's liquid electrolytes; (b) be chemically and electrochemically stable to lithium metal; and (c) resist the formation of lithium-metal dendrites." Defendants admit that QuantumScape's single-cell battery prototype have been shown to meet these requirements, under the testing conditions published by QuantumScape for each of the relevant tests reported upon, and that such published data speaks for itself and should be referred to for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 72.

73. Defendants admit that the cell data presented during the December 8, 2020 Battery Showcase was based on a single-layer cell of approximate size 70mm x 85mm. Defendants admit that the more layers that are stacked, the more separator films are needed. Defendants admit that, as of February 2021, Defendants had tested a 4-layer stacked cell. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 73.

74. Defendants admit that QuantumScape's solid-state battery does not have a traditional anode and instead consists of a cathode and a separator, until the first charge when the lithium-metal anode is formed in-situ. Defendants deny that the quoted text in paragraph 74 accurately quotes statements made by Mr. Singh during the December 8, 2020 QuantumScape Battery Showcase, and further deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 74.

75. Defendants admit that Plaintiff purports to paraphrase and quote a blog post published by QuantumScape on February 16, 2021 (updated March 22, 2021), titled "Solid-State Battery Landscape," which discusses "The Promise of the Solid-State Lithium-Metal Battery." Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the blog post. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

77. Defendants deny the allegations in paragraph 77.

78. Defendants admit that the quoted text in paragraph 78 purports to reflect portions of statements made during an interview with Mr. Singh on CNBC on November 27, 2020. Defendants deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 78.

79. Defendants admit that on December 3, 2020, QuantumScape announced in a press release that it would hold a showcase, releasing results and specifications from its battery tests. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 79.

80. Defendants admit the allegations in paragraph 80.

81. Defendants admit that the quoted text in paragraph 81 purports to reflect portions of statements made from a press release QuantumScape published on December 8, 2020, attached as Exhibit 99.1 to its Form 8-K filed with the SEC. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the presentation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 81.

82. Defendants admit that the excerpted text that appears within the first, third, and fourth sets of quotation marks in paragraph 82 purports to reflect portions of statements from a press release QuantumScape published on December 8, 2020, attached as Exhibit 99.1 to its Form 8-K filed with the SEC. Defendants admit that the excerpted text that appears within the second set of quotation marks reflects a portion of a statement from the December 8, 2020 QuantumScape Battery Showcase slideshow. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the presentation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 82.

83. Defendants admit that the quoted text in paragraph 83 purports to reflect portions of statements made in a press release QuantumScape published on December 8, 2020, attached as Exhibit 99.1 to its Form 8-K filed with the SEC. Defendants deny that Plaintiff's selective

quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 83.

84. Defendants admit the allegation in sentence two of paragraph 84. Defendants admit that the quoted text in paragraph 84 reflects statements made by Mr. Singh during the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective quotation is accurate, complete, or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 84.

85. Defendants admit that paragraph 85 purports to quote a statement made by Mr. Singh during the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 85.

86. Defendants admit that the last sentence of paragraph 86 purports to summarize text from slide 17 of the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective characterization is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 86.

87. Defendants admit that the quoted text in paragraph 87 reflects portions of statements made by Mr. Singh during the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 87.

88. Defendants admit that the quoted text in paragraph 88 reflects a statement made by Mr. Singh during the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 88.

89. Defendants admit that the quoted text in the third sentence of paragraph 89 reflects text from slide 18 of the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective quotations are complete or presented with full context. Defendants admit that the quoted text in the fourth through sixth sentences reflect portions of statements made by Mr. Singh during the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's

selective quotation is accurate, complete, or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 89.

90. Defendants admit that the quoted text in the second sentence of paragraph 90 purports to reflect text from slide 19 of the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's characterization and selective quotation is accurate, complete, or presented with full context. Defendants admit that the quoted text in the third sentence through the end of the paragraph reflects statements made by Mr. Singh during the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 90.

91. Defendants deny that the first sentence of paragraph 91 accurately summarizes text from slide 20 of the December 8, 2020 QuantumScape Battery Showcase, and deny that the summary is complete or presented with full context. Defendants deny that the quoted text in the second through seventh sentences accurately quotes statements made by Mr. Singh during the December 8, 2020 QuantumScape Battery Showcase, and further deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 91.

92. Defendants admit that the quoted text in the third sentence through the end of paragraph 92 reflects statements made by Mr. Singh during the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 92.

93. Defendants admit that the third sentence of paragraph 93 purports to summarize text from slide 22 of the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's summary and characterization are complete or presented with full context. Defendants admit that the quoted text in the fourth sentence through the end of the paragraph reflect portions of statements made by Mr. Singh during the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective quotations are complete or presented with full

context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 93.

94. Defendants admit that the excerpted text that appears within quotation marks in the third sentence of paragraph 94 reflects text from slide 23 of the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective characterization is complete or has been provided with full context. Defendants deny that paragraph 94 accurately quotes statements made by Mr. Singh during the December 8, 2020 QuantumScape Battery Showcase, and further deny that Plaintiff's selective quotations are accurate, complete, or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 94.

95. Defendants admit that the quoted text in paragraph 95 reflects a statement made by Mr. Singh during the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 95.

96. Defendants admit that the quoted text in paragraph 96 purports to reflect portions of a Deutsche Bank analyst report published on December 9, 2020 titled "'VW's Battery Day' - very solid," but deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 96.

97. Defendants admit that Seeking Alpha published an article on January 4, 2021 authored by Brian Morin titled "QuantumScape's Solid State Batteries Have Significant Technical Hurdles To Overcome." Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Brian Morin's credentials, experience, and financial interest in QuantumScape, and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 97.

98. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 98 reflects excerpted portions of statements from the Seeking Alpha article on January 13, 2021 which had purported to make "clarifications." Defendants deny that Plaintiff's

selective quotations are complete or presented with full context and deny Plaintiff's characterization of the article. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 98.

