# EXHIBIT "14"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE QUANTUMSCAPE SECURITIES   ) Case No.:

CLASS ACTION LITIGATION         ) 3-21-CV-00058-WHO

                                )

CONFIDENTIAL

REMOTELY CONDUCTED VIDEOTAPED DEPOSITION OF

FRANK J. FISH

New York, New York (Witness' Location)

Friday, August 12, 2022

Reported by:

LYDIA ZINN

RPR, FCRR, CSR No. 9223

Job No. SF 5353583

PAGES 1 - 166

Page 1

CONFIDENTIAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE QUANTUMSCAPE SECURITIES   ) Case No.:

CLASS ACTION LITIGATION         ) 3-21-CV-00058-WHO

                                )

          Confidential remotely conducted videotaped Deposition of FRANK J. FISH, taken on behalf of Defendants, at New York, New York, beginning at 12:01 p.m. Eastern Daylight Time and ending at 5:46 p.m. Eastern Daylight Time, on Friday, August 12, 2022, before LYDIA ZINN, Certified Shorthand Reporter No. 9223.

Veritext Legal Solutions
866 299-5127

CONFIDENTIAL

QuantumScape's technology?                                      12:05:09PM

A    My understanding is that it's behind schedule.

Q    I -- and we're going to get to what -- you know,

what schedule you think that is, but before we go

there, what's your understanding of QuantumScape's        12:05:29PM

technology?  What is it?

A    The crux of the issue is the solid-state battery.

Q    Anything in particular?

A    That it's not met expectations in a timely manner.

Q    Whose expectations?                                       12:05:54PM

        MR. POTREPKA:  Objection.  Form.

        THE WITNESS:  I would say the actual

shareholders and the market.

BY MR. BISH:

Q    And when you say "the shareholders," anyone in        12:06:14PM

particular?

A    I would say the Class -- Class members.

Q    With who have you spoken to that's in the Class?

        MR. POTREPKA:  Objection.  Foundation.

        THE WITNESS:  Class has not been certified        12:06:40PM

yet.

BY MR. BISH:

Q    Yeah.  I'm asking -- I'm asking you:  Who have you

spoken to that you think is in the Class?

A    Mary Cranny and Nancy Stark.                              12:06:52PM

Page 10

CONFIDENTIAL

A    The -- basically, there were false misstatements    12:13:24PM

made by executives regarding the battery technology.

MR. BISH:  Move to strike as not responsive.

Q    Want to try again with my question?

MR. POTREPKA:  Objection to the form -- if    12:13:40PM

that's a question.

THE WITNESS:  Repeat.  Repeat the question.

BY MR. BISH:

Q    When forming your understanding of the development

time line for QuantumScape's technology, did you rely    12:13:49PM

on any statements actually made by QuantumScape?

A    Yes.

Q    Which statements?

MR. POTREPKA:  Objection.  Foundation.

THE WITNESS:  Statements made by the    12:14:09PM

executive management team.

BY MR. BISH:

Q    When?

A    That would be in the Complaint.

Q    I'm not asking you what the Complaint says; I'm    12:14:21PM

asking what you personally, Mr. Fish, reviewed from

QuantumScape in developing your understanding of the

time line for the development work of -- of

QuantumScape's technology.

MR. POTREPKA:  Objection.  Form.  Asked and    12:14:40PM

Page 16

CONFIDENTIAL

men of fraud, or that you did nothing to investigate    12:47:30PM

and understand the technology that they had spent a

decade working on?

        MR. POTREPKA:  Objection.  Form.  Foundation.

Vague.  Argumentative.  It mischaracterizes testimony.    12:47:39PM

        THE WITNESS:  I can't talk to what's been

done over the past decade.

BY MR. BISH:

Q    I'm asking what you did to investigate to

understand the technology that these men worked hard to    12:47:50PM

develop over ten years.

        MR. POTREPKA:  Same objections.

        THE WITNESS:  I've investigated.  I've looked

at the Morin Report and the Scorpion Capital Report.

BY MR. BISH:    12:48:15PM

Q    Yeah.  So what is the technology that they spent

ten years working on?

        MR. POTREPKA:  Objection.  Foundation.

        THE WITNESS:  Are you asking me what the

technology is?    12:48:27PM

BY MR. BISH:

Q    I'm asking you what these men spent ten years

working on, to deliver the results outlined in

Exhibit 2.  Do you know what the technology is that is

behind these results?    12:48:41PM

Page 38

CONFIDENTIAL

A    The complaints are in the -- the fraud is in the    12:49:51PM

complaints.

Q.    I'm asking you for your understanding as the lead

plaintiff, accusing these men of fraud.  What is your

understanding?                                           12:50:02PM

MR. POTREPKA:  Same objection.

THE WITNESS:  That the solid-state battery,

lithium battery, was not up to par, as they said it

was.

BY MR. BISH:                                             12:50:13PM

Q    Which part?

A    The overall technology.

Q    And when you say "the overall technology," which

part?  What's the technology?

MR. POTREPKA:  Objection.  Foundation.                   12:50:25PM

THE WITNESS:  I can't comment on the overall

technology.

BY MR. BISH:

Q    Because you have no idea.  Right?

MR. POTREPKA:  Objection.  Argumentative.                12:50:32PM

Foundation.  And it calls for an expert opinion.

THE WITNESS:  I am not an expert in the

technology.

