**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
1160 Battery Street East Suite 100 - #3425
San Francisco, CA 94111
Tel: 415-373-1671
Fax: 415-484-1294
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Lead Plaintiff Frank Fish,
Plaintiffs Kathy Stark and Mary Cranny,
and the Class*

[Additional counsel on signature blocks]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | Case No. 3:21-CV-00058-WHO |
| | **PLAINTIFFS' MOTION FOR THE COURT TO ISSUE LETTERS OF REQUEST UNDER THE HAGUE EVIDENCE CONVENTION** |
| | Honorable William H. Orrick |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that Plaintiffs, by and through their counsel of record, hereby move the Court to issue Letters of Request under the Hague Evidence Convention, pursuant to the Federal Rules of Civil Procedure 28(b). The grounds for the motion are set forth in the attached Memorandum of Law in Support of Plaintiffs' Motion for the Court to Issue Letters of Request under The Hague Evidence Convention and the exhibits attached thereto. The Letters of Request attached as Exhibit A are directed to the Central Authority of Germany and seek that authority's assistance in obtaining deposition testimony from German residents (1) Frank Blome, a director of Defendant QuantumScape Corporation ("QuantumScape"), and an executive of the Volkswagen AG ("Volkswagen"), (2) Ulrich Mähr (also spelled in English as "Maehr"), Volkswagen's Team Leader of Lithium-Ion Simulation, and (3) Stephan Koch, Volkswagen's Project Manager, Battery Cell Development.

Counsel for the parties, including lead counsel and Defendants' counsel, met and conferred on a number of occasions, including in person, regarding Mr. Blome's deposition and the depositions of Mssrs. Mähr and Koch.  During the discussions, which took place on September 28, 2023, and November 8, 2023, counsel for QuantumScape informed Plaintiffs' counsel that QuantumScape takes no position on this motion.

Plaintiffs respectfully request that their motion for letters of request be granted.  Plaintiffs will obtain certified German translations of the Letters of Request upon granting of this motion.

Dated: November 21, 2023

**LEVI & KORSINSKY, LLP**

By:  _/s/  Adam C. McCall_
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
1160 Battery Street East Suite 100 - #3425
San Francisco, CA 94111
Tel: 415-373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

Nicholas Ian Porritt (admitted *pro hac vice*)

Max E. Weiss (admitted *pro hac vice*)
LEVI & KORSINSKY, LLP
1101 Vermont Ave. NW Suite 700
Washington, D.C. 20005
Telephone: (202) 524-4290
nporritt@zlk.com
mweiss@zlk.com

*Lead Counsel for Plaintiff Frank Fish, Plaintiffs Kathy Stark and Mary Cranny, and the Class*

Case No. 3:21-cv-00058-WHO
PLTFS' MOT. FOR ISSUANCE OF LTRS. OF REQUEST PURSUANT TO
THE HAGUE EVIDENCE CONVENTION

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
1160 Battery Street East Suite 100 - #3425
San Francisco, CA 94111
Tel: 415-373-1671
Fax: 415-484-1294
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Lead Plaintiff Frank Fish,*
*Plaintiffs Kathy Stark and Mary Cranny,*
*and the Class*

[Additional counsel on signature blocks]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | Case No. 3:21-CV-00058-WHO |
| | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR THE COURT TO ISSUE LETTERS OF REQUEST UNDER THE HAGUE EVIDENCE CONVENTION** |
| | Honorable William H. Orrick |

## I.  INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs, by and through their undersigned counsel, respectfully apply for the issuance by this Court of Letters of Request in the form attached hereto as Exhibit A, addressed to the Central Authority of Germany, for judicial assistance in the taking of a deposition upon oral examination of German residents (1) Frank Blome, a director of Defendant QuantumScape Corporation ("QuantumScape"), and an executive of Volkswagen AG (known internationally as the Volkswagen Group), (2) Ulrich Mähr (also spelled in English as "Maehr"), Volkswagen's Team Leader of Lithium-Ion Simulation, and (3) Stephan Koch, Volkswagen's Project Manager, Battery Cell Development.  This application is made pursuant to, and in conformity with, The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, T.I.A.S. No. 7444, reprinted at 28 U.S.C. § 1781 ("Hague Evidence Convention"), which is in force between the United States and Germany.

