# Exhibit A

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS TO THE APPROPRIATE JUDICIAL AUTHORITY IN GERMANY**

TO:  Niedersächsisches Justizministerium

| | |
|---|---|
| 1.  SENDER: | Adam C. McCall<br>Levi & Korsinsky, LLP<br>1160 Battery Street East<br>Suite 100 - #3425<br>San Francisco, CA 94111<br>USA |
| 2.  CENTRAL AUTHORITY OF REQUESTED STATE: | Das Niedersächsisches Justizministerium<br>Am Waterlooplatz 1<br>30169 Hannover<br>Germany |
| 3.  PERSONS TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED: | Adam C. McCall<br>LEVI & KORSINSKY, LLP<br>1160 Battery Street East<br>Suite 100 - #3425<br>San Francisco, CA 94111<br>USA<br><br>Rebecca Epstein<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA  94304<br>USA |

4.    DATE BY WHICH REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST:

This Letter of Request is of an urgent nature as ordinary fact discovery in this matter is coming to a close, and expert discovery is scheduled to close May 10, 2024.  The Letter of Request was not initiated previously because Plaintiffs state that Volkswagen A.G. only recently began producing documents indicating the nature and extent of its involvement in the testing of QuantumScape Corporation's battery product pursuant to Plaintiffs' request under U.S. Federal Rule of Civil Procedure 26, and that those documents confirm that Mr. Frank Blome, Mr. Ulrich Mähr and Mr. Stephan Koch were privy to Volkswagen's testing of QuantumScape's battery, and provide a more informed basis for their questioning during a deposition.  Additionally, Defendants recently informed Plaintiffs that they would not voluntarily make Mr. Blome available for deposition, and that Plaintiffs should seek these Letters of Request.  Further, recent testimony of a QuantumScape executive confirmed that QuantumScape held weekly and monthly meetings with Volkswagen about the status of QuantumScape's battery.  Because of the short time remaining for discovery, Plaintiffs have no choice but to request the assistance of the German legal system to obtain this relevant information.  A deposition of these persons within a reasonable period of time after the discovery cut-off may be permissible to the extent it does not prejudice either party in connection with anticipated summary judgment motions, currently scheduled for the second half of

2024.

In conformity with Article 3 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), the undersigned Applicant has the honor to submit the following request:

| | |
|---|---|
| 5(a) REQUESTING JUDICIAL AUTHORITY: | The Honorable William H. Orrick<br>Senior United States District Judge<br>United States District Court for the<br>Northern District of California<br>San Francisco Courthouse<br>450 Golden Gate Avenue,<br>San Francisco, CA  94102<br>USA |
| (b) TO THE COMPETENT AUTHORITY OF: | Germany |
| (c) CASE NAME AND NUMBER: | IN RE QUANTUMSCAPE CORPORATION SECURITIES CLASS ACTION LITIGATION<br><br>Case No. 3:21-cv-00058-WHO |

6.  NAMES AND ADDRESSES OF PARTIES AND REPRESENTATIVES:

| | |
|---|---|
| (a) Plaintiff 1: | Frank Fish<br>*Care of Plaintiffs' Counsel*<br>*at address listed below* |
| Plaintiff 2: | Kathy Stark<br>*Care of Plaintiffs' Counsel*<br>*at address listed below* |
| Plaintiff 3: | Mary Cranny<br>*Care of Plaintiffs' Counsel*<br>*at address listed below* |
| Counsel for Plaintiffs 1, 2, and 3: | Nicholas I. Porritt<br>Adam C. McCall<br>LEVI & KORSINSKY, LLP<br>1160 Battery Street East<br>Suite 100 - #3425<br>San Francisco, CA 94111<br>USA |
| (b) Defendant 1: | QuantumScape Corporation<br>*Care of Defendants' Counsel*<br>*at address listed below* |
| Defendant 2: | Jagdeep Singh<br>*Care of Defendants' Counsel*<br>*at address listed below* |

2

Defendant 3:                                 Kevin Hettrich
                                             *Care of Defendants' Counsel*
                                             *at address listed below*

Defendant 4:                                 Timothy Holme
                                             *Care of Defendants' Counsel*
                                             *at address listed below*

Counsel for Defendants 1, 2, 3 and 4:        Ignacio E. Salceda
                                             Dale Bish
                                             Rebecca L. Epstein
                                             Andrew Frantella
                                             WILSON SONSINI
                                             GOODRICH & ROSATI
                                             650 Page Mill Road
                                             Palo Alto, CA  94304
                                             USA

