UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH MALRIAT, et al.,

        Plaintiffs,

    v.

QUANTUMSCAPE CORPORATION, et al.,

        Defendants.

Case No. 3:21-cv-00058-WHO

**ORDER GRANTING MOTION FOR THE ISSUANCE OF LETTERS ROGATORY**

Re: Dkt. No. 194

The plaintiffs in this case move for the issuance of letters rogatory under the Hague Evidence Convention to take evidence from three individuals in Germany: Frank Blome, a director at defendant QuantumScape and formed Head of the Battery Center of Excellence for third-party Volkswagen AG; Ulrich Mähr (Maehr), the Team Leader of Lithium-Ion Simulation at Volkswagen; and Stephan Koch, the Project Manager of Battery Cell Development at Volkswagen. [Dkt. No. 194]. For the following reasons, their motion is GRANTED.

A letter rogatory (or, sometimes, a "letter of request") "is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (citations omitted). Ordinary discovery standards generally apply to requests for evidence taken pursuant to a latter rogatory. *See Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021, 2014 WL 631537, at *2 (N.D. Cal. Feb. 18, 2014). Accordingly, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. Proc. 26(b)(1). The issuance of a letter rogatory is a matter of discretion, but it should generally be granted unless the opposing parties shows good cause to deny it, or the court concludes that it is an abuse of the discovery process. *Radware*, 2014 WL 631537, at *2 (collecting cases).

QuantumScape does not oppose the plaintiffs' motion. I have reviewed the requested discovery and find it sufficiently relevant to the plaintiffs' claims and defenses. In brief, the plaintiffs filed securities claims against QuantumScape asserting that the company misrepresented that their battery technology was significantly more developed and successful than it actually was. *See* [Dkt. No. 183]. Volkswagen invested in QuantumScape and its batteries, *see id.* at 13, and some of the plaintiffs' allegations concern Volkswagen and its role as an investor and potential future producer and consumer of the battery technology, *see* [Dkt. No. 164] ¶¶ 124, 162, as well as Volkswagen's knowledge about the status of the technology's development, *id.* ¶ 306. The plaintiffs also argue that Volkswagen conducted tests of QuantumScape's battery technology. [Dkt. No. 194] at 3. According to the plaintiffs, each of the three individuals in Germany worked or work for Volkswagen and are familiar with those tests and concerns about the technology, and each has other information relevant to the plaintiffs' claims. *Id.* at 3-7. QuantumScape will not make Blome, currently a QuantumScape employee, available for a deposition, *see id.*, and Mähr and Koch are not employees. As a result, the plaintiffs seek to depose each person with the assistance of the Central Authority of Germany. *See id.*

The plaintiffs' proposed letters rogatory and its attached exhibits will be issued.[1]

**IT IS SO ORDERED.**

Dated: November 27, 2023

William H. Orrick
United States District Judge

---

[1] The pending administrative motion to file under seal, [Dkt. No. 193], will be addressed after QuantumScape files its response, *see* [Dkt. No. 197] (extending response deadline).