Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
Levi & Korsinsky, LLP
1160 Battery Street East Suite 100 - #3425
San Francisco, CA 94111
Telephone: (415)-373-1671
aapton@zlk.com
amccall@zlk.com


*Attorneys for Plaintiffs*

Ignacio E. Salceda (SBN 164017)
Dale Bish (SBN 235390)
Rebecca L. Epstein (SBN 168226)
Andrew Frantela (SBN 325278)
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile:      (650) 565-5100
isalceda@wsgr.com
dbish@wsgr.com
bepstein@wsgr.com
afrantela@wsgr.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | Case No. 3:21-CV-00058-WHO <br><br> **JOINT STATEMENT REGARDING DISCOVERY DISPUTE; PLAINTIFFS' MOTION TO COMPEL OR IN THE ALTERNATIVE TO STRIKE** <br><br> Honorable William H. Orrick <br> Hearing: TBD |

The parties hereby submit this joint statement pursuant to your Honor's standing orders. On March 18, 2022, the parties exchanged their initial disclosures pursuant to Rule 26(a)(1). Plaintiffs served document requests and interrogatories on Defendants under Rules 33 and 34, including but not limited to, on May 11, 2022, June 7, 2022, June 8, 2022, and September 1, 2022. Defendants responded to the discovery requests on July 12, 2022, August 7, 2022, August 8, 2022, and October 3, 2022, including making objections to aspects of the requests. After the parties met and conferred numerous times regarding their objections, Defendants produced close to a million pages of discovery in response to the document requests. The parties have also conducted 19 party and non-party depositions to date. On November 16, 2023, Defendants served Amended Initial Disclosures. Fact discovery closed on November 21, 2023.

By letter dated November 20, 2023, Plaintiffs raised the present discovery issue arising from

Defendants' Amended Initial Disclosures. Defendants responded by letter dated November 27, 2023 and made an additional reply by email on December 5, 2023. The parties stipulated and the Court ordered that discovery motions related to Defendants Amended Initial Disclosures are due December 12, 2023. ECF No. 197. The parties met-and-conferred by videoconference on November 29, 2023 and December 5, 2023 and in person on December 7, 2023, but unfortunately remain at an impasse. Counsel for the parties complied with Section 9 of the Northern District's Guidelines for Professional Conduct at all times. Counsel have been unable to resolve their dispute and respectfully request Your Honor's assistance.

Dated: December 12, 2023                    Respectfully,

                                            **Levi & Korsinsky, LLP**

                                            _/s/   Nicholas I. Porritt_

                                            Nicholas I. Porritt
                                            Max E. Weiss
                                            nporritt@zlk.com
                                            mweiss@zlk.com
                                            33 Whitehall Street, 17th Floor
                                            New York, NY 10004
                                            Tel: 917-923-4004
                                            (Admitted _pro hac vice_)

                                            Adam M. Apton (SBN 316506)
                                            Adam C. McCall (SBN 302130)
                                            aapton@zlk.com
                                            amccall@zlk.com
                                            1160 Battery Street East Suite 100 - #3425
                                            San Francisco, CA 94111
                                            Tel : 415-373-1671

                                            _Attorneys for Plaintiffs_

Dated: December 12, 2023

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/   Dale Bish*

Ignacio E. Salceda (SBN 164017)
Dale Bish (SBN 235390)
Rebecca L. Epstein (SBN 168226)
Andrew Frantela (SBN 325278)
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile:       (650) 565-5100
isalceda@wsgr.com
dbish@wsgr.com
bepstein@wsgr.com
afrantela@wsgr.com

*Attorneys for Defendants*

JOINT LETTER RE: MOTION TO COMPEL OR IN THE
ALTERNATIVE TO STRIKE

CASE NO. 3:21-CV-00058-WHO

3

Pursuant to Civil Local Rule 5-1(i)(3), all signatories concur in filing this document.

