# Exhibit 2

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: 415-373-1671
Fax: 415-484-1294
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Lead Plaintiff and the Class*

[Additional counsel on signature blocks]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | Case No. 3:21-CV-00058-WHO<br><br>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QUANTUMSCAPE**<br><br>Honorable William H. Orrick |

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Civil Local Rules for the Northern District of California, and subject to the definitions, instructions and relevant time period set forth below, Lead Plaintiff Frank Fish ("Plaintiff"), hereby requests that Defendant QuantumScape produce for inspection and copying the documents designated under the Requests for Production below. Lead Plaintiff requests that production be made within thirty (30) days at the offices of Levi & Korsinsky, LLP, 75 Broadway, Suite 202, San Francisco, CA 94111, or such other time and place as the parties may agree.

## DEFINITIONS

1.      "And" and "or" shall be read to mean "and/or" and shall be construed conjunctively or disjunctively, whichever provides the most inclusive construction.

2.      "All" and "any" shall be read to mean any and all.

3.      "Communication" or "Communications" refers to any disclosure, transfer or exchange of information or opinion in whatever form, including but not limited to words, numbers, pictures, charts or graphs and by any means of transmission or receipt, including but not limited to written, oral, audio, video, photographic and electronic.

4.      "Complaint" shall mean the Consolidated Complaint for Violations of the Federal Securities Laws filed in this Action on June 21, 2021.

5.      "Document" or "Documents" means any recordation of information, however made, including handwriting, typewriting, printing, photographing, photocopying, transmitting by electronic mail, facsimile or other electronic means and every other means of recording upon any tangible thing, any form of Communication or representation, including letters, words, pictures, sounds or symbols, graphs, photos or combinations thereof, and any record created thereby, regardless of the manner in which the record has been stored, and also specifically includes ESI and Hard-Copy Documents.

6.      "ESI" means any document or communications stored or transmitted in electronic form, including recoverable deleted documents or communications and backups of previous versions of documents or communications.

7. "Hard-Copy Document" means any document existing in paper form at the time of collection.

8. "Person" shall mean any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, representative, trust, or other business or legal entity, whether private or governmental.

9. "QuantumScape" shall mean Defendant QuantumScape Corporation and any of its predecessors, successors, divisions, or affiliates and its attorneys, accountants, agents, employees, directors, officers, assigns, or any other Person or entity acting on its behalf.

10. "QuantumScape Technology" shall mean QuantumScape's "next generation battery technology", "solid-state battery technology", "lithium-metal solid-state battery technology", "battery technology", and "our technology" as referred to in QuantumScape's SEC filings, as well as or including, QuantumScape's "proprietary solid-state lithium-metal cell" and/or "proprietary solid-state separator".

11. "Volkswagen" shall mean Volkswagen Group of America Investments, LLC and any of its predecessors, successors, divisions, or affiliates and its attorneys, accountants, agents, employees, directors, officers, assigns, or any other Person or entity acting on its behalf.

12. As used herein, the terms "relating to" and "concerning" mean in relation to, related to, consisting of, referring to, reflecting, discussing, evidencing, commenting on, describing, constituting, supporting, contradicting, or having any logical or factual connection with the matter identified, in whole or in part.

13. All Documents requested shall include all Documents and information which relate, in whole or in part, to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

### INSTRUCTIONS FOR ALL DISCOVERY REQUESTS

1. You are required, in responding to these discovery requests, to obtain and furnish all documents and information available to you, in your possession or under your control, or

available to, in the possession or under the control of any of your representatives, employees, agents, brokers, servants, and/or attorneys.

2.      The singular includes the plural and vice versa. The masculine, feminine, and neutral nouns and pronouns shall be deemed to include one another wherever appropriate. The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

3.      Each request should be responded to separately. However, a document responsive to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

4.      To the extent to which any request is objected to, please set forth all reasons for your objection and furnish documents responsive to the remainder of the request.

5.      All documents called for by these discovery requests or related to these requests, for which you claim a privilege or statutory authority as a ground for non-production, shall be listed chronologically in a privilege log as follows:

a)      The place, date, and manner of recording or otherwise preparing the Document;

b)      The name and title of the sender;

c)      The identity of each Person or Persons (other than clerical assistants) participating in the preparation of the Document;

d)      The identity of each Person to whom the contents of the Document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of said Communication, and the employer and title of said Person at the time of said Communication;

e)      Type of Document;

f)      Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

g)      Factual and legal basis for claim, privilege, or specific statutory or regulatory authority that provides the claimed ground for non-production.

