# Exhibit 3

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: 415-373-1671
Fax: 415-484-1294
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Lead Plaintiff and the Class*

[Additional counsel on signature blocks]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | Case No. 3:21-CV-00058-WHO |
|---|---|
| | **PLAINTIFF'S FIRST SET OF INTERROGATORIES ON DEFENDANTS** |
| | Honorable William H. Orrick |

Pursuant to Federal Rules of Civil Procedure 26 and 33, and the Civil Local Rules for the Northern District of California, and subject to the definitions, instructions and relevant time period set forth below, unless otherwise provided, Lead Plaintiff Frank Fish ("Plaintiff"), hereby requests that Defendants QuantumScape Corporation ("QuantumScape" or the "Company"), Jagdeep Singh, Kevin Hettrich, and Timothy Holme (the "Individual Defendants," and collectively with the "Company," the "Defendants") answer each Interrogatory, separately and fully in writing, and serve responses on counsel for Plaintiff within thirty (30) days after service hereof. Each Interrogatory is provided without prejudice to, or waiver of, the right of Plaintiff to seek further discovery at a later date. You should respond to each Interrogatory in accordance with the instructions and definitions set forth below.

## I.    DEFINITIONS

1.    "2020 Battery Showcase Presentation" refers to the slide presentation prepared by QuantumScape Corporation titled "QuantumScape Next-Generation Solid-State Batteries[,]" originally published on December 8, 2020, and amended on January 7, 2021, and filed at ECF No. 131-2 as Exhibit "B" to Plaintiff's Complaint.

2.    "Class Period" means the period between November 27, 2020, and April 14, 2021, inclusive.

3.    "Complaint" means Plaintiff's Consolidated Class Action Complaint for Violations of the Federal Securities Laws, filed at ECF No. 131.

4.    "Concerning" means constituting, evidencing, reflecting, referring to, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request.

5.    "Defendants" refers to QuantumScape Corporation, Jagdeep Singh, Kevin Hettrich, and Timothy Holme and all of their corporate parents, subsidiaries, affiliates, attorneys, accountants, officers, directors, employees, partners, agents, representatives, or other Persons

occupying similar positions or performing similar functions, and anyone acting or purporting to act on Defendants' behalf.

6.    "Describe" means to identify and describe with particularity the facts and circumstances that Concern the subject matter of the Interrogatory in any manner whatsoever.

7.    "Document(s)" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall include without limitation the original (or a copy when the original is not available), each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person) and electronic documents and records.

8.    "Identify" means as follows:

a.    "Identify," when used in reference to a document, means to state its formal and informal title(s), subject matter or nature, date(s) of preparation, and date(s) of use, and to identify the Person(s) who signed it or under whose name the document was issued, the author(s), addressee(s), and recipient(s) of the document, and its present or last known custodian. In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

b.    "Identify," when used in reference to a natural Person, means to state the Person's full name, present (or last known) business and home address(es) and phone number(s), e-mail address(es), and that Person's employment title(s) or position(s) at the relevant time. Once a Person has been identified in accordance with this 3 subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

c.    "Identify," when used in reference to an entity other than a natural Person, means to state the full name of the entity, the type of entity, and the address

and phone number of the entity's principal place of business or operations, as applicable.

d. "Identify," when used in reference to a discussion or other non-written Communication, means to (a) state its date and its physical location (or to identify how the Communication or discussion took place if not in person, e.g., by telephone), (b) Identify each Person(s) who participated in, was in attendance for, was dialed in for, or otherwise participated in the discussion or Communication; and (c) state the substance of the discussion or Communication, and of any responses exchanged.

9. "Individual Defendants" means Jagdeep Singh, Kevin Hettrich, and Timothy Holme.

10. "Person" shall mean any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, representative, trust, or other business or legal entity, whether private or governmental.

11. "QuantumScape" shall mean Defendant QuantumScape Corporation and any of its predecessors, successors, divisions, or affiliates and its attorneys, accountants, agents, employees, directors, officers, assigns, or any other Person or entity acting on its behalf.

