# Exhibit 4

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: 415-373-1671
Fax: 415-484-1294
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Lead Plaintiff and the Class*

[Additional counsel on signature blocks]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | Case No. 3:21-CV-00058-WHO<br><br>**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QUANTUMSCAPE**<br><br>Honorable William H. Orrick |

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Civil Local Rules for the Northern District of California, and subject to the definitions, instructions and relevant time period set forth below, Lead Plaintiff Frank Fish ("Plaintiff"), hereby requests that Defendant QuantumScape produce for inspection and copying the documents designated under the Requests for Production below. Lead Plaintiff requests that production be made within thirty (30) days at the offices of Levi & Korsinsky, LLP, 75 Broadway, Suite 202, San Francisco, CA 94111, or such other time and place as the parties may agree.

### DEFINITIONS

1.     "And" and "or" shall be read to mean "and/or" and shall be construed conjunctively or disjunctively, whichever provides the most inclusive construction.

2.     "All" and "any" shall be read to mean any and all.

3.     "Concerning" means constituting, evidencing, reflecting, referring to, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request.

4.     "Communication" or "Communications" refers to any disclosure, transfer or exchange of information or opinion in whatever form, including but not limited to words, numbers, pictures, charts or graphs and by any means of transmission or receipt, including but not limited to written, oral, audio, video, photographic and electronic.

5.     "Complaint" shall mean the Consolidated Complaint for Violations of the Federal Securities Laws filed in this Action on June 21, 2021.

6.     "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, or any other writing containing a communication from one Person or Persons to another or others.

7.     "Defendants" refers to QuantumScape Corporation, Jagdeep Singh, Kevin Hettrich, and Timothy Holme and all of their corporate parents, subsidiaries, affiliates, attorneys, accountants, officers, directors, employees, partners, agents, representatives, or other Persons

occupying similar positions or performing similar functions, and anyone acting or purporting to act on Defendants' behalf.

8.      "Document" or "Documents" means any recordation of information, however made, including handwriting, typewriting, printing, photographing, photocopying, transmitting by electronic mail, facsimile or other electronic means and every other means of recording upon any tangible thing, any form of Communication or representation, including letters, words, pictures, sounds or symbols, graphs, photos or combinations thereof, and any record created thereby, regardless of the manner in which the record has been stored, and also specifically includes ESI and Hard-Copy Documents.

9.      "ESI" means any document or communications stored or transmitted in electronic form, including recoverable deleted documents or communications and backups of previous versions of documents or communications.

10.     "Hard-Copy Document" means any document existing in paper form at the time of collection.

11.     "Person" shall mean any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, representative, trust, or other business or legal entity, whether private or governmental.

12.     "QSV" shall mean QSV Operations LLC and any of its predecessors, successors, divisions, or affiliates and its attorneys, accountants, agents, employees, directors, officers, assigns, or any other Person or entity acting on its behalf.

13.     "QuantumScape" shall mean Defendant QuantumScape Corporation and any of its predecessors, successors, divisions, or affiliates and its attorneys, accountants, agents, employees, directors, officers, assigns, or any other Person or entity acting on its behalf.

14.     "QuantumScape Technology" shall mean QuantumScape's "next generation battery technology", "solid-state battery technology", "lithium-metal solid-state battery technology", "battery technology", and "our technology" as referred to in QuantumScape's SEC

filings, as well as or including, QuantumScape's "proprietary solid-state lithium-metal cell" and/or "proprietary solid-state separator".

15.     "Volkswagen" shall mean Volkswagen Group of America Investments, LLC and any of its predecessors, successors, divisions, or affiliates and its attorneys, accountants, agents, employees, directors, officers, assigns, or any other Person or entity acting on its behalf.

16.     As used herein, the terms "relating to" and "concerning" mean in relation to, related to, consisting of, referring to, reflecting, discussing, evidencing, commenting on, describing, constituting, supporting, contradicting, or having any logical or factual connection with the matter identified, in whole or in part.

17.     All Documents requested shall include all Documents and information which relate, in whole or in part, to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

**INSTRUCTIONS FOR ALL DISCOVERY REQUESTS**

1.     You are required, in responding to these discovery requests, to obtain and furnish all documents and information available to you, in your possession or under your control, or available to, in the possession or under the control of any of your representatives, employees, agents, brokers, servants, and/or attorneys.

2.     The singular includes the plural and vice versa. The masculine, feminine, and neutral nouns and pronouns shall be deemed to include one another wherever appropriate. The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

3.     Each request should be responded to separately. However, a document responsive to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

4.     To the extent to which any request is objected to, please set forth all reasons for your objection and furnish documents responsive to the remainder of the request.

