# Exhibit 5

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: 415-373-1671
Fax: 415-484-1294
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Plaintiffs and the Class*

[Additional counsel on signature blocks]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | Case No. 3:21-CV-00058-WHO<br><br>**PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QUANTUMSCAPE AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS JAGDEEP SINGH, KEVIN HETTRICH AND TIMOTHY HOLME**<br><br>Honorable William H. Orrick |

PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QUANTUMSCAPE AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS JAGDEEP SINGH, TIMOTHY HOLME, AND KEVIN HETTRICH

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Civil Local Rules for the Northern District of California, and subject to the definitions, instructions and relevant time period set forth below, Plaintiffs Frank Fish, Kathy Stark and Mary Cranny (collectively, the "Plaintiffs"), hereby request that Defendants QuantumScape, Jagdeep Singh, Timothy Holme and Kevin Hettrich produce for inspection and copying the documents designated under the Requests for Production below.  Plaintiffs request that production be made within thirty (30) days at the offices of Levi & Korsinsky, LLP, 75 Broadway, Suite 202, San Francisco, CA 94111, or such other time and place as the parties may agree.

### DEFINITIONS

1.      "And" and "or" shall be read to mean "and/or" and shall be construed conjunctively or disjunctively, whichever provides the most inclusive construction.

2.      "All" and "any" shall be read to mean any and all.

3.      "Concerning" means constituting, evidencing, reflecting, referring to, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request.

4.      "Communication" or "Communications" refers to any disclosure, transfer or exchange of information or opinion in whatever form, including but not limited to words, numbers, pictures, charts or graphs and by any means of transmission or receipt, including but not limited to written, oral, audio, video, photographic and electronic.

5.      "Complaint" shall mean the Consolidated Complaint for Violations of the Federal Securities Laws filed in this Action on June 21, 2021.

6.      "Correspondence" means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, or any other writing containing a communication from one Person or Persons to another or others.

PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QUANTUMSCAPE AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS JAGDEEP SINGH, TIMOTHY HOLME, AND KEVIN HETTRICH

7. "Defendants" refers to QuantumScape Corporation, Jagdeep Singh, Kevin Hettrich, and Timothy Holme and all of their corporate parents, subsidiaries, affiliates, attorneys, accountants, officers, directors, employees, partners, agents, representatives, or other Persons occupying similar positions or performing similar functions, and anyone acting or purporting to act on Defendants' behalf.

8. "Document" or "Documents" means any recordation of information, however made, including handwriting, typewriting, printing, photographing, photocopying, transmitting by electronic mail, facsimile or other electronic means and every other means of recording upon any tangible thing, any form of Communication or representation, including letters, words, pictures, sounds or symbols, graphs, photos or combinations thereof, and any record created thereby, regardless of the manner in which the record has been stored, and also specifically includes ESI and Hard-Copy Documents.

9. "ESI" means any document or communications stored or transmitted in electronic form, including recoverable deleted documents or communications and backups of previous versions of documents or communications.

10. "Hard-Copy Document" means any document existing in paper form at the time of collection.

11. "Person" shall mean any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, representative, trust, or other business or legal entity, whether private or governmental.

12. "QuantumScape" shall mean Defendant QuantumScape Corporation and any of its predecessors, successors, divisions, or affiliates and its attorneys, accountants, agents, employees, directors, officers, assigns, or any other Person or entity acting on its behalf.

13. "QuantumScape Technology" shall mean QuantumScape's "next generation battery technology", "solid-state battery technology", "lithium-metal solid-state battery technology", "battery technology", and "our technology" as referred to in QuantumScape's SEC

PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QUANTUMSCAPE AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS JAGDEEP SINGH, TIMOTHY HOLME, AND KEVIN HETTRICH

filings, as well as or including, QuantumScape's "proprietary solid-state lithium-metal cell" and/or "proprietary solid-state separator".

14.     "Volkswagen" shall mean Volkswagen Group of America Investments, LLC and any of its predecessors, successors, divisions, or affiliates and its attorneys, accountants, agents, employees, directors, officers, assigns, or any other Person or entity acting on its behalf.

15.     As used herein, the terms "relating to" and "concerning" mean in relation to, related to, consisting of, referring to, reflecting, discussing, evidencing, commenting on, describing, constituting, supporting, contradicting, or having any logical or factual connection with the matter identified, in whole or in part.

16.     All Documents requested shall include all Documents and information which relate, in whole or in part, to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## INSTRUCTIONS FOR ALL DISCOVERY REQUESTS

1.     You are required, in responding to these discovery requests, to obtain and furnish all documents and information available to you, in your possession or under your control, or available to, in the possession or under the control of any of your representatives, employees, agents, brokers, servants, and/or attorneys.

2.     The singular includes the plural and vice versa. The masculine, feminine, and neutral nouns and pronouns shall be deemed to include one another wherever appropriate. The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

3.     Each request should be responded to separately. However, a document responsive to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

4.     To the extent to which any request is objected to, please set forth all reasons for your objection and furnish documents responsive to the remainder of the request.

PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QUANTUMSCAPE AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS JAGDEEP SINGH, TIMOTHY HOLME, AND KEVIN HETTRICH

5.      All documents called for by these discovery requests or related to these requests, for which you claim a privilege or statutory authority as a ground for non-production, shall be listed in a privilege log in accordance with any ESI protocol agreed to by the parties and/or entered by the Court, or if such ESI protocol has not been agreed to, in a privilege log containing the following:

a)      The place, date, and manner of recording or otherwise preparing the Document;

b)      The name and title of the sender;

c)      The identity of each Person or Persons (other than clerical assistants) participating in the preparation of the Document;

d)      The identity of each Person to whom the contents of the Document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of said Communication, and the employer and title of said Person at the time of said Communication;

e)      Type of Document;

f)      Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

g)      Factual and legal basis for claim, privilege, or specific statutory or regulatory authority that provides the claimed ground for non-production.

