# Exhibit 6

IGNACIO E. SALCEDA, State Bar No. 164017
DALE BISH, State Bar No. 235390
REBECCA L. EPSTEIN, State Bar No. 168226
ANDREW FRANTELA, State Bar No. 325278
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: isalceda@wsgr.com
       dbish@wsgr.com
       bepstein@wsgr.com
       afrantela@wsgr.com

*Attorneys for Defendants QuantumScape
Corporation, Jagdeep Singh, Timothy
Holme, and Kevin Hettrich*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | CASE NO.:  3:21-CV-00058-WHO |
| | <u>CLASS ACTION</u> |
| | **QUANTUMSCAPE CORPORATION'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QUANTUMSCAPE** |
| | Hon. William H. Orrick |

QUANTUMSCAPE CORPORATION'S RESPONSES &
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Rule 34 of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, the applicable orders of this Court, any other applicable law or rule, and the agreements of the Parties, Defendant QuantumScape Corporation ("QuantumScape," "Defendant," or the "Company"), by and through its counsel, hereby responds and objects to Lead Plaintiff Frank Fish's First Request for Production of Documents to Defendant QuantumScape (collectively the "Requests" and, individually, each request a "Request").

## GENERAL OBJECTIONS

Defendant incorporates each of the following General Objections into each of the responses to each Request, as well as to the Objections to the Definitions, Objections to Instructions, and Objections to Relevant Time Period. The assertion of the same, similar, or additional objections in response to specific document Requests does not waive, limit, or modify any of Defendant's General Objections to the Requests.

1.      Defendant objects to each Request to the extent it purports to impose any obligations different from, in excess of, or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, and/or any other applicable rules.

2.      Defendant objects to each and every Request to the extent they seek confidential, trade secret, or proprietary business, technical, marketing, or financial information or documents. Defendant will not produce such documents until an adequate protective order has been entered by the Court.

3.      Defendant objects to each Request to the extent it seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

4.      Defendant objects to each Request to the extent that it imposes an undue burden on Defendant, including by seeking documents whose value is outweighed by the burden or expense of production, or which are not reasonably accessible. Defendant further objects to each

QuantumScape Corporation's Responses & Objections to Plaintiff's First Request for Production of Documents
Case No. 3:21-cv-00058-WHO

-2-

Request to the extent that it seeks the production of documents that are not in its possession, custody, or control.

5.      Defendant objects to each Request to the extent it is duplicative of other or future Requests or other discovery sought by Plaintiff, and is therefore unduly burdensome.

6.      Defendant objects to each Request to the extent that it seeks documents already in Plaintiff's possession, or available to Plaintiff through public sources or records, on the ground that it subjects Defendant to unreasonable and undue burden and expense.

7.      Defendant objects to each Request to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and/or any other applicable immunity, privilege, or protection ("Privileged Information"). By responding to the Requests, Defendant does not waive, and intends to preserve, all applicable privileges. To the extent that a Request may be construed as seeking such privileged or protected information or documents, Defendant hereby claims such privileges and invokes such protections. Neither Defendant's failure to specifically object to a Request on the ground that it seeks such privileged or protected information or documents, nor the inadvertent production of documents that are protected by such privileges or immunities, shall be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable immunity, privilege, or protection.

8.      Defendant objects to each Request to the extent that it seeks the disclosure of information that would violate any constitutional, statutory, regulatory, common law, and/or other judicially recognized privacy interest, protection, or privilege of any current or former employee or representative of Defendant or any third party. Defendant further objects to each Request to the extent that it purports to require the production of documents in violation of a legal or contractual obligation of nondisclosure. Defendant also objects to each Request to the extent that it seeks documents containing confidential, proprietary, or sensitive information or

QUANTUMSCAPE CORPORATION'S RESPONSES &
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

-3-

trade secrets and/or information protected by any rule of confidentiality that makes documents or information non-discoverable.

9.    Defendant objects to each Request to the extent it seeks the production of documents not relevant to the allegations remaining in the above-captioned action (the "Action"). The Court entered an Order on Motion to Dismiss on January 14, 2022 (the "Order") [Dkt. No. 153]. The Court's Order held that Plaintiff did not plead with particularity any alleged misrepresentations that were not identified in footnote 10 of the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") [Dkt. No. 131], and so Plaintiff is "limited to those they disclosed as misrepresentations in footnote 10 of their Complaint." Order on Motion to Dismiss [Dkt. No. 153] at 4. The Court's Order further held that Statement 19 is not actionable. *Id.* at 27. Defendant will produce documents that are relevant and proportionate to the needs of the case based on these remaining claims (the "Remaining Claims").

10.    Defendant objects to each Request to the extent that it is overbroad, vague, ambiguous, or unclear.

11.    Except as otherwise stated below, an objection to a specific Request or an agreement to produce documents in response to a specific Request does not imply that documents responsive to that category exist. To the extent that Defendant agrees to produce documents in response to a specific Request, it only means that Defendant agrees to conduct a reasonable search for responsive documents and will produce responsive non-privileged documents, if any, subject to and without waiving all the objections stated herein.

12.    Defendant objects to each Request to the extent it seeks the production of documents within thirty days. Defendant will produce documents on a rolling basis consistent with the stipulated schedule proposed in this Action.

13.    In providing these responses and objections, Defendant does not waive or intend to waive, but rather intends to preserve and is preserving:

QUANTUMSCAPE CORPORATION'S RESPONSES &    -4-
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

a.  all objections to competence, relevance, materiality, admissibility in evidence, or other use of the Requests or any portions thereof, or the subject matter thereof, or responses or objections by Defendant thereto, or any information produced pursuant thereto, including, but not limited to, motions or the hearing of this action;

b.  all rights to object on any ground to use any information, Requests, responses, or objections or the subject matter thereof, in these or any other or subsequent proceedings; and

c.  all rights to move for a protective order and/or other judicial relief.

14.    These responses and objections are based upon information currently available to Defendant and its attorneys in the continuing investigation of the matters that are the subject of this litigation. Accordingly, the responses and objections are made without prejudice to Defendant's right to further supplement or revise them after further investigation, discovery, and/or trial preparation, and Defendant expressly reserves the right to supplement or revise these responses and objections.

## **OBJECTIONS TO DEFINITIONS**

The following objections to definitions ("Objections to Definitions") are incorporated into each of the General Objections, Objections to Instructions, Objections to Relevant Time Period, and Specific Objections and Responses, as if fully set forth therein.

