# Exhibit 8

CONFIDENTIAL

IGNACIO E. SALCEDA, State Bar No. 164017
DALE BISH, State Bar No. 235390
REBECCA L. EPSTEIN, State Bar No. 168226
ANDREW FRANTELA, State Bar No. 325278
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: isalceda@wsgr.com
        dbish@wsgr.com
        bepstein@wsgr.com
        afrantela@wsgr.com

*Attorneys for Defendants QuantumScape
Corporation, Jagdeep Singh, Timothy
Holme, and Kevin Hettrich*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | CASE NO.: 3:21-CV-00058-WHO |
| | <u>CLASS ACTION</u> |
| | **DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| | Hon. William H. Orrick |

DEFENDANTS' RESPONSES & OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES ON
DEFENDANTS
3:21-CV-00058-WHO

**CONFIDENTIAL**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33 of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, QuantumScape Corporation ("QuantumScape" or the "Company"), Jagdeep Singh, Kevin Hettrich, and Timothy Holme (the "Individual Defendants," and collectively with the Company, the "Defendants"), by and through their counsel, hereby respond and object to Lead Plaintiff Frank Fish's First Set of Interrogatories on Defendants (the "Interrogatories").

## GENERAL OBJECTIONS

Defendants incorporate each of the following General Objections into each response to each Interrogatory, as well as to the Objections to Definitions, Objections to Rules of Construction, Objections to Instructions, and Objections to Time Period.

1.      Defendants object to each Interrogatory to the extent it purports to impose any obligations different from, in excess of, or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, and/or any other applicable rules (collectively, the "Applicable Rules").

2.      Defendants object to each Interrogatory to the extent that it seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

3.      Defendants object to each Interrogatory as premature. Discovery in this action is at its initial stages and, pursuant to the stipulated schedule proposed in this Action, is not currently scheduled to be complete until April 21, 2023. *See* Joint Case Management Statement and [Proposed] Order at 8, ECF No. 157. Accordingly, Defendants' factual investigation is incomplete and ongoing.

4.      Defendants object to each Interrogatory to the extent that it imposes an undue burden on Defendants. Defendants also object to the Interrogatories to the extent that they are compound, conjunctive, disjunctive, and/or contain subparts.

DEFENDANTS' RESPONSES & OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES ON
DEFENDANTS
3:21-CV-00058-WHO
                                        -2-

**CONFIDENTIAL**

5.    Defendants object to each Interrogatory to the extent it is duplicative of other or future Interrogatories or other discovery Plaintiff seeks, and is therefore unduly burdensome.

6.    Defendants object to each Interrogatory to the extent that it seeks information already in Plaintiff's possession, or available to Plaintiff through public sources or records, on the ground that it subjects Defendants to unreasonable and undue burden and expense.

7.    Defendants object to each Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, the common-interest doctrine, and/or any other applicable immunity, privilege, or protection ("Privileged Information"). By responding to the Interrogatories, Defendants do not waive, and intend to preserve, all applicable privileges. To the extent that an Interrogatory may be construed as seeking such privileged or protected information or documents, Defendants hereby claim such privileges and invoke such protections. Neither Defendants' failure to specifically object to an Interrogatory on the ground that it seeks such privileged or protected information or documents, nor the inadvertent production of documents that are protected by such privileges or immunities, shall be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney-work-product doctrine, the common-interest doctrine, or any other applicable immunity, privilege, or protection.

8.    Defendants object to each Interrogatory to the extent that it seeks the disclosure of information that would violate any constitutional, statutory, regulatory, common law, and/or other judicially recognized privacy interest, protection, or privilege of any current or former employee or representative of any Defendant or third party. Defendants further object to each Interrogatory to the extent that it purports to require the production of information that may be the subject of a legal or contractual obligation of nondisclosure, including but not limited to Documents and confidential information concerning QuantumScape's OEM partners.  Defendants agree to meet and confer with Plaintiff about these issues and will supplement these responses as appropriate.

9.    Defendants object to each Interrogatory to the extent that it seeks the production of information not relevant to the allegations remaining in the action. The Court entered an Order on

DEFENDANTS' RESPONSES & OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES ON
DEFENDANTS
3:21-CV-00058-WHO

-3-

**CONFIDENTIAL**

Motion to Dismiss on January 14, 2022 (the "Order") (ECF No. 153). The Court held that Plaintiff did not plead with particularity any misrepresentations that were not identified in footnote 10 of the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") (ECF No. 131), and so Plaintiff is "limited to those they disclosed as misrepresentations in footnote 10 of their Complaint." Order at 4. The Court's Order further held that Statement 19 is not actionable. *Id*. at 27. Defendants will provide information that is relevant and proportionate to the needs of the case based on these remaining claims (the "Remaining Claims").

