# Exhibit 9

IGNACIO E. SALCEDA, State Bar No. 164017
DALE BISH, State Bar No. 235390
REBECCA L. EPSTEIN, State Bar No. 168226
ANDREW FRANTELA, State Bar No. 325278
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: isalceda@wsgr.com
       dbish@wsgr.com
       bepstein@wsgr.com
       afrantela@wsgr.com

*Attorneys for Defendants QuantumScape Corporation, Jagdeep Singh, Timothy Holme, and Kevin Hettrich*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | CASE NO.: 3:21-CV-00058-WHO |
| | <u>CLASS ACTION</u> |
| | **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION TO QUANTUMSCAPE CORPORATION AND SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS JAGDEEP SINGH, KEVIN HETTRICH, AND TIMOTHY HOLME** |
| | Hon. William H. Orrick |

QUANTUMSCAPE'S RESPONSES & OBJECTIONS TO
PLAINTIFFS' THIRD RFP AND INDIVIDUAL
DEFENDANTS' RESPONSES & OBJECTIONS TO
PLAINTIFFS' SECOND RFP
CASE NO. 3:21-CV-00058-WHO

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Rule 34 of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, the applicable orders of this Court, any other applicable law or rule, and the agreements of the parties, Defendants QuantumScape Corporation, Jagdeep Singh, Kevin Hettrich and Timothy Holme ("Defendants"), by and through their counsel, hereby respond and object to Plaintiffs' Third Request for Production of Documents to QuantumScape Corporation and Second Request for Production of Documents to Defendants Jagdeep Singh, Kevin Hettrich and Timothy Holme (collectively the "Requests" and, individually, each request a "Request").

## GENERAL OBJECTIONS

Defendants incorporate each of the following General Objections into each of the responses to each Request, as well as to the Objections to the Definitions, Objections to Instructions, and Objections to Relevant Time Period. The assertion of the same, similar, or additional objections in response to specific document Requests does not waive, limit, or modify any of Defendants' General Objections to the Requests.

1. Defendants object to each Request, Definition, and Instruction to the extent it purports to impose any obligations different from, in excess of, or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, and/or any other applicable rules.

2. Defendants object to each and every Request to the extent it seeks confidential, trade secret, or proprietary business, technical, marketing, or financial information or documents or seeks the disclosure of information that would violate any constitutional, statutory, regulatory, common law, and/or other judicially recognized privacy interest, protection, or privilege.

3. Defendants object to each Request to the extent it seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

QUANTUMSCAPE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD RFP AND INDIVIDUAL DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFFS' SECOND RFP
CASE NO. 3:21-CV-00058-WHO

-2-

4.       Defendants object to each Request to the extent that it imposes an undue burden on Defendants, including by seeking documents whose value is outweighed by the burden or expense of production, or which are not reasonably accessible. Defendants further object to each Request to the extent that it seeks the production of documents that are not in their possession, custody, or control.

5.       Defendants object to each Request to the extent it is duplicative of other or future Requests or other discovery sought by Plaintiffs Frank Fish, Kathy Stark, or Mary Cranny ("Plaintiffs") and is therefore unduly burdensome.

6.       Defendants object to each Request to the extent that it seeks documents already in Plaintiffs' possession, or available to Plaintiffs through public sources or records, on the ground that it subjects Defendants to unreasonable and undue burden and expense.

7.       Defendants object to each Request to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and/or any other applicable immunity, privilege, or protection ("Privileged Information"). By responding to the Requests, Defendants do not waive, and intend to preserve, all applicable privileges. To the extent that a Request may be construed as seeking Privileged Information, Defendants hereby claim such privileges and invoke such protections. Neither Defendants' failure to specifically object to a Request on the ground that it seeks such Privileged Information, nor the inadvertent production of documents that are protected by such privileges or immunities, shall be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable immunity, privilege, or protection.

