UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH MALRIAT, et al.,

           Plaintiffs,

      v.

QUANTUMSCAPE CORPORATION, et al.,

           Defendants.

Case No. 3:21-cv-00058-WHO

**ORDER ON DISCOVERY DISPUTE**

Re: Dkt. No. 203

In this putative securities class action, I previously certified a class with a class period from November 27, 2020 to April 14, 2021. [Dkt. No. 183]. Now the parties filed a joint discovery letter outlining issues related to the time period for relevant documents produced throughout discovery. ("Letter") [Dkt. No. 203].

At the beginning of discovery, the plaintiffs requested documents from January 1, 2020 to the present. Letter at 1. The plaintiffs say that the defendants represented that there were no documents relevant to the claims beyond June 30, 2021, just after the relevant class period ended, and so based on these representations, the plaintiffs "agreed to limit search terms and custodians" to that date. *Id.* The defendants say that the dates were limited in negotiations to address their concerns that the plaintiffs' discovery requests were unduly burdensome. *Id.* at 5. According to the defendants, the plaintiffs used their broad definition of "QuantumScape technology" while in exchange, the defendants shortened the "Relevant Time Period." *Id.*

Now, the defendants have told the plaintiffs that they intend to rely on "QuantumScape's filings with the U.S. Securities and Exchange Commission, including letters to shareholders and press releases, after the putative class period with respect to QuantumScape's technical development and manufacturing scale-up progress" at trial. *Id.* at 1-2. The plaintiffs say this is

United States District Court
Northern District of California

unfair and seek a motion to compel responses to its discovery requests for its desired time period—through the present—or alternatively a motion to strike the use of documents from after June 30, 2021. *Id.*

It seems that the parties negotiated manageable and less burdensome discovery by agreeing that the plaintiffs could use a broad search term if the requests were limited to a consolidated time period. The plaintiffs do not contest that negotiation occurred, and I am not inclined to interfere with the parties' agreement. Moreover, the plaintiffs point to no case law that prohibits the use of publicly filed documents that both parties can access, even where notice is given near the end of the discovery deadline, and the defendants argue in any event that the documents have been used in the case and questions have been asked without objection about post-class period matters. The defendants may use these publicly filed documents. The motion to strike is DENIED.

That said, the plaintiffs make the disputed claim that they were prejudiced by the representations that there were no relevant documents beyond June 30, 2021, and so they had no meaningful opportunity to question witnesses about events beyond that date. To address that concern, they may re-depose three previously deposed witnesses on the SEC filings after the putative class period for no more than four hours each. Beyond that, the motion to compel is DENIED.

**IT IS SO ORDERED.**

Dated: December 21, 2023



William H. Orrick
United States District Judge

United States District Court
Northern District of California