# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re QuantumScape Securities Class Action Litigation | Case No 3:21-cv-00058-WHO |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement is entered into by and among (a) Lead Plaintiff, Frank Fish, and additional plaintiffs, Mary Cranny and Kathy Stark, on behalf of themselves and the Class[1]; and (b) Defendants QuantumScape Corporation, Jagdeep Singh, Kevin Hettrich, and Timothy Holme, by and through the Parties' respective counsel. The Stipulation is intended by the Parties to fully, finally and forever resolve, discharge, release and settle the Released Claims upon and subject to the terms and conditions hereof, and to be submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure for approval by the Court.

WHEREAS, on January 5, 2021, *Malriat v. QuantumScape Corporation f/k/a Kensington Capital Acquisition Corp., et al.*, Case No. 21-cv-00058-WHO, was filed in the the Court, naming QuantumScape Corporation and Jagdeep Singh as defendants;

WHEREAS, on January 6, 2021, a related securities class action lawsuit was also filed in the Court: *Gowda v. QuantumScape Corporation et al.*, Case No. 4:21-cv-00070-JST, naming Fritz Prinz, Timothy Holme, Kevin Hettrich, and Volkswagen Group of America Investments, LLC as additional defendants;

WHEREAS, on January 8, 2021, an additional related securities class action was filed in this Court: *Leo v. QuantumScape Corporation f/k/a Kensington Capital Acquisition Corp. et al.*, 3:21-cv-00150-VC, naming QuantumScape Corporation and Jagdeep Singh as defendants;

WHEREAS, following the filing of various competing motions to appoint lead plaintiffs and lead counsel, on April 20, 2021, the Court appointed Frank Fish as Lead Plaintiff, approved Levi & Korsinsky, LLP as lead counsel, and consolidated the cases, captioning them as "*In re QuantumScape Securities Class Action Litigation,*" Case No. 3:21-cv-00058-WHO;

---

[1] All capitalized words and terms that are not otherwise defined in text have the meaning ascribed to them below in the section entitled "Definitions."

DocuSign Envelope ID: 216E32EB-F56A-497C-841F-4BF87DC1FD85

WHEREAS, on May 4, 2021, an additional related securities class action was filed in the Court: *Mullur v. QuantumScape Corporation f/k/a Kensington Capital Acquisition Corp. et al.*, 3:21-cv-03309, naming QuantumScape Corporation, Jagdeep Singh, Fritz Prinz, Timothy Holme, and Kevin Hettrich as defendants;

WHEREAS, on May 5, 2021, Plaintiff Mullur filed a motion requesting that the Court revisit the lead plaintiff appointment process;

WHEREAS, on May 18, 2021, the Court denied Plaintiff Muller's motion to revisit the lead plaintiff appointment and the Mullur action was deemed related and consolidated with the existing consolidated case, *In re QuantumScape Securities Class Action Litigation*, Case No. 3:21-cv-00058-WHO;

WHEREAS, on June 21, 2021, Lead Plaintiff filed the Consolidated Class Action Complaint;

WHEREAS, on July 13, 2021, Lead Plaintiff and the Defendants  stipulated voluntarily to dismiss Fritz Prinz and Volkswagen Group of America Investments, LLC as defendants;

WHEREAS, on January 14, 2022, and after full briefing and oral argument, Judge William H. Orrick III granted in part and denied in part Defendants' motion to dismiss the Consolidated Class Action Complaint;

WHEREAS, on February 25, 2022, Defendants filed their Answer to the Plaintiffs' Consolidated Class Action Complaint;

WHEREAS, on July 14, 2022, Lead Plaintiff and additional plaintiffs Mary Cranny and Kathy Stark, filed the Second Amended Consolidated Complaint and Defendants filed their Answer to the Second Amended Complaint on August 4, 2022;

DocuSign Envelope ID: 216E32EB-F56A-497C-8117-4BF87DC1FD85

WHEREAS, on December 19, 2022, and after a full briefing on the motion for Class Certification, Judge Orrick certified a class of "[a]ll persons or entities that purchased or otherwise acquired QuantumScape securities between November 27, 2020 and April 14, 2021, inclusive, and were damaged thereby," with certain exclusions that are noted in the definition of "Class" below;

WHEREAS, the Parties have engaged in extensive written and deposition discovery;

WHEREAS, on October 24, 2023, after exchanging mediation briefs detailing their respective theories of alleged liability, defenses, and damages, the Parties attended a full-day mediation in New York, New York with Phillips ADR mediator David Murphy, Esq. The Parties did not reach a settlement at that time;

WHEREAS, on March 26, 2024, after continuing to engage in fact and expert discovery, the Parties exchanged supplemental mediation briefs and attended a second full-day mediation in New York, New York with Mr. Murphy. The Parties still did not reach a settlement at that time;

WHEREAS, after March 26, 2024, the Parties continued post-mediation discussions with Mr. Murphy;

WHEREAS, on April 5, 2024, Mr. Murphy made a mediator's recommendation, which the Parties accepted in principle on April 8, 2024;

WHEREAS, the mediator's recommendation was for a settlement, under which Plaintiffs and the Class would settle, compromise and release all Released Claims against the Defendants for the payment of $47,500,000 in cash;

WHEREAS, after taking into account the uncertainties, risks and likely costs and expenses of further litigation in this complex securities action, Plaintiffs believe that the Settlement set forth herein is fair, reasonable, and in the best interests of Class Members; and

WHEREAS, the Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs, including all allegations of wrongdoing, fault, damages or liability whatsoever arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in this Action, but also after taking into account the potential costs, uncertainties, and risks of further litigation, have therefore determined to fully and finally settle and resolve the claims asserted against them in the manner and upon the terms and conditions set forth herein;

NOW, THEREFORE, without any admission or concession whatsoever on the part of any Plaintiff of any lack of merit of any claims in the Action, and without any admission or concession whatsoever on the part of the Defendants of any liability, wrongdoing, fault, or lack of merit in the defenses they have asserted in the Action, the Parties hereby STIPULATE AND AGREE, by and through their respective undersigned attorneys, and subject to judicial approval as further set forth herein, in consideration of the benefits flowing to the Parties hereto from the Settlement, that all Released Claims as against the Released Defendant Persons and all Released Defendants' Claims as against the Released Plaintiff Persons shall be compromised, resolved, settled, released, and discharged, upon and subject to the following terms and conditions, as set forth below:

## 1. DEFINITIONS

As used in this Stipulation, the following terms have the meanings specified below:

1.1 "Action" means *In re QuantumScape Securities Class Action Litigation*, No. 3:21-cv-00058-WHO, pending in the Court.

1.2 "Additional Plaintiffs" means plaintiffs Mary Cranny and Kathy Stark.

1.3 "Alternative Judgment" means a form of judgment with terms materially different from those set forth in the form of judgment that is attached hereto as Exhibit B.