99. Defendants admit that paragraph 99 purports to summarize the Seeking Alpha article. Defendants deny that Plaintiff's summary is complete or presented with full context and deny Plaintiff's characterization of the article. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 99.

100. Defendants admit that paragraph 100 purports to summarize the Seeking Alpha article. Defendants deny that Plaintiff's summary is complete or presented with full context and deny Plaintiff's characterization of the article. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 100.

101. Defendants admit that paragraph 101 purports to summarize the Seeking Alpha article. Defendants deny that Plaintiff's summary is complete or presented with full context and deny Plaintiff's characterization of the article. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 101.

102. Defendants admit that paragraph 102 purports to summarize the Seeking Alpha article. Defendants deny that Plaintiff's summary is complete or presented with full context and deny Plaintiff's characterization of the article. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 102.

103. Defendants admit that paragraph 103 purports to summarize the Seeking Alpha article. Defendants deny that Plaintiff's summary is complete or presented with full context and deny Plaintiff's characterization of the article. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 103.

104. Defendants admit that paragraph 104 purports to summarize the Seeking Alpha article. Defendants deny that Plaintiff's summary is complete or presented with full context and deny Plaintiff's characterization of the article. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 104.

105. Defendants admit that QuantumScape's stock price closed at $84.45 on December 31, 2020, and closed at $49.96 on January 4, 2021, which represents a decline of 40.84%, with trading volume of 84.7 million shares. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding investors "doubting" or "questioning" QuantumScape's data and results and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 105.

106. Defendants deny the allegations in paragraph 106.

107. Defendants admit that Mr. Singh appeared on CNBC on January 4, 2021. Defendants further aver that the Court dismissed Plaintiff's claims concerning the statements quoted in paragraph 107. *See* Order at 24 n.3 (dismissing part of the statement as not misleading and dismissing the other part as puffery). Defendants deny the allegations in paragraph 107 on the ground that they have been dismissed. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 107.

108. Defendants admit that on January 14, 2021 (Pacific Standard Time), Dr. Holme published a LinkedIn article titled "A Discussion of QuantumScape's Battery Technology Performance Results." Defendants admit that the quoted text in paragraph 108 reflects portions of statements from the article, but deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 108.

109. Defendants admit that the quoted text in paragraph 109 reflects portions of statements made by Messrs. Singh and Hettrich in QuantumScape's February 16, 2021 shareholder letter, but deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 109.

110. Defendants admit that the quoted text in paragraph 110 reflects portions of statements made by Messrs. Singh and Hettrich in QuantumScape's February 16, 2021 shareholder letter, but deny that Plaintiff's selective quotation is complete or presented with full

context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 110.

111. Defendants admit that the quoted text in paragraph 111 purports to reflect portions of statements made during interviews with Mr. Singh and various news outlets but deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 111.

112. Defendants admit that Scorpion Capital published a report on April 15, 2021, titled "QuantumScape (NYSE: QS) A Pump and Dump SPAC Scam by Silicon Valley Celebrities, That Makes Theranos Look Like Amateurs." Defendants admit that the quoted text in paragraph 112 reflects portions of statements in the April 15, 2021 report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 112.

113. Defendants admit that the chart included in paragraph 113 of the Complaint reflects a chart included in the Scorpion Capital Report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 113.

114. Defendants admit that Paragraph 114 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 114.

115. Defendants admit that Paragraph 115 purports to cite statements from alleged experts and unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the alleged experts and unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 115.

116. Defendants admit that the Scorpion Capital Report purports to quote statements from an unnamed alleged expert and a second alleged expert. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the

alleged experts and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 116.

117. Defendants admit that the Scorpion Capital Report purports to quote statements from unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 117.

118. Defendants admit that the Scorpion Capital Report purports to quote statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 118.

119. Defendants admit that the Scorpion Capital Report purports to quote statements from "[o]ne of the world's leading solid-state battery researchers." Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed alleged expert and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 119.

120. Defendants admit that the Scorpion Capital Report purports to quote statements from an unnamed alleged expert. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed alleged expert and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 120.

121. Defendants admit that the Scorpion Capital Report purports to quote statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 121.

122. Defendants admit that the Scorpion Capital Report purports to quote statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 122.

123. Defendants admit that the quoted text in paragraph 123 reflects portions of statements in the Scorpion Capital Report, but deny that Plaintiff's selective quotations are complete or presented with full context. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's characterizations of the third-party report in paragraph 123 and, on that basis, deny the allegations. Defendants admit that Plaintiff cites two papers in footnote 5 in paragraph 123 that purport to discuss pulse charging and dendrite formation generally. Defendants lack knowledge and information sufficient to form a belief as to the truth and accuracy of these allegations and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 123.

124. Defendants admit that paragraph 124 purports to quote from Mr. Singh's statements from the December 8, 2020 Battery Showcase but deny that Plaintiff's selective quotation is complete or presented with full context. Defendants admit that Plaintiff purports to summarize portions of the Scorpion Capital Report, but deny that Plaintiff's summary is accurate, complete, or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 124.

125. Defendants admit that the Scorpion Capital Report purports to quote statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 125.

126. Defendants admit that the Scorpion Capital Report purports to quote statements from an alleged solid-state expert. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed alleged expert and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 126.

127. Defendants admit that the Scorpion Capital Report purports to quote statements from an unnamed former employee and an unnamed alleged solid-state expert. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and unnamed alleged expert and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 127.

128. Defendants admit that the Scorpion Capital Report purports to quote statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 128.

129. Defendants admit that the Scorpion Capital Report purports to quote statements from two unnamed alleged solid-state experts. Defendants lack knowledge and information sufficient to form a belief as to the truth of whether the statements were actually made by the

unnamed alleged solid-state experts and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 129.

130. Defendants admit that the Scorpion Capital Report purports to quote statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 130.