BY MR. BISH:

Q    I'm not asking you to be.  I'm asking you for your   12:50:42PM

Page 40

CONFIDENTIAL

THE WITNESS:  I rely upon my lawyers to put          1:15:06PM

that --

BY MR. BISH:

Q    I understand that, but I'm asking you, sitting

here today, which of these men do you believe to be          1:15:13PM

fraudsters?

A    Define "fraudsters."

Q    Somebody who committed fraud.

        MR. POTREPKA:  Objection.  Foundation.

        THE WITNESS:  The CEO, the CTO, and the CFO.          1:15:39PM

BY MR. BISH:

Q    Anybody else?

A    No.

Q    You said "the CTO."  Do you mean Dr. Tim Holme?

A    Yes.                                                      1:16:21PM

Q    What did Dr. Holme say that you believe was

fraudulent?

        MR. POTREPKA:  Objection.  Form.  Foundation.

Asked and answered.

        THE WITNESS:  That would be in the Complaint          1:16:34PM

filed by my attorneys.

BY MR. BISH:

Q    I'm asking you what you believe Mr. -- Dr. Holme

said that was fraudulent.

        MR. POTREPKA:  Same objections.                       1:16:46PM

Page 48

CONFIDENTIAL

A    Yes.                                                        5:09:30PM

Q    Is that your signature on page 3, Bates Number

-176?

A    Yes.

Q    And looking at the first page of Exhibit 27,       5:09:48PM

paragraph 4, you write:  "In deciding to invest in

QuantumScape stock, during the Class Period, I relied

on management's public statements and the price of the

company's stock."

     Do you see that?                                    5:10:09PM

A    Yes.

Q    Which management -- which public statements are

you referring to there?

        MR. POTREPKA:  Objection.  Foundation.  Calls

for a legal conclusion.                                  5:10:18PM

        THE WITNESS:  Yes.  I rely upon my attorneys,

counsel, to reflect that in the Complaint.

BY MR. BISH:

Q    Well, when you signed this document under oath,

under penalty of perjury, what public statements did    5:10:33PM

you have in mind for paragraph 4?

        MR. POTREPKA:  Objection.  Foundation.  Calls

for a legal conclusion.

        THE WITNESS:  Again, those were put in the

Complaint, so I rely upon my counsel.                    5:11:10PM

Page 146

CONFIDENTIAL

I, the undersigned, a Certified Shorthand Reporter of the State of California, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth; that any witnesses in the foregoing proceedings, prior to testifying, were placed under oath; that a verbatim record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; further, that the foregoing is an accurate transcription thereof.

I further certify that I am neither financially interested in the action nor a relative or employee of any attorney or any of the parties.

IN WITNESS WHEREOF, I have this date subscribed my name:   August 27, 2022.

LYDIA ZINN, RPR, FCRR

CSR No. 9223

Page 163

Veritext Legal Solutions
866 299-5127

CONFIDENTIAL

RE: QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION

FRANK J. FISH, JOB NO. 5353583

E R R A T A   S H E E T

PAGE_____ LINE_____ CHANGE_____

__**Please see attached sheet for errata changes.**_____

REASON_____

PAGE_____ LINE_____ CHANGE_____

_____

REASON_____

PAGE_____ LINE_____ CHANGE_____

_____

REASON_____

PAGE_____ LINE_____ CHANGE_____

_____

REASON_____

PAGE_____ LINE_____ CHANGE_____

_____

REASON_____

PAGE_____ LINE_____ CHANGE_____

_____

REASON_____

_____        ___9/21/2022____

WITNESS                                 Date

Page 166

Veritext Legal Solutions
866 299-5127

**ERRATA SHEET TO THE DEPOSITION OF FRANK J. FISH ON AUGUST 12, 2022**

I, FRANK J. FISH, have read the foregoing 162 pages of my deposition given on August 12, 2022, and wish to make the following, if any, amendments, additions, deletions or corrections:

| Page/Line | Change From | Change To | Reason |
|---|---|---|---|
| 34:15 | Don't know. | I don't know. | Transcription Error. |
| 35:13-14 | I'm not going to comment on that. | I cannot comment on that. | Transcription Error. |
| 45:22 | I do not recall that time. | I do not recall exact time. | Transcription Error. |
| 64:22-23 | I don't know where the tests were being done. | I don't know when the tests were being done. | Transcription Error. |
| 68:9 | Yeah. | Yes. | Transcription Error. |
| 72:1 | I can't be coming from that, compare notes. | I can't determine from that, compare notes. | Transcription Error. |
| 85:5 | Yeah. | Yes. | Transcription Error. |
| 85:22 | It just didn't. | I just didn't | Transcription Error. |
| 89:16 | Yeah. | Yes. | Transcription Error. |
| 91:21 | Yeah. | Yes. | Transcription Error. |
| 99:19 | As I say, | As I said, | Transcription Error. |
| 123:11-12 | I can't confirm that because that would | I can't confirm that but that would | Transcription Error. |
| 132:21 | THE WITNESS: | MR. POTREPKA: | Incorrect Speaker. |

**Errata Sheet to the Deposition of Frank J. Fish**

### ACKNOWLEDGMENT OF DEPONENT

I, Frank J. Fish, do hereby certify that I have read the foregoing pages, 1 - 162, of the Video Deposition of Frank J. Fish, Friday, August 12, 2022, and that the same is a correct transcription of the answers given by me to the questions therein propounded, except for the corrections or changes in form or substance, if any, noted in this Errata Sheet, above.

Frank J. Fish

Date: 9/21/2022

Confidential – Attorneys' Eyes Only