Plaintiffs believe that Mr. Blome has information that is relevant to the claims in this action. QuantumScape has stated that it takes no position on this motion, but will not otherwise agree to make Mr. Blome, a QuantumScape director since 2020, but a resident of Germany, available for deposition.  Plaintiffs also believe that Mssrs. Mähr and Koch have information relevant to this action.

Plaintiffs' only reasonable option is to seek the deposition of Mssrs. Blome, Mähr and Koch pursuant to the Hague Evidence Convention. Because of the extensive time that processing and enforcement of a Letter of Request under the Hague Evidence Convention normally takes, Plaintiffs move for issuance of Letters of Request by these motion papers.

"When a party fails to secure a witness' voluntary cooperation by notice or commission procedure, it may seek discovery via a letter ... of request from an American judge for the assistance of a foreign judicial authority." *Pain v. United Techs. Corp.*, 637 F.2d 775, 788 (D.C. Cir. 1980), *cert. denied*, 454 U.S. 1128 (1981), *overruled on other grounds by Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981).  Issuance of the Letters of Request under the Hague Evidence

Convention is a proper method for obtaining documents and for the taking of testimony of non-party witnesses residing abroad.[1] *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct., S.D. Iowa*, 482 U.S. 522, 541 (1987). A letter of request may be issued on application and notice and on terms that are appropriate. Fed. R. Civ. P. 28(b); *see also* 28 U.S.C. § 1781. In assessing whether to grant such a motion, courts may consider relevant factors, including the likely effectiveness of the Hague Evidence Convention procedures, the importance of the requested information to the litigation, the degree of specificity of the request, and the availability of alternative means of securing that evidence. *Aerospatiale*, 482 U.S. at 544 n. 28. Courts in this district routinely issue such Letters of Request. *See Teradata Corp. v. SAP SE*, 18-cv-03670-WHO (JCS), 2020 WL 12894418, at *2 (N.D. Cal. Apr. 7, 2020) and Dkt. No. 250 (issuing letters as conformed to Court's order relating to case description); *S.E.C. v. Leslie*, No. C 07-03444 JF (PVT), Dkt. 100 (N.D. Cal.); *see also MicroTechnologies, LLC v. Autonomy, Inc.*, No. 15CV02220RMWHRL, Dkt. 38 (N.D. Cal.).

**II.     The Testimony Sought Is Highly Relevant and Cannot Be Obtained By Other Means**

As alleged in Plaintiffs' Second Amended Complaint ("SAC"), QuantumScape had entered into a joint venture with Volkswagen for the production of QuantumScape's prospective new solid-state lithium-ion battery, which is the subject of this lawsuit, and about which Plaintiffs allege QuantumScape made false claims. Dkt. No. 164, ¶162. QuantumScape highlighted that Volkswagen was its largest investor and invoked Volkswagen's financial support in reassuring investors about QuantumScape's battery technology. *Id.* During the relevant period Volkswagen also conducted numerous tests of QuantumScape's battery technology. All the individuals whose testimony is sought were employed by Volkswagen and were familiar with its testing of QuantumScape's battery product during the relevant period, and/or communicated with

---

[1] It is Plaintiffs' position that, because Mr. Blome has been a director of QuantumScape since 2020, he is a party witness whose testimony should be provided pursuant to a deposition notice. However, since Defendants' counsel have informed Plaintiffs that they will not voluntarily make Mr. Blome available for deposition, Plaintiffs seek his deposition by these Letters of Request.

MEM. OF LAW IN SUPP. OF PLTFS' MOT. FOR ISSUANCE OF LTRS. OF REQUEST PURSUANT TO THE
HAGUE EVIDENCE CONVENTION

QuantumScape about those tests. Indeed, recent deposition testimony has confirmed that Volkswagen held regular meetings about the status of QuantumScape's battery development during the relevant period.