7. NATURE OF THE PROCEEDINGS AND SUMMARY OF THE COMPLAINT AND COUNTERCLAIMS:

(a) <u>Nature of the Proceedings</u>.  The proceeding for which Applicant requests oral testimony from the witnesses listed in Section 9 below is a civil action filed by Lead Plaintiff Frank Fish and additional Plaintiffs Kathy Stark and Mary Cranny as a class action on behalf of a class of purchasers of the securities of QuantumScape Corporation ("QuantumScape") during the period November 27, 2020 through April 14, 2021.  This case is both civil and commercial in nature and does not involve the litigation of any issue arising under criminal law, domestic or family law, nor does it involve the recovery of any tax.

(b)    <u>Summary of the Complaint/Counterclaims</u>.  Plaintiffs' Complaint alleges claims brought under the United Stated federal securities laws, specifically, the Securities Exchange Act of 1934 (15 U.S.C. §78a, *et seq.*), Sections 10(b) and 20(a), and United States Securities and Exchange Commission Rule 10b-5, based on Defendants' alleged misrepresentations and omissions to the investing public.  Defendants deny these allegations.

This case concerns statements and alleged failures to disclose material facts by QuantumScape about its new solid-state battery technology.  Specifically, during the relevant period, QuantumScape was working on a new solid-state lithium-ion battery technology for use in electric vehicles.  In its public presentations and statements, Defendants made certain statements and published test results that Plaintiffs allege were false and misleading, and failed to disclose, among other things, that the testing Defendants cited was compromised, that QuantumScape's battery prototype in fact did not perform as represented, and that QuantumScape's battery was not as close to being commercially viable as Defendants had represented.  Plaintiffs further allege that when certain industry and market analysts ultimately published reports that described various ways in which QuantumScape's statements and presentations about its battery technology and test results were untrue or misleading, or failed to disclose material facts, the price of QuantumScape securities declined dramatically, causing investors such as Plaintiffs and the class of investors they represent substantial monetary losses.  Plaintiffs have brought this lawsuit to recover such losses.

During the relevant period, one of the members of QuantumScape's Board of Directors was

Mr. Frank Blome. Mr. Blome still remains a QuantumScape director.  Prior to and during that period, Mr. Blome was also Head of the Battery Center of Excellence of Volkswagen AG. Volkswagen had made a large investment in QuantumScape and, through a joint venture, had agreed to jointly produce the QuantumScape battery if and when it was ready for commercial production.  In this connection, Volkswagen conducted various tests of QuantumScape's battery in Germany, and Mr. Blome came to serve on QuantumScape's Board.   Plaintiffs contend that Mr. Blome is knowledgeable about the true status of QuantumScape's battery at the time the Defendants made the allegedly false and misleading statements about it.  Similarly, Plaintiffs contend that documents produced in this litigation have shown that Mr. Mähr and Mr. Koch were also privy to the testing by Volkswagen of QuantumScape's battery product, and communicated with QuantumScape about it.

8.  EVIDENCE TO BE OBTAINED:

The requesting judicial authority respectfully requests the Central Authority of Germany to cause the witnesses, Frank Blome, Ulrich Mähr and Stephan Koch to appear and give testimony. During the time period relevant to this lawsuit, Mr. Blome was a Director of Defendant QuantumScape Corporation, and was also the Head of the Battery Center of Excellence of Volkswagen AG, which performed testing on QuantumScape's battery prototype.  Ulrich Mähr was Volkswagen's Team Leader of Lithium-Ion Simulation; and Stephan Koch was Volkswagen's Project Manager, Battery Cell Development.  Through their positions, each of these individuals was familiar with Volkswagen's testing of QuantumScape's battery product during the relevant time period, and communicated with QuantumScape about it.  Such testimony is expected to  be used as evidence at trial and is described in further detail in Section 10 below.

The requesting judicial authority has further determined the testimony sought herein may be taken for use at trial in lieu of a personal appearance by this witness.  After reviewing the moving papers submitted in support of the motion for issuance of this Letter of Request, this Court is satisfied that the Letter of Request is necessary and convenient to produce evidence that will assist this Court in the resolution of certain issues to be decided during trial of the matter.