Dated: December 12, 2023

/s/   *Nicholas I. Porritt*
Nicholas I. Porritt

## I.      PLAINTIFFS' POSITION

### A.      Relevant Procedural and Factual History

Defendant QuantumScape is a pre-revenue company seeking to create a solid-state battery for use in electric vehicles ("EVs"). Previous attempts by companies to create a solid-state battery (as opposed to lithium-ion batteries used in EVs today) have been unsuccessful. Plaintiffs allege that Defendants made materially false and misleading statements during the Class Period (November 27, 2020 to April 14, 2021) relating to its battery technology and its readiness for commercial deployment. *See* ECF No. 153 (order largely denying Defendants' Rule 12(b)(6) motion). Defendants served their Initial Disclosures on March 18, 2022 (Ex. 1). Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Defendants identified SEC filings, press releases, and earnings calls "during the putative class period" as categories of documents Defendants intended to use to support its defenses. Ex. 1 at 6-7. Notably absent from Defendants' initial disclosures were any events, SEC filings, or press releases after the class period. *Id.*

Plaintiffs served discovery requests on May 11, 2022 (Ex. 2), June 7, 2022 (Ex. 3), June 8, 2022 (Ex. 4), and September 1, 2022 (Ex. 5). In each of the requests, Plaintiffs identified the "Relevant Period" in this case as "January 1, 2020 through the present." *Id.* Defendants responded on July 12, 2022 (Ex. 6), August 7, 2022 (Ex. 7), August 8, 2022 (Ex. 8), and October 3, 2022 (Ex. 9). In *each* of their responses, Defendants objected to the "Relevant Period," affirmatively representing that the "Relevant Period" "*purports to seek the production of documents not relevant to the Remaining Claims*" and that "*a definition of Relevant Period through the 'present' would require Defendants to continuously search for, review, and produce documents created potentially years after the events at issue and is therefore disproportionate and unduly burdensome as it encompasses significant periods of time that lack any direct connection to the specific claims or defenses in this matter*." *See* Ex. 6, 7, and 9 (emphasis added). Similarly, in Defendants' August 8, 2022 response Defendants objected to the "Relevant Period" being defined as "through the present" because it "*purports to seek information not relevant to the parties' claims and defenses concerning Plaintiff's alleged Class Period of November 27, 2020 to April 14, 2021.*" Ex. 8 (emphasis added).

When negotiating the time period for search terms Defendants represented that "[w]ith regard to the time period, July 1, 2020 to June 30, 2021 is more than adequate, particularly given the short class period of November 27, 2020 to April 14, 2021," and that "the time period for Defendants' production in response to all Plaintiffs' RFPs [should] be limited to July 1, 2020 to June 30, 2021" (except for a limited document which Defendants identified as October 31, 2021) as this would "at least partially address the overbreadth and burden associated with producing documents spanning two years in a case where the class period is less than five months."

Given Defendants' representations, Plaintiffs agreed to a limited time frame for all custodians and witnesses, including the named defendants. Discovery has focused on the testing conducted by the Defendants before and during the class period and the capabilities of the QuantumScape battery cells at that time. On this basis, factual discovery was substantially completed, involving the production and review of approximately __ million pages of documents and __ depositions. Then, ), just five (5) calendar days prior to the close of fact discovery, Defendants served their Amended Initial Disclosures on November 16, 2023 (Ex. 10). In that document, Defendants identify for the first time a new category of documents Defendants intend to rely on to support its defenses. Specifically, "QuantumScape's filings with the U.S. Securities and Exchange Commission, including letters to shareholders and press releases,

***after the putative class period with respect to QuantumScape's technical development and manufacturing scale-up progress***." *Id*. (emphasis added). This new category of documents and the identified subject matter directly contradict Defendants' prior representations and positions.

To prevent the manifest prejudice presented by Defendants' maneuver, Plaintiffs now move for an order compelling Defendants to respond Plaintiffs' requests for production of documents and interrogatories as initially presented, *i.e.*, to the present, or, in the alternative, to strike references to the new category of documents listed in Defendants' Amended Initial Disclosures.

### B.    Argument

Defendants have engaged in a classic bait-and-switch. At all relevant times, Defendants steadfastly represented that post-class period events were not relevant to their defenses. Fact discovery was substantially completed on that basis and Plaintiffs were preparing to move to expert discovery and then trial. Yet, five days before the end of fact discovery, Defendants changed their position. During the meet and confer process, Defendants made clear they intend to rely on post-class period statements to show that QuantumScape's battery now has capabilities, such as multi-layer performance, which it did not have during the class period. In other words, they intend to use these statements to prove the truth of the matter asserted (that QuantumScape technology has certain capabilities in 2023 and even later up until trial) and use this evidence to disprove Plaintiffs' allegations of false statements regarding its technology during the class period as well as potentially other elements of Plaintiffs' claims such as loss causation or materiality.