6.      Each request to produce a Document or Documents shall be deemed to call for the production of the original Document or Documents to the extent that they are in, or subject to, directly or indirectly, the control of the party to whom these discovery requests are addressed. If you prefer, you may provide legible copies of Documents in lieu of originals so long as those copies reflect all markings, notations, and highlighting that is present on the originals. In addition, each request shall be considered as including a request for production of all copies and, to the extent applicable, preliminary drafts of Documents that differ in any respect from the principal Document or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a Document but not the principal or other copies thereof).

7.      All Documents should be Bates labeled and marked with appropriate confidentiality indications, and should be produced in accordance with any ESI protocol agreed to by the parties and/or entered by the Court.

8.      Documents to be produced shall be either: organized as they are kept in the usual course of business; or organized and labeled to correspond with the paragraphs of the requests for production.

9.      To the extent that any Document cannot be furnished, such Documents as are available shall be supplied, together with a description of the Documents not furnished and the reason for not furnishing them. Any Documents herein requested that have been lost or destroyed shall be identified by author, date, and subject matter. With respect to any Document requested which was once in your possession, custody, or control, but no longer is, please indicate the date the Document ceased to be in your possession, custody, or control, the manner in which it ceased, and the name and address of its present custodian.

10.     The defined terms in the above "DEFINITIONS" section apply throughout this document. Any undefined term shall be interpreted in accordance with its ordinary meaning.

**RELEVANT TIME PERIOD**

Unless otherwise stated, all Documents requested are for the period January 1, 2020 through the present (the "Relevant Period") and shall include all Documents and information which relate, in whole or in part, to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

**REQUESTS FOR PRODUCTION**

**Request for Production No. 1:**

All Documents during the Relevant Period concerning any testing practices, procedures and protocols of QuantumScape's Technology.

**Request for Production No. 2:**

All Documents, including but not limited to internal communications, notes, presentations, drafts and redlines, and any response by the public or press concerning the following press releases, interviews, or public statements issued or conducted by QuantumScape:

      a.   November 27, 2020 – CNBC Interview;

      b.   November 27, 2020 - Press Release;

      c.   December 8, 2020 – The Solid-State Battery Showcase

      d.   December 8, 2020 – Press Release

      e.   January 4, 2021 – CNBC Interview

      f.   January 15, 2021 – Holme LinkedIn Article

      g.   February 16, 2021 – Shareholder Letter

      h.   February 16, 2021 – Earnings Call

      i.   February 17, 2021 – CNBC Interview

      j.   February 25, 2021 – Yahoo! Finance Live

**Request for Production No. 3:**

All Documents, including but not limited to internal communications, notes, suggestions, redlines and drafts, and any response by the public or press concerning QuantumScape's quarterly and annual reports, filed with the U.S. Securities and Exchange Commission during the Relevant Period.

**Request for Production No. 4:**

All minutes and related materials for meetings of QuantumScape's Board of Directors, including any committees thereof, during the Relevant Period, including but not limited to board and committee books, presentations, slide shows, and reports.

**Request for Production No. 5:**

All Documents concerning any internal testing of QuantumScape's Technology, including results, data, conditions, parameters, specifications, composition, and all test logs and files.

**Request for Production No. 6:**

All Documents concerning any third-party testing of QuantumScape's Technology, including any agreements, results, data, conditions, parameters, specifications, composition, and all test files.

**Request for Production No. 7:**

All Documents concerning the ability of QuantumScape's Technology to "prevent" or "resist" dendrites.

**Request for Production No. 8:**

All Documents concerning the charging abilities of QuantumScape's Technology.

**Request for Production No. 9:**

All Documents concerning QuantumScape's Technology's ability to operate and perform at low temperatures.

**Request for Production No. 10:**

All Documents concerning the safety of QuantumScape's Technology.

**Request for Production No. 11:**

All Documents concerning the life cycle of QuantumScape's Technology.

**Request for Production No. 12:**

All Documents concerning any comparison of QuantumScape's Technology to lithium-ion technology or batteries.