12. "QuantumScape Technology" shall mean QuantumScape's "next generation battery technology", "solid-state battery technology", "lithium-metal solid-state battery technology", "battery technology", and "our technology" as referred to in QuantumScape's SEC filings, as well as or including, QuantumScape's "proprietary solid-state lithium-metal cell" and/or "proprietary solid-state separator".

13. "SEC" means the United States Securities and Exchange Commission.

14. "You" and "Your" refer to the Person who is answering these Interrogatories.

## II.    RULES OF CONSTRUCTION

The following rules of construction shall apply to all Interrogatories:

PLAINTIFF'S FIRST SET OF INTERROGATORIES ON DEFENDANTS

1.      "All/any/each." The terms "all," "any," and "each" shall be construed as all, any, and each to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside the scope of the Interrogatory.

2.      "And/or." The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring with the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

3.      Singular/plural. The use of the singular form of any word includes the plural, and vice versa.

**III.    INSTRUCTIONS**

1.      Responses to these Interrogatories shall be supplemented and/or amended to the extent required by the Federal Rules of Civil Procedure. These Interrogatories shall be deemed to impose a continuing duty upon You to properly and timely serve upon Plaintiff supplemental and/or amended responses to these Interrogatories.

2.      Each Interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The answers are to be signed by the person making them, and the objections signed by the attorney making them.

3.      If any Interrogatory is answered by a reference to documents, You shall either (i) identify such documents by bates number, or (ii) attach such documents as exhibits to Your response to these Interrogatories.

4.      With respect to any information or documents responsive hereto as to which You assert a claim of privilege or other immunity from discovery, You shall submit a list identify each such piece of information or document by stating:

    a.    its type (e.g., letter, inter-office memorandum, note, etc.), subject matter, title, date, and (if applicable) the number of pages thereof;

    b.    the identity of each Person who participated in its preparation;

c.  the identity of each Person who signed, sent, originated or conveyed the document or information;

d.  the identity of each Person to whom the document or information was addressed, copied to, or sent;

e.  the identity of each Person who received the document or information; and

f.  the basis of the claim of privilege or immunity.

5.  These Interrogatories are for discovery only. Plaintiffs do not hereby waive any objections to the introduction of evidence at trial on subjects covered by these Interrogatories.

6.  Each Interrogatory shall be construed independently and not with reference to any other Interrogatory for the purpose of limitation or exclusion.

7.  If You object to any Interrogatory, state with specificity the grounds for such objection and the Interrogatory or Interrogatories to which each such objection applies. Any Interrogatory to which an objection is made should be responded to insofar as it is not deemed objectionable.

## IV.    RELEVANT TIME PERIOD

Unless otherwise stated, the Relevant Time Period for all Interrogatories herein refers to the period of January 1, 2020 through the present.

## V.    INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all Person(s), other than QuantumScape employees, that were hired, contracted, or otherwise retained by Defendants to test, develop, assess, review, consult on, or perform any other diagnostic service on any QuantumScape Technology, including Identifying the applicable QuantumScape Technology for which each such Person(s) was retained.

**INTERROGATORY NO. 2:**

Identify and/or Describe with particularity all facts and Documents supporting Defendants' statements made in slide 10 of the 2020 Battery Showcase Presentation, including statements

Concerning "Improved cost, energy density, safety[,]" "Ceramic electrolyte with high dendrite resistance[,]" and "High-rate cycling of a lithium-metal anode[.]"

**INTERROGATORY NO. 3:**

Identify and/or Describe with particularity all facts and Documents supporting the figure in slide 11 of the 2020 Battery Showcase Presentation, including all "Management estimates[,]" and supporting instances that such figure (or substantially similar copies) was stated on subsequent occasions during the Class Period, including in QuantumScape's From S-1 Registration Statement filed with the SEC on December 17, 2020 (*see* Complaint, ¶236) and QuantumScape's Annual Report filed on Form 10-K with the SEC on February 23, 2021 (*see* Complaint, ¶283).

**INTERROGATORY NO. 4:**

Identify and/or Describe with particularity all facts and Documents supporting Defendants' statements made in slide 12 of the 2020 Battery Showcase Presentation, including to the extent such statements Concern QuantumScape Technology.