5.    All documents called for by these discovery requests or related to these requests, for which you claim a privilege or statutory authority as a ground for non-production, shall be listed chronologically in a privilege log as follows:

    a)    The place, date, and manner of recording or otherwise preparing the Document;

    b)    The name and title of the sender;

    c)    The identity of each Person or Persons (other than clerical assistants) participating in the preparation of the Document;

    d)    The identity of each Person to whom the contents of the Document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of said Communication, and the employer and title of said Person at the time of said Communication;

    e)    Type of Document;

    f)    Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

    g)    Factual and legal basis for claim, privilege, or specific statutory or regulatory authority that provides the claimed ground for non-production.

6.    Each request to produce a Document or Documents shall be deemed to call for the production of the original Document or Documents to the extent that they are in, or subject to, directly or indirectly, the control of the party to whom these discovery requests are addressed. If you prefer, you may provide legible copies of Documents in lieu of originals so long as those copies reflect all markings, notations, and highlighting that is present on the originals. In addition, each request shall be considered as including a request for production of all copies and, to the extent applicable, preliminary drafts of Documents that differ in any respect from the principal Document or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a Document but not the principal or other copies thereof).

7. All Documents should be Bates labeled and marked with appropriate confidentiality indications, and should be produced in accordance with any ESI protocol agreed to by the parties and/or entered by the Court.

8. Documents to be produced shall be either: organized as they are kept in the usual course of business; or organized and labeled to correspond with the paragraphs of the requests for production.

9. To the extent that any Document cannot be furnished, such Documents as are available shall be supplied, together with a description of the Documents not furnished and the reason for not furnishing them. Any Documents herein requested that have been lost or destroyed shall be identified by author, date, and subject matter. With respect to any Document requested which was once in your possession, custody, or control, but no longer is, please indicate the date the Document ceased to be in your possession, custody, or control, the manner in which it ceased, and the name and address of its present custodian.

10. The defined terms in the above "DEFINITIONS" section apply throughout this document. Any undefined term shall be interpreted in accordance with its ordinary meaning.

## RELEVANT TIME PERIOD

Unless otherwise stated, all Documents requested are for the period January 1, 2020 through the present (the "Relevant Period") and shall include all Documents and information which relate, in whole or in part, to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## REQUESTS FOR PRODUCTION

**Request for Production No. 33:**

All Documents, Communications and Correspondence Concerning QuantumScape's projected and actual financial results.

**Request for Production No. 34:**

All Documents, Communications and Correspondence Concerning any actual or potential meetings or interactions including or Concerning QSV.

**Request for Production No. 35:**

All Documents, Communications, and Correspondence Concerning any investigation, regulation, subpoena, or inquiry of any kind Concerning the Defendants by any domestic or foreign government agency, regulatory body, law enforcement agency, and/or any formal or informal investigative body or tribunal, including, but not limited to the United States Department of Justice, the Securities and Exchange Commission, FINRA, and/or the New York Stock Exchange.

**Request for Production No. 36:**

All Documents, Communications, and Correspondence Concerning Defendants and information or activity that can be deemed illegal, unethical, or adverse to QuantumScape, including but not limited to unsafe or improper practices, waste, fraud, corruption, or the making of false and/or misleading statements.

PLEASE TAKE NOTICE that Lead Plaintiff's First Request for Production of Documents against QuantumScape is continuing in nature and requires supplemental responses to the extent outlined in Federal Rule of Civil Procedure 26(e).

Dated: June 8, 2022                                **LEVI & KORSINSKY, LLP**

By:   /s/ *Shannon L. Hopkins*
Shannon L. Hopkins (admitted *Pro Hac Vice*)
Gregory M. Potrepka (admitted *Pro Hac Vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com

Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: 415-373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

Nicholas Ian Porritt (admitted *Pro Hac Vice*)
LEVI & KORSINSKY, LLP
1101 30th Street NW Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
nporritt@zlk.com

*Lead Counsel for Plaintiff and the Class*

PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION TO QUANTUMSCAPE

<u>**CERTIFICATE OF SERVICE**</u>

I, Greg Potrepka, certify that, on the 8th day of June 2022, I served the foregoing Plaintiff's Second Request For Production Of Documents To Defendant QuantumScape via electronic mail on the following parties:

**WILSON SONSINI GOODRICH & ROSATI**

| | |
|---|---|
| Ignacio E. Salceda | isalceda@wsgr.com |
| Dale Bish | dbish@wsgr.com |
| Rebecca L. Epstein | bepstein@wsgr.com |
| Andrew Frantela | afrantela@wsgr.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 8, 2022                                    By: /s/*Gregory M. Potrepka*
                                                              Gregory M. Potrepka