6.      Each request to produce a Document or Documents shall be deemed to call for the production of the original Document or Documents to the extent that they are in, or subject to, directly or indirectly, the control of the party to whom these discovery requests are addressed. If you prefer, you may provide legible copies of Documents in lieu of originals so long as those copies reflect all markings, notations, and highlighting that is present on the originals. In addition, each request shall be considered as including a request for production of all copies and, to the extent applicable, preliminary drafts of Documents that differ in any respect from the principal

5      CASE NO. 3:21-CV-00058-WHO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
QUANTUMSCAPE AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANTS JAGDEEP SINGH, TIMOTHY HOLME, AND KEVIN HETTRICH

Document or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a Document but not the principal or other copies thereof).

7.  All Documents should be Bates labeled and marked with appropriate confidentiality indications, and should be produced in accordance with any ESI protocol agreed to by the parties and/or entered by the Court.

8.  Documents to be produced shall be either: organized as they are kept in the usual course of business; or organized and labeled to correspond with the paragraphs of the requests for production.

9.  To the extent that any Document cannot be furnished, such Documents as are available shall be supplied, together with a description of the Documents not furnished and the reason for not furnishing them. Any Documents herein requested that have been lost or destroyed shall be identified by author, date, and subject matter. With respect to any Document requested which was once in your possession, custody, or control, but no longer is, please indicate the date the Document ceased to be in your possession, custody, or control, the manner in which it ceased, and the name and address of its present custodian.

10. The defined terms in the above "DEFINITIONS" section apply throughout this document. Any undefined term shall be interpreted in accordance with its ordinary meaning.

### **RELEVANT TIME PERIOD**

Unless otherwise stated or unless Plaintiffs agree to an alternate time period, all Documents requested are for the period January 1, 2020 through the present (the "Relevant Period") and shall include all Documents and information which relate, in whole or in part, to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

**REQUESTS FOR PRODUCTION**

**Request for Production No. 37:**

All Documents, including but not limited to internal Communications, notes, presentations, drafts and redlines, and any response by the public or press concerning the following press releases, interviews, or public statements issued or conducted by QuantumScape:

      a.   December 17, 2020 – Form S-1

**Request for Production No. 38:**

Documents, Communications, Contracts, or Correspondence sufficient to identify any investor relations company employed by QuantumScape.

**Request for Production No. 39:**

All Documents, Communications, and Correspondence Concerning the movement, price, valuation, and/or market for QuantumScape securities, including but not limited to Documents, Communications, and Correspondence Concerning analysts, reporters, and/or actual or prospective investors of QuantumScape securities.

**Request for Production No. 40:**

All Documents, Communications, and Correspondence Concerning the actual or potential effect that Your public statements had or may have had on the price of QuantumScape's securities.

**Request for Production No. 41:**

All Documents, Communications, and Correspondence Concerning any implementation, cancellation, audit, evaluation, modification, and/or assessment of QuantumScape's policies, procedures, and/or practices regarding QuantumScape's public disclosures.

PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QUANTUMSCAPE AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS JAGDEEP SINGH, TIMOTHY HOLME, AND KEVIN HETTRICH

PLEASE TAKE NOTICE that Plaintiffs' Third Set of Requests for Production of Documents to Defendant QuantumScape and Second Set of Requests for Production of Documents to Defendants' Jagdeep Singh, Timothy Holme, and Kevin Hettrich is continuing in nature and requires supplemental responses to the extent outlined in Federal Rule of Civil Procedure 26(e).

Dated: September 1, 2022

**LEVI & KORSINSKY, LLP**

By:  /s/ *Gregory M. Potrepka*
Shannon L. Hopkins (admitted *pro hac vice*)
Gregory M. Potrepka (admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: (203) 992-4523
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com

Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: 415-373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

Nicholas Ian Porritt (admitted *Pro Hac Vice*)
LEVI & KORSINSKY, LLP
1101 30th Street NW Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
nporritt@zlk.com

*Lead Counsel for Plaintiffs and the Class*

PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QUANTUMSCAPE AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS JAGDEEP SINGH, TIMOTHY HOLME, AND KEVIN HETTRICH

## CERTIFICATE OF SERVICE

I, Gregory M. Potrepka, certify that, on the 1st day of September 2022, I served the foregoing Plaintiffs' Third Set of Requests For Production Of Documents To Defendant QuantumScape and Second Set of Requests For Production to Defendants Jagdeep Singh, Timothy Holme, and Kevin Hettrich via electronic mail on the following parties:


**WILSON SONSINI GOODRICH & ROSATI**

| | |
|---|---|
| Ignacio E. Salceda | isalceda@wsgr.com |
| Dale Bish | dbish@wsgr.com |
| Rebecca L. Epstein | bepstein@wsgr.com |
| Andrew Frantela | afrantela@wsgr.com |


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Date: September 1, 2022                               By: /s/*Gregory M. Potrepka*
                                                                    Gregory M. Potrepka

PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QUANTUMSCAPE AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS JAGDEEP SINGH, TIMOTHY HOLME, AND KEVIN HETTRICH