1.    Defendant objects to Plaintiff's definition of "Communication" and "Communications" to the extent it includes "any disclosure, transfer or exchange of information or opinion in whatever form, including but not limited to words, numbers, pictures, charts or graphs and by any means of transmission or receipt, including but not limited to written, oral, audio, video, photographic and electronic" on the grounds that the definition is overly broad, unduly burdensome, and vague and ambiguous, particularly to the extent that it encompasses oral exchanges or transmissions of information that were not memorialized in a tangible form.

QUANTUMSCAPE CORPORATION'S RESPONSES &     -5-
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

2.      Defendant objects to Plaintiff's definition of "Document" and "Documents" to the extent the definition exceeds the definition of "document" contained in Federal Rule of Civil Procedure 34 or is inconsistent with or seeks to impose obligations on Defendant beyond those required by the Federal Rules of Civil Procedure. The definition is overly broad and unduly burdensome because, for example and without limitation, the definition includes the defined terms "Communication" and "ESI," which are themselves overbroad, unduly burdensome, and vague and ambiguous. Defendant hereby incorporates by reference its objections to the definitions of "Communication" and "ESI" into this objection.

3.      Defendant objects to Plaintiff's definition of "ESI" to the extent it purports to impose burdens beyond the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, any stipulated ESI protocols in the Action, and/or any other applicable rules. Defendant will meet and confer with Plaintiff concerning a mutually acceptable e-discovery protocol that will allow for the production of ESI in a reasonably usable form or forms.

4.      Defendant objects to Plaintiff's definition of "QuantumScape" to the extent it purports to include any of QuantumScape's "predecessors, successors, divisions, or affiliates and its attorneys, accountants, agents, employees, directors, officers, assigns, or any other Person or entity acting on its behalf" on the grounds that it is overly broad, unduly burdensome, calls for legal conclusions, and not proportional to the needs of the case. Defendant will interpret "QuantumScape" to refer to QuantumScape Corporation and not any other person or entity. QuantumScape's production of documents, subject to and without waiving its objections stated herein, will include non-privileged responsive documents in its possession, custody, or control from its officers, directors, and employees that either through mutual agreement of the parties or via Court Order are deemed to be custodians for this Action. Subject to and without waiving its objections stated herein, QuantumScape's production will also include documents of QSV Operations LLC in QuantumScape's possession, custody, or control.

QUANTUMSCAPE CORPORATION'S RESPONSES &
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

-6-

5.      Defendant objects to Plaintiff's definition of "QuantumScape Technology" on the grounds that it is vague, ambiguous, unduly burdensome and overbroad. Defendant will interpret "QuantumScape Technology" to mean the Company's solid-state separator and lithium-metal anode battery cells as described in filings submitted by the Company to the U.S. Securities and Exchange Commission (the "SEC") from November 27, 2020 through April 14, 2021 (the purported "Class Period").

6.      Defendant objects to Plaintiff's definition of "Volkswagen" to the extent it purports to include any of Volkswagen Group of America Investments, LLC's "predecessors, successors, divisions, or affiliates and its attorneys, accountants, agents, employees, directors, officers, assigns, or any other Person or entity acting on its behalf" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case and calls for legal conclusions. Defendant will interpret "Volkswagen" to refer to Volkswagen Group of America Investments, LLC, and not any other person or entity.

7.      Defendant objects to the definitions of "relating to" and "concerning" as overly broad, unduly burdensome, and vague and ambiguous including, for example and without limitation, to the extent that they purport to include any matter "having any logical or factual connection with the matter identified, in whole or in part." Defendant interprets "relating to" and "concerning" per their customary and usual meaning.

8.      Defendant objects to Plaintiff's paragraph 13 of the Definitions section in Plaintiff's Requests to the extent that the Requests purport to include "all Documents and information which relate, in whole or in part, to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period." This paragraph is vague, ambiguous, and unintelligible, as "such period" is not discussed in this paragraph, and renders all of the Requests overbroad and unduly burdensome, and seeks documents that are not relevant to the Remaining Claims. To the extent that Plaintiff's use of "such period" in this paragraph 13 refers to Plaintiff's definition of "Relevant Period," Defendant hereby incorporates its Objections to Relevant Time Period into its objections to this paragraph 13.

QUANTUMSCAPE CORPORATION'S RESPONSES &     -7-
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

## **OBJECTIONS TO INSTRUCTIONS**

The following objections to the section of the Requests titled "Instructions for all Discovery Requests" ("Objections to Instructions") are incorporated into each of the General Objections, Objections to Definitions, Objections to Relevant Time Period, and the Specific Objections and Responses as if fully set forth therein.

1.      Defendant objects to Plaintiff's Instruction No. 1, stating in part that "[y]ou are required, in responding to these discovery requests, to obtain and furnish all documents and information available to you, in your possession or under your control, or available to, in the possession or under the control of any of your representatives, employees, agents, brokers, servants, and/or attorneys" to the extent that Instruction No. 1 purports to impose any obligations different from, in excess of, or inconsistent with those imposed by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California. Defendant further objects to Instruction No. 1 on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including, for example and without limitation, because the words "you" and "available" are undefined. Defendant further objects because Plaintiff's use of the word "available" renders all of the Requests overbroad as it imposes obligations on Defendant beyond those required by the Federal Rules of Civil Procedure. Further, Defendant had more than 500 employees as of December 31, 2021. To the extent that Instruction No. 1 purports to encompass documents or communications for all employees, Instruction No. 1 renders each Request overly broad, unduly burdensome, and not proportional to the needs of the case. Defendant further objects to this instruction to the extent it includes documents outside of Defendant's possession, custody, or control, including, for example and without limitation, "representatives," "agents," "brokers," and "servants." Defendant further objects to Instruction No. 1 to the extent that it purports to include Company attorneys and encompasses Privileged Information.

2.      Defendant objects to Plaintiff's Instruction No. 3 to the extent that it purports to specify the form of production prior to the parties agreeing upon mutually acceptable ESI

QUANTUMSCAPE CORPORATION'S RESPONSES &
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

-8-

protocols. Defendant further objects to Instruction No. 3 to the extent that it purports to impose any obligations different from, in excess of, or inconsistent with those imposed by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California. Defendant will meet and confer with Plaintiff concerning a mutually acceptable e-discovery protocol that will allow for the production of ESI in a reasonably usable form or forms.

3.      Defendant objects to Plaintiff's Instruction No. 4 to the extent that it purports to impose any obligations different from, in excess of, or inconsistent with those imposed by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California. Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, responsive, non-privileged documents that are identified through the use of search terms and/or Technology Assisted Review ("TAR"). Defendant will meet and confer with Plaintiff concerning: (i) a mutually agreed-upon group of custodians; (ii) mutually acceptable search and review protocols; and (iii) an appropriate date range for the Requests. Defendant will produce responsive, non-privileged documents, if any, subject to and without waiving all of the objections stated herein.