10.     Defendants object to each Interrogatory to the extent that it is overbroad, vague, ambiguous, or unclear.

11.     No incidental or implied admissions are intended by the responses herein. The fact that Defendants have answered or objected to any Interrogatory should not be taken as: (a) an admission that Defendants accept or admit the existence of any "facts" or information set forth or assumed by such Interrogatory; (b) that any particular fact, document, or thing exists; or (c) that any statement or characterization in an Interrogatory is accurate or complete.

12.     In providing these responses and objections, Defendants do not waive or intend to waive, but rather intend to preserve and are preserving:

a.     all objections to competence, relevance, materiality, admissibility in evidence, or other use of the Interrogatories or any portions thereof, or the subject matter thereof, or responses or objections by Defendants thereto, or any information produced pursuant thereto, including, but not limited to, motions or the hearing of this action;

b.     all rights to object on any ground to use any information, Interrogatories, responses, or objections or the subject matter thereof, in these or any other or subsequent proceedings; and

c.     all rights to move for a protective order and/or other judicial relief.

CONFIDENTIAL

13.     These responses and objections are based upon information currently available to Defendants and their attorneys in the continuing investigation of the matters that are the subject of this litigation. Accordingly, the responses and objections are made without prejudice to Defendants' right to further supplement or revise them after further investigation, discovery, and/or trial preparation, and Defendants expressly reserve the right to supplement or revise these responses and objections.

## OBJECTIONS TO DEFINITIONS

The following objections to Plaintiff's definitions ("Objections to Definitions") are incorporated into each of the General Objections, Objections to Instructions, Objections to Rules of Construction, Objections to Time Period, and Specific Objections and Responses as if fully set forth therein.

1.     Defendants object to Plaintiff's definition of "2020 Battery Showcase Presentation" on the grounds that it incorrectly describes Exhibit "B" to Plaintiff's Complaint, filed at ECF No. 131-2.  The responses herein are based on both Exhibit B to Plaintiff's Complaint (ECF No. 131-2) and the updated slides as of January 7, 2021.

2.     Defendants object to Plaintiff's definition of "Class Period." Plaintiff has only recently filed a motion for class certification. The Court has not certified a class. Defendants reserve all rights to object to any proposed class period and to oppose any aspect of Plaintiff's motion for class certification.

3.     Defendants object to Plaintiff's definition of "Concerning" as overly broad, unduly burdensome, and vague and ambiguous including, for example and without limitation, to the extent it purports to include any subject matter "in any way logically or factually connected with the subject matter of the inquiry or Request." Plaintiff's definition of Concerning is additionally vague and ambiguous because, for example and without limitation, it incorporates a capitalized but undefined term of "Request." Defendants understand "Concerning" to have its customary and usual meaning.

DEFENDANTS' RESPONSES & OBJECTIONS TO          -5-
PLAINTIFF'S FIRST SET OF INTERROGATORIES ON
DEFENDANTS
3:21-CV-00058-WHO

**CONFIDENTIAL**

4.      Defendants object to Plaintiff's definition of "Defendants" as overly broad, unduly burdensome, and vague and ambiguous, including to the extent it purports to include all of the Defendants' "corporate parents, subsidiaries, affiliates, attorneys, accountants, officers, directors, employees, partners, agents, representatives, or other Persons occupying similar positions or performing similar functions, and anyone acting or purporting to act on Defendants' behalf." Defendants further object to this definition on the grounds that it seeks information that (1) is not within Defendants' possession, custody, or control, (2) seeks Privileged Information, and (3) requires Defendants to provide a legal conclusion. Defendants will interpret "Defendants" to mean QuantumScape Corporation, Jagdeep Singh, Kevin Hettrich, and Timothy Holme. Any response to the Interrogatories will be made solely on behalf of QuantumScape Corporation, Jagdeep Singh, Kevin Hettrich, and Timothy Holme, and will consist only of information reasonably in their possession, custody, or control.

5.      Defendants object to Plaintiff's definition of "Describe" as overly broad, unduly burdensome, and vague and ambiguous including, for example and without limitation, to the extent it purports to require Defendants to "identify and describe with particularity the facts and circumstances that Concern the subject matter of the Interrogatory in any manner whatsoever." Defendants understand "Describe" to have its customary and usual meaning.