8.       Defendants object to each Request to the extent that it seeks the disclosure of information that would violate any constitutional, statutory, regulatory, common law, and/or other judicially recognized privacy interest, protection, or privilege of any current or former employee or representative of Defendants or any third party. Defendants further object to each

QUANTUMSCAPE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD RFP AND INDIVIDUAL DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFFS' SECOND RFP
CASE NO. 3:21-CV-00058-WHO

-3-

Request to the extent that it purports to require the production of documents in violation of a legal or contractual obligation of nondisclosure. Defendants also object to each Request to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by any rule of confidentiality that makes documents or information non-discoverable.

9.    Defendants object to each Request to the extent it seeks the production of documents not relevant to the allegations remaining in the above-captioned action (the "Action"). The Court entered an Order on Motion to Dismiss on January 14, 2022 (the "Order") [Dkt. No. 153]. The Court's Order held that Plaintiff did not plead with particularity any alleged misrepresentations that were not identified in footnote 10 of the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") [Dkt. No. 131], and so Plaintiff is "limited to those they disclosed as misrepresentations in footnote 10 of their Complaint." Order on Motion to Dismiss [Dkt. No. 153] at 4. The Court's Order further held that Statement 19 is not actionable. *Id*. at 27. Defendants will produce documents that are relevant and proportionate to the needs of the case based on these remaining claims (the "Remaining Claims").

10.    Defendants object to each Request to the extent that it is overbroad, vague, ambiguous, or unclear.

11.    Except as otherwise stated below, an objection to a specific Request or an agreement to produce documents in response to a specific Request does not imply that documents responsive to that category exist. To the extent that Defendants agree to produce documents in response to a specific Request, it only means that Defendants agree to conduct a reasonable search for responsive documents and will produce responsive non-privileged documents, if any, subject to and without waiving all the objections stated herein.

12. Defendants object to each Request to the extent it seeks the production of documents within thirty days. Defendants will produce documents on a rolling basis consistent with the stipulated schedule proposed in this Action.

13. In providing these responses and objections, Defendants do not waive or intend to waive, but rather intend to preserve and are preserving:

a. all objections to competence, relevance, materiality, admissibility in evidence, or other use of the Requests or any portions thereof, or the subject matter thereof, or responses or objections by Defendants thereto, or any information produced pursuant thereto, including, but not limited to, motions or the hearing of this action;

b. all rights to object on any ground to use any information, Requests, responses, or objections or the subject matter thereof, in these or any other or subsequent proceedings; and

c. all rights to move for a protective order and/or other judicial relief.

14. These responses and objections are based upon information currently available to Defendants and their attorneys in the continuing investigation of the matters that are the subject of this litigation. Accordingly, the responses and objections are made without prejudice to Defendants' right to further supplement or revise them after further investigation, discovery, and/or trial preparation, and Defendants expressly reserve the right to supplement or revise these responses and objections.

## OBJECTIONS TO DEFINITIONS

The following objections to definitions ("Objections to Definitions") are incorporated into each of the General Objections, Objections to Instructions, Objections to Relevant Time Period, and Specific Objections and Responses, as if fully set forth therein.

1. Defendants object to the definition of "Concerning" as overly broad, unduly burdensome, and vague and ambiguous including, for example and without limitation, to the

QUANTUMSCAPE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD RFP AND INDIVIDUAL DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFFS' SECOND RFP CASE NO. 3:21-CV-00058-WHO

-5-

extent that it purports to include any matter "being in any way logically or factually connected with the subject matter of the inquiry or Request." Defendants interpret "Concerning" per its customary and usual meaning.

2.      Defendants object to Plaintiffs' definition of "Communication" and "Communications" to the extent it includes "any disclosure, transfer or exchange of information or opinion in whatever form, including but not limited to words, numbers, pictures, charts or graphs and by any means of transmission or receipt, including but not limited to written, oral, audio, video, photographic and electronic" on the grounds that the definition is overly broad, unduly burdensome, and vague and ambiguous, particularly to the extent that it encompasses oral exchanges or transmissions of information that were not memorialized in a tangible form.