DocuSign Envelope ID: 216E32EB-F56A-497C-8147-4BE87DC1FD85

1.4     "Attorneys' Fees and Expenses" means the portion of the Gross Settlement Fund approved by the Court for payment to counsel who have represented Plaintiffs, including such counsel's attorneys' fees, costs, litigation expenses, and fees and expenses of experts (excluding Notice and Administration Expenses).

1.5     "Authorized Claimant(s)" means Class Member(s) who submit a timely and valid Proof of Claim to the Claims Administrator.

1.6     "Award to Plaintiffs" means any portion of the Gross Settlement Fund approved by the Court for payment to Plaintiffs for their service to the Class in this Action, and of reasonable costs and expenses incurred by Plaintiffs directly relating to the representation of the Class pursuant to 15 U.S.C. § 78u-4(a)(4).

1.7     "Bar Order" means the language set forth at ¶12 of the proposed Judgment attached hereto at Exhibit B.

1.8     "CAFA" means the Class Action Fairness Act, 28 U.S.C. § 1715 et seq.

1.9     "Claimant" refers to a putative Class Member who submits a Proof of Claim.

1.10     "Claims Administrator" means the claims administration firm that may be appointed by the Court to administer the Settlement and disseminate notice to the Class.

1.11     "Class" means all Persons who purchased or otherwise acquired QuantumScape securities between November 27, 2020 and April 14, 2021, inclusive, and were damaged thereby. Excluded from the Class are QuantumScape and its subsidiaries and affiliates, the Individual Defendants, and any of the Defendants' or QuantumScape's respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a Controlling Interest. Also excluded from the Class will be those Persons who file a valid and timely Request for Exclusion in accordance with the Court's Preliminary Approval Order.

1.12     "Class Member(s)" means any Person who falls within the definition of the Class, except that Class Member(s) does not include any Person who timely and validly sought exclusion from the Class.

1.13    "Class Period" means the period between November 27, 2020 through April 14, 2021, inclusive.

1.14    "Court" means the United States District Court for the Northern District of California.

1.15    "Controlling Interest" means having a majority ownership interest or ownership of the majority of voting stock of the entity.

1.16    "D&O Insurers" means, collectively, Endurance American Insurance Company, Ascot Insurance Company, XL Specialty Insurance Company, Fair American Select Insurance Company, and RSUI Indemnity Company.

1.17    "Defendants" means QuantumScape, Jagdeep Singh, Kevin Hettrich, and Timothy Holme.

1.18    "Defendants' Counsel" means the law firm of Wilson Sonsini Goodrich & Rosati P.C.

1.19    "Effective Date" means the date on which all the conditions set forth below in ¶9.1 shall have been satisfied.

1.20    "Escrow Account" means the segregated and separate interest-bearing escrow account to be established with the Escrow Agent (subject to judicial oversight) into which the Settlement Amount will be deposited for the benefit of the Class, and which will thereafter hold the assets of the Settlement Fund (subject to the making of such awards, payments, and distributions as authorized herein).

1.21    "Escrow Agent" means Esquire Bank or its duly appointed successor, or such other bank as may be proposed by Plaintiffs' Counsel and approved by the Court.

1.22    "Fairness Hearing" means the hearing scheduled by the Court to determine whether (i) the Settlement is fair, reasonable, and adequate, (ii) the Plan of Allocation is fair, reasonable and adequate; and (iii) Plaintiffs' Counsel's Fee and Expense Application is reasonable.

1.23    "Fee and Expense Application" means the application submitted by Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses, including for (i) attorneys' fees and

payment of litigation costs and expenses incurred in connection with the prosecution of the Action, plus interest on such amounts awarded at the same rate as earned on the Settlement Fund until paid; and (ii) one or more Awards to Plaintiffs.

1.24    "Final" shall mean, with respect to a Judgment or order of the Court, a Judgment or order as to which there is no pending stay, motion for reconsideration, motion for rehearing, motion to vacate, appeal, petition for writ of certiorari or similar request for relief; and

a)   if no appeal or review is filed, the time to appeal or petition for review has expired; or

b)   if there is an appeal or review, such Judgment or order has been affirmed or the appeal or review is dismissed or denied, and such Judgment or order is no longer subject to further judicial review, including upon appeal or review by writ of certiorari.

However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation, Award to Plaintiffs, or to any award of Attorneys' Fees and Expenses, shall not in any way delay or affect the time set forth above for the Judgment to become Final or otherwise preclude the Judgment from becoming Final.

1.25    "Gross Settlement Fund" means the Settlement Amount plus all interest earned thereon.

1.26    "Individual Defendants" refers to Jagdeep Singh, Kevin Hettrich, and Timothy Holme.

1.27    "Judgment" means either: (i) a judgment that is entered approving the Settlement, substantially in the form of the proposed Judgment attached hereto as Exhibit B; or (ii) an Alternative Judgment, if expressly agreed in writing by all the Parties.

1.28    "Lead Plaintiff" means plaintiff Frank Fish.

1.29    "Net Settlement Fund" means the Gross Settlement Fund less: (i) Taxes on the income thereof and any Tax Expenses; (ii) the Notice and Administration Expenses as authorized by this Stipulation; (iii) Attorneys' Fees and Expenses authorized by the Court; (iv) any Award to Plaintiffs authorized by the Court; and (v) any other fees and expenses authorized by the Court.

1.30    "Notice" means the Notice of (I) Pendency of Class Action, Certification of Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be sent to potential members of the Class.

1.31    "Notice and Administration Expenses" means the reasonable costs and expenses incurred in connection with locating Class Members; preparing, printing, mailing, and publishing the Notice and the Summary Notice; soliciting the submission of Proof(s) of Claim(s); assisting with the submission of Proof(s) of Claim(s); processing Proof of Claim forms; administering and distributing the Net Settlement Fund to Authorized Claimants; tax preparation expenses; and paying escrow fees and costs (if any).

1.32    "Objections" means any written objection by a Class Member to the proposed Settlement, Plan of Allocation and/or the Fee and Expense Application.

1.33    "Opt-Out Agreement" means the separate supplemental agreement providing QuantumScape, in its sole discretion, with an option to terminate this Stipulation and Settlement in the event that Requests for Exclusion are received in an aggregate amount equal to or greater than the amount specified in such supplemental agreement.

1.34    "Parties" refers collectively to the Plaintiffs and Defendants, and each, individually is referred to as a "Party."

1.35    "Payment Date" refers to the date that Defendants shall pay or cause to be paid the Settlement Amount, which will occur within 30 (thirty) calendar days of the later of (a) entry of a Preliminary Approval Order or (b) receipt of complete payment instructions from Plaintiffs' Counsel, including an IRS Form W-9 for the Escrow Account, complete check payment, wire, and ACH instructions (account information, bank name and address), and contact information to enable verbal confirmation of the payment instructions, which shall be recorded if requested by any entity making payment.