131. Defendants deny the allegations in paragraph 131.

132. Defendants admit that the quoted text in paragraph 132 reflects portions of statements in the Scorpion Capital Report, but deny that Plaintiff's selective quotation is complete or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and underlined font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 132.

133. Defendants admit that paragraph 133 purports to reflect portions of statements in the Scorpion Capital Report, but deny that Plaintiff's selective references are complete or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and underlined font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 133.

134. Defendants admit that the Scorpion Capital Report purports to quote statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 134.

135. Defendants admit that the Scorpion Capital Report purports to quote statements from an unnamed alleged expert. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 135.

136. Defendants deny that the quoted text in paragraph 136 accurately quotes statements made by Mr. Singh during the December 8, 2020 QuantumScape Battery Showcase, and further deny that Plaintiff's selective quotation is complete or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and underlined font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 136.

137. Defendants admit that the quoted text in paragraph 137 reflects portions of statements in the Scorpion Capital Report, but deny that Plaintiff's selective quotations are complete or presented with full context. Defendants admit that the Scorpion Capital Report purports to quote statements from an unnamed solid-state expert. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed solid-state expert and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 137.

138. Defendants admit that the Scorpion Capital Report purports to quote statements from an unnamed solid-state battery expert. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed solid-state expert and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 138.

139. Defendants admit that the quoted text in paragraph 139 reflects portions of statements in the Scorpion Capital Report, but deny that Plaintiff's selective quotation is

complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 139.

140. Defendants admit that the Scorpion Capital Report purports to quote statements from an unnamed solid-state expert. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed solid-state expert and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the report. Defendants deny any emphasis added by Plaintiff through the use of bolded and underlined font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 140.

141. Defendants admit that the Scorpion Capital Report purports to quote statements from an unnamed solid-state battery researcher. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed solid-state battery researcher and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of the report. Defendants deny any emphasis added by Plaintiff through the use of bolded and underlined font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 141.

142. Defendants admit that the Scorpion Capital Report purports to quote statements from an unnamed solid-state battery researcher. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made and, on that basis, deny the allegations. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the report. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 142.

143. Defendants deny the allegations in paragraph 143.

144. Defendants admit that Scorpion Capital published a report on April 15, 2021. Defendants admit that QuantumScape's stock price closed at $40.85 on April 14, 2021, and closed at $35.85 on April 15, 2021, which represents a decline of 12.24%, with trading volume

of 59.0 million shares. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 144.

145. Defendants admit that at the December 8, 2020 QuantumScape Battery Showcase, Mr. Singh stated that "this technology is in fact ready for commercial deployment as soon as we can scale up production and make multilayer versions of these cells." Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 145.

146. Defendants deny the allegations in paragraph 146.

147. Defendants deny the allegations in paragraph 147.

148. Defendants deny the allegations in paragraph 148.

149. Defendants deny the allegations in paragraph 149.

150. Defendants admit that QuantumScape's solid-state batteries contain the same class of cathode materials commonly used in lithium-ion batteries. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 150.

151. Defendants deny the allegations in paragraph 151.

152. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Enevate's battery and, on that basis, deny the allegations. Defendants admit that Plaintiff purports to characterize the articles cited in paragraph 152 footnotes 6 and 7, but deny that Plaintiff's selective characterization of these articles is accurate, complete, or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 152.

153. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Grepow's battery and Innovative Battery Technology's cells and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 153.

154. Defendants admit that as explained in a blog post published by QuantumScape on February 16, 2021 (updated March 22, 2021), "elevated temperatures" is one of "the most used compromises" concerning cycling results. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 154.

155. Defendants deny the allegations in paragraph 155.

156. To the extent the allegation purports to selectively quote from QuantumScape's February 16, 2021 shareholder letter or the December 8, 2020 Battery Showcase transcript, Defendants deny that Plaintiff's selective quotations and characterizations are complete or provide full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 156.

157. Defendants deny the allegations in paragraph 157.

158. Defendants deny the allegations in paragraph 158.

159. Defendants deny the allegations in paragraph 159.

160. Defendants deny that the excerpted text that appears in indented quotation format in paragraph 160 accurately quotes the statements made by Mr. Singh during a November 27, 2020 interview on CNBC, and further deny that Plaintiff's selective quotations are accurate, complete, or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and italicized font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 160.

161. Defendants admit that QuantumScape and Kensington issued a joint press release, dated November 27, 2020, and attached as Exhibit 99.1 to its Form 8-K filed with the SEC on November 25, 2020. Defendants admit that the quoted text in paragraph 161 reflects portions of statements in the November 27, 2020 press release, but deny that Plaintiff's selective quotations are complete or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and italicized font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 161.

162. Defendants admit that the quoted text in paragraph 162 reflects portions of statements made during an interview with Mr. Singh on CNBC on November 27, 2020, but deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 162.

163. Defendants admit QuantumScape has measured the results of its technical progress through testing using specific conditions and has explained the nature of those

conditions. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 163.

164. Defendants deny the allegations in paragraph 164.

165. Defendants deny the allegations in paragraph 165.

166. Defendants admit the allegations in paragraph 166.

167. Defendants admit that QuantumScape held a Battery Showcase on December 8, 2020 that was streamed live on YouTube, during which the Company presented results from its battery testing. Defendants admit that QuantumScape filed a Form 8-K with the SEC on December 8, 2020, to which the Company attached a press release and the slideshow presentation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 167.

168. Defendants admit that the December 8, 2020 QuantumScape Battery Showcase included a panelist of battery scientists and QuantumScape board members. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 168.

169. Defendants admit slides 9-11 were displayed during the December 8, 2020 QuantumScape Battery Showcase to demonstrate the potential advantages of QuantumScape's technology. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 169.

170. Defendants admit that QuantumScape presented slide 9 during the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's characterization of slide 9 is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 170.

171. Defendants admit that the quoted text in paragraph 171 reflects portions of text on slide 10 of the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 171.