**Frank Blome**

Due to Volkswagen's interest in QuantumScape's battery technology, the then-Head of the Battery Center of Excellence of Volkswagen AG, Frank Blome, became a Director of QuantumScape beginning September 2020, and remains a QuantumScape Director today. Through both of his roles, Mr. Blome has personal knowledge of information relevant to this case. As Volkswagen's representative on QuantumScape's Board, Mr. Blome kept tabs on QuantumScape's battery technology, which was the primary purpose for Volkswagen's investment in QuantumScape. As Head of Volkswagen's Battery Center of Excellence in Germany, Mr. Blome oversaw matters concerning battery testing, including the testing of QuantumScape's battery. Indeed, during QuantumScape's December 2020 Battery Day presentation during which Plaintiffs allege Defendants made numerous false and misleading statements about the state of QuantumScape's battery technology and testing methods, QuantumScape invoked Mr. Blome to come out with a brief statement in support of QuantumScape's battery technology, although Mr. Blome was not made available to analysts for any follow-up questioning. *See* Ex. 2 (Dec. 8, 2020, Battery Day Transcript, pp.29-30), Ex. 3 (Dec. 8, 2020, Battery Day Presentation slide 24). In that brief statement, Mr. Blome claimed that Volkswagen had "tested various QuantumScape cells" at its Battery Center of Excellence in Salzgitter, Germany, and that "the results look very promising," without further elaboration. Ex. 2 at 30.

The testimony that Plaintiffs seek from Mr. Blome is relevant because, as QuantumScape's primary partner and investor in developing QuantumScape's new battery, Volkswagen had access to numerous reports about and tests of the battery's technology, some of which as Mr. Blome noted were conducted at Volkswagen's own facilities in Germany. For Volkswagen, it was important

MEM. OF LAW IN SUPP. OF PLTFS' MOT. FOR ISSUANCE OF LTRS. OF REQUEST PURSUANT TO THE HAGUE EVIDENCE CONVENTION

that QuantumScape's battery technology meet commercial requirements, given its hope to use QuantumScape's battery in Volkswagen's cars, and co-produce the battery, if it ever met commercial standards. For example, while QuantumScape management claimed that all that remained for commercialization was for QuantumScape to "ramp up production" as the "science risk was behind" it, Mr. Blome was in a position to know whether Volkswagen (or he) had observed or discussed the formation of dendrites – a known solid-state battery killer – on QuantumScape's battery cells.  *See* SAC, Dkt. No. 164, ¶¶63-65, 162, 164-66, 306.

Documents produced in the litigation thus far indicate Volkswagen's communications with QuantumScape.  But the Volkswagen employees who dealt with QuantumScape, including Mr. Blome, reside in Germany.  As both Head of Volkswagen's Battery Center of Excellence, and a QuantumScape director, Mr. Blome had extensive access to the actual status of the QuantumScape battery – the primary reason for Volkswagen's investment in QuantumScape and for his oversight role at QuantumScape. Moreover, Mr. Blome had direct access to, and conversations with, the Individual Defendants.  Thus, given Mr. Blome's access to the Individual Defendants, and to the results of the battery's testing and progress during the relevant period, his testimony will be of high relevance to this case. Further, Mr. Blome may also possess information that is relevant to QuantumScape's defenses, particularly as Defendants have previously invoked Volkswagen's purported "validation," including Mr. Blome's above-noted comments, as a defense. For these reasons, Plaintiffs petition this Court to issue Letters of Request for Mr. Blome's deposition.

Because QuantumScape and Mr. Blome have not voluntarily agreed to provide Mr. Blome's deposition testimony and have taken the position that he (like other Volkswagen employees who dealt with QuantumScape) is not subject to this Court's subpoena power as a resident of Germany, Plaintiffs' only option is to obtain evidence through the provisions of the Hague Evidence Convention. The attached Letters of Request are narrowly tailored to allow the parties to obtain crucial information from a person who is highly likely to have direct knowledge regarding , *inter alia*, (i) whether Volkswagen – QuantumScape's partner for commercialization –

believed that QuantumScape's battery was ready for commercialization, with the "science risk behind" it; (ii) whether all that remained was for QuantumScape to "ramp up production," or whether significant obstacles remained in Volkswagen's, or in his own view as the Head of Volkswagen's Battery Center and QuantumScape director, and from his interaction with the Individual Defendants; and (iii) whether the Individual Defendants acted with scienter.