9.  IDENTITY AND ADDRESS OF PERSONS TO BE EXAMINED:

> Frank Blome
> PowerCo SE
> Industriestraße Nord
> D-38239 Salzgitter
> GERMANY
>
> Ulrich Mähr
> PowerCo SE
> Industriestraße Nord
> D-38239 Salzgitter
> GERMANY
>
> Stephan Koch
> Volkswagen AG
> Berliner Ring 2, 38440 Wolfsburg
> GERMANY

10. STATEMENT OF THE SUBJECT MATTER ABOUT WHICH THE WITNESSES ARE TO

BE EXAMINED:

It has been represented to this Court that the examination of Frank Blome, a director of Quantumscape and former Head of the Battery Center of Excellence of Volkswagen AG now residing in Germany, is necessary for the due determination of the matters in dispute between the parties.  Plaintiffs seek to take the testimony of Mr. Blome on the central issue of whether the state of QuantumScape's battery product was as Defendants represented at that time.  As Head of Volkswagen's Battery Center of Excellence, Mr. Blome had supervisory authority over testing that Volkswagen conducted of QuantumScape's battery product in Germany during the relevant period.  Plaintiffs contend that because Volkswagen invested significant money in QuantumScape to help it develop the battery and, through a joint venture, hoped to use it in its vehicles if it ever met commercial standards, it paid great attention to the status of the battery's development, whether it was commercially viable, and when it might be ready for commercial production, all central issues in the case.  As Head of Volkwagen's Battery Center, Mr. Blome received reports on Volkswagen's testing, and as a Director of QuantumScape he had additional opportunity to keep informed of the state of QuantumScape's battery, and to discuss it with QuantumScape's management and the Defendants in this case.  Mr. Blome also spoke briefly at a December 8, 2020 QuantumScape Battery Day presentation, an important event in this case, about his view of QuantumScape's battery product.  In addition, QuantumScape has pointed to Volkswagen's investment in QuantumScape, and Mr. Blome's comments at QuantumScape's December 8, 2020 presentation, as part of its defense in this case.

The scope of the requested evidence concerns matters within Mr. Blome's personal knowledge (i) during his tenure with Volkswagen AG, specifically the testing Volkswagen performed on QuantumScape's battery, and his knowledge regarding the status and commercial viability of QuantumScape's battery, as well as his communications about this with QuantumScape, and (ii) during his tenure as a QuantumScape director, specifically, the status and commercial viability of QuantumScape's battery, and his communications with QuantumScape senior management and employees about this, as well as the status of the QuantumScape-Volkswagen joint venture to jointly produce the battery if it ever became commercially viable.

It has also been represented to this Court that the testimony of Mr. Mähr, who was Volkswagen's Team Leader of Lithium-Ion Simulation, is necessary for the determination of the central disputed issue in this case of whether the state of QuantumScape's battery product was as Defendants represented at that time.  Plaintiffs contend that, as Volkswagen's Team Leader of Lithium-Ion Simulation, Mr. Mähr was heavily involved in the testing and review of testing results of QuantumScape's battery product, financing negotiations, and negotiations related to the joint venture between QuantumScape and Volkswagen, and being present in California – where QuantumScape is located – for at least part of the relevant period, communicated with QuantumScape about the results of that testing,

It has also been represented to this Court that the testimony of Mr. Koch, who was Volkswagen's Project Manager, Battery Cell Development, is necessary for the determination of the key issue in this case of whether the state of QuantumScape's battery product was as Defendants represented at that time.  As Volkswagen's Project Manager, Battery Cell Development, Mr. Koch was also heavily involved in the testing and review of testing results of QuantumScape's battery product, financing negotiations, and negotiations related to the joint venture between QuantumScape and Volkswagen, and Plaintiffs contend that documents produced by QuantumScape and Volkswagen show that he also communicated with QuantumScape about the results of that testing.

Plaintiffs further contend that certain documents produced by QuantumScape and

5

Volkswagen show that Volkswagen, including the individuals mentioned above, made statements that contradicted QuantumScape's public claims about the status of its battery; and that Defendants have argued that Plaintiffs are misinterpreting those documents. Accordingly, Plaintiffs seek the testimony of these individuals to explain the meaning of such statements.

Additionally, QuantumScape has pointed to Volkswagen's continued investment in and relationship with QuantumScape as part of its defense in this case in suggesting this meant Volkswagen believed QuantumScape's battery was commercially viable at the time. Plaintiffs contend that the testimony of the individuals at Volkswagen involved with the testing and communications with QuantumScape is necessary to determine the factual bases of this defense.