Fed. R. Civ. P. 26(f) imposes a duty to supplement a party's initial disclosures in a "timely manner." *See Finjan, Inc. v. Proof Point, Inc., et al,* No. 3:13-cv-05808-HSG 2015 WL 9900617, at 2* (N.D. Cal. Oct. 26, 2015) (striking parts of supplemental disclosures served a "few days" before fact discovery cutoff); *Vieste, LLC v. Hill Redwood Develop.*, No. C-09-04024 JSW 2011 WL 2181200, at 2* (N.D. Cal. June 3, 2011) (same). Here Defendants' Amended Initial Disclosures are untimely and prejudicial. Despite having knowledge of their reliance on these documents and post-class period developments, Defendants served Amended Initial Disclosures just five days before the end of fact discovery, after the substantial completion of document production and depositions and after purposefully and successfully limiting discovery into the matters on which they now intend to rely. That is improper. Furthermore, prejudice to Plaintiffs is evident as these documents are concededly material as they required an amendment to Defendants' Initial Disclosures just to include them. Defendants have calculatedly and belatedly reversed their position because they intend to use the documents to try to undermine Plaintiffs' allegations and will likely introduce them at trial, questioning witnesses about their contents.

Based on Defendants' initial representations about the scope of the claims and defenses at issue, Plaintiffs agreed to limit the search terms and custodians, for documents after the class period based. Plaintiffs were entitled to rely on Defendants' affirmative representations, and had Defendants disclosed their intent to rely on post-class period events, the agreement for post-class period custodians and search terms would have been vastly different. It is inappropriate for Defendants to now claim that Plaintiffs "could have asked years ago" about this issue. The crux of Rule 26 focuses the duty to supplement on the party wishing to disclose. It is not Plaintiffs' responsibility to guess which documents Defendants may rely on. It is Defendants' responsibility to make timely disclosures, which Defendants have failed to do. A passing reference to post-class period disclosures in the background section, not the argument section, of Defendants' class certification opposition is also insufficient notice of an intention to rely on these facts as part of their defense, after their explicit statements in their discovery objections. *See* ECF No. 175 at 5.

Due to Defendants' initial disclosures and their proposed limits on discovery, Plaintiffs had no meaningful opportunity to explore post-class period events during depositions and have not done so. It is therefore incredible that Defendants assert that they "*have not withheld any documents on relevancy grounds related to the time period*" and Plaintiffs "repeatedly questioned witnesses about post-class period events *without a single objection or instruction not to answer*". Neither of these statements is true. Due to the limits on search terms insisted on by them, Defendants *did not even search* for responsive documents after December 31, 2021 and most searches were limited to June 30, 2021. Similarly, there has been no "repeated" examination of Defendants' witnesses on post-class period events. In the ten days of testimony taken from QuantumScape witnesses, counsel has asked a handful of questions on post-class period events, usually in the context of the witness's current employment or responsibilities at QuantumScape. There has been no "repeated" questioning on the post-class period state of QuantumScape's technology. Indeed, Plaintiffs had no documents related to the post-class period events to even base questioning on This demonstrates the innate prejudice in Defendants' position. Had Defendants disclosed their intentions earlier, the breadth and scope of Plaintiffs' discovery would have been significantly different.

Given Defendants' intention to rely on self-serving post-class period statements relating to "QuantumScape's technical development and manufacturing scale-up progress" to prove the truth of the facts asserted, Plaintiffs are entitled to discovery on the basis for those statements and the underlying facts. Based on discovery to date, as limited at Defendants' insistence, Plaintiffs and their experts have no factual evidence to assess the truth of Defendants' post-class period statements, examine whether there is any contradictory evidence, or how the current state of QuantumScape's technology relates to its state during the class period. Accordingly, Plaintiffs move to compel Defendants to respond Plaintiffs' requests for production of documents and interrogatories as initially presented, *i.e.*, to the present, or, in the alternative, to strike references to the new category of documents listed in Defendants' Amended Initial Disclosures.

## II.     DEFENDANTS' POSITION

In this securities fraud suit, Plaintiffs contend that QuantumScape's public statements, including SEC filings in 2020 and 2021, were false and that its executives purposefully used those filings to mislead the public about the Company's cutting-edge battery technology. Three years later—and unlike most securities litigation cases—the Company and its management stand behind their earlier statements and their firmly-held belief in the technology. As this case progressed through 18 months of discovery, the Company's SEC filings remained remarkably consistent: announcing various technical developments (e.g., that the Company successfully produced multi-layer cells), describing the steady advancement of its manufacturing scale-up process, and warning investors of the remaining risks that lie ahead. These filings increasingly have confirmed what QuantumScape said all along, i.e., that the "corrective disclosures" at the heart of Plaintiffs' case (a January 2021 Seeking Alpha article and an April 2021 short seller report) were wrong. But more importantly for purposes of this submission, there was nothing "surprising" about the filings or that they would be relevant to a case about SEC filings. On the contrary, Plaintiffs undoubtedly have scrutinized each one looking for *any* indicia that QuantumScape is correcting a prior statement, retracting its optimism, or for something that would be useful for their case.