**Request for Production No. 13:**

All Documents concerning the energy density of QuantumScape's Technology.

**Request for Production No. 14:**

All Documents concerning the commercial relevance of QuantumScape's Technology's testing conditions.

**Request for Production No. 15:**

All Documents concerning QuantumScape's "final automotive qualification process".

**Request for Production No. 16:**

All Documents concerning any "fundamental science risk" or "chemistry risk" relating to QuantumScape's Technology.

**Request for Production No. 17:**

All Documents concerning QuantumScape's Technology's ability to "address the fundamental issues."

**Request for Production No. 18:**

All Documents concerning the "commercial deployment" or steps required for the "commercial deployment" of QuantumScape's Technology.

**Request for Production No. 19:**

All documents concerning the cost of QuantumScape's Technology, including its Bill Of Material (BOM) costing and cost of processes.

**Request for Production No. 20:**

All Documents concerning any agreement between QuantumScape and Volkswagon, including but not limited to:

    a.   funding agreements;

    b.   contractual relationship agreements, such as joint venture or operating agreement; and

    c.   agreements concerning technology testing and benchmarks.

**Request for Production No. 21:**

All Documents QuantumScape has provided to Volkswagon relating to QuantumScape's Technology.

**Request for Production No. 22:**

All Documents provided in response to any demand by a QuantumScape stockholder made pursuant to title 8, section 220 of the Delaware General Corporation Law Code.

**Request for Production No. 23:**

All Documents received from third parties in response to subpoenas made in this Action.

**Request for Production No. 24:**

All Documents concerning the January 4, 2021 *Seeking Alpha* article authored by Brian Morin.

**Request for Production No. 25:**

All Documents concerning the April 15, 2021 report authored by Scorpion Capital.

**Request for Production No. 26:**

All Documents discussing, referring to, commenting on, describing, or analyzing QuantumScape's share price on the following days:

      a.   January 4, 2021; and

      b.   April 15, 2021.

**Request for Production No. 27:**

All Documents relating to sales of QuantumScape stock by QuantumScape officers and directors and/or their immediate family members during the Relevant Period.

**Request for Production No. 28:**

All Documents reflecting the purchasers or sellers of QuantumScape's common stock during the Relevant Period, including but not limited to record shareholder lists.

**Request for Production No. 29:**

All Documents relating to litigation holds or preservation notices issued by QuantumScape in connection with this Action.

**Request for Production No. 30:**

Copies of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the case or to indemnify or reimburse for payments made to satisfy a possible judgment.

**Request for Production No. 31:**

All Documents QuantumScape intends to introduce as evidence relating to any affirmative defense.

**Request for Production No. 32:**

Any chart or table or other Document showing the organizational structure of QuantumScape during the Relevant Period.

PLEASE TAKE NOTICE that Lead Plaintiff's First Request for Production of Documents against QuantumScape is continuing in nature and requires supplemental responses to the extent outlined in Federal Rule of Civil Procedure 26(e).

Dated: May 11, 2022                          **LEVI & KORSINSKY, LLP**

                                        By:  /s/ Adam C. McCall
                                             Adam M. Apton (SBN 316506)
                                             Adam C. McCall (SBN 302130)
                                             75 Broadway, Suite 202
                                             San Francisco, CA 94111
                                             Tel: 415-373-1671

Email: aapton@zlk.com
Email: amccall@zlk.com

Nicholas Ian Porritt (admitted *Pro Hac Vice*)
LEVI & KORSINSKY, LLP
1101 30th Street NW Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
nporritt@zlk.com

*Lead Counsel for Plaintiff and the Class*

## **CERTIFICATE OF SERVICE**

I, Adam McCall, certify that, on the 11th day of May 2022, I served the foregoing Plaintiff's First Request For Production Of Documents To Defendant QuantumScape via electronic mail on the following parties:

**WILSON SONSINI GOODRICH & ROSATI**

| Ignacio E. Salceda | isalceda@wsgr.com |
| Dale Bish | dbish@wsgr.com |
| Rebecca L. Epstein | bepstein@wsgr.com |
| Andrew Frantela | afrantela@wsgr.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 11, 2022                    By: /s/Adam C. McCall
                                              Adam C. McCall