**INTERROGATORY NO. 5:**

Identify and/or Describe with particularity all facts and Documents supporting the statements and figure in slide 17 of the 2020 Battery Showcase Presentation, including Defendants' statements Concerning "Fast Charging Fast charge capability exceeds commercial targets with commercial area single layer prototype 80% Charge in 15 minutes. Lithium Ion batteries currently only get to <50% in 15 minutes[.]"

**INTERROGATORY NO. 6:**

Identify and/or Describe with particularity all facts and Documents supporting the statements and figure in slide 18 of the 2020 Battery Showcase Presentation, including Defendants' statements Concerning "Material Performance: Dendrite Resistance Material entitlement exists for full charge in <5 min Sold-state separator resists dendrites even at very high current density Based on solid-state separator material testing[.]"

**INTERROGATORY NO. 7:**

Identify and/or Describe with particularity all facts and Documents supporting the

statements and figure in slide 19 of the 2020 Battery Showcase Presentation, including Defendants' statements Concerning "Power Passed simulated OEM-specified track cycle with commercial area prototype QS solid state cells can deliver aggressive automotive power profiles[,]" and supporting instances that such figure (or substantially similar copies) was stated on subsequent occasions during the Class Period, including in Defendant Holme's LinkedIn.com article dated January 15, 2021 titled "A Discussion of QuantumScape's Battery Technology Performance Results" (*see* Complaint, ¶252).

**INTERROGATORY NO. 8:**

Identify and/or Describe with particularity all facts and Documents supporting the statements and figure in slide 20 of the 2020 Battery Showcase Presentation, including Defendants' statements Concerning "Battery Life Meets commercial target with commercial area single layer prototype Cycling with >80% energy retention in 800+ cycles (still on test) Chart based on accelerated testing (3x automotive rates)[.]"

**INTERROGATORY NO. 9:**

Identify and/or Describe with particularity all facts and Documents supporting the statements and figure in slide 21 of the 2020 Battery Showcase Presentation, including Defendants' statements Concerning "Material Performance: Low Temp Operability shown at lower end of automotive temperature range with single layer prototype (30 x 30 mm) Significant capacity is accessible even at -30° Celcius[,]" and supporting instances that such figure (or substantially similar copies) was stated on subsequent occasions during the Class Period, including in Defendant Holme's LinkedIn.com article dated January 15, 2021 titled "A Discussion of QuantumScape's Battery Technology Performance Results" (*see* Complaint, ¶256).

**INTERROGATORY NO. 10:**

Identify and/or Describe with particularity all facts and Documents supporting the statements and figure in slide 23 of the 2020 Battery Showcase Presentation, including Defendants' statements Concerning "Material Performance: Thermal Stability Solid state separator is not combustible and has high thermal stability Lithium anode is chemically stable with

separator and foil even when molten Based on solid-state separator material testing[,]" and supporting instances that such figure (or substantially similar copies) was stated on subsequent occasions during the Class Period, including in Defendant Holme's LinkedIn.com article dated January 15, 2021 titled "A Discussion of QuantumScape's Battery Technology Performance Results" (*see* Complaint, ¶260).

Dated: June 7, 2022                                    **LEVI & KORSINSKY, LLP**

By:   /s/ *Shannon L. Hopkins*_____
Shannon L. Hopkins (admitted *Pro Hac Vice*)
Gregory M.Potrepka (admitted *Pro Hac Vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com


Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: 415-373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

Nicholas Ian Porritt (admitted *Pro Hac Vice*)
LEVI & KORSINSKY, LLP
1101 30th Street NW Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
nporritt@zlk.com

*Lead Counsel for Plaintiff and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Gregory M. Potrepka, certify that, on the 7th day of June 2022, I served the foregoing via electronic mail on the following:

**WILSON SONSINI GOODRICH & ROSATI**

| | |
|---|---|
| Ignacio E. Salceda | isalceda@wsgr.com |
| Dale Bish | dbish@wsgr.com |
| Rebecca L. Epstein | bepstein@wsgr.com |
| Andrew Frantela | afrantela@wsgr.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 7, 2022                          By: /s/*Gregory M. Potrepka*
                                                        Gregory M. Potrepka