4.      Defendant objects to Plaintiff's Instruction No. 5 to the extent that it purports to impose any obligations different from, in excess of, or inconsistent with those imposed by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, including, for example and without limitation, Plaintiff's purported requirement that "[a]ll documents called for by these discovery requests or related to these requests, for which you claim a privilege or statutory authority as a ground for non-production, shall be listed chronologically in a privilege log[.]" Defendant will produce privilege logs upon completion of production in compliance with the Orders that are entered in this action.

5.      Defendant objects to Plaintiff's Instruction No. 6 to the extent that it purports to impose any obligations different from, in excess of, or inconsistent with those imposed by the

QUANTUMSCAPE CORPORATION'S RESPONSES &      -9-
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California. Defendant objects to Instruction No. 6 to the extent that it requires Defendant to produce original documents. Defendant further objects to Instruction No. 6 on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, including, for example and without limitation, because it is unclear what is meant by Plaintiff's instruction that "[e]ach request to produce a Document or Documents shall be deemed to call for the production of the original Document or Documents to the extent that they are in, or subject to, directly or indirectly, the control of the party to whom these discovery requests are addressed." Defendant does not interpret Instruction No. 6 to request production of identical copies of Documents. Defendant will meet and confer with Plaintiff concerning: (i) a mutually agreed-upon group of custodians and (ii) mutually acceptable search and review protocols. Defendant will, on a rolling basis consistent with the stipulated schedule proposed in this Action, produce responsive, non-privileged documents, if any, subject to and without waiving all of the objections stated herein.

6.      Defendant objects to Plaintiff's Instruction No. 9 to the extent that it purports to impose any obligations different from, in excess of, or inconsistent with those imposed by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California including, for example and without limitation, to the extent Instruction No. 9 purports to require Defendant to produce "available" documents – as this may be interpreted to include documents that are not in Defendant's possession, custody, or control – and to provide a "description of the Documents not furnished and the reason for not furnishing them." Defendant further objects to Instruction No. 9 to the extent it requires Defendant to identify requested Documents that have been lost or destroyed "by author, date, and subject matter." Defendant further objects to Instruction No. 9 to the extent it requires Defendant, for any Document requested that was "once in your possession, custody, or control, but no longer is" to "indicate the date the Document ceased to be in your

QUANTUMSCAPE CORPORATION'S RESPONSES &           -10-
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

possession, custody, or control, the manner in which it ceased, and the name and address of its present custodian."

## OBJECTIONS TO RELEVANT TIME PERIOD

The following objections to the section of the Requests entitled "Relevant Time Period" ("Objections to Relevant Time Period") are incorporated into the General Objections, Objections to Definitions, Objections to Instructions, and Specific Objections and Responses as if fully set forth therein. Defendant objects to Plaintiff's purported definition of "Relevant Period" as being from "January 1, 2020 through the present" as overly broad, unduly burdensome, not proportional to the needs of the case, and purports to seek the production of documents not relevant to the Remaining Claims. Plaintiff's Complaint alleges that the Class Period for this case is from November 27, 2020 through April 14, 2021. Consolidated Class Action Complaint for Violations of the Federal Securities Laws [Dkt. 131] at ¶ 1. Requests for documents that significantly pre-date and post-date the purported events that are the subject of this matter are disproportionate to the needs of the case and unduly burdensome including, for example and without limitation, that a definition of Relevant Period through the "present" would require Defendant to continuously search for, review, and produce documents created potentially years after the events at issue and is therefore disproportionate and unduly burdensome as it encompasses significant periods of time that lack any direct connection to the specific claims or defenses in this matter. Such Requests also encompass large volumes of Privileged Information and are thus particularly burdensome. Defendant further objects to the extent the Requests purport to include "all Documents and information which relate, in whole or in part, to [the Relevant Period], or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period." The definition of Relevant Period (which calls for documents from January 1, 2020 to the present) renders all of the Requests overbroad and unduly burdensome, and seeks documents that are not relevant to the Remaining Claims. Defendant will meet and confer with Plaintiff to discuss appropriate date ranges based on the subject matter of each Request and its relevance to and proportionality to the Remaining Claims.

QUANTUMSCAPE CORPORATION'S RESPONSES &    -11-
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

## SPECIFIC OBJECTIONS AND RESPONSES

Defendant hereby incorporates by reference its General Objections, Objections to the Definitions, Objections to Instructions, and Objections to the Relevant Period into each and every specific objection and response (the "Specific Objections and Responses") as if set forth fully therein. Although Defendant may repeat some objections in specific responses because they are particularly noteworthy, such specific objections are not to be construed as a waiver of any of Defendant's other objections. Subject to the foregoing, Defendant further responds as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All Documents during the Relevant Period concerning any testing practices, procedures and protocols of QuantumScape's Technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects to Request No. 1 on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case, including but not limited to the extent that it seeks the production of documents that are not relevant to the Remaining Claims. This request is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case because it requests production of documents without a reasonable time period limitation and concerning testing practices, procedures, and protocols of QuantumScape Technology generally, regardless of whether such practices, procedures, and protocols relate to the events at issue. Compliance with this Request would require expensive, voluminous, and continuous production of documents, and Plaintiff has made no attempt to limit this Request by particular custodians most likely to be important or even relevant to the Remaining Claims. Defendant further objects to this Request as vague and ambiguous because it does not define "testing practices, procedures and protocols." Defendant further objects to this Request to the extent that it seeks publicly available documents and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendant further objects

QUANTUMSCAPE CORPORATION'S RESPONSES &     -12-
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

to this Request to the extent that it requires production of documents that are not within Defendant's possession, custody, or control. Defendant hereby incorporates into this specific objection its objections to the "Relevant Period" and definition of "QuantumScape Technology."