6.      Defendants object to Plaintiff's definition of "Document(s)" to the extent the definition exceeds the definition of "document" contained in the Federal Rules of Civil Procedure or is inconsistent with or seeks to impose obligations on Defendants beyond those required by the Applicable Rules, including, for example and without limitation, to the extent that Plaintiff's definition of "Document(s)" "shall include without limitation the original (or a copy when the original is not available), each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person) and electronic documents and records." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or

**CONFIDENTIAL**

defenses and would require Defendants to collect information that is disproportionate to the needs of this case. Defendants further object to this definition to the extent it seeks duplicative discovery.

7.      Defendants object to each of Plaintiff's definitions of "Identify" to the extent the definitions are overly broad, unduly burdensome, and inconsistent with or seek to impose obligations on Defendants beyond what is required by the Applicable Rules.

8.      Defendants object to Plaintiff's definition of "QuantumScape" to the extent it purports to include any of QuantumScape's "predecessors, successors, divisions, or affiliates and its attorneys, accountants, agents, employees, directors, officers, assigns, or any other Person or entity acting on its behalf." This definition is overbroad, vague and ambiguous, unduly burdensome, and seeks information that is not within the Defendants' possession, custody, or control. Defendants further object to this definition on the grounds that it seeks Privileged Information and requires Defendants to provide a legal conclusion or to produce information that is protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable immunity, privilege, or protection that makes documents or information non-discoverable. Defendants will interpret "QuantumScape" to refer to QuantumScape Corporation and not to any other person or entity.

9.      Defendants object to Plaintiff's definition of "QuantumScape Technology" on the grounds that it is vague, ambiguous, overbroad, and not relevant or proportional to the needs of the case. For purposes of all interrogatory responses, unless otherwise indicated, Defendants interpret "QuantumScape Technology" to mean its single layer prototype cell as of the time of the 2020 Battery Showcase Presentation.

## OBJECTIONS TO RULES OF CONSTRUCTION

The following objection to the section of the Interrogatories entitled "Rules of Construction" ("Objections to Rules of Construction") are incorporated into each of the General Objections, Objections to Definitions, Objections to Instructions, Objections to Time Period, and Specific Objections and Responses as if fully set forth therein.

DEFENDANTS' RESPONSES & OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES ON
DEFENDANTS
3:21-CV-00058-WHO

-7-

**CONFIDENTIAL**

Defendants object to the purported "Rules of Construction," including, without limitation, the definitions of "all," "any," "each," "and," and "or" to the extent that they render the Interrogatories overbroad, vague, ambiguous, or unclear and to the extent they impose an undue burden on Defendants.

## OBJECTIONS TO INSTRUCTIONS

The following objection to the section of the Interrogatories entitled "Instructions" ("Objections to Instructions") are incorporated into each of the General Objections, Objections to the Definitions, Objections to the Rules of Construction, Objections to Time Period, and the Specific Objections and Responses as if fully set forth therein.

Defendants object to Plaintiff's instructions to the extent they purport to impose any obligations different from, in excess of, or inconsistent with those imposed by the Applicable Rules, the parties' stipulations, or Orders entered in this action.

## OBJECTIONS TO TIME PERIOD

The following objections to the section of the Interrogatories entitled "Relevant Time Period" ("Objections to Time Period") are incorporated into each of the General Objections, Objections to Definitions, Objections to the Rules of Construction, Objections to Instructions, and Specific Objections and Responses as if fully set forth therein.

Defendants object to Plaintiff's definition of "Relevant Time Period" as being from "January 1, 2020 through the present" as this renders the Interrogatories overbroad and unduly burdensome, and purports to seek information not relevant to the parties' claims and defenses concerning Plaintiff's alleged Class Period of November 27, 2020 to April 14, 2021. Unless otherwise noted in response to a specific interrogatory, Defendants interpret the Relevant Time Period to mean July 1, 2020 to April 14, 2021.

## SPECIFIC OBJECTIONS AND RESPONSES

Defendants incorporate by reference their General Objections, Objections to the Definitions, Objections to the Rules of Construction, Objections to Instructions, and Objections to Time Period into each and every response as if fully set forth therein. Although Defendants may

DEFENDANTS' RESPONSES & OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES ON
DEFENDANTS
3:21-CV-00058-WHO

-8-

**CONFIDENTIAL**

repeat some objections in specific responses because they are particularly noteworthy, such specific objections are not to be construed as a waiver of any of the Defendants' other objections.