3.      Defendants object to Plaintiffs' definition of "Correspondence" as overbroad, unduly burdensome, and vague and ambiguous.

4.      Defendants object to Plaintiffs' definition of "Defendants" on the grounds that it is overbroad, vague and ambiguous, and calls for a legal conclusion. Defendants will interpret Plaintiffs' definition of "Defendants" as referring to QuantumScape Corporation, Jagdeep Singh, Kevin Hettrich, and Timothy Holme, and not any other person or entity.

5.      Defendants object to Plaintiffs' definition of "Document" and "Documents" to the extent the definition exceeds the definition of "document" contained in Federal Rule of Civil Procedure 34 or is inconsistent with or seeks to impose obligations on Defendants beyond those required by the Federal Rules of Civil Procedure. The definition is overly broad and unduly burdensome because, for example and without limitation, the definition includes the defined terms "Communication" and "ESI," which are themselves overbroad, unduly burdensome, and vague and ambiguous. Defendants hereby incorporate by reference their objections to the definitions of "Communication" and "ESI" into this objection.

6.      Defendants object to Plaintiffs' definition of "ESI" to the extent it purports to impose burdens beyond the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil

Proceedings before the United States District Court for the Northern District of California, any stipulated ESI protocols in the Action, and/or any other applicable rules. Defendants will meet and confer with Plaintiffs concerning a mutually acceptable e-discovery protocol that will allow for the production of ESI in a reasonably usable form or forms.

7.      Defendants object to Plaintiffs' definition of "QuantumScape" to the extent it purports to include any of QuantumScape's "predecessors, successors, divisions, or affiliates and its attorneys, accountants, agents, employees, directors, officers, assigns, or any other Person or entity acting on its behalf" on the grounds that it is overly broad, unduly, burdensome, calls for legal conclusions, and not proportional to the needs of the case. Defendants will interpret "QuantumScape" to refer to QuantumScape Corporation and not any other person or entity.

8.      Defendants object to Plaintiffs' definition of "QuantumScape Technology" on the grounds that it is vague, ambiguous, unduly burdensome and overbroad. Defendants will interpret "QuantumScape Technology" to mean to QuantumScape's single layer prototype cell as of the time of QuantumScape's December 8, 2020 Battery Showcase presentation.

9.      Defendants object to Plaintiff's definition of "Volkswagen" to the extent it purports to include any of Volkswagen Group of America Investments, LLC's "predecessors, successors, divisions, or affiliates and its attorneys, accountants, agents, employees, directors, officers, assigns, or any other Person or entity acting on its behalf" on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and calls for legal conclusions. Defendants will interpret "Volkswagen" to refer to Volkswagen Group of America Investments, LLC, and not any other person or entity.

10.      Defendants object to the definitions of "relating to" and "concerning" as overly broad, unduly burdensome, and vague and ambiguous including, for example and without limitation, to the extent that they purport to include any matter "having any logical or factual connection with the matter identified, in whole or in part." Defendants interpret "relating to" and "concerning" per their customary and usual meaning.

QUANTUMSCAPE'S RESPONSES & OBJECTIONS TO          -7-
PLAINTIFFS' THIRD RFP AND INDIVIDUAL
DEFENDANTS' RESPONSES & OBJECTIONS TO
PLAINTIFFS' SECOND RFP
CASE NO. 3:21-CV-00058-WHO

11.    Defendants object to Plaintiffs' paragraph 16 of the Definitions section in Plaintiffs' Requests to the extent that the Requests purport to include "all Documents and information which relate, in whole or in part, to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period." This paragraph is vague, ambiguous, and unintelligible, as "such period" is not discussed in this paragraph, and renders all of the Requests overbroad and unduly burdensome, and seeks documents that are not relevant to the Remaining Claims. To the extent that Plaintiffs' use of "such period" in this paragraph 16 refers to Plaintiff's definition of the "Relevant Period," Defendants hereby incorporate their Objections to Relevant Time Period into their objections to this paragraph 16.