1.36    "Person(s)" means any individual, corporation, partnership, limited liability company or partnership, limited partnership, professional corporation, association, joint stock

company, trust, estate, unincorporated association, government or any political subdivision or agency thereof, and any other type of legal or political entity, any representative, and, as applicable, his, her or its respective spouses, heirs, predecessors, successors-in-interest, representatives, and assigns.

1.37   "Plaintiffs" refers collectively to Lead Plaintiff and the Additional Plaintiffs.

1.38   "Plaintiffs' Counsel" means the law firm of Levi & Korsinsky, LLP.

1.39   "Plan of Allocation" means the plan for allocating the Net Settlement Fund described in the Notice, or any alternate plan of allocation approved by the Court, whereby the Net Settlement Fund shall be distributed to Authorized Claimants.

1.40   "Postcard Notice" means the notice sent to class members via postcard, substantially in the form attached hereto as Exhibit A-4.

1.41   "Preliminary Approval Order" means an order preliminarily approving the Settlement and directing notice thereof to the Class, substantially in the form of the proposed order attached hereto as Exhibit A.

1.42   "Proof of Claim" means a Proof of Claim and Release Form, substantially in the form attached hereto as Exhibit A-2, submitted on paper or electronically to the Claims Administrator.

1.43   "QuantumScape" means QuantumScape Corporation.

1.44   "Recognized Claim" means the sum of each Claimant's Recognized Loss Amounts.

1.45   "Recognized Loss Amount" means the loss, if any, suffered by a Claimant on the purchase of QuantumScape publicly traded securities purchased or otherwise acquired during the Class Period as defined in and calculated in accordance with the formula set forth in the Plan of Allocation.

1.46   "Related Persons" means (a) with respect to an individual, their immediate family members and any trust that such Person is the settlor of or which is for their benefit and/or the benefit of any of their family members; ***provided however***, that with respect to the Indivdiual Defendants, "Related Persons" also includes the Individual Defendants' respective past and

DocuSign Envelope ID: 216E32EB-556A-497C-9147-1BE87DC1FB85

present respresentatives, insurers (including the D&O Insurers), reinsurers, auditors, underwriters, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, and administrators, in their capacities as such; and (b) with respect to a corporation, partnership, limited liability company or partnership, limited partnership, professional corporation, association, joint stock company, trust, estate, unincorporated association, government or any political subdivision or agency thereof, and any other type of legal or political entity, their subsidiaries, parent entities, divisions, and departments, and their respective past and present officers, directors, employees, representatives, insurers (including the D&O Insurers), reinsurers, auditors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, and administrators, in their capacities as such. For purposes of this Stipulation and Agreement of Settlement, the Individual Defendants and QuantumScape are also each other's Related Persons.

1.47    "Released Claims" means any and all claims, rights, demands, obligations, damages, actions or causes of action, or liabilities whatsoever, of every nature and description, including both known claims and Unknown Claims, that have been or could have been asserted in this Action, or any other action arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule, or regulation, at law or in equity that (a) arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in this Action, or which could have been alleged in this Action, or (b) arise out of, are based upon, or relate in any way to the purchase, acquisition, sale, disposition, or holding of any QuantumScape securities acquired during the Class Period. "Released Claims" does not include any claims to enforce any of the terms of this Stipulation or any claims brought in any derivative action based on allegations similar to the allegations in this Action.

1.48    "Released Defendants' Claims" means all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, by any of the Released Defendant Persons (or any of their successors or assigns) against any of the Plaintiffs or any of Plaintiffs' attorneys which arise out of or relate

DocuSign Envelope ID: 216E32E8-556A-497C-8147-1BE87DC1FB85

in any way to the institution, prosecution, assertion, settlement, or resolution of this Action or the Released Claims, except for claims to enforce any of the terms of this Stipulation.

1.49    "Released Defendant Persons" means QuantumScape, Jagdeep Singh, Kevin Hettrich, Timothy Holme, and their Related Persons.

1.50    "Released Plaintiff Persons" means (i) the Plaintiffs and all Class Members; and (ii) each of their Related Persons.

1.51    "Request for Exclusion" means a written request for exclusion from the Class submitted by any Class Member.

1.52    "Settlement" means the settlement of the Action on the terms set forth in this Stipulation.

1.53    "Settlement Amount" means the sum of US $47,500,000.00 (Forty-Seven million, five hundred thousand U.S. dollars) in cash, to be deposited into the Escrow Account pursuant to ¶2.1.

1.54    "Settlement Class Distribution Order" means the order to be entered by the Court (a) to authorize the payment from the Settlement Fund any as yet unpaid Notice and Administration Expenses; (b) to resolve (if it has not previously done so or been asked to do so) any objections with respect to any rejected or disallowed claims; and (c) approve the distribution of the Net Settlement Fund to the Authorized Claimants upon final resolution of any rejected or disallowed claims.

1.55    "Settlement Fund" means the moneys held in the Escrow Account and any interest earned thereon.

1.56    "Stipulation" means this Stipulation and Agreement of Settlement.

1.57    "Summary Notice" means Summary Notice of (I) Pendency of Class Action, Certification of Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3.

1.58    "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Defendant Persons with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement Fund for Federal or state income tax purposes.

1.59    "Tax Expenses" means expenses and costs incurred in connection with the operation and implementation of ¶¶2.8-2.10 (including, without limitation, expenses of tax attorneys and/or accountants, and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶¶2.8-2.10).

1.60    "Unknown Claims" means any and all Released Claims that Plaintiffs or any other Class Members do not know or suspect to exist in their favor at the time of the release of the Released Defendant Persons, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor, which if known by any of them, might have affected his, her, or its decision(s) to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected his, her, or its decision not to object to this Settlement or not exclude himself, herself, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Class Members (as regards to the Released Claims) and Defendants (as regards to the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have, and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

DocuSign Envelope ID: 216E32EB-556A-497C-9147-1BE87DC1FD85

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Parties may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Action, but they stipulate and agree that, upon the Effective Date of the Settlement, the Parties shall expressly waive and by operation of the Judgment, or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released, any and all Released Claims or Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## 2. THE SETTLEMENT CONSIDERATION; ESTABLISHMENT OF ESCROW ACCOUNT; TAXES; NOTICE AND ADMINISTRATION EXPENSES

### a. The Settlement Fund

2.1. QuantumScape shall pay in cash, and shall cause its D&O Insurers to pay in cash, their respective contributions towards the Settlement Amount to settle and release the Released Claims. The respective contributions of QuantumScape and the D&O Insurers are to be paid by check, ACH, or wire transfer directly into the Escrow Account (to be established for the benefit of the Class) within 30 (thirty) calendar days of the later of (a) entry of a Preliminary Approval Order or (b) receipt of payment instructions from Plaintiffs' Counsel; ***provided that, however,*** Plaintiffs' Counsel shall also provide to Defendants' Counsel check, wire, and ACH payment instructions for

the Escrow Account, (including account information, bank name and address and contact information to enable recorded verbal verification of the wire and ACH instructions), and an IRS Form W-9 for the Settlement Fund, within five (5) business days of the entry of the Preliminary Approval Order. Other than payment of the Settlement Amount into the Escrow Account set forth herein, Defendants and the D&O Insurers shall have no responsibility to make any payments pursuant to this Stipulation.