172. Defendants deny the allegations in paragraph 172.

173. Defendants deny the allegations in paragraph 173.

174. Defendants deny the allegations in paragraph 174.

175. Defendants deny the allegations in paragraph 175.

176. Defendants admit that the quoted text in paragraph 176 reflects portions of text in the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective quotations are accurate, complete, or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 176.

177. Defendants deny the allegations in paragraph 177.

178. Defendants admit that slide 12 displayed during the December 8, 2020 QuantumScape Battery Showcase states "Significantly increases volumetric and gravimetric energy density by eliminating graphite/silicon anode host material." Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 178.

179. Defendants deny the allegations in paragraph 179.

180. Defendants deny the allegations in paragraph 180.

181. Defendants deny the allegations in paragraph 181.

182. Defendants deny the allegations in paragraph 182.

183. Defendants admit that QuantumScape played a video during the December 8, 2020 QuantumScape Battery Showcase and that certain quoted text in paragraph 183 reflects portions of statements from that video, but deny that Plaintiff's selective quotations and characterization of the video are complete or have been provided with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 183.

184. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 184 reflects statements made by Mr. Singh during the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective quotation is complete or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and italicized font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 184.

185. Defendants admit that the first sentence of paragraph 185 purports to refer to some topics that QuantumScape addressed with regard to its single-cell prototype during the December

8, 2020 Battery Showcase, but deny that Plaintiff's characterization of these topics is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 185.

186. Defendants deny the allegations in paragraph 186.

187. Defendants respond that the referenced statements speak for themselves and Defendants refer to the statements for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 187.

188. Defendants deny the allegations in paragraph 188.

189. Defendants admit that the December 8, 2020 QuantumScape Battery Showcase presentation included a slide 17, and admit that certain of the quoted text in paragraph 189 reflects portions of text from slide 17, but deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 189.

190. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 190 reflects portions of statements made by Mr. Singh during QuantumScape's December 8, 2020 presentation, but deny that Plaintiff's selective quotations are accurate, complete, or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and italicized font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 190.

191. Defendants respond that the referenced statement speaks for itself and Defendants refer to the statement for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 191.

192. Defendants respond that the referenced slide speaks for itself and Defendants refer to the slide for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 192.

193. Defendants deny the allegations in paragraph 193.

194. Defendants respond that the referenced statement speaks for itself and Defendants refer to the statement for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 194.

195. Defendants respond that the referenced statements speak for themselves and Defendants refer to the statements for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 195.

196. Defendants deny the allegations in paragraph 196.

197. Defendants admit that the December 8, 2020 QuantumScape Battery Showcase presentation included a slide 18, and admit that the quoted text in paragraph 197 reflects portions of text from slide 18, but deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 197.

198. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 198 reflects portions of statements made by Mr. Singh during QuantumScape's December 8, 2020 presentation, but deny that Plaintiff's selective quotations are accurate, complete, or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 198.

199. Defendants deny the allegations in paragraph 199.

200. Defendants deny the allegations in paragraph 200.

201. Defendants deny the allegations in paragraph 201.

202. Defendants admit that the quoted text in paragraph 202 reflects portions of text on slide 19 of the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 202.

203. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 203 reflects portions of statements made by Mr. Singh during QuantumScape's December 8, 2020 presentation, but deny that Plaintiff's selective quotations are accurate,

complete, or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 203.

204. Defendants deny the allegations in paragraph 204.

205. Defendants deny the allegations in paragraph 205.

206. Defendants deny the allegations in paragraph 206.

207. Defendants admit that the quoted text in paragraph 207 reflects portions of text on slide 20 of the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective quotations are accurate, complete, or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 207.

208. Defendants deny that the excerpted text that appears in indented quotation format in paragraph 208 accurately reflects portions of statements made by Mr. Singh during QuantumScape's December 8, 2020 presentation, and further deny that Plaintiff's selective quotations are complete or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and italicized font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 208.

209. Defendants admit that the quoted text in paragraph 209 reflects portions of statements made by Mr. Singh during QuantumScape's December 8, 2020 presentation, but deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 209.

210. Defendants deny the allegations in paragraph 210.

211. Defendants deny the allegations in paragraph 211.

212. Defendants admit that the quoted text in paragraph 212 reflects portions of text on slide 21 of the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 212.

213. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 213 reflects portions of statements made by Mr. Singh during QuantumScape's December 8, 2020 presentation, but deny that Plaintiff's selective quotation is complete or

presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 213.

214. Defendants deny the allegations in paragraph 214.

215. Defendants deny the allegations in paragraph 215.

216. Defendants deny the allegations in paragraph 216.

217. Defendants admit that the quoted text in paragraph 217 reflects portions of text on slide 23 of the December 8, 2020 QuantumScape Battery Showcase, but deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 217.

218. Defendants deny that the excerpted text that appears in indented quotation format in paragraph 218 accurately reflects portions of statements made by Mr. Singh during QuantumScape's December 8, 2020 presentation, and further deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 218.

219. Defendants deny the allegations in paragraph 219.

220. Defendants deny the allegations in paragraph 220.

221. Defendants deny the allegations in paragraph 221.

222. Defendants deny that the quoted text in paragraph 222 accurately reflects statements made by Mr. Singh during the December 8, 2020 QuantumScape Battery Showcase, and further deny that Plaintiff's selective quotation is complete or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and italicized font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 222.

223. Defendants deny the allegations in paragraph 223.

224. Defendants admit that QuantumScape filed a Form 8-K with the SEC on December 8, 2020, to which the Company attached a press release and the slideshow presentation. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 224 reflects portions of statements in the December 8, 2020 press release, but deny

that Plaintiff's selective quotations are complete or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and italicized font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 224.

225. Defendants deny the allegations in paragraph 225.

226. Defendants admit that slide 12 displayed during the December 8, 2020 QuantumScape Battery Showcase states "Significantly increases volumetric and gravimetric energy density by eliminating graphite/silicon anode host material." Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 226.