**Ulrich Mähr**

As Team Leader of Lithium-Ion Simulation, Mr. Mähr was familiar with, and involved in the testing of QuantumScape's battery product during the relevant time period, and communicated about it with QuantumScape, as numerous documents produced in this litigation confirm. Moreover, recent testimony has confirmed that Mr. Mähr was one of the main Volkswagen employees QuantumScape dealt with.

Accordingly, by virtue of his familiarity with the results of Volkswagen's testing of QuantumScape's battery, as well as his communications with QuantumScape regarding the results of that testing during the relevant period, Mr. Mähr will be able to provide highly relevant testimony on the key issues of (i) whether Volkswagen believed that QuantumScape's battery was ready for commercialization, with the "science risk behind" it; (ii) whether all that remained was for QuantumScape to "ramp up production," or whether significant obstacles remained in Volkswagen's, or in his own view as someone familiar with Volkswagen's testing and internal discussion, and from his interaction with QuantumScape; and (iii) whether QuantumScape was aware of Volkswagen's concerns.

Additionally, Defendants have argued that certain documents that appear to show Volkswagen's concerns about the commercial viability of QuantumScape's battery product are misunderstood by Plaintiffs and otherwise dispute their significance. Mr. Mähr can clarify the meaning of such documents and his, and Volkswagen's, position on such issues.

**Stephan Koch**

Similarly, documents produced in this litigation show that, as Volkswagen's Project Manager, Battery Cell Development, Mr. Koch was familiar with, and involved in the testing of QuantumScape's battery product during the relevant time period and communicated about it with QuantumScape.

Accordingly, due to his familiarity with Volkswagen's testing of QuantumScape's battery, and his communications with QuantumScape regarding the results of that testing during the relevant period, Mr. Koch will be able to provide highly relevant testimony on the key issues of (i) whether Volkswagen believed that QuantumScape's battery was ready for commercialization, with the "science risk behind" it; (ii) whether all that remained was for QuantumScape to "ramp up production," or whether significant obstacles remained in Volkswagen's, or in his own view as someone familiar with Volkswagen's testing and internal discussion, and from his interaction with QuantumScape; and (iii) whether QuantumScape was aware of Volkswagen's concerns.

Like Mr. Mähr, Mr. Koch can clarify the significance of several Volkswagen documents that appear to show Volkswagen's concerns about the commercial viability of QuantumScape's battery, which QuantumScape has argued Plaintiffs "misunderstand."

Finally, although for practical reasons, the depositions of Mssrs. Blome, Mähr and Koch may not be able to go forward until after the current close of fact discovery, they should be able to proceed well before the parties' dispositive motions, the hearing on which is currently set for October 16, 2024.  Dkt. No. 190.

## III.    CONCLUSION

For the reasons set forth above, Plaintiffs request that the Court approve and sign the attached Letters of Request. Plaintiffs further request that, after the Court signs the Letters of Request, the Clerk of this Court authenticate the Court's signature under the seal of this Court and that the Letters of Request be thereafter returned by the Clerk to counsel for Plaintiffs.  Counsel will promptly obtain certified German translations of the Letters of Request and transmit the

Letters to the Central Authorities of Germany for execution in conformity with Article 2 of The Hague Evidence Convention.

Dated: November 21, 2023

**LEVI & KORSINSKY, LLP**

By: _/s/ Adam C. McCall_
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
1160 Battery Street East Suite 100 - #3425
San Francisco, CA 94111
Tel: 415-373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

Nicholas Ian Porritt (admitted *pro hac vice*)
Max E. Weiss (admitted *pro hac vice*)
LEVI & KORSINSKY, LLP
1101 Vermont Ave. NW Suite 700
Washington, D.C. 20005
Telephone: (202) 524-4290
nporritt@zlk.com
mweiss@zlk.com

*Lead Counsel for Plaintiff Frank Fish, Plaintiffs Kathy Stark and Mary Cranny, and the Class*