Finally, the witnesses may be asked to confirm the authenticity of certain documents significant to this case that they appear on, and had sent or received in the course of their business at Volkswagen.

11. DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED: None.

12 and 13. SPECIAL PROCEDURES REQUESTED PURSUANT TO ARTICLES 3 and 9 OF THE CONVENTION:

General Procedures:

In the event the taking of evidence by the manner requested by this Request is incompatible with the laws of Germany or is impossible to perform by reason of internal practice and procedure or practical difficulties in Germany, it is respectfully requested that the evidence be taken in such other similar manner as is provided by the laws of Germany for the formal taking of oral testimony.

It is respectfully requested that: (a) the witnesses' oral evidence be taken under oath or affirmation administered by an appropriate authority or person authorized to administer oaths under the laws of Germany; (b) the taking of testimony proceeds in the English language upon direct oral examination and cross-examination by counsel for the parties in the pending action, unless the witnesses request the testimony be taken in German, in which case counsel for Plaintiffs will provide a translator in this language; (c) the testimony of the witnesses be reduced to a verbatim transcript by a qualified reporter or shorthand writer; (d) upon completion of the taking of testimony, the transcript be sworn to by the witnesses and returned to the person(s) named in Section 3 above; and (e) the parties may videotape the taking of testimony. In addition, it is respectfully requested that the Central Authority of Germany serve the witnesses with the appropriate notice in accordance with German law.

Confidentiality of Testimony:

All confidential information disclosed in this litigation is subject to a Stipulated Protective Order ("Protective Order," attached as Exhibit 1), which is designed to protect producing entities from the unauthorized use and/or disclosure of trade secrets and other proprietary information. The Protective Order provides, among other things, that "[t]he terms of this Order are applicable to information produced by a Non-Party in this action and designated as 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' or 'HIGHLY CONFIDENTIAL – SOURCE CODE.' Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections." Exhibit 1 at ¶10(a). The Protective Order includes within its scope any information revealed through deposition testimony. (*Id.* at ¶¶ 2.6, 3.) Accordingly, this Court has expressly given Mssrs. Blome, Mähr and Koch and/or Volkswagen AG the right to designate any confidential information given in response

to this Request as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order.  Access to information  designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE is generally limited to counsel for the parties in the case, as well as their employees, and experts in the case, to the extent reasonably necessary for purposes of this litigation, provided that they have signed the undertaking to abide by the terms of the Protective Order that is attached thereto.  *Id*. at ¶¶ 7.3-7.4.  Additionally, any party seeking to disclose information to experts must identify those experts and give the party or non-party designating the information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" an opportunity to object to its production.  *Id*. at ¶ 7.4.  Further, materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" must be stored in a password protected form.  *Id*. at ¶ 7.1.

14.  REQUEST FOR NOTIFICATION OF TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF PERSONS TO BE NOTIFIED:

In the absence of an agreement for Mssrs. Blome, Mähr and Koch to appear outside Germany for giving testimony in this matter, it is respectfully requested that the Central Authority of Germany establish the time for the taking of testimony as soon as possible during the months of November-December 2023, or a later time as agreed by the parties.  When the time and place for the execution of the request are designated by the Competent Authority, notification is requested to be delivered to the following:

> Adam C. McCall
> LEVI & KORSINSKY, LLP
> 1160 Battery Street East
> Suite 100 - #3425
> San Francisco, CA 94111
> USA
>
> Rebecca Epstein
> WILSON SONSINI GOODRICH & ROSATI
> 650 Page Mill Road
> Palo Alto, CA 94304
> USA

15 and 16.  NOT APPLICABLE.

17.  FEES AND COSTS:

The fees and costs, if any, which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention, will be borne by Plaintiffs.

DATE OF REQUEST:  _____, 2023

SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY:

_____
The Honorable William H. Orrick
United States Senior District Judge

7

Schedule A

### PLAINTIFFS' TOPICS OF QUESTIONING FOR FRANK BLOME







Schedule B

PLAINTIFFS' TOPICS OF QUESTIONING FOR ULRICH MÄHR



11







14

Schedule C

PLAINTIFFS' TOPICS OF QUESTIONING FOR STEPHAN KOCH



15





17