As discussed below, Defendants have used these filings throughout discovery as they became available.  And then, as the parties were nearing the end of fact discovery, Defendants updated their initial disclosures to make clear that they would also be fair game at trial. There was no "bait & switch," no surprise, and certainly no prejudice. But rather than acknowledge that perhaps their initial allegations

3

were wrong, and there was no "corrective disclosure," Plaintiffs are seeking instead to bar Defendants from using the *publicly available* SEC filings or to reopen discovery based on amended disclosures that merely reflect materials already used in discovery. The request should be denied.

Plaintiffs cannot credibly argue that the Company's post-class SEC filings somehow represent anything resembling "unfair surprise" given the prominence of these materials throughout the case. *First*, QuantumScape's SEC filings, including post-class period SEC filings are—and always have been—at the heart of the parties' claims and defenses. *See, e.g.*, ECF No. 164 (Second Amended Complaint) ¶¶ 226-232, 237-248, 285-295; ECF No. 137 (Motion to Dismiss) at 2-3, 5-7, Ex. 23 (Form 10-Q filed July 29, 2021). For example, even before the start of fact discovery, in October 2022, Defendants' opposition to class certification relied on QuantumScape's successful, publicly disclosed scale-up to 24-layer cells to challenge Plaintiffs' alleged corrective disclosures:

> Since its public-market debut . . . QuantumScape has continued to validate its early test results and has begun scaling its manufacturing process. . . . In parallel, QuantumScape successfully assembled and tested *multi-layer* cells. In February 2021, the company released the results from tests on 4-layer cells; in November 2021, 10-layer cells; and by August 2022, the company released results on a 24-layer cell.

ECF No.175 at 5, 21 *citing* Ex. M (May 2021 shareholder letter filed with the SEC announcing 4-layer progress), Ex. J (November 2021 announcement filed with the SEC regarding 10-layer cell development), and Ex. N (July 2022 shareholder letter filed with the SEC announcing 24-layer results).

*Second*, these SEC filings and/or post-class period developments have repeatedly been raised throughout discovery. In the very first deposition taken by either side, Defendants introduced and questioned the Lead Plaintiff about many of the shareholder letters at issue (which were filed with the SEC). Fish Tr. 138:5-140:11, 143:8-18, Dep. Exs. 21-23, 25 (May, July, and October 2021 and February 2022 shareholder letters filed with the SEC).[1] More than a year later, both parties questioned Brian Morin (the *Seeking Alpha* author who Plaintiffs claim is responsible for a corrective disclosure) about the multi-layer cells and other recent developments. *See, e.g.*, Morin Tr. at 151:2-152:9, 154:15-155:14, 207:1-209:2; *see also* Dep. Ex. 67 (May 2023 email and article on QuantumScape). Plaintiffs likewise questioned numerous witnesses regarding the Company's progress through 2023. *See* G. Hart Tr. at 147:14-148:19 ("Q Now, directing your attention to the A sample, *as we sit here today in November 2023,* has QuantumScape delivered an A sample or made an A sample? . . . [Q] Now, directing your attention back to number 2, B sample produced in *first half of 2023 . . . . [H]as QS delivered* a B sample or produced a B sample?") (emphases added). Plaintiffs had every opportunity (which it took in multiple instances) to depose QuantumScape employees and directors about the Company's technology through 2023. Notably, Defendants never objected to one question.

*Third*, Defendants timely amended their initial disclosures before the close of fact discovery to conform to the use of these materials, which had been used all along as they became available. *See "AMY" v. Curtis*, 2021 U.S. Dist. LEXIS 71361, at *16-17 (N.D. Cal. Apr. 13, 2021) (holding that supplemental disclosures provided "within the discovery period" were timely and that the objecting party

---

[1] Defendants are not attaching their cited sources beyond the RFPs and R&Os per § 4 of the Court's Standing Order. These documents will be promptly submitted if requested by the Court.