Subject to the foregoing objections, Defendant responds to Request No. 1 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents that are relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents, including but not limited to internal communications, notes, presentations, drafts and redlines, and any response by the public or press concerning the following press releases, interviews, or public statements issued or conducted by QuantumScape:

    a. November 27, 2020 – CNBC Interview;

    b. November 27, 2020 - Press Release;

    c. December 8, 2020 – The Solid-State Battery Showcase

    d. December 8, 2020 – Press Release

    e. January 4, 2021 – CNBC Interview

    f. January 15, 2021 – Holme LinkedIn Article

    g. February 16, 2021 – Shareholder Letter

    h. February 16, 2021 – Earnings Call

    i. February 17, 2021 – CNBC Interview

    j. February 25, 2021 – Yahoo! Finance Live

QUANTUMSCAPE CORPORATION'S RESPONSES &
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

-13-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to Request No. 2 on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case, including but not limited to the extent that it seeks the production of documents that are publicly available and/or not relevant to the Remaining Claims. This Request is overbroad, unduly burdensome, and not proportional to the needs of the case as Plaintiff has made no effort to limit this Request by reasonable time period, custodian, or subject matter limitations (beyond the identified press releases, interviews, or public statements listed in a. through j.), and, given Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, compliance with this Request would, in part, require Defendant to continuously produce public responses to the above items regardless of whether such public responses are relevant to any of the Remaining Claims, and despite the fact that such responses necessarily include public documents that are also available to Plaintiff, thereby placing undue burden and expense upon Defendant. Defendant further objects to Request No. 2 because, as written, it is not limited to Documents within the possession, custody, or control of Defendant. Defendant further objects to Request No. 2 on the grounds that it is ambiguous due to its use of the phrases "any response" by the "public or press" concerning items a. through j., above, phrases which are undefined. Defendant objects to this Request to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work-product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable.

Subject to the foregoing objections, Defendant responds to Request No. 2 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding

QUANTUMSCAPE CORPORATION'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS CASE NO. 3:21-CV-00058-WHO

-14-

documents on the basis of the specific objections and responses set forth herein in response to Request No. 2.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents, including but not limited to internal communications, notes, suggestions, redlines and drafts, and any response by the public or press concerning QuantumScape's quarterly and annual reports, filed with the U.S. Securities and Exchange Commission during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to Request No. 3 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and calls for Privileged Information. This Request is vague and ambiguous, for example and without limitation, because of the use of the term "suggestions," which is undefined. Request No. 3 is overbroad and unduly burdensome, for example and without limitation, because it fails to provide reasonable custodian, subject matter, or time period limitations, calls for documents from the "public or press" and regardless of whether such documents are outside of Defendant's possession, custody, or control. Request No. 3 is not relevant or proportional to the needs of the case because, for example and without limitation, the requested documents are not limited to any specific subject matter beyond their relation to the Company's SEC filings, which discuss matters that are not necessarily relevant to the Remaining Claims, and calls for documents related to SEC filings both before and significantly after the events at issue in the Action. Compliance with this Request would require Defendant to continuously produce publicly available documents based only on their relation to QuantumScape's publicly available SEC filings and long after the events at issue, thereby placing undue burden and expense on Defendant. Defendant further objects to this Request to the extent that it seeks public documents, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by

QUANTUMSCAPE CORPORATION'S RESPONSES &     -15-
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable.

Subject to the foregoing objections, Defendant responds to Request No. 3 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents during the Class Period relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 3.

**REQUEST FOR PRODUCTION NO. 4:**

All minutes and related materials for meetings of QuantumScape's Board of Directors, including any committees thereof, during the Relevant Period, including but not limited to board and committee books, presentations, slide shows, and reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to Request No. 4 on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, seeks Privileged Information, and is not relevant or proportional to the needs of the case, including but not limited to the extent that it seeks the production of documents that are not relevant to the Remaining Claims. Request No. 4 is vague and ambiguous, for example and without limitation, because the phrase "related materials" is undefined. The Request is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case because, for example and without limitation, it fails to provide reasonable custodian, subject matter, and time period limitations, as it requests all minutes and related materials for meetings of the Company's Board of Directors and any committee thereof both before and significantly after the events at issue and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, without regard to whether the minutes or related materials are in Defendant's custody, possession, or control, and regardless of whether the minutes or related

materials relate to the events at issue. Compliance with this Request would require that Defendant continuously produce such minutes and related materials thereby subjecting Defendant to undue burden and expense. Defendant further objects to Request No. 4 to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendant further objects to Request No. 4 to the extent that it seeks duplicative discovery.

Subject to the foregoing objections, Defendant responds to Plaintiff's Request No. 4 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 4.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning any internal testing of QuantumScape's Technology, including results, data, conditions, parameters, specifications, composition, and all test logs and files.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to Request No. 5 on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, seeks Privileged Information, and is not relevant or proportional to the needs of the case. This Request is vague and ambiguous, for example and without limitation, because of its use of the phrases "internal testing," "results," "data," "conditions," "parameters," "specifications," "composition," and "all test logs and files," none of which are defined. Request No. 5 is overbroad and unduly burdensome because, for example and without

QUANTUMSCAPE CORPORATION'S RESPONSES &
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

-17-

limitation, it fails to provide reasonable custodian or time period limitations and therefore compliance with Request No. 5, as propounded, would require Defendant to continuously produce all documents concerning any internal testing of QuantumScape's Technology, even if those documents were created significantly after the events at issue and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, regardless of whether those documents are under Defendant's possession, custody, or control, which places an undue burden and expense on Defendant and is not relevant or proportional to the needs of the case. Defendant further objects to Request No. 5 to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendant further objects to Request No. 5 to the extent that it seeks cumulative and duplicative discovery. Defendant hereby incorporates into its objection to Request No. 5 its objection to Plaintiff's definition of "QuantumScape Technology."

Subject to the foregoing objections, Defendant responds to Request No. 5 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning any third-party testing of QuantumScape's Technology, including any agreements, results, data, conditions, parameters, specifications, composition, and all test files.

QUANTUMSCAPE CORPORATION'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

-18-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to Request No. 6 on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, seeks Privileged Information, and is not relevant or proportional to the needs of the case. Request No. 6 is vague and ambiguous, for example and without limitation, because of its use of the phrases "third-party testing," "agreements," "results," "data," "conditions," "parameters," "specifications," "composition," and "all test files," none of which are defined. Request No. 6 is overbroad and unduly burdensome because, for example and without limitation, it fails to provide reasonable custodian or time period limitations and therefore seeks all Documents concerning third-party testing of QuantumScape Technology through the present. Compliance with Request No. 6, as propounded, would require Defendant to continuously produce all documents concerning any third-party testing of QuantumScape's Technology, even if created significantly after the events at issue and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, including documents which are outside the possession, custody, or control of Defendant, which places an undue burden and expense on Defendant and is not relevant or proportional to the needs of the case. Defendant objects to Request No. 6 to the extent that it seeks duplicative discovery, publicly available documents, and to the extent it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendant hereby incorporates into its objection to Request No. 6 its objection to Plaintiff's definition of "QuantumScape Technology."