Subject to the foregoing, Defendants further respond as follows:

**INTERROGATORY NO. 1:**

Identify all Person(s), other than QuantumScape employees, that were hired, contracted, or otherwise retained by Defendants to test, develop, assess, review, consult on, or perform any other diagnostic service on any QuantumScape Technology, including Identifying the applicable QuantumScape Technology for which each such Person(s) was retained.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to this Interrogatory as vague and ambiguous, overbroad, unduly burdensome, and not relevant or proportional to the needs of the case, including due to Plaintiff's definition of "QuantumScape Technology" and the Interrogatory's use of the terms "contracted," "otherwise retained," "develop," "assess," "review," and "consult on." Defendants further object to this Interrogatory to the extent it seeks information protected by any contractual, constitutional, statutory, regulatory, common law, and/or other judicially recognized privacy interest, protection, or privilege of the Defendants or any third party. Defendants will respond to this interrogatory with regard to independent laboratories retained for time period January 1, 2020 through the date of these interrogatory responses.

Subject to and without waiver of the foregoing objections, Defendants respond as follows: QuantumScape retained the laboratory, Mobile Power Solutions, 6260 SW Arctic Dr., Beaverton, OR 97005, (503)-645-6789, to test the performance of QuantumScape's single-layer cells with cathode loading of 3.1 mAh/cm$^2$, anode-free as manufactured, separator area of 70x85mm, and external pressure of approximately 3.4 atm.

**INTERROGATORY NO. 2:**

Identify and/or Describe with particularity all facts and Documents supporting Defendants' statements made in slide 10 of the 2020 Battery Showcase Presentation, including

DEFENDANTS' RESPONSES & OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES ON
DEFENDANTS
3:21-CV-00058-WHO

-9-

**CONFIDENTIAL**

Dated: August 8, 2022

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

*/s/ Rebecca L. Epstein*

IGNACIO E. SALCEDA, State Bar No. 164017
DALE BISH, State Bar No. 235390
REBECCA L. EPSTEIN, State Bar No. 168226
ANDREW FRANTELA, State Bar No. 325278
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: isalceda@wsgr.com
         dbish@wsgr.com
         bepstein@wsgr.com
         afrantela@wsgr.com

*Attorneys for Defendants QuantumScape Corporation, Jagdeep Singh, Timothy Holme, and Kevin Hettrich*

DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES ON DEFENDANTS
3:21-CV-00058-WHO

-27-

**CONFIDENTIAL**

**<u>VERIFICATION OF QUANTUMSCAPE CORPORATION</u>**

I, Jagdeep Singh, declare:

I am the Chief Executive Officer and Chairman of the Board of QuantumScape Corporation ("QuantumScape"), and I am a party to this action.  On behalf of defendant QuantumScape, I have read the foregoing Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories and know its contents.  The matters stated in the foregoing document are true to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 8, 2022 at Los Gatos, California.



DocuSigned by:

Jagdeep Singh

87803F7DD56F420...

Jagdeep Singh

**CONFIDENTIAL**

## <u>VERIFICATION OF JAGDEEP SINGH</u>

I, Jagdeep Singh, declare:

I am the Chief Executive Officer and Chairman of the Board of QuantumScape Corporation and a party to this action.  I have read the foregoing Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories and know its contents.  The matters stated in the foregoing document are true to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 8, 2022 at Los Gatos, California.

DocuSigned by:

*Jagdeep Singh*

87803F7DD56F420...

Jagdeep Singh

DEFENDANTS' RESPONSES & OBJECTIONS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES ON
DEFENDANTS
3:21-CV-00058-WHO

-29-

**CONFIDENTIAL**

**<u>VERIFICATION OF KEVIN HETTRICH</u>**

I, Kevin Hettrich, declare:

I am the Chief Financial Officer of QuantumScape Corporation and a party to this action. I have read the foregoing Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories and know its contents. The matters stated in the foregoing document are true to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 8, 2022 at Menlo Park, California.



KEVIN HETTRICH

**CONFIDENTIAL**

**<u>VERIFICATION OF TIMOTHY HOLME</u>**

I, Timothy Holme, declare:

I am the Chief Technology Officer of QuantumScape Corporation and a party to this action. I have read the foregoing Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories and know its contents. The matters stated in the foregoing document are true to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___August 8, 2022 | 9:04 PM PDT___ at Mountain View, California.

DocuSigned by:

Tim Holme

E472877E39E240A

_____
TIMOTHY HOLME