### OBJECTIONS TO INSTRUCTIONS

The following objections to the section of the Requests titled "Instructions for all Discovery Requests" ("Objections to Instructions") are incorporated into each of the General Objections, Objections to Definitions, Objections to Relevant Time Period, and the Specific Objections and Responses as if fully set forth therein.

1.    Defendants object to Plaintiffs' Instruction No. 1, stating in part that "[y]ou are required, in responding to these discovery requests, to obtain and furnish all documents and information available to you, in your possession or under your control, or available to, in the possession or under the control of any of your representatives, employees, agents, brokers, servants, and/or attorneys" to the extent that Instruction No. 1 purports to impose any obligations different from, in excess of, or inconsistent with those imposed by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California. Defendants further object to Instruction No. 1 on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including, for example and without limitation, because the words "you" and "available" are undefined. Defendants further object because Plaintiffs' use of the word "available" renders all of the

QUANTUMSCAPE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD RFP AND INDIVIDUAL DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFFS' SECOND RFP
CASE NO. 3:21-CV-00058-WHO

-8-

Requests overbroad as it imposes obligations on Defendants beyond those required by the Federal Rules of Civil Procedure. Defendants further object to this instruction to the extent it includes documents outside of Defendants' possession, custody, or control, including, for example and without limitation, "representatives," "agents," "brokers," and "servants."  Defendants further object to Instruction No. 1 to the extent that it purports to include Defendants' attorneys and encompasses Privileged Information.

2.　　　Defendants object to Plaintiffs' Instruction No. 3 to the extent that it purports to specify the form of production prior to the parties agreeing upon mutually acceptable ESI protocols. Defendants further object to Instruction No. 3 to the extent that it purports to impose any obligations different from, in excess of, or inconsistent with those imposed by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California. Defendants will meet and confer with Plaintiffs concerning a mutually acceptable e-discovery protocol that will allow for the production of ESI in a reasonably usable form or forms.

3.　　　Defendants object to Plaintiffs' Instruction No. 4 to the extent that it purports to impose any obligations different from, in excess of, or inconsistent with those imposed by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California. Defendants will produce, on a rolling basis consistent with the stipulated schedule proposed in this Action, responsive, non-privileged documents that are identified through the use of search terms and/or Technology Assisted Review ("TAR"). Defendants will meet and confer with Plaintiffs concerning mutually acceptable search and review protocols and an appropriate date range for the Requests. Defendants will produce responsive, non-privileged documents, if any, subject to and without waiving all objections stated herein.

4.　　　Defendants object to Plaintiffs' Instruction No. 5 to the extent that it purports to impose any obligations different from, in excess of, or inconsistent with those imposed by the

QUANTUMSCAPE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD RFP AND INDIVIDUAL DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFFS' SECOND RFP CASE NO. 3:21-CV-00058-WHO

-9-

Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, including, for example and without limitation, Plaintiffs' purported requirement that "[a]ll Documents called for by these discovery requests or related to these requests, for which you claim a privilege or statutory authority as a ground for non-production, shall be listed chronologically in a privilege log[.]" Defendants will produce privilege logs upon completion of production in compliance with the Orders that are entered in this action.

5.       Defendants object to Plaintiffs' Instruction No. 6 to the extent that it purports to impose any obligations different from, in excess of, or inconsistent with those imposed by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California. Defendants object to Instruction No. 6 to the extent that it requires Defendants to produce original documents. Defendants further object to Instruction No. 6 on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, including, for example and without limitation, because it is unclear what is meant by Plaintiffs' instruction that "[e]ach request to produce a Document or Documents shall be deemed to call for the production of the original Document or Documents to the extent that they are in, or subject to, directly or indirectly, the control of the party to whom these discovery requests are addressed." Defendants do not interpret Instruction No. 6 to request production of identical copies of Documents. Defendants will meet and confer with Plaintiffs concerning mutually acceptable search and review protocols. Defendants will, on a rolling basis consistent with the stipulated schedule proposed in this Action, produce responsive, non-privileged documents, if any, subject to and without waiving all of the objections stated herein.