2.2.     The Settlement Fund shall be used to pay: (i) Taxes and any Tax Expenses, (ii) the Notice and Administration Expenses as authorized by this Stipulation; (iii) Attorneys' Fees and Expenses authorized by the Court; (iv) any Award to Plaintiffs authorized by the Court; and (v) other fees and expenses, if any, authorized by the Court.  The balance of the Settlement Fund remaining after the above payments shall constitute the Net Settlement Fund, which shall be distributed to the Authorized Claimants in accordance with this Stipulation.

2.3.     The Settlement is non-recapture, *i.e.* it is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, no Released Defendant Persons, or any other Person or entity who or which paid any portion of the Settlement Amount, including, without limitation, Defendants' insurance carriers, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever.

2.4.     If the entire Settlement Amount is not deposited into the Escrow Account by the Payment Date, Plaintiffs' Counsel may terminate the Settlement, but only if: (i) Defendants have received from Plaintiffs' Counsel written notice of Plaintiffs' Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within fifteen (15) calendar days after Plaintiffs' Counsel has provided such written notice.

2.5.     Neither the Parties nor their respective counsel shall be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for (a) the payment of claims, taxes, legal fees, or any other expenses payable from the Settlement Fund; (b) the investment of any Settlement Fund assets; or (c) any act, omission, or determination of the Escrow Agent.

### b. The Escrow Agent

2.6.    Any sums required to be held in escrow hereunder shall be held by the Escrow Agent, which shall be controlled by Plaintiffs' Counsel (subject to the supervision of the Court) for the benefit of the Class until the Effective Date.  To the extent that money is not paid out from the Settlement Fund as authorized by this Stipulation or as otherwise ordered by the Court, all assets held by the Escrow Agent in the Settlement Fund shall be deemed to be held in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as they shall be distributed or returned pursuant to this Stipulation and/or further order of the Court.  Other than amounts disbursed for Notice and Administration Expenses, Taxes and Tax Expenses, Attorneys' Fees and Expenses, and an Award to Plaintiffs, the remainder of the Settlement Fund shall not be distributed before the Effective Date occurs.  The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon order of the Court. The Escrow Agent shall bear all risks related to the holding of the Settlement Fund in the Escrow Account.

2.7.    The Escrow Agent, at the direction of Plaintiffs' Counsel, shall invest all funds exclusively in eligible investments, meaning obligations issued or guaranteed by the United States Government or any agency or instrumentality thereof, backed by the full faith and credit of the United States, or fully insured by the United States Government or an agency thereof, and the Escrow Agent (unless otherwise instructed by Plaintiffs' Counsel) shall reinvest the proceeds of these obligations or instruments as they mature in similar instruments at their then-current market rates.  Interest earned on the money deposited into the Escrow Account shall be part of the Settlement Fund.

### c. Taxes

2.8.    The Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this section, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back

to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

2.9.    For purposes of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the elections described in ¶2.8 hereof) shall be consistent with this ¶2.9 and in all events shall reflect that all Taxes (including any estimated taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.10 hereof.

2.10.   All (i) Taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Persons with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes; and (ii) Tax Expenses, including expenses and costs incurred in connection with the operation and implementation of this ¶¶2.8-2.10 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶¶2.8-10), shall be paid out of the Settlement Fund. In all events, the Released Defendant Persons shall have no liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as

well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); the Released Defendant Persons are not responsible, nor shall they have any liability, therefor. The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶¶2.8-2.10.

### d. Notice and Administration Expenses

2.11.   Notwithstanding that the Effective Date of the Settlement has not yet occurred, up to $350,000 of the Settlement Fund may be used by Plaintiffs' Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the submission of claims, processing Proofs of Claim, administering and preparing for distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any. For the avoidance of doubt, the Notice and Administration Expenses are part of the Settlement Amount. In the event that the Settlement is not consummated, money actually paid or incurred for this purpose, including any related fees, up to $350,000, shall not be repaid or returned pursuant to ¶ 9.8. Following the Effective Date, Plaintiffs' Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all Notice and Administration Expenses.

## 3.  SCOPE AND EFFECT OF SETTLEMENT

3.1.   The obligations incurred pursuant to this Stipulation shall be in full and final disposition of: (i) the Action as against the Defendants; (ii) any and all Released Claims as against the Released Defendant Persons; and (iii) any and all Released Defendants' Claims as against the Released Plaintiff Persons, as more fully set forth herein.

3.2.   Upon the Effective Date, Plaintiffs and each of the Class Members, on behalf of themselves and their Related Persons, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall

DocuSign Envelope ID: 216E32E8-556A-497C-9147-1BE87DC1FB85

forever be enjoined from prosecuting, all Released Claims against each of the Released Defendant Persons, whether or not such Plaintiff or Class Member executes and delivers a Proof of Claim.

3.3.    Upon the Effective Date, Defendants and each of the Released Defendant Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, each and every one of the Released Defendants' Claims against the Released Plaintiff Persons.

3.4.    Upon the Effective Date, no Person may bring or pursue any Released Claim against any Released Defendant Persons.

3.5.    The releases provided in this Stipulation shall become effective immediately upon the occurrence of the Effective Date without the need for any further action, notice, condition, or event.

3.6.    With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Parties shall expressly waive, and each of the Class Members shall be deemed to have waived and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or releasing party.**

The Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definitions of Released Claims and Released Defendants' Claims was separately bargained for and a key element of the Settlement of which this release is a part.

4.    **ISSUANCE OF NOTICE; ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND DISTRIBUTION OF NET SETTLEMENT FUND**

4.1.    The Claims Administrator shall (a) administer the issuance of notice to the Class in accordance with the terms of the Preliminary Approval Order and any other orders of the Court, (b) determine the validity of the Proofs of Claim submitted and calculate the Recognized Loss Amounts of Authorized Claimants that shall be allowed, (c) administer the distribution of the Net Settlement Fund to Authorized Claimants; and (d) otherwise provide such claims administration services as are customary in settlements of this type, subject to such supervision of Plaintiffs' Counsel and (as appropriate or as circumstances may require) the Court.  The Claims Administrator shall be retained subject to the condition that it agrees to be subject to the jurisdiction of the Court.