227. Defendants deny the allegations in paragraph 227.

228. Defendants respond that the referenced statement speaks for itself and Defendants refer to the statement for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 228.

229. Defendants admit that solid-state separators for use in electric vehicle batteries should have the ability to have lithium-ion conductivity similar to or better than today's liquid electrolytes; be chemically and electrochemically stable to lithium metal; and resist the formation of lithium-metal dendrites. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 229.

230. Defendants deny the allegations in paragraph 230.

231. Defendants admit that on December 8, 2020, The Mobilist published an article titled, "Even After You Fix the Explosions, Superbatteries Are Hard to Make." Defendants admit that the quoted text in paragraph 231 reflects portions of statements made by Mr. Singh in the article. Defendants deny that Plaintiff's selective quotations are complete or presented with full context and deny Plaintiff's characterization of Mr. Singh's statements. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 231.

232. Defendants admit that the quoted text in paragraph 232 reflects portions of statements made by Mr. Singh in the article. Defendants deny that Plaintiff's selective quotation is complete or presented with full context and deny Plaintiff's characterization of the statement.

Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 232.

233. Defendants admit that QuantumScape has measured its technical progress through testing using specific conditions and has explained the nature of those conditions. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 233.

234. Defendants deny the allegations in paragraph 234.

235. Defendants admit that QuantumScape filed a Form S-1 Registration Statement with the SEC on December 17, 2020, registering for resale 305,114,065 shares of QuantumScape Class A common stock, and 6,650,000 warrants to purchase shares of QuantumScape Class A common stock. Defendants admit that the SEC declared the registration statement effective on December 31, 2020. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 235.

236. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 236 reflects portions of QuantumScape's Form S-1 Registration Statement filed with the SEC on December 17, 2020, but deny that Plaintiff's selective quotations are complete or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and italicized font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 236.

237. Defendants deny the allegations in paragraph 237.

238. Defendants deny the allegations in paragraph 238.

239. Defendants deny the allegations in paragraph 239.

240. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 240 reflects portions of QuantumScape's Form S-1 Registration Statement filed with the SEC on December 17, 2020, but deny that Plaintiff's selective quotations are complete or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and italicized font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 240.

241. Defendants deny the allegations in paragraph 241.

242. Defendants deny the allegations in paragraph 242.

243. Defendants deny the allegations in paragraph 243.

244. Defendants deny the allegations in paragraph 244.

245. Defendants respond that the referenced statements speak for themselves and Defendants refer to the statements for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 245.

246. Defendants deny the allegations in paragraph 246.

247. Defendants admit that Mr. Singh appeared in an interview on CNBC on January 4, 2021. Defendants further aver that the Court dismissed Plaintiff's claims concerning the statements referenced in paragraph 247. *See* Order at 24 n.3 (dismissing part of the statement as not misleading and dismissing the other part as puffery). Defendants deny the allegations in paragraph 247 on the ground that they have been dismissed. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 247.

248. Defendants aver that the Court dismissed Plaintiff's claims concerning the statements referenced in paragraph 248. *See* Order at 24 n.3 (dismissing part of the statement as not misleading and dismissing the other part as puffery). Defendants deny the allegations in paragraph 248 on the ground that they have been dismissed. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 248.

249. Defendants deny the allegations in paragraph 249.

250. Defendants deny the allegations in paragraph 250.

251. Defendants admit Dr. Holme published an article on LinkedIn on January on January 14, 2021 (Pacific Standard Time), titled "A Discussion of QuantumScape's Battery Technology Performance Results." Defendants admit that the quoted text in paragraph 251 reflects portions of statements made by Dr. Holme in the article, but deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 251.

252. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 252 reflects portions of statements made by Dr. Holme in the article, but deny that

Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 252.

253. Defendants deny the allegations in paragraph 253.

254. Defendants deny the allegations in paragraph 254.

255. Defendants deny the allegations in paragraph 255.

256. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 256 reflects portions of statements made by Dr. Holme in the article, but deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 256.

257. Defendants deny the allegations in paragraph 257.

258. Defendants deny the allegations in paragraph 258.

259. Defendants deny the allegations in paragraph 259.

260. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 260 reflects portions of statements made by Dr. Holme in the article, but deny that Plaintiff's selective quotations are complete or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and italicized font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 260.

261. Defendants deny the allegations in paragraph 261.

262. Defendants deny the allegations in paragraph 262.

263. Defendants deny the allegations in paragraph 263.

264. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 264 reflects portions of statements made by Dr. Holme in the article, but deny that Plaintiff's selective quotations are complete or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and italicized font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 264.

265. Defendants respond that the referenced statement speaks for itself and Defendants refer to the statement for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 265.

266. Defendants respond that the referenced statements speak for themselves and Defendants refer to the statements for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 266.

267. Defendants deny the allegations in paragraph 267.

268. Defendants deny the allegations in paragraph 268.

269. Defendants admit that before the market opened on February 16, 2021, QuantumScape published a letter to its shareholders sharing the results of the fourth quarter 2020 and fiscal year 2020, signed by Singh and Hettrich, and that the letter includes information and charts from the December 8, 2020 presentation, but deny that Plaintiff's characterization is accurate, complete, or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 269.

270. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 270 reflects portions of statements from the February 16, 2021 QuantumScape shareholder letter, but deny that Plaintiff's selective quotation is complete or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and italicized font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 270.

271. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 271 reflects portions of statements from the February 16, 2021 QuantumScape shareholder letter, but deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 271.

272. Defendants deny the allegations in paragraph 272.

273. Defendants deny the allegations in paragraph 273.

274. Defendants deny the allegations in paragraph 274.

275. Defendants admit that on February 16, 2021, QuantumScape held its first earnings call as a public company. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 275 reflects portions of statements from the February 16, 2021

earnings call, but deny that Plaintiff's selective quotations are complete or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and italicized font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 275.