"provide[d] no authority suggesting that supplementing disclosures merely late within the discovery period . . . renders the disclosures untimely"). There is nothing nefarious about it.

Plaintiffs' cited case law is inapposite. Both cases involve the disclosure of witnesses who were not disclosed and were hardly mentioned during the case, much less that they would be called to testify at trial. *See Finjan, Inc. v. Proofpoint, Inc.* 2015 WL 9900617 at *3 (N.D. Cal. Oct. 26, 2015); *Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 2181200, at *2-3 (N.D. Cal. June 3, 2011). Here, Plaintiffs had full knowledge of the SEC filings, which were repeatedly used in briefing and as exhibits during discovery. That use, especially when combined with Defendants' express disclosure of the public filings during fact discovery (with more than a year before trial), is categorically unlike a belatedly disclosed witness that Plaintiffs did not know about, and Plaintiffs cannot credibly argue that their inclusion on Defendants' disclosure is "untimely" or prejudicial. *See, e.g.*, *Fahmy v. Jay Z*, 2015 U.S. Dist. LEXIS 129446, at *27 (C.D. Cal. Sept. 24, 2015) (denying motion to exclude because exhibits were public and the parties had "generally been aware" of their potential relevance, therefore "plaintiff was on notice that the[] documents might be at issue at trial").

*Finally*, because they cannot credibly claim "unfair surprise" from the use of publicly available documents that are known to them, Plaintiffs are left arguing that "Defendants represented that post-class period events were categorically irrelevant to their defenses." Plaintiff's characterization of the parties' discussions is demonstrably false. After receiving Plaintiffs' classically-overbroad Requests for Production ("RFPs"), Defendants served (and preserved) a host of objections, including relevance and—more importantly—the burden associated with Plaintiff's lopsided RFPs.[2] One of those objections was Plaintiffs' use of a defined term "QuantumScape Technology" that, at face value, would encompass every conceivable aspect of the Company's technology. Ex. 4 at 3-4. When Plaintiff refused to compromise on this definition, the parties agreed instead to narrow the "Relevant Time Period" to "address the overbreadth and burden associated with producing documents spanning two years in a case where the class period is less than five months." Defs.' Dec. 2, 2022 meet and confer letter. It is misleading, at best, for Plaintiffs to characterize Defendants' proposal under Rule 26's proportionality requirement as a categorical objection to the relevance of documents created after the Class Period. If Plaintiffs had any doubt on the topic, they could have asked years ago.  They did not.

More importantly, *Defendants have not withheld any documents on relevancy grounds related to the time period*. Likewise, Plaintiffs repeatedly questioned witnesses about post-class period events *without a single objection or instruction not to answer*.

Because there was no "unfair surprise" or prejudice to Plaintiffs from the timely amendment of Defendant's initial disclosures, the Court should deny Plaintiffs' request altogether.  But to the extent the Court is inclined to consider the matter further, Defendant respectfully submits the matter should be subject to a noticed motion, and not treated as a discovery dispute under the Court's rules.

---

[2] Defendants consistently objected to the RFPs to the extent Plaintiffs sought public documents or those already in their possession. *See, e.g.*, Ex. 6 at 3; Ex. 7 at 2; Ex. 8 at 3; Ex. 9 at 3. Plaintiffs did not raise this issue in meet and confer negotiations nor move to compel the production of public documents for any time period. See *Vasquez v. Leprino Foods Co.*, 2023 U.S. Dist. LEXIS 29827, at *46-54 (E.D. Cal. Feb. 22, 2023) (denying motion to exclude evidence where defendants had no obligation to produce the data under the parties' agreed-upon scope of the discovery requests).

Respectfully,

**Levi & Korsinsky, LLP**

*/s/   Nicholas I. Porritt*
Nicholas I. Porritt
Max E. Weiss
nporritt@zlk.com
mweiss@zlk.com
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: 917-923-4004
(Admitted *pro hac vice*)

Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
aapton@zlk.com
amccall@zlk.com
1160 Battery Street East
Suite 100 - #3425
San Francisco, CA 94111
Tel : 415-373-1671

*Attorneys for Plaintiffs*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/   Dale Bish*
Ignacio E. Salceda (SBN 164017)
Dale Bish (SBN 235390)
Rebecca L. Epstein (SBN 168226)
Andrew Frantela (SBN 325278)
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile:   (650) 565-5100
isalceda@wsgr.com
dbish@wsgr.com
bepstein@wsgr.com
afrantela@wsgr.com

*Attorneys for Defendants*

6