Subject to the foregoing objections, Defendant responds to Request No. 6 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding

documents on the basis of the specific objections and responses set forth herein in response to Request No. 6.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents concerning the ability of QuantumScape's Technology to "prevent" or "resist" dendrites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to Request No. 7 on the grounds that it is overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and seeks Privileged Information. This Request is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case because, for example and without limitation, it fails to provide reasonable custodian or time period limitations and therefore seeks all documents concerning the ability of QuantumScape's Technology to resist or prevent dendrites, including any documents that were created significantly after the events at issue and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, those not within Defendant's possession, custody, or control, and thereby places an undue burden and expense upon Defendant. Compliance with this Request would require Defendant to continuously produce documents that may be unrelated to the Remaining Claims. Defendant further objects to this Request to the extent that it seeks duplicative discovery, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendant hereby incorporates into its objection to Request No. 7 its objection to Plaintiff's definition of "QuantumScape Technology."

Subject to the foregoing objections, Defendant responds to Request No. 7 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding

a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 7.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning the charging abilities of QuantumScape's Technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to Request No. 8 on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and seeks Privileged Information. This Request is vague and ambiguous because it does not define "charging abilities." This request is overbroad and not relevant or proportional to needs of the case because, for example and without limitation, Plaintiff has not identified reasonable custodian or time period limitations, and compliance would require Defendant to continuously produce all documents concerning the charging abilities of QuantumScape's Technology, even if created significantly after the events at issue and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, are not in Defendant's possession, custody, or control, thereby placing an undue burden and expense upon Defendant. Defendant further objects to Request No. 8 to the extent that it seeks duplicative discovery, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendant hereby incorporates into its objection to Request No. 8 its objection to Plaintiff's definition of "QuantumScape Technology."

Subject to the foregoing objections, Defendant responds to Request No. 8 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding

QUANTUMSCAPE CORPORATION'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS CASE NO. 3:21-CV-00058-WHO

-21-

a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 8.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning QuantumScape's Technology's ability to operate and perform at low temperatures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to Request No. 9 on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and seeks Privileged Information. This Request is vague and ambiguous because it does not define "operate and perform" or "low temperatures." The Request is overbroad, unduly burdensome, and not proportional to the needs of the case because, for example and without limitation, Plaintiff has not identified reasonable custodian or time period limitations, and compliance would require Defendant to continuously produce all documents concerning QuantumScape's Technology's ability to operate and perform at low temperatures, including any documents that were created significantly after the events at issue and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, those that are not in the Defendant's possession, custody, or control, thereby placing an undue burden and expense upon Defendant. Defendant further objects to Request No. 9 to the extent that it seeks duplicative discovery, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendant hereby incorporates into its objection to Request No. 9 its objection to Plaintiff's definition of "QuantumScape Technology."

Subject to the foregoing objections, Defendant responds to Request No. 9 as follows:

QUANTUMSCAPE CORPORATION'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS CASE NO. 3:21-CV-00058-WHO

-22-

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning the safety of QuantumScape's Technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to Request No. 10 on the grounds that it is vague and ambiguous and seeks Privileged Information. This Request is also overbroad, unduly burdensome, and not relevant or proportional to the needs of the case because, for example and without limitation, Plaintiff has not identified reasonable custodian or time period limitations, and compliance would require Defendant to continuously produce all documents concerning the safety of QuantumScape's Technology, including any documents that were created significantly after the events at issue and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, those that are not in the Defendant's possession, custody, or control, thereby placing an undue burden and expense upon Defendant. Defendant further objects to Request No. 10 to the extent that it seeks duplicative discovery, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendant hereby incorporates into its objection to Request No. 10 its objection to Plaintiff's definition of "QuantumScape Technology."

Subject to the foregoing objections, Defendant responds to Request No. 10 as follows:

QUANTUMSCAPE CORPORATION'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS CASE NO. 3:21-CV-00058-WHO

-23-

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 10.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents concerning the life cycle of QuantumScape's Technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to Request No. 11 on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and seeks Privileged Information. This request is vague and ambiguous because it does not define "life cycle." Defendant interprets "life cycle" to refer only to the cycle life of the Company's solid state batteries. Defendant hereby incorporates its objection to Plaintiff's definition of "QuantumScape Technology" into its objection to this Request. This Request is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case because, for example and without limitation, Plaintiff has not identified reasonable custodian or time period limitations, and compliance would require Defendant to continuously produce all documents concerning the cycle life of QuantumScape Technology, including any documents that were created significantly after the events at issue and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, those that are not in the Defendant's possession, custody, or control, thereby placing an undue burden and expense upon Defendant. Defendant further objects to Request No. 11 to the extent that it seeks duplicative discovery, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product

QUANTUMSCAPE CORPORATION'S RESPONSES &     -24-
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable.

Subject to the foregoing objections, Defendant responds to Request No. 11 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 11.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning any comparison of QuantumScape's Technology to lithium-ion technology or batteries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to Request No. 12 on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and seeks Privileged Information. This Request is vague and ambiguous because it does not define "lithium ion technology." This Request is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case because, for example and without limitation, Plaintiff has not identified reasonable custodian, subject matter, or time period limitations, and compliance would require Defendant to continuously produce all documents concerning any comparison of QuantumScape's Technology to lithium-ion technology or batteries, regardless of whether the document is relevant to any Remaining Claims and including any documents that were created significantly after the events at issue and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, that are not in the Defendant's possession, custody, or control, thereby placing an undue burden and expense upon Defendant. Defendant further objects to Request No. 12 to the extent that it seeks duplicative discovery, publicly available documents, and to the extent

QuantumScape Corporation's Responses & Objections to Plaintiff's First Request for Production of Documents
Case No. 3:21-cv-00058-WHO

-25-

that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable.

Subject to the foregoing objections, Defendant responds to Request No. 12 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 12.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning the energy density of QuantumScape's Technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to Request No. 13 on the grounds that it is vague, ambiguous, unintelligible, overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and seeks Privileged Information. Defendant interprets this Request to refer to the energy density of the Company's solid-state cells and hereby incorporates into its objection to this Request its objection to Plaintiff's definition of "QuantumScape Technology." This Request is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case because, for example and without limitation, Plaintiff has not identified reasonable custodian or time period limitations, and compliance would require Defendant to continuously produce all documents concerning the energy density of QuantumScape's Technology, regardless of whether such documents are relevant to any Remaining Claims and including any documents that were created significantly after the events at issue and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, those that are not in Defendant's possession,

QUANTUMSCAPE CORPORATION'S RESPONSES &     -26-
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

custody, or control, thereby placing an undue burden and expense upon Defendant. Defendant further objects to Request No. 13 to the extent that it seeks duplicative discovery, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable.