6.       Defendants object to Plaintiffs' Instruction No. 9 to the extent that it purports to impose any obligations different from, in excess of, or inconsistent with those imposed by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California including, for example and

without limitation, to the extent Instruction No. 9 purports to require Defendants to produce "available" documents – as this may be interpreted to include documents that are not in Defendants' possession, custody, or control – and to provide a "description of the Documents not furnished and the reason for not furnishing them." Defendants further object to Instruction No. 9 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requires Defendants to identify requested Documents that have been lost or destroyed "by author, date, and subject matter." Defendants further object to Instruction No. 9 as overbroad and unduly burdensome, and not proportional to the needs of the case to the extent it requires Defendants, for any Document requested that was "once in your possession, custody, or control, but no longer is" to "indicate the date the Document ceased to be in your possession, custody, or control, the manner in which it ceased, and the name and address of its present custodian."

7.      Defendants object to all Instructions, individually and collectively, to the extent that they purport to impose any obligations different from, in excess of, or inconsistent with those imposed by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California.

<strong><u>OBJECTIONS TO RELEVANT TIME PERIOD</u></strong>

The following objections to the section of the Requests entitled "Relevant Time Period" ("Objections to Relevant Time Period") are incorporated into the General Objections, Objections to Definitions, Objections to Instructions, and Specific Objections and Responses as if fully set forth therein. Defendants object to Plaintiffs' purported definition of "Relevant Period" as being from "January 1, 2020 through the present" as overly broad, unduly burdensome, not proportional to the needs of the case, and purports to seek the production of documents not relevant to the Remaining Claims. Plaintiffs' Complaint alleges that the Class Period for this case is from November 27, 2020 through April 14, 2021.

Requests for documents that significantly pre-date and post-date the purported events that are the subject of this Action are disproportionate to the needs of the case and unduly burdensome

QUANTUMSCAPE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD RFP AND INDIVIDUAL DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFFS' SECOND RFP
CASE NO. 3:21-CV-00058-WHO

-11-

including, for example and without limitation, that a definition of Relevant Period through the "present" would require Defendants to continuously search for, review, and produce documents created potentially years after the events at issue and is therefore disproportionate and unduly burdensome as it encompasses significant periods of time that lack any direct connection to the specific claims or defenses in this Action. Such Requests also encompass large volumes of Privileged Information and are thus particularly burdensome.

Defendants further object to the extent the Requests purport to include "all Documents and information which relate, in whole or in part, to [the Relevant Period], or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period." The definition of Relevant Period (which calls for documents from January 1, 2020 to the present) renders all of the Requests overbroad and unduly burdensome, and seeks documents that are not relevant to the Remaining Claims. Defendants agree to meet and confer with Plaintiffs to discuss appropriate date ranges based on the subject matter of each Request and its relevance to and proportionality to the Remaining Claims.

## SPECIFIC OBJECTIONS AND RESPONSES

Defendants hereby incorporate by reference their General Objections, Objections to the Definitions, Objections to Instructions, and Objections to the Relevant Time Period into each and every specific objection and response (the "Specific Objections and Responses") as if set forth fully therein. Although Defendants may repeat some objections in specific responses because they are particularly noteworthy, such specific objections are not to be construed as a waiver of any of Defendants' other objections. Subject to the foregoing, Defendants further respond as follows:

**REQUEST FOR PRODUCTION NO. 37:**

All Documents, including but not limited to internal Communications, notes, presentations, drafts and redlines, and any response by the public or press concerning the following press releases, interviews, or public statements issued or conducted by QuantumScape:

QUANTUMSCAPE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD RFP AND INDIVIDUAL DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFFS' SECOND RFP
CASE NO. 3:21-CV-00058-WHO