4.2.    Notice and Administration Expenses shall be paid from the Settlement Fund. Notwithstanding that the Effective Date has not yet occurred, Plaintiffs' Counsel may pay (or cause to be paid) from the Escrow Account the actual costs of notice and related administrative expenses without further court order, up to $350,000.  In no event shall the Plaintiffs or Plaintiffs' Counsel be responsible to pay any amount for Notice and Administration Expenses.  Nor shall the Defendants be responsible to pay for any amount for Notice and Administrative Expenses except as provided in paragraph 4.3.

4.3.    QuantumScape will cooperate in good faith in the class notice process and, for purposes of identifying and giving notice to the Class, shall use reasonable efforts to provide to the Claims Administrator (at no cost to the Class and within twenty (20) calendar days of the execution of this Stipulation) the last known names and addresses of all Persons who, based on the records of QuantumScape or its transfer agent, are likely Class Members or nominees of Class Members.  In addition, no later than ten (10) calendar days following the filing of this Stipulation with the Court, QuantumScape shall serve the notice required under CAFA on behalf of all Defendants.  QuantumScape shall be solely responsible for the costs of the CAFA notice and administering the CAFA notice.

4.4.    The Released Defendant Persons shall have no role in, or any liability, obligation, or responsibility for, the dissemination of the Notice (other than as provided in above), the administration of the Settlement, or the distribution of the Settlement Fund, including with respect to: (i) any act, omission, or determination by Plaintiffs' Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; or (iii) the payment or withholding of any taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns. It shall be solely Plaintiffs' Counsel's responsibility to disseminate notices in accordance with this Stipulation and as ordered by the Court. Class Members shall have no recourse as to the Released Defendant Persons with respect to any claims they may have that arise from any failure of the notice process.

4.5.    Each Class Member wishing to participate in the Settlement shall be required to submit to the Claims Administrator a Proof of Claim, substantially in the form set forth in Exhibit A-2 hereto and as approved by the Court, which, *inter alia,* will also provide for the release of all Released Claims as against all Released Defendant Persons.  Each Proof of Claim must be signed under penalty of perjury by the beneficial owner(s) of the QuantumScape securities that are the subject of the Proof of Claim, or by someone with documented authority to sign for the beneficial owner(s) and must be supported by such documents as specified in the instructions contained in the Proof of Claim form.

4.6.    All Proofs of Claim must be postmarked or received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court.  Any Class Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund (unless Plaintiffs' Counsel in its discretion deems such late submission to be a formal or technical defect and waives the lateness of the submission in the interest of achieving substantial justice, or unless by order the Court approves that Class Member's untimely

DocuSign Envelope ID: 216E32E8-F56A-497C-9147-1BE87DC1FB85

submitted Proof of Claim), but will in all other respects be subject to the provisions of this Stipulation and the Judgment (or any Alternative Judgment), including, without limitation, the release of the Released Claims and dismissal of the Action. Provided that it is received before the motion for approval of the Settlement Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

4.7.    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator who shall determine, under the supervision of Plaintiffs' Counsel, in accordance with this Stipulation and any applicable orders of the Court, the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to ¶4.11 below.

4.8.    Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim, the Claims Administrator shall communicate with the Claimant to give the Claimant the opportunity to remedy any curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, under the supervision of Plaintiffs' Counsel, shall notify in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons thereof, and shall indicate in such deficiency notice that the Claimant whose claims are to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirement of ¶4.9 below.

4.9.    If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required by ¶4.8 above, serve upon the Claims Administrator a written statement of reasons indicating the Claimant's ground for contesting the rejection along with copies of any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Plaintiffs' Counsel shall thereafter present the request for review to the Court.

DocuSign Envelope ID: 216E32EB-556A-497C-9147-1BE87DC1FB85

4.10.   The administrative determination of the Claims Administrator accepting and rejecting claims shall be presented by Plaintiffs to the Court in a motion for distribution of the Net Settlement Fund in accordance with ¶4.14.

4.11.   Without regard to whether a Proof of Claim is allowed, each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to such Claimant's claim, and such Claimant's claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's claim.   No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

4.12.   Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members.  All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but shall otherwise be bound by all of the terms of the Judgment (or Alternative Judgment) to be entered in the Action and the releases provided for in this Stipulation, and will be barred from bringing any action against the Released Defendant Persons arising out of or relating to the Released Claims.

4.13.   All proceedings with respect to the administration, processing, and determination of claims described in this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

4.14.   After the Claims Administrator calculates the Recognized Loss Amount of each Authorized Claimant, Plaintiffs' Counsel shall file a motion for distribution of the Net Settlement Fund with the Court, requesting the Court (a) to authorize the payment from the Settlement Fund any as yet unpaid Notice and Administration Expenses; (b) to resolve (if it has not previously done so or been asked to do so) any objections with respect to any rejected or disallowed claims; and (c) approve the distribution of the Net Settlement Fund to the Authorized Claimants upon final resolution of any rejected or disallowed claims.  Such motion shall not be filed until after all of the

following conditions have been met: (i) the Effective Date has occurred; (ii) all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard by the Claims Administrator concerning such rejection or disallowance; and (iii) all matters with respect to the Fee and Expense Application have been resolved by the Court, and any appeals therefrom have been resolved or the time therefor has expired.

4.15.    If any balance remains in the Net Settlement Fund six (6) months after the date of the initial distribution of the Net Settlement Fund (by reason of tax refunds, uncashed checks or otherwise), Plaintiffs' Counsel shall request the Claims Administrator, if economically feasible and reasonable, to reallocate such balance among those Authorized Claimants who have cashed their checks in an equitable fashion, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution.  If any balance shall still remain in the Net Settlement Fund six (6) months after such re-distribution, then such balance shall be contributed to a non-sectarian, non-profit Section 501(c)(3) organization as may be deemed appropriate by the Court.

4.16.    The Released Defendant Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the processing, review, determination, or calculation of any Proof of Claims, or the distribution of the Net Settlement Fund.

4.17.    No Person shall have any claim against any Released Defendant Persons (including any Defendants' Counsel), any Released Plaintiff Persons (including any Plaintiffs' Counsel), or the Claims Administrator, based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or any orders of the Court.

## 5.  ALLOCATION OF NET SETTLEMENT FUND

5.1.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim.

DocuSign Envelope ID: 216E32EB-556A-497C-9147-1BE87DC1FB85

5.2.    The Plan of Allocation set forth in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular Plan of Allocation be approved.  The Plan of Allocation shall be prepared and proposed (subject to judicial approval) solely by Plaintiffs' Counsel.  Defendants will have no involvement in or responsibility for preparing the Plan of Allocation and will take no position with respect to the proposed Plan of Allocation or such Plan of Allocation as may be approved by the Court.  The Plan of Allocation, and any changes thereto, is a matter separate and apart from the Settlement between the Parties, and any decision by the Court concerning the Plan of Allocation, or any changes thereto, and any appeal of any order relating thereto or reversal or modification thereof, shall not operate to, or be grounds to, terminate, modify or cancel, or affect the enforceability of, this Stipulation, or affect or delay the validity or finality of the Judgment (or Alternative Judgment) approving the Settlement. Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim compared to the total Recognized Claims of all accepted claimants.