276. Defendants deny the allegations in paragraph 276.

277. Defendants deny the allegations in paragraph 277.

278. Defendants deny the allegations in paragraph 278.

279. Defendants admit that Mr. Singh appeared for an interview on February 17, 2021 on CNBC's "Squawk on the Street." Defendants admit that the excerpted text that appears in indented quotation format in paragraph 279 reflects portions of statements from the February 17, 2021 interview, but deny that Plaintiff's selective quotation is accurate, complete, or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and italicized font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 279.

280. Defendants admit that the quoted text in paragraph 280 reflects a portion of a statement that Mr. Singh made during the February 17, 2021 interview, but deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 280.

281. Defendants deny the allegations in paragraph 281.

282. Defendants deny the allegations in paragraph 282.

283. Defendants admit that on February 23, 2021, QuantumScape filed with the SEC its Form 10-K for the fiscal year ending on December 31, 2020, which Mr. Singh signed in the "Signatures" and "Power of Attorney" sections of the Form 10-K and Mr. Hettrich signed in the "Power of Attorney" section. Defendants admit that on April 26, 2021, QuantumScape filed with the SEC its Form 10-K/A (Amendment No. 1) for the fiscal year ended December 31, 2020. Defendants admit that on May 7, 2021, QuantumScape filed with the SEC its Form 10-K/A (Amendment No. 2) for the fiscal year ended December 31, 2020. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 283 purports to reflect

portions of statements from QuantumScape's February 23, 2021 Form 10-K, but deny that Plaintiff's selective quotations are accurate, complete, or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 283.

284. Defendants deny the allegations in paragraph 284.

285. Defendants deny the allegations in paragraph 285.

286. Defendants deny the allegations in paragraph 286.

287. Defendants admit that the excerpted text that appears in indented quotation format in paragraph 287 reflects portions of statements from QuantumScape's February 23, 2021 Form 10-K, but deny that Plaintiff's selective quotations are complete or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and italicized font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 287.

288. Defendants deny the allegations in paragraph 288.

289. Defendants deny the allegations in paragraph 289.

290. Defendants deny the allegations in paragraph 290.

291. Defendants deny the allegations in paragraph 291.

292. Defendants respond that the referenced statements speak for themselves and Defendants refer to the statements for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 292.

293. Defendants deny the allegations in paragraph 293.

294. Defendants admit that Mr. Singh appeared in an interview on Yahoo! Finance Live on February 25, 2021. Defendants deny that the excerpted text that appears in indented quotation format in paragraph 294 accurately reflects portions of statements from that interview, and further deny that Plaintiff's selective quotation is accurate, complete, or presented with full context. Defendants deny any emphasis added by Plaintiff through the use of bolded and italicized font. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 294.

295. Defendants deny the allegations in paragraph 295.

296. The allegations in paragraph 296 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 296.

297. Defendants deny the allegations in paragraph 297.

298. Defendants deny the allegations in paragraph 298.

299. Defendants admit that QuantumScape's solid-state battery is a key part of QuantumScape's core business. Defendants admit that QuantumScape was founded 10 years ago and, as of the date of the December 8, 2020 QuantumScape Battery Showcase, QuantumScape had invested over $300 million dollars into research and development. Defendants admit that the quoted text in paragraph 299 reflects portions of statements made during an interview with Mr. Singh on CNBC on November 27, 2020, but deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 299.

300. Defendants admit that Mr. Singh is QuantumScape's CEO and Chairman of the Board of Directors. Defendants admit that Mr. Singh began thinking about solving the limitations of lithium-ion batteries when driving a Tesla Roadster. Defendants admit that Mr. Singh began attending lectures at Stanford University in 2009 to learn more about batteries. Defendants admit Professor Prinz's research group focuses on energy issues. Defendants admit that in 2009 Professor Prinz and Dr. Holme, then a post-doctoral researcher, were working on energy storage and conversion technologies. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 300.

301. Defendants admit that QuantumScape began pursuing the development of lithium-metal solid-state battery technology after previously pursuing the invention of an all-electron battery. Defendants admit that QuantumScape hired engineers and scientists to develop its solid-state separator and battery prototype. Defendants admit that, as of the date of the December 8, 2020 QuantumScape Battery Showcase, QuantumScape had invested 10 years into research and development and over $300 million dollars into development. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 301.

302. Defendants admit that Bloomberg News published an article about QuantumScape on April 14, 2021. Defendants admit that the quoted text in paragraph 302 reflects portions of statements attributed to Dr. Holme and Mr. Singh in the Bloomberg News article, but deny that Plaintiff's selective quotations are complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 302.

303. Defendants deny the allegations in paragraph 303.

304. Defendants admit that the Scorpion Capital Report purports to have interviewed several unnamed former employees and unnamed Volkswagen employees. Defendants lack knowledge and information sufficient to form a belief as to whether the unnamed individuals were actually interviewed for this report and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 304.

305. Defendants admit that paragraph 305 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 305.

306. Defendants admit that paragraph 306 purports to cite statements from two unnamed former employees. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employees and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 306.

307. Defendants admit that paragraph 307 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by the unnamed former employee and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 307.

308. Defendants admit that Mr. Singh had access to certain testing data and that he discussed the data at the December 8, 2020 QuantumScape Battery Showcase. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 308.

309. Defendants admit that Dr. Holme had access to certain testing data. Defendants admit that the quoted text in paragraph 309 reflects a portion of a statement made in Dr. Holme's LinkedIn article from January 14, 2021, but deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny the allegations in paragraph 309.

310. The allegations in paragraph 310 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants admit that Messrs. Singh and Hettrich and Dr. Holme have a decade of leadership roles within the Company but otherwise deny the allegations in paragraph 310.

311. Defendants admit that QuantumScape is a pre-revenue company as was described in QuantumScape's Form 10-K/A (Amendment No. 2), filed with the SEC on May 7, 2021, and as explained in this Form 10-K/A filing, Defendants believe QuantumScape will continue to incur operating and net losses each quarter until at least the time it begins significant production of its lithium-metal solid-state batteries which is not expected to occur until 2024, and may occur later. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 311.