Subject to the foregoing objections, Defendant responds to Request No. 13 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 13.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning the commercial relevance of QuantumScape's Technology's testing conditions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to Request No. 14 on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and seeks Privileged Information. This Request is vague and ambiguous because it does not define "commercial relevance," and because commercial relevance can vary depending on the customer and/or industry. This Request is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case because, for example and without limitation, Plaintiff has not identified reasonable custodian or time period limitations, and compliance would require Defendant to continuously produce all documents concerning the commercial relevance of QuantumScape's Technology's testing conditions, including any documents that were created significantly after the

QUANTUMSCAPE CORPORATION'S RESPONSES &   -27-
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

events at issue and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, those that are not in the Defendant's possession, custody, or control, thereby placing an undue burden and expense upon Defendant. Defendant further objects to Request No. 14 to the extent that it seeks duplicative discovery, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendant hereby incorporates into its objection to Request No. 14 its objection to Plaintiff's definition of "QuantumScape Technology."

Subject to the foregoing objections, Defendant responds to Request No. 14 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 14.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning QuantumScape's "final automotive qualification process".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to Request No. 15 on the grounds that it is overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and seeks Privileged Information. This Request is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case because, for example and without limitation, Plaintiff has not identified reasonable custodian or time period limitations and compliance would require Defendant to continuously produce all documents concerning the Company's final automotive qualification process, including any documents that were created significantly after the events at issue and, in

QUANTUMSCAPE CORPORATION'S RESPONSES &    -28-
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, those that are not in the Defendant's possession, custody, or control, thereby placing an undue burden and expense upon Defendant. Defendant further objects to Request No. 15 to the extent that it seeks duplicative discovery, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable.

Subject to the foregoing objections, Defendant responds to Request No. 15 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 15.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning any "fundamental science risk" or "chemistry risk" relating to QuantumScape's Technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to Request No. 16 on the grounds that it is overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and seeks Privileged Information. This Request is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case because, for example and without limitation, Plaintiff has not identified reasonable custodian, subject matter, or time period limitations, and compliance would require Defendant to continuously produce all documents concerning any "fundamental science risk" or "chemistry risk" relating to QuantumScape's Technology, regardless of any relevancy to the

QUANTUMSCAPE CORPORATION'S RESPONSES &       -29-
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

Remaining Claims, including any documents that were created significantly after the events at issue and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, those that are not in the Defendant's possession, custody, or control, thereby placing an undue burden and expense upon Defendant. Defendant further objects to Request No. 16 to the extent that it seeks duplicative discovery, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendant hereby incorporates into its objection to Request No. 16 its objection to Plaintiff's definition of "QuantumScape Technology."

Subject to the foregoing objections, Defendant responds to Request No. 16 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 16.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning QuantumScape's Technology's ability to "address the fundamental issues."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to Request No. 17 on the grounds that it is overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and seeks Privileged Information. This Request is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case because, for example and without limitation, Plaintiff has not identified reasonable custodian or time period limitations, and compliance would require Defendant to

QUANTUMSCAPE CORPORATION'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS CASE NO. 3:21-CV-00058-WHO

-30-

continuously produce all documents concerning QuantumScape's Technology's ability to "address the fundamental issues," regardless of any relevancy to the Remaining Claims, including any documents that were created significantly after the events at issue, even if created by a third party and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, those that are not in the Defendant's possession, custody, or control, thereby placing an undue burden and expense upon Defendant. Defendant further objects to Request No. 17 to the extent that it seeks duplicative discovery, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendant hereby incorporates into its objection to Request No. 17 its objection to Plaintiff's definition of "QuantumScape Technology."

Subject to the foregoing objections, Defendant responds to Request No. 17 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 17.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning the "commercial deployment" or steps required for the "commercial deployment" of QuantumScape's Technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to Request No. 18 on the grounds that it is overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and seeks Privileged Information. This Request is overbroad, unduly burdensome, and not relevant or proportional to

QUANTUMSCAPE CORPORATION'S RESPONSES &    -31-
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

the needs of the case because, for example and without limitation, Plaintiff has not identified reasonable custodian or time period limitations, and compliance would require Defendant to continuously produce all documents concerning the commercial deployment or steps required for the commercial deployment of QuantumScape's Technology, regardless of any relevancy to the Remaining Claims, including any documents that were created significantly after the events at issue, even if created by a third party and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, those that are not in the Defendant's possession, custody, or control, thereby placing an undue burden and expense upon Defendant. Defendant further objects to Request No. 18 to the extent that it seeks duplicative discovery, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendant hereby incorporates into its objection to Request No. 18 its objection to Plaintiff's definition of "QuantumScape Technology."

Subject to the foregoing objections, Defendant responds to Request No. 18 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 18.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning the cost of QuantumScape's Technology, including its Bill Of Material (BOM) costing and cost of processes.

QUANTUMSCAPE CORPORATION'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS CASE NO. 3:21-CV-00058-WHO

-32-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to Request No. 19 on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and seeks Privileged Information. This Request is vague and ambiguous because it does not define "cost of QuantumScape's Technology," "Bill Of Material (BOM) costing," or "cost of processes." This Request is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case because, for example and without limitation, Plaintiff has not identified reasonable custodian or time period limitations, and compliance would require Defendant to continuously produce all documents concerning the cost of QuantumScape's Technology, including any documents that were created potentially years after the events at issue and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, those that are not in the Defendant's possession, custody, or control, thereby placing an undue burden and expense upon Defendant. Defendant further objects to Request No. 19 to the extent that it seeks duplicative discovery, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendant hereby incorporates into its objection to Request No. 19 its objection to Plaintiff's definition of "QuantumScape Technology."

Subject to the foregoing objections, Defendant responds to Request No. 19 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 19.

QUANTUMSCAPE CORPORATION'S RESPONSES &
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

-33-

**REQUEST FOR PRODUCTION NO. 20:**

All Documents concerning any agreement between QuantumScape and Volkswag[e]n, including but not limited to:

    a.  funding agreements;

    b.  contractual relationship agreements, such as joint venture or operating agreement; and

    c.  agreements concerning technology testing and benchmarks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant objects to Request No. 20 on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, not relevant or proportional to the needs of the case, and seeks Privileged Information. This Request is vague and ambiguous because, for example and without limitation, of its use of the term "benchmarks," which is undefined. This Request is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case because, for example and without limitation, Plaintiff has not identified reasonable custodian or time period limitations, and compliance would require Defendant to continuously produce all documents concerning any agreement between QuantumScape and Volkswagen, regardless of whether the document was created by a third party and/or discussed matters unrelated to the Remaining Claims, and regardless of whether it was created years after the events at issue and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, whether or not the document is in the Defendant's possession, custody, or control, thereby placing an undue burden and expense upon Defendant. Defendant further objects to Request No. 20 to the extent that it seeks duplicative discovery, documents outside of Defendant's possession, custody, or control, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendant hereby incorporates into its objection to this Request its objection to Plaintiff's definition of "Volkswagen."