-12-

a. December 17, 2020 –Form S-1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendants object to Request No. 37 on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case, including but not limited to the extent that it seeks the production of documents that are not relevant to the Remaining Claims and because it requests production of documents without a reasonable time period limitation. Defendants further object to this Request as vague, ambiguous, and overbroad due to use of the phrases, "any response by the public or press" and "public statements issued or conducted." Defendants further object to this Request to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendants further object to this Request to the extent that it requires production of documents that are not within Defendants' possession, custody, or control. Defendants also object to the extent that this Request seeks publicly available documents. Defendants also hereby incorporate into this specific objection their objections to the "Relevant Period."

Subject to and without waiver of their objections, Defendants agree to meet and confer with Plaintiffs' counsel regarding a narrowed scope of this Request, including the appropriate date range, reasonable and proportionate search and review methodologies, and avoiding duplicative document production.

**REQUEST FOR PRODUCTION NO. 38:**

Documents, Communications, Contracts, or Correspondence sufficient to identify any investor relations company employed by QuantumScape.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendants object to Request No. 38 on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case, including but not limited to

QUANTUMSCAPE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD RFP AND INDIVIDUAL DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFFS' SECOND RFP CASE NO. 3:21-CV-00058-WHO

-13-

the extent that it seeks the production of documents that are not relevant to the Remaining Claims and because it requests production of documents without a reasonable time period limitation. Defendants further object to this Request as vague, ambiguous, and overbroad due to the phrase, "any investor relations company employed by QuantumScape." Defendants further object to this Request to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendants also object to the extent that this Request seeks publicly available documents. Defendants also hereby incorporate into this specific objection their objections to the "Relevant Period."

Subject to and without waiver of their objections, Defendants agree to meet and confer with Plaintiffs' counsel regarding a narrowed scope of this Request, including the appropriate date range, reasonable and proportionate search and review methodologies, and avoiding duplicative document production.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents, Communications, and Correspondence Concerning the movement, price, valuation, and/or market for QuantumScape securities, including but not limited to Documents, Communications, and Correspondence Concerning analysts, reporters, and/or actual or prospective investors of QuantumScape securities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendants object to Request No. 39 on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case, including but not limited to the extent that it seeks the production of documents that are not relevant to the Remaining Claims and because it requests production of documents without a reasonable time period limitation. Defendants further object to this Request as vague, ambiguous, and overbroad due to use of the terms, "valuation," "market for QuantumScape securities," and "prospective investors."

QuantumScape's Responses & Objections to Plaintiffs' third RFP and individual defendants' responses & objections to Plaintiffs' second RFP Case No. 3:21-cv-00058-WHO

-14-

Defendants further object to this Request to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendants further object to this Request to the extent that it requires production of documents that are not within Defendants' possession, custody, or control. Defendants also object to the extent that this Request seeks publicly available documents. Defendants also hereby incorporate into this specific objection their objections to the "Relevant Period."

Subject to and without waiver of their objections, Defendants agree to meet and confer with Plaintiffs' counsel regarding a narrowed scope of this Request, including the appropriate date range, reasonable and proportionate search and review methodologies, and avoiding duplicative document production.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents, Communications, and Correspondence Concerning the actual or potential effect that Your public statements had or may have had on the price of QuantumScape's securities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendants object to Request No. 40 on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case, including but not limited to the extent that it seeks the production of documents that are not relevant to the Remaining Claims and because it requests production of documents without a reasonable time period limitation. Defendants further object to this Request as vague, ambiguous, and overbroad due to use of the terms, "actual or potential effect" and "Your public statements." Defendants further object to this Request to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendants further object to this Request

QUANTUMSCAPE'S RESPONSES & OBJECTIONS TO
PLAINTIFFS' THIRD RFP AND INDIVIDUAL
DEFENDANTS' RESPONSES & OBJECTIONS TO
PLAINTIFFS' SECOND RFP
CASE NO. 3:21-CV-00058-WHO

-15-

to the extent that it requires production of documents that are not within Defendants' possession, custody, or control. Defendants also object to the extent that this Request seeks publicly available documents. Defendants also hereby incorporate into this specific objection their objections to the "Relevant Period."