5.3.    Defendants shall have no involvement in the solicitation or review of Proofs of Claim and shall have no involvement in the administration process itself, which shall be conducted by the Claims Administrator in accordance with this Stipulation, the Plan of Allocation, and any orders that may be entered by the Court.  Any Plan of Allocation is not part of the Stipulation, and the Released Defendant Persons shall have no liability with respect thereto.  No Claimant or Authorized Claimant shall have any claim against any Released Defendant Persons or Defendants' Counsel based on, or in any way relating to, the distributions from the Settlement Fund.

5.4.    No Authorized Claimant shall have any claim against Plaintiffs' Counsel or the Claims Administrator based on, or in any way relating to, the distributions from the Net Settlement Fund that have been made substantially in accordance with this Stipulation and any applicable orders of the Court.

## 6.  THE FEE AND EXPENSE APPLICATION

6.1.    Plaintiffs' Counsel will submit the Fee and Expense Application to the Court.

6.2.     Any Attorneys' Fees and Expenses awarded by the Court shall be payable from the Gross Settlement Fund within five business days of entry by the Court of an order awarding such amounts, notwithstanding the existence of any timely filed objections thereto, or potential for appeal or collateral attack on the Settlement or any part thereof.  However, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, any Attorneys' Fees and Expenses award is overturned or reduced, or if the Settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the Settlement does not become final and binding upon the Class, then, within fifteen (15) business days after receiving notice from any Defendants' Counsel or such an order from a court of appropriate jurisdiction, Plaintiffs' Counsel shall refund to the Settlement Fund such Attorneys' Fees and Expenses previously paid to them, plus interest thereon at the same rate as earned on the Settlement Fund, in an amount consistent with such reversal or reduction.

6.3.     Any Awards to Plaintiffs shall be paid from the Settlement Fund ten (10) calendar days following the Judgment becoming Final.

6.4.     The Released Defendant Persons shall have no responsibility for or liability with respect to any payment or allocation of any award of Attorneys' Fees and Expenses from the Settlement Fund.  Defendants will take no position with respect to the Fee and Expense Application.

6.5.     It is agreed that the procedure for and the allowance or disallowance by the Court of any Fee and Expense Application shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, and any appeal of any order relating threreto or reversal or modification thereof, shall not operate to, or be grounds to, terminate, modify, or cancel this Stipulation or affect or delay its finality, and shall have no effect on the terms of this Stipulation or on the validity or enforceability of this Settlement.  The approval, finality and effectiveness of the Settlement shall not be contingent on an award of Attorneys' Fees and Expenses, or on any Award to Plaintiffs.

DocuSign Envelope ID: 216E32E8-556A-497C-8147-1BE87DС1FВ85

## 7.   THE PRELIMINARY APPROVAL ORDER AND SETTLEMENT HEARING

7.1.    Promptly after execution of this Stipulation, Plaintiffs shall submit the Stipulation together with its exhibits to the Court and shall apply for entry of a Preliminary Approval Order in connection with settlement proceedings substantially in the form attached hereto as Exhibit A, providing for, among other things:  (a) preliminary approval of the Settlement as set forth in this Stipulation; (b) the setting of deadlines for the mailing of the Notice and dissemination of the Summary Notice; (c) the setting of deadlines for Class Members to submit Proofs of Claim, Requests for Exclusion, or Objections; (d) the setting of the time, date and location for the Fairness Hearing; (e) approval of Plaintiffs' Counsel's recommended Claims Administrator; and (f) approval of the form and content of the Notice, the Proof of Claim, and the Summary Notice, respectively, substantially in the forms of Exhibits A-1, A-2 and A-3 attached hereto.

7.2.    Any Class Member who wishes to opt out of the Settlement must submit a timely Request for Exclusion (including any required documentation) on or before the deadline for doing so set by the Court, in accordance with the Preliminary Approval Order and the Notice.  Requests for Exclusion on behalf of groups, including "mass" or "class" opt-outs, will not be permitted. Any Class Member who does not submit a timely and valid written Request for Exclusion will be bound by all Court proceedings, orders, and judgments, whether or not he, she, or it timely submits a Proof of Claim.

7.3.    Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of this Settlement or to any aspect of the Plan of Allocation or the Fee and Expense Application must do so in the manner specified and within the deadlines specified in the Preliminary Approval Order and the Notice.

7.4.    As part of the motion or application for entry of the Preliminary Approval Order, the Parties, unless they otherwise agree in writing, shall request that the Court hold the Fairness Hearing, on a date to occur at least twenty-one (21) calendar days after the deadline(s) referenced in ¶¶7.1-7.3 above for Class Members to submit any Requests for Exclusion or Objections.

7.5.    The Parties shall request that the postmark deadline for objecting to and/or submitting Requests for Exclusion from this Settlement be set at least sixty (60) calendar days after the date for the initial mailing of the Notice as set forth in the Preliminary Approval Order. The Claims Administrator shall promptly notify Plaintiffs' Counsel and Defendants' Counsel upon receipt of any Requests for Exclusion.

## 8.  THE JUDGMENT

8.1.    Following the issuance of the Notice, Plaintiffs shall file with the Court a motion for final approval of the Settlement and entry of a Judgment substantially in the form of Exhibit B hereto.  Should Plaintiffs so request, the Defendants shall, unless there is a good faith basis for denying the request, join in seeking final approval of the Settlement and entry of a Judgment substantially in the form of Exhibit B hereto.

8.2.    The Parties understand and agree that the entry of the Bar Order is integral to and an essential term of the Settlement and, as such, the Judgment will contain the Bar Order as specified in paragraph 12 of Exhibit B hereto.

## 9.    EFFECTIVE DATE OF SETTLEMENT; TERMINATION

9.1.    The Effective Date of the Settlement shall be the date on which all of the following events have occurred:

(a) the Court has entered the Preliminary Approval Order in all material respects;

(b) the full amount of the Settlement Amount has been paid into the Escrow Account pursuant to ¶2.1 above;

(c) QuantumScape has not exercised its right (if applicable) to terminate the Settlement pursuant to ¶9.4 below or to the Opt-Out Agreement pursuant to ¶9.5 below, and its options (if applicable) to do so have expired in accordance with the terms of the Stipulation and/or the Opt-Out Agreement;

(d) Lead Plaintiff has not exercised his right (if applicable) to terminate the Settlement pursuant to ¶9.4, and his option (if applicable) to do so has expired in accordance with the terms of the Stipulation; and

DocuSign Envelope ID: 216E32E8-556A-497C-9147-1BE87DC1FB85

(e) the Court has entered the Judgment (or Alternative Judgment) following issuance of Notice to the Class that approves the Settlement, and such Judgment has become Final.