312. Defendants deny the allegations in paragraph 312.

313. Defendants admit that on December 3, 2020, QuantumScape announced in a press release that it would hold a showcase, but deny that Plaintiff's characterization is accurate, complete, or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 313.

314. Defendants admit that QuantumScape filed a Form S-1 Registration Statement with the SEC on December 17, 2020, registering for resale 305,114,065 shares of QuantumScape Class A common stock, with 61,499,989 shares that were not subject to a "lock up" agreement, and 6,650,000 warrants to purchase shares of QuantumScape Class A common stock. Defendants

further aver that this Form S-1 Registration Statement should be referred to for its complete contents. Defendants admit that the SEC declared the registration statement effective on December 31, 2020. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 314.

315. Defendants admit that QuantumScape announced an offering of 10,400,000 shares on March 25, 2021. QuantumScape announced the closing gross proceeds of $478.4 million on March 29, 2021. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 315.

316. Defendants admit that QuantumScape had incurred approximately $81 million during 2020 in operating expenses. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 316.

317. Defendants admit that, as of the date of the December 8, 2020 QuantumScape Battery Showcase, Defendants knew that QuantumScape had invested 10 years into research and development and over $300 million dollars into development. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 317.

318. Defendants admit that as of the date of the December 8, 2020 QuantumScape Battery Showcase, QuantumScape had employed hundreds of engineers and scientists to develop its technology and that QuantumScape intended to continue research and development work to make further progress on its technology consistent with its statements to investors. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 318.

319. Defendants admit that the quoted text in paragraph 319 reflects portions of statements made by Dr. Holme in a video published by QuantumScape on June 2, 2021, but deny that Plaintiff's selective quotation is complete or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 319.

320. Defendants admit the allegations in paragraph 320.

321. Defendants admit the allegations in paragraph 321.

322. Defendants deny the allegations in paragraph 322.

323. Defendants admit that the Individual Defendants knew that research and development is crucial to develop new battery technology. Defendants admit to having run over 2 million tests. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 323.

324. Defendants deny the allegations in paragraph 324.

325. Defendants deny the allegations in paragraph 325.

326. Defendants deny the allegations in paragraph 326.

327. Defendants deny the allegations in paragraph 327.

328. Defendants admit that QuantumScape was founded 10 years ago. Defendants admit that the quoted text in paragraph 328 reflects statements made by Mr. Singh during a November 27, 2020 interview on CNBC, but deny that Plaintiff's selective quotation is accurate, complete, or presented with full context. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 328.

329. Defendants deny the allegations in paragraph 329.

330. The allegations in paragraph 330 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 330.

331. Defendants deny the allegations in paragraph 331.

332. Defendants deny the allegations in paragraph 332.

333. Defendants deny the allegations in paragraph 333.

334. Defendants deny the allegations in paragraph 334.

335. Defendants deny the allegations in paragraph 335.

336. Defendants admit that Seeking Alpha published an article on January 4, 2021, prior to the market opening, authored by Brian Morin titled "QuantumScape's Solid State Batteries Have Significant Technical Hurdles To Overcome." Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 336 and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 336.

337. Defendants admit that Dr. Morin published a report concerning QuantumScape's December 8, 2020 Battery Showcase. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 337.

338. Defendants admit that QuantumScape's stock price closed at $84.45 on December 31, 2020, and closed at $49.96 on January 4, 2021, which represents a decline of 40.84%, with trading volume of 84.7 million shares. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 338.

339. Defendants admit that Scorpion Capital published a report on April 15, 2021, titled "QuantumScape (NYSE: QS) A Pump and Dump SPAC Scam by Silicon Valley Celebrities, That Makes Theranos Look Like Amateurs." Defendants admit that the quoted text in paragraph 339 reflects portions of statements in the April 15, 2021 report. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's characterization of the third-party report in paragraph 339, and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 339.

340. Defendants admit that Scorpion Capital published a report on April 15, 2021. Defendants admit that QuantumScape's stock price closed at $40.85 on April 14, 2021, and closed at $35.85 on April 15, 2021, which represents a decline of 12.24%, with trading volume of 59.0 million shares. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 340.

341. Defendants deny the allegations in paragraph 341.

342. Defendants deny the allegations in paragraph 342.

343. Defendants deny the allegations in paragraph 343.

344. Defendants deny the allegations in paragraph 344.

345. Defendants admit that QuantumScape's common stock was listed and traded on the NYSE. Defendants admit that QuantumScape files periodic public reports with the SEC. Defendants admit that QuantumScape periodically disseminates press releases using major newswire services and occasionally communicates with press organizations. Defendants admit

that QuantumScape was followed by several securities analysts employed by major brokerage firms. Defendants admit that, according to QuantumScape's Form 10-Q filed with the SEC on May 17, 2021, as of May 6, 2021, QuantumScape had 259.638 million shares of Class A stock outstanding, and 146.335 million shares of Class B stock outstanding. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 345.

346. Defendants admit that QuantumScape was followed by market participants, including securities analysts. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding the information "reviewed and analyzed by analysts and institutional investors," and, on that basis, deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 346.

347. Defendants deny the allegations in paragraph 347.

348. Defendants deny the allegations in paragraph 348.

349. Defendants deny the allegations in paragraph 349.

350. Defendants deny the allegations in paragraph 350.

351. Defendants admit that Plaintiff purports to bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of certain persons or entities who purchased QuantumScape stock. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 351.

352. Defendants deny the allegations in paragraph 352.

353. Defendants deny the allegations in paragraph 353.

354. Defendants deny the allegations in Paragraph 354

355. Defendants deny the allegations in paragraph 355.

356. Defendants repeat each and every response contained above and further respond as follows.

357. Defendants admit that Plaintiff purports to bring claims under Section 10(b) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 357.