QUANTUMSCAPE CORPORATION'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS CASE NO. 3:21-CV-00058-WHO

-34-

Subject to the foregoing objections, Defendant responds to Request No. 20 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 20.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents QuantumScape has provided to Volkswag[e]n relating to QuantumScape's Technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant objects to Request No. 21 on the grounds that it is overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and seeks Privileged Information including, for example and without limitation, because Plaintiff has not identified reasonable custodian or time period limitations such that compliance with this Request would require Defendant to continuously produce all documents QuantumScape has provided to Volkswagen relating to QuantumScape's Technology, and potentially years after the events at issue, thereby placing an undue burden and expense on Defendant. Defendant further objects to Request No. 21 to the extent that it seeks duplicative discovery, documents outside of Defendant's possession, custody, or control, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendant hereby incorporates into its objection to this Request its objections to Plaintiff's definitions of "Volkswagen" and "QuantumScape Technology."

Subject to the foregoing objections, Defendant responds to Request No. 21 as follows:

QUANTUMSCAPE CORPORATION'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS CASE NO. 3:21-CV-00058-WHO

-35-

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 21.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents provided in response to any demand by a QuantumScape stockholder made pursuant to title 8, section 220 of the Delaware General Corporation Law Code.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant objects to Request No. 22 to the extent that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case, because, in part, the Request is not limited to responses to shareholder demands related to the subject matter of this litigation. In addition, the Request seeks Privileged Information including, for example and without limitation, because Plaintiff has not identified reasonable subject matter or time period limitations. Defendant further objects to Request No. 22 to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable.

Subject to the foregoing objections, Defendant responds to Request No. 22 as follows:

After entry of an appropriate protective order, Defendant will, on a rolling basis consistent with the stipulated schedule proposed in this Action, produce documents also provided to section 220 demandants to the extent that such documents are also responsive to (and within the time period of production of) any other Requests herein to which Defendant has agreed to produce documents.  Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 22.

QuantumScape Corporation's Responses &    -36-
Objections to Plaintiff's First Request for
Production of Documents
Case No. 3:21-cv-00058-WHO

**REQUEST FOR PRODUCTION NO. 23:**

All Documents received from third parties in response to subpoenas made in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant objects to this request as overbroad, unduly burdensome, and not relevant or proportional to the needs of the case, including but not limited to the extent that it seeks the production of documents that are not relevant to the Remaining Claims. Defendant further objects to Request No. 23 to the extent that it seeks duplicative discovery, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable.

Subject to the foregoing objections, Defendant responds to Request No. 23 as follows:

After entry of an appropriate protective order, Defendant will make documents received from third parties in this action pursuant to subpoenas issued by Defendant available to Plaintiff, subject to Plaintiff's agreement to do the same.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning the January 4, 2021 *Seeking Alpha* article authored by Brian Morin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant objects to Request No. 24 on the grounds that it is overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and seeks Privileged Information. This Request is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case because, for example and without limitation, Plaintiff has not identified reasonable custodian or time period limitations, and compliance would require Defendant to continuously produce all documents concerning the January 4, 2021 *Seeking Alpha* article authored by Brian Morin, including those written by third parties and which are publicly available (and related to a publicly available article), that were created potentially years after the events at

QUANTUMSCAPE CORPORATION'S RESPONSES &
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

-37-

issue and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, which may not be in the Defendant's possession, custody, or control, thereby placing an undue burden and expense upon Defendant. Defendant further objects to Request No. 24 to the extent that it seeks duplicative discovery, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable.

Subject to the foregoing objections, Defendant responds to Request No. 24 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 24.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents concerning the April 15, 2021 report authored by Scorpion Capital.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant objects to Request No. 25 on the grounds that it is overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and seeks Privileged Information. This Request is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case because, for example and without limitation, Plaintiff has not identified reasonable custodian or time period limitations, and compliance would require Defendant to continuously produce all documents concerning the April 15, 2021 report authored by Scorpion Capital, including those written by third parties and which are publicly available (and related to a publicly available report), that were created potentially years after the events at issue, and, in part

QUANTUMSCAPE CORPORATION'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS CASE NO. 3:21-CV-00058-WHO

-38-

because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, which may not be in the Defendant's possession, custody, or control, thereby placing an undue burden and expense upon Defendant. Defendant further objects to Request No. 25 to the extent that it seeks duplicative discovery, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable.

Subject to the foregoing objections, Defendant responds to Request No. 25 as follows:

After entry of an appropriate protective order, Defendant will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, non-privileged responsive documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 25.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents discussing, referring to, commenting on, describing, or analyzing QuantumScape's share price on the following days:

    a.  January 4, 2021; and

    b.  April 15, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant objects to Request No. 26 on the grounds that it is overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and seeks Privileged Information. This Request is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case because, for example and without limitation, Plaintiff has not identified reasonable custodian or time period limitations, and compliance would require Defendant to

QUANTUMSCAPE CORPORATION'S RESPONSES &   -39-
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

continuously identify and produce all documents discussing, referring to, commenting on, describing, or analyzing QuantumScape's share price on January 4, 2021 and April 15, 2021, regardless of whether those documents are relevant to the Remaining Claims, are publicly available, or, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, are not in Defendant's possession, custody, or control, thereby placing an undue burden and expense upon Defendant. Defendant further objects to Request No. 26 to the extent that it seeks duplicative discovery, publicly available documents, and to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable.

Subject to the foregoing objections, Defendant responds to Request No. 26 as follows:

After entry of an appropriate protective order, Defendant will, on a rolling basis consistent with the stipulated schedule proposed in this Action, produce non-privileged documents relevant to the Remaining Claims, after meeting and conferring with Plaintiff regarding a narrowed scope of this Request, including custodians, the appropriate date range, and reasonable and proportionate search and review methodologies. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 26.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents relating to sales of QuantumScape stock by QuantumScape officers and directors and/or their immediate family members during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant objects to Request No. 27 on the grounds that it is overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and oppressive. This Request is overbroad, unduly burdensome, not relevant or proportional to the needs of the case, and oppressive because, for example and without limitation, of its incorporation of Plaintiff's definition of Relevant Period, which is itself overbroad. Compliance with this Request would, in

QUANTUMSCAPE CORPORATION'S RESPONSES &
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

-40-

part, require Defendant to continuously produce all documents related to sales of QuantumScape stock by the immediate family members of Company officers and directors, potentially years after the events at issue, and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, regardless of whether such documents are in Defendant's possession, custody, or control. Defendant further objects to this Request to the extent that it seeks publicly available documents, and to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable.