Subject to and without waiver of their objections, Defendants agree to meet and confer with Plaintiffs' counsel regarding a narrowed scope of this Request, including the appropriate date range, reasonable and proportionate search and review methodologies, and avoiding duplicative document production.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents, Communications, and Correspondence Concerning any implementation, cancellation, audit, evaluation, modification, and/or assessment of QuantumScape's policies, procedures, and/or practices regarding QuantumScape's public disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendants object to Request No. 41 on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case, including but not limited to the extent that it seeks the production of documents that are not relevant to the Remaining Claims and because it requests production of documents without a reasonable time period limitation. Defendants further object to this Request as vague, ambiguous, and overbroad due to use of the terms, "evaluation," "assessment," and "practices." Defendants further object to this Request to the extent that it seeks documents containing confidential, proprietary, or sensitive information or trade secrets and/or information protected by the attorney-client privilege, work product doctrine, or any other applicable immunity, privilege, protection, or rule of confidentiality that makes documents or information non-discoverable. Defendants further object to this Request to the extent that it requires production of documents that are not within Defendants' possession, custody, or control. Defendants also object to the extent that this Request seeks publicly available

QUANTUMSCAPE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD RFP AND INDIVIDUAL DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFFS' SECOND RFP
CASE No. 3:21-CV-00058-WHO

-16-

documents. Defendants also hereby incorporate into this specific objection their objections to the "Relevant Period."

Subject to and without waiver of their objections, Defendants agree to meet and confer with Plaintiffs' counsel regarding a narrowed scope of this Request, including the appropriate date range, reasonable and proportionate search and review methodologies, and avoiding duplicative document production.

Dated: October 3, 2022

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

/s/ Rebecca L. Epstein

IGNACIO E. SALCEDA, State Bar No. 164017
DALE BISH, State Bar No. 235390
REBECCA L. EPSTEIN, State Bar No. 168226
ANDREW FRANTELA, State Bar No. 325278
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: isalceda@wsgr.com
         dbish@wsgr.com
         bepstein@wsgr.com
         afrantela@wsgr.com

*Attorneys for Defendants QuantumScape Corporation, Jagdeep Singh, Timothy Holme, and Kevin Hettrich*

QUANTUMSCAPE'S RESPONSES & OBJECTIONS TO PLAINTIFFS' THIRD RFP AND INDIVIDUAL DEFENDANTS' RESPONSES & OBJECTIONS TO PLAINTIFFS' SECOND RFP
CASE NO. 3:21-CV-00058-WHO

-17-

## CERTIFICATE OF SERVICE

I, Rebecca L. Epstein, declare:

I am employed as an attorney with Wilson Sonsini Goodrich & Rosati, Professional Corporation in Santa Clara County, California. I am over the age of 18 years and not a party to the within action. My business address is Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-1050.

On this date, I served:

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION TO QUANTUMSCAPE CORPORATION AND SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS JAGDEEP SINGH, KEVIN HETTRICH, AND TIMOTHY HOLME**

☒       By forwarding the document(s) by electronic transmission on this date to the Internet email addresses listed below:

**Levi & Korsinsky, LLP**
Adam C. McCall              Email: amccall@zlk.com
Nicholas I. Porritt          Email: nporritt@zlk.com
Adam M. Apton              Email: aapton@zlk.com
Maxwell Weiss              Email: mweiss@zlk.com
Greg Potrepka              Email: gpotrepka@zlk.com
Shannon Hopkins           Email: shopkins@zlk.com

*Attorneys for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Palo Alto, California on October 3, 2022.

　　　　　　　　　　　*/s/ Rebecca L. Epstein*
　　　　　　　　　　　Rebecca L. Epstein