9.2.     Upon the occurrence of all of the events referenced in ¶9.1 above, Plaintiffs shall have, and each Class Member shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, waived, settled, and discharged, the Released Defendant Persons from and with respect to the Released Claims, whether or not such Class Members have executed a Proof of Claim.

9.3.     Upon the occurrence of all of the events referenced in ¶9.1 above, any obligation (if otherwise applicable) of the Escrow Agent to return any funds from the Settlement Fund to QuantumScape pursuant to ¶9.8 or any other provision of this Stipulation shall be absolutely and forever extinguished.

9.4.     Defendants, or Lead Plaintiff, through their respective counsel, shall each, in their respective discretions, but in all events subject to ¶9.5 herein, have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other counsel for the Parties within thirty (30) calendar days of:

a.      the Court's Final non-appealable refusal to enter the Preliminary Approval Order in any material respect;

b.      the Court's Final non-appealable refusal to approve this Stipulation or any material part of it (except with respect to any decision by the Court concerning the Fee and Expense Application or Plan of Allocation);

c.      the Court's Final non-appealable refusal to enter the Judgment (or an Alternative Judgment) in any material respect; or

d.      the date on which the Judgment (or an Alternative Judgment) is modified or reversed in any material respect by a Court of Appeals or the United States Supreme Court and such modification or reversal has become Final.

9.5.     If, prior to the Fairness Hearing, Persons who otherwise would be Class Members have timely submitted a valid Request for Exclusion from the Class in accordance with the

provisions of the Preliminary Approval Order and the Notice issued pursuant thereto, and who have not retracted their Request for Exclusion before the Fairness Hearing, and such Persons in the aggregate purchased QuantumScape securities during the Class Period in an amount equal to or greater than the amount specified in the "Opt-Out Agreement," then QuantumScape, in its sole discretion, shall have the option to terminate this Stipulation and Settlement in accordance with the requirements and procedures set forth in the Opt-Out Agreement. Any Class Member seeking to exclude himself, herself, or itself from the Class must timely submit records of all of his, her, or its transactions in QuantumScape securities during the Class Period sufficient to calculate the number of QuantumScape securities purchased or acquired during the Class Period and the amount of his, her, or its Recognized Claim. Plaintiffs' Counsel shall, however, have the opportunity to seek retraction of any Request for Exclusion prior to the Fairness Hearing. The Opt-Out Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Opt-Out Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Defendants concerning its interpretation or application. If submission of the Opt-Out Agreement is ordered by the Court, the Parties agree to file it under seal and to jointly request that the Court afford it confidential treatment in accordance with the practices of the Court so as to preserve the confidentiality of the Opt-Out Agreement.

9.6.    If QuantumScape (or its successor) does not pay or cause to be paid the Settlement Amount in full within the time period specified in ¶2.1 of this Stipulation, then Plaintiffs' Counsel, in their sole discretion, may, at any time prior to the Court entering the Judgment (or an Alternative Judgment): (i) terminate the Settlement by providing written notice to counsel for the Parties; (ii)  seek to enforce the terms of the Settlement and this Stipulation and seek entry of a judgment and/or order effecting and enforcing the terms of this Stipulation; and/or (iii) pursue such other rights as Plaintiffs and the Class may have arising out of the failure to timely pay the Settlement Amount in full into the Escrow Account.

DocuSign Envelope ID: 216E32EB-556A-497C-9147-1BE87DC1FB85

9.7.    Except as otherwise provided herein, in the event the Settlement is terminated in accordance with its terms, the Judgment is vacated, or the Effective Date fails to occur, then the Parties shall be deemed to have reverted to their respective statuses and positions in the Action as of the date of this Stipulation, and the fact and terms of the Settlement shall not be admissible in any trial of the Action and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered. Notwithstanding anything to the contrary herein, however, the provisions of ¶¶ 1.1-1.60, 2.5, 2.6, 2.8-2.11, 4.2, 4.4, 7.2, 10.5, 10.7, 10.8, and 10.20 shall survive termination.

9.8.    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within thirty (30) calendar days after written notification of such event is sent by Defendants' Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.8-2.10 or 2.11 hereof, shall be refunded pursuant to written instructions from Defendants' Counsel. At the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' Counsel to the party, parties or the D&O Insurers that paid the Settlement Amount.

9.9.    Defendants warrant and represent that, as of the time this Stipulation is executed and as of the time the Settlement Amount is actually transferred or made as reflected in this Stipulation, they are not "insolvent" within the meaning of 11 U.S.C. §101(32). If, before the Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code, or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Escrow Agent by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited with the

Escrow Agent by others, then, at the election of Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of Defendants and that Defendants and Plaintiffs and the members of the Class shall be restored to their litigation positions as of the date of this Stipulation.

9.10.   No order of the Court or modification or reversal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, and expenses awarded by the Court shall constitute grounds for termination of the Stipulation.

**10.    MISCELLANEOUS PROVISIONS**

10.1.   The Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

10.2.   The Parties shall use their best efforts and take all necessary steps to consummate the Settlement contemplated herein, and the Parties and their respective counsel agree to cooperate reasonably with one another in seeking judicial approval of the Preliminary Approval Order, the Stipulation and the Settlement, and the entry of the Judgment (or an Alternative Judgment), and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final judicial approval of the Settlement and to effectuate and implement all terms and conditions of this Stipulation.

10.3.   The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall also retain jurisdiction for purposes of, *inter alia,* entering orders relating to the Fee and Expense Application, the Plan of Allocation, and the enforcement of the terms of this Stipulation.

10.4.   The Parties agree that the Settlement Amount, and the other terms of the Settlement, were negotiated at arm's length and in good faith by the Parties, and that the Settlement was reached voluntarily and only after negotiations conducted under the auspices of David Murphy, a

highly experienced mediator, during which all Parties were represented by experienced and competent legal counsel.

10.5.   By executing this Stipulation, each of the Parties represents that they have the right, legal capacity, power and authority to enter into this Stipulation and to perform their obligations hereunder, without requiring additional consent, approval, or authorization of any other person, board, entity, tribunal, or other regulatory or governmental authority.

10.6.   By executing this Stipulation, each of the Parties represents that the execution and delivery of this Stipulation and the performance of each and every obligation in this Stipulation does not and will not result in a breach of or constitute a default under, or require any consent under, any duty, relationship, contract, agreement, covenant, promise, guarantee, obligation or instrument to which the executing Party is a party or by which the executing  Party is bound or affected.

10.7.   Each Party agrees that no representations, warranties, inducements, covenants, or promises of any kind or character have been made by any other Party, Released Defendant Persons or Released Plaintiff Persons, or anyone else to induce the execution of this Stipulation except as expressly provided in this Stipulation, and that this Stipulation and its exhibits, together with the Opt-Out Agreement, constitutes the entire agreement between the Parties.