358. Defendants deny the allegations in paragraph 358.

359. Defendants deny the allegations in paragraph 359.

360. Defendants deny the allegations in paragraph 360.

361. Defendants deny the allegations in paragraph 361.

362. Defendants deny the allegations in paragraph 362.

363. Defendants deny the allegations in paragraph 363.

364. Defendants deny the allegations in paragraph 364.

365. Defendants deny the allegations in paragraph 365.

366. Defendants repeat each and every response contained above and further respond as follows.

367. Defendants admit that Plaintiff purports to bring a claim under Section 20(a) of the Exchange Act against Messrs. Singh and Hettrich and Dr. Holme. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 367.

368. The allegations in paragraph 368 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 368.

369. The allegations in paragraph 369 contain legal conclusions as to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every allegation in paragraph 369.

370. Defendants deny the allegations in paragraph 370.

371. Defendants deny the allegations in paragraph 371.

372. Defendants deny the allegations in paragraph 372.

373. Defendants deny the allegations in paragraph 373.

374. Defendants deny the allegations in paragraph 374.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then every act or omission was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission and, thus, under Section 23(a) of the Securities Act of 1934, there is no liability for any act or omission alleged.

### Second Affirmative Defense

Each and every Defendant alleged to be a control person under Section 20(a) of the Exchange Act acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violation and causes of action.

### Third Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, because many of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain at the relevant time and, as such, were received by, or otherwise available to, Plaintiff and members of the putative class and were at all times reflected in the price of QuantumScape's securities.

### Fourth Affirmative Defense

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then the claims of Plaintiff and members of the putative class are barred, in whole or in part, because Plaintiff and members of the putative class were aware of the misstatement or omission and/or did not rely upon those in purchasing QuantumScape's securities.

### Fifth Affirmative Defense

Any recovery for damages allegedly incurred by Plaintiff or members of the putative class based on alleged violation of the Securities Exchange Act of 1934 is barred, in whole or in part, by the damages limitations in Section 21D(e) of the Exchange Act, 15 U.S.C. § 78u-4(e).

**Sixth Affirmative Defense**

Any recovery for damages allegedly incurred by Plaintiff or members of the putative class is limited to the percentage of responsibility by a defendant in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to such alleged damages, pursuant to Section 21D(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(f)(3)(A).

**Seventh Affirmative Defense**

Each Plaintiff and member of the putative class would have acquired QuantumScape's securities even if, when those securities were acquired, each Plaintiff and member of the putative class would have known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Defendants' purported liability rests.

**Eighth Affirmative Defense**

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then the claims of Plaintiff and members of the putative class are barred, in whole or in part, because such misrepresentations did not cause or were not a material causal factor in the decline in the price of QuantumScape's securities alleged in the Complaint.

**Ninth Affirmative Defense**

All or a portion of the damages alleged by Plaintiff and members of the putative class are attributable to causes other than any actions or omissions for which Defendants allegedly are responsible.

**Tenth Affirmative Defense**

The claims of Plaintiff and members of the putative class are barred, in whole or in part, because any increase or decrease in the value of QuantumScape's securities was and is, wholly or partially, the result of market conditions or other factors and not the result of any alleged wrongful conduct by Defendants.

**Eleventh Affirmative Defense**

Any recovery for damages allegedly incurred by Plaintiff or members of the putative class is subject to offset in the amount of any tax benefits or other benefits received by Plaintiff or members of the putative class through their investments.

**Twelfth Affirmative Defense**

To the extent the claims asserted by Plaintiff and members of the putative class are based on any predictions, expressions of opinion, or forward-looking statements, such claims are not actionable under the statutory safe harbor in the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-5(c)(1)(A), (B) and/or the bespeaks caution doctrine.

**Thirteenth Affirmative Defense**

The claims of Plaintiff and members of the putative class are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification and/or unclean hands.

**Fourteenth Affirmative Defense**

Plaintiff and members of the putative class are barred from claiming injury or damage, if any, because they failed to make reasonable efforts to mitigate such injury or damage, which would have prevented their injury or damages, if any.

**Fifteenth Affirmative Defense**

Plaintiff and members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

**Sixteenth Affirmative Defense**

The claims of Plaintiff and members of the putative class are barred, in whole or in part, by the doctrine of assumption of risk because the risks of investing in QuantumScape's securities were publicly disclosed to Plaintiff and the market at all relevant times. Plaintiff and members of the putative class knew or should have known the risks inherent in investing in the securities at issue and thus assumed the risk of a decline in the value of their investments.

**Seventeenth Affirmative Defense**

Defendants may be entitled to a right of contribution from other individuals or entities whose acts or omissions may have contributed to the occurrence of the alleged injury, damage and/or loss, if any, should any Plaintiff receive judgment against Defendants.

**Additional Affirmative Defenses**

Defendants may have additional, as yet unidentified defenses available against Plaintiff and/or putative class members and thus reserve the right to assert such defenses in a timely fashion after the facts to support such defenses become known to it.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that the Court enter judgment as follows:

1. That judgment be entered in favor of Defendants;

2. That Plaintiff and the putative class take nothing from Defendants by this Complaint, and that the same be dismissed with prejudice;

3. That the Court award Defendants all available costs of suit; and

4. For such other and further relief as this Court deems just and proper.

**JURY DEMAND**

In accordance with Federal Rule of Civil Procedure 38, Defendants demand a jury trial of all issues so triable, now, or in the future, in this action.

Dated: February 25, 2022

Respectfully Submitted,
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

*/s/ Ignacio E. Salceda*

IGNACIO E. SALCEDA, State Bar No. 164017
DALE BISH, State Bar No. 235390
REBECCA L. EPSTEIN, State Bar No. 168226
ANDREW FRANTELA, State Bar No. 325278
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: isalceda@wsgr.com
dbish@wsgr.com
bepstein@wsgr.com
afrantela@wsgr.com

*Attorneys for Defendants QuantumScape Corporation, Jagdeep Singh, Timothy Holme, and Kevin Hettrich*