Subject to the foregoing objections, Defendant agrees to meet and confer with Plaintiff regarding this Request. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 27.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents reflecting the purchasers or sellers of QuantumScape's common stock during the Relevant Period, including but not limited to record shareholder lists.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant objects to this Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, unduly cumulative and duplicative, oppressive, and not relevant or proportional to the needs of the case. This request is vague and ambiguous because it does not define "reflecting." This Request is overbroad, unduly burdensome, unduly cumulative and duplicative, oppressive, and not relevant or proportional to the needs of the case, for example and without limitation, because it requests documents beyond that which are necessary to show the purchasers or sellers of the Company's common stock during the limited period relevant to the Remaining Claims, and because this Request seeks documents during Plaintiff's definition of the Relevant Period – compliance with this Request would therefore require Defendant to continuously produce all documents reflecting the purchasers or sellers of QuantumScape's common stock, and potentially years after the events at issue and, in part because of Plaintiff's Instruction No. 1 that Defendant produce all "available" documents, regardless of whether such

QUANTUMSCAPE CORPORATION'S RESPONSES &        -41-
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

documents are within the Defendant's possession, custody, or control, or relevant to the Remaining Claims. Defendant further objects to this Request to the extent that it seeks publicly available documents, and to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable.

Subject to the foregoing objections, Defendant agrees to meet and confer with Plaintiff regarding this Request. Defendant will otherwise be withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 28.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents relating to litigation holds or preservation notices issued by QuantumScape in connection with this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant objects to Request No. 29 on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case including, for example and without limitation, because this Request seeks "[a]ll Documents relating to litigation holds or preservation notices issued by QuantumScape in connection with this Action" regardless of whether such documents are relevant to any of the Remaining Claims, and to the extent that it seeks documents beyond those that would be sufficient to show the litigation holds or preservation notices issued by QuantumScape in connection with this Action. Defendant objects to Request No. 29 to the extent that it seeks documents protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable.

Subject to the foregoing objections, Defendant responds that all litigation holds and notices issued by QuantumScape in connection with this Action are protected from disclosure by the attorney-client privilege and work product doctrine. Accordingly, Defendant will not be producing documents in response to this Request.

QUANTUMSCAPE CORPORATION'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS CASE NO. 3:21-CV-00058-WHO

-42-

**REQUEST FOR PRODUCTION NO. 30:**

Copies of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the case or to indemnify or reimburse for payments made to satisfy a possible judgment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendant objects to Request No. 30 to the extent it purports to impose burdens beyond the Federal Rules of Civil Procedure and/or any other applicable rules and to the extent it calls for legal conclusions.

Subject to the foregoing objections, Defendant responds to Request No. 30 as follows:

On June 30, 2022, Defendant produced the responsive insurance agreements to Plaintiff in reliance on Plaintiff's counsel's agreement to keep the insurance policies attorneys' eyes' only until a Protective Order is entered in this Action.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents QuantumScape intends to introduce as evidence relating to any affirmative defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendant objects to Request No. 31 to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendant further objects to this Request to the extent that it seeks publicly available documents or production of documents to be used solely for impeachment or rebuttal.

Subject to the foregoing objections, Defendant responds to Request No. 31 as follows:

Defendant will produce non-privileged documents that it intends to introduce as evidence relating to any affirmative defense at the appropriate time, as provided by the Federal Rules of Civil Procedure and/or any other applicable rule or Court order. Defendant will otherwise be

withholding documents on the basis of the specific objections and responses set forth herein in response to Request No. 31.

**REQUEST FOR PRODUCTION NO 32:**

Any chart or table or other Document showing the organizational structure of QuantumScape during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO 32:**

Defendant objects to Request No. 32 on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case, including, for example and without limitation, because this Request seeks information "during the Relevant Period," which pre-dates Plaintiff's purported Class Period by nearly one year and continues through the "present," and calls for documents showing the organizational structure of QuantumScape before it was created. Compliance with this Request would demand that Defendant produce "[a]ny chart or table or other Document showing the organizational structure of QuantumScape during the Relevant Period," no matter how duplicative, and regardless of whether the document was created before or significantly after the purported Class Period. Employees who joined the Company long after the purported Class Period ended, for example, have no relevance to the Remaining Claims.

Subject to the foregoing objections, Defendant responds to Request No. 32 as follows:

Defendant will produce organizational information sufficient to show QuantumScape's executives, including the individual named defendants, and their reports during the Class Period, and is otherwise withholding documents pursuant to the specific objections and responses set forth herein in response to Request No. 32.

QUANTUMSCAPE CORPORATION'S RESPONSES &    -44-
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

Dated: July 12, 2022

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

*/s/ Rebecca L. Epstein*

IGNACIO E. SALCEDA, State Bar No. 164017
DALE BISH, State Bar No. 235390
REBECCA L. EPSTEIN, State Bar No. 168226
ANDREW FRANTELA, State Bar No. 325278
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: isalceda@wsgr.com
      dbish@wsgr.com
      bepstein@wsgr.com
      afrantela@wsgr.com

*Attorneys for Defendants QuantumScape Corporation, Jagdeep Singh, Timothy Holme, and Kevin Hettrich*

QUANTUMSCAPE CORPORATION'S RESPONSES &
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

-45-

**CERTIFICATE OF SERVICE**

I, Rebecca L. Epstein, declare:

I am employed as an attorney with Wilson Sonsini Goodrich & Rosati, Professional Corporation in Santa Clara County, California. I am over the age of 18 years and not a party to the within action. My business address is Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-1050.

On this date, I served:

**QUANTUMSCAPE CORPORATION'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QUANTUMSCAPE**

☒       By forwarding the document(s) by electronic transmission on this date to the Internet email addresses listed below:

**Levi & Korsinsky, LLP**
Adam C. McCall                  Email: amccall@zlk.com
Nicholas I. Porritt              Email: nporritt@zlk.com
Adam M. Apton                   Email: aapton@zlk.com
Maxwell Weiss                   Email: mweiss@zlk.com
Greg Potrepka                   Email: gpotrepka@zlk.com
Shannon Hopkins                 Email: shopkins@zlk.com
Michael Keating                 Email: mkeating@zlk.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Palo Alto, California on July 12, 2022.

_/s/ Rebecca L. Epstein_
Rebecca L. Epstein

QUANTUMSCAPE CORPORATION'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
CASE NO. 3:21-CV-00058-WHO

-46-