10.8.   Each Party represents and warrants that they have had the opportunity to be represented by counsel of their choice throughout the negotiations which preceded the execution of this Stipulation and in connection with the preparation and execution of this Stipulation, and that they have been afforded sufficient time and opportunity to review this Stipulation with counsel of their choice.

10.9.   All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth in this Stipulation.

10.10. No amendment or modification of this Stipulation shall be effective unless in writing and signed by, or on behalf of, all of the Parties.

DocuSign Envelope ID: 216E32E8-556A-497C-9147-1BF87DC1FB85

10.11.  Whenever this Stipulation requires or contemplates that a Defendant shall or may give notice to Plaintiffs (or Plaintiffs' Counsel), or that Plaintiffs shall or may give notice to Defendants (or Defendants' Counsel), unless otherwise specified such notice shall be provided by email and next business day express delivery service, as set forth below, to the below-listed counsel:

<div style="margin-left:2em">

If to Plaintiffs or Plaintiffs' Counsel:

LEVI & KORSINSKY, LLP
c/o Nicholas I. Porritt
33 Whitehall Street, 17th Floor
New York, NY 10006
Tel: (212) 363-7500
Email: nporritt@zlk.com

If to Defendants or Defendants' Counsel:

WILSON SONSINI GOODRICH & ROSATI P.C.
c/o
Ignacio Salceda
Rebecca Epstein
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Email: isalceda@wsgr.com
Email: bepstein@wsgr.com

</div>

10.12.  Except as otherwise provided herein, each Party shall bear its own costs. The Attorneys' Fees and Expenses, subject to Court approval, shall be paid only out of the Settlement Fund, and the Released Defendant Persons shall have no obligation with respect to the payment of said Attorneys' Fees and Expenses.

10.13.  Plaintiffs' Counsel, on behalf of the Class, are expressly authorized to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms, and to enter into any written modifications or amendments to this Stipulation on behalf of the Class.

10.14.  This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, and representatives of the Parties.  No assignment shall relieve any Party hereto of any obligations hereunder.

10.15.  This Stipulation and all exhibits hereto shall be governed by, construed, performed, and enforced in accordance with the laws of the State of California without regard to its rules of conflicts of law, except to the extent that federal law requires that federal law governs.

10.16.  The Plaintiffs, on behalf of themselves and each member of the Class, and the other Parties hereby irrevocably submit to the jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Stipulation, the applicability of this Stipulation, or the enforcement of this Stipulation.  The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of Attorneys' Fees and Expenses to Plaintiffs' Counsel, any Award to Plaintiffs, and enforcing the terms of this Stipulation.

10.17.  The Parties acknowledge that each Party has participated jointly and equally in the negotiation and preparation of this Stipulation.  In the event an ambiguity or question of intent or interpretation arises, such ambiguity or question shall not be construed against any Party, and no presumption or burden of proof shall arise from favoring or disfavoring any Party solely by virtue of the authorship of any of the provisions of this Stipulation, and instead this Stipulation shall be construed as if all Parties participated equally in the drafting of all such provisions.

10.18. Neither this Stipulation, nor the fact of the Settlement, is an admission or concession by Released Defendant Persons of any liability or wrongdoing whatsoever.  This Stipulation shall not constitute a finding of the validity or invalidity of any factual allegation or any claims in the Action or of any liability or wrongdoing by any of the Released Defendant Persons.  This Stipulation, the fact of settlement, the settlement proceedings, the settlement negotiations, and any related documents, shall not be used or construed as an admission of any factual allegation, fault, liability, or wrongdoing by any person or entity, and shall in no event be

offered or received in evidence as an admission, concession, presumption, or inference against any party in any action or proceeding of any nature, or otherwise referred to or used in any manner in or before any court or other tribunal, except in such proceeding as may be necessary to enforce this Stipulation.

10.19.  The Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis, and further agree not to assert in any forum that any Party violated any provision of Rule 11 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, or any other similar statute, rule, or law, relating to the commencement, prosecution, maintenance, defense, litigation or settlement of the Action.

10.20.  All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

10.21.  The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have legal effect.

10.22.  The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party of such breach, nor shall it be deemed a waiver of any other breach of this Stipulation, including any prior or subsequent breach of this Stipulation.  The provisions of this Stipulation may not be waived except by a writing signed by the affected Party or counsel for that Party.  No failure or delay on the part of any Party in exercising any right, remedy, power, or privilege under this Stipulation shall operate as a waiver thereof or of any other right, remedy, power, or privilege of such Party under this Stipulation; nor shall any single or partial exercise of any right, remedy, power, or privilege under this Stipulation on the part of any Party operate as a waiver thereof or of any other right, remedy, power, or privilege of such Party under this Stipulation, or preclude further exercise thereof or the exercise of any other right, remedy, power, or privilege.

10.23.  The Parties agree that nothing contained in this Stipulation shall cause any  Party to be the agent or legal representative of another Party for any purpose whatsoever, nor shall this

Stipulation be deemed to create any form of business organization between the Parties, nor is any Party granted any right or authority to assume or create any obligation or responsibility on behalf of any other Party, nor shall any Party be in any way liable for any debt of another Party as a result of this Stipulation except as explicitly set forth in this Stipulation.

10.24.  All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have full authority to to do so on behalf of their respective clients, and that they similarly have the authority to take all appropriate actions required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

10.25.  This Stipulation may be executed in one or more original, photocopied, PDF copies or facsimile counterparts, and facsimile or scanned signatures shall have the same force and effect as original signatures, and the exchange of fully executed copies of this Stipulation may similarly be effectuated by pdf/email to the email addresses shown below for the Parties' respective counsel. All executed counterparts and each of them shall be deemed to be one and the same instrument. A copy of the complete set of executed counterparts of this Stipulation shall be electronically filed with the Court.

IN WITNESS WHEREOF, the Parties, intending to be legally bound by this Stipulation, have caused this Stipulation to be executed, by their duly authorized attorneys, as of June 11, 2024.

**LEVI & KORSINSKY, LLP**

By: _Nicholas Porritt_
DocuSigned by:

Adam M. Apton (SBN 316506)
1160 Battery Street East
Suite 100 - #3425
San Francisco, CA 94111
Telephone: (415) 373-1671
aapton@zlk.com

Nicholas I. Porritt (admitted *pro hac vice*)
Max E. Weiss (admitted *pro hac vice*)
33 Whitehall Streeet, 17th Floor
New York, New York 10006
Telephone: (212) 363-7500

nporritt@zlk.com
mweiss@zlk.com

*Plaintiffs' Counsel for Plaintiffs and the Class*

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

By: _Ignacio Salceda_
Ignacio E. Salceda (SBN 164017)
Dale Bish (SBN 235390)
Rebecca L. Epstein (SBN 168226)
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
isalceda@wsgr.com
dbish@wsgr.com
bepstein@wsgr.com

*Attorneys for Defendants QuantumScape*
*Corporation, Jagdeep Singh, Timothy Holme, and*
*Kevin Hettrich*