UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re QuantumScape Securities Litigation | Case No. 21-cv-00058-WHO<br><br>**ORDER GRANTING PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 211 |

A consolidated class action is pending in this Court entitled *In re QuantumScape Securities Class Action Litigation, Case* No. 3:21-cv-00058-WHO (the "Action"). Plaintiffs Frank Fish, Mary Cranny, and Kathy Stark (collectively, "Plaintiffs"), on behalf of themselves and the Class (defined below), and Defendants QuantumScape Corporation ("QuantumScape"), Jagdeep Singh, Kevin Hettrich, and Timothy Holme (the "Individual Defendants" and collectively with QuantumScape, the "Defendants"; and together with Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement, dated June 11, 2024 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement").

By Order dated December 19, 2022, ECF No. 183, the Court certified, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class consisting of all persons or entities that purchased or otherwise acquired QuantumScape securities between November 27, 2020 and April 14, 2021, inclusive ("Class Period"), and were damaged thereby (the "Class"). Excluded from the Class are QuantumScape and its subsidiaries and affiliates, the Individual Defendants, and any of the Defendants' or QuantumScape's respective officers and directors at all relevant times, and any

of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class will be those Persons who file valid and timely requests for exclusion in accordance with this Preliminary Approval Order.

Plaintiffs have made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

Having read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and   unless otherwise defined, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

**IT IS HEREBY ORDERED:**

1.    **Preliminary Approval of the Settlement** – After a preliminary review, the Settlement appears to be fair, reasonable, and adequate. The Settlement: (i) resulted from arm's-length negotiations overseen by an experienced mediator; (ii) eliminates the risks to the  Parties of continued litigation; (iii) does not provide undue preferential treatment to Plaintiffs or to segments of the Class; and (iv) appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class. Accordingly, the Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Fairness Hearing described below.

2.    **Fairness Hearing** – The Court will hold a Fairness Hearing (the "Fairness Hearing") on November 13, 2024, at 2:00 p.m. by videoconference in Courtroom 2, 17th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 or via Zoom (in the discretion of the Court): (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class, and should be approved by the Court; (b) to determine whether a Judgment should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair, reasonable, and adequate and should be approved; (d) to

determine whether the Fee and Expense Application by Plaintiffs' Counsel should be granted; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Fairness Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3.     The Court may adjourn the Fairness Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.  Any Class Member (or their counsel) who wishes to appear at the Fairness Hearing should consult the Court's docket and/or the Settlement website for any change in date, time, or format of the hearing. The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Action, and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expense.

4.     **Retention of Claims Administrator and Manner of Giving Notice** – Plaintiffs' Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of the claims of any Authorized Claimant (hereinafter "Claim(s)") as more fully set forth below.  Notice of the Settlement and the Fairness Hearing shall be given by Plaintiffs' Counsel as follows:

(a)   within ten (10) business days of the date of entry of this Order, QuantumScape shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Plaintiffs' Counsel or the Claims Administrator) its stockholder of record lists (consisting of names and addresses) for the QuantumScape common shares, warrants, and publicly traded call options and/or put options during the relevant time period;

(b)   not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), Plaintiffs' Counsel, through the Claims Administrator, shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit A-4, to be mailed by first-class mail to potential Class Members at the addresses set forth in the

records provided by QuantumScape or in the records which QuantumScape caused to be provided, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Proof of Claim (also referred to as the "Claim Form") to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in Investor's Business Daily and to be transmitted once over the PR Newswire; and

(e) not later than seven (7) calendar days prior to the Fairness Hearing, Plaintiffs' Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice – as revised – attached hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Plaintiffs' Counsel's motion for Attorneys' Fees and Expenses and an Award to Plaintiffs, of their right to object to the Settlement, the Plan of Allocation and/or Plaintiffs' Counsel's Fee and Expenses Application, of their right to exclude themselves from the Class, and of their right to appear at the Fairness Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable

law and rules.  The date and time of the Fairness Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

6.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired QuantumScape securities for the benefit of another person or entity, from November 27, 2020 and April 14, 2021, inclusive, shall (a) within ten (10) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all beneficial owners  of such shares and within ten (10) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within ten (10) calendar days of receipt of the Postcard Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.04 per notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.    **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Plaintiffs' Counsel may, at its discretion, accept for the processing of late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to their Claim and the subject matter of the Settlement.

8.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of

5

United States District Court
Northern District of California

the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Plaintiffs' Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of their current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Plaintiffs' Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected. For each Claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the Claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

9.      Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived their right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternative Judgment, if applicable, and the releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against each and all of the Released Defendant Persons, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraphs 7 and 8 above.

10.      **Exclusion From the Class** – Any Class Member who wishes to exclude themselves from the Class must request exclusion in writing within the time and in the manner set forth in the

Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than thirty-five (35) calendar days prior to the Fairness Hearing, to QuantumScape Settlement, c/o A.B. Data, P.O. Box 173001, Milwaukee, WI 53217 and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *In re QuantumScape Securities Class Action Litigation.,* Case No. 3:21-cv-00058-WHO"; (iii) state the number of QuantumScape securities that the person or entity requesting exclusion purchased/acquired during the Class Period; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.

11. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

12. Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived their right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternative Judgment, if applicable, and the releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Released Defendant Persons, as more fully described in the Stipulation and Notice.

13. **Appearance and Objections at Fairness Hearing** – Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at their own expense,

individually or through counsel of their own choice, by filing with the Clerk of Court.  Any Class Member who does not enter an appearance will be represented by Plaintiffs' Counsel.

14.     Any Class Member that does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, Plaintiffs' Counsel's motion for Attorneys' Fees and Expenses or an Award to Plaintiffs, and appear and show cause why the proposed Settlement, the proposed Plan of Allocation, Plaintiffs' Counsel's Attorneys' Fees and Expenses, and Award to Plaintiffs should not be approved.

15.     Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; and (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention. Objectors who enter an appearance and desire to present evidence at the Fairness Hearing in support of their objection should include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

16.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs and all other members of the Class from prosecuting any of the Released Claims against any of the Released Defendant Persons.

17.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation with further order of the Court up to the $350,000 estimate provided by A.B. Data.  If the costs exceed that amount, plaintiffs' counsel shall seek a further order of the Court.

18.     **Settlement Fund** – The contents of the Settlement Fund held by Esquire Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be in *custodia*

United States District Court
Northern District of California

8

*legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19.      **Taxes** – Plaintiffs' Counsel, through the Claims Administrator, is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

20.      **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as provided in the Stipulation.

21.      **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Released Defendant Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Persons with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Persons or in any way referred to for any other reason as against any of the Released Defendant Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiff Persons, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or

admission by any of the Released Plaintiff Persons that any of their claims are without merit, that any of the Released Defendant Persons had meritorious defenses, or that damages recoverable in the Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Released Defendant Persons or Released Plaintiff Persons as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties, the Released Defendant Persons, the Released Plaintiff Persons, and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

22.     **Supporting Papers** – Plaintiffs' Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and the Fee and Expense Application, no later than thirty-five (35) calendar days prior to the Fairness Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Fairness Hearing. Plaintiffs' Fee and Expense Application must be filed at least 35 days prior to the deadline for filing objections.

23.     The Released Defendant Persons shall have no responsibility, interest in, or liability whatsoever for the Plan of Allocation or the Fee and Expense Application, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action.

24.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

25.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED.**

Dated: July 18, 2024



William H. Orrick
United States District Judge

United States District Court
Northern District of California

**Exhibit A-1**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA**

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | Case No. 3:21-cv-00058-WHO <br><br> Honorable William H. Orrick III |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

_**A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.**_

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of California (the "Court"), if you (i) purchased or otherwise transacted in securities of QuantumScape Corporation ("QuantumScape") from November 27, 2020 to April 14, 2021, inclusive (the "Class Period").[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that Plaintiff Frank Fish ("Lead Plaintiff") and additional plaintiffs Kathy Stark and Mary Cranny (together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Class (as defined in ¶ 1 below), have reached a proposed settlement of the Action for $47,500,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact QuantumScape, any other Defendants in the Action, or their counsel. All questions should be directed to Plaintiffs' Counsel or the Claims Administrator (_see_ ¶ 87 below).**

1.   **Description of the Action and the Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants QuantumScape, Jagdeep Singh, Kevin Hettrich, and Timothy Holme (collectively, the

---

[1] All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement dated June 11, 2024 ("Stipulation"). The Stipulation can be viewed at www.QuantumScapeSettlement.com.

"Defendants") violated the federal securities laws by making false and misleading statements and/or concealing material adverse facts regarding QuantumScape's battery technology. Defendants deny all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Plaintiffs and/or the Class and that Plaintiffs or other Class Members suffered any injury as a result of Defendants' conduct.

The proposed Settlement, if approved by the Court, will apply to the following Class: all Persons who (i) purchased or otherwise acquired QuantumScape common stock or warrants during the Class Period; and/or (ii) transacted in publicly traded call options and/or put options of QuantumScape during the Class Period.  Excluded from the Class are QuantumScape and its subsidiaries and affiliates, the other Defendants, any of Defendants' respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a Controlling Interest. Also excluded from the Class are any persons or entities who exclude themselves by submitting a Request for Exclusion in connection with the Notice. A more detailed description of the Action is set forth in  ¶¶ 12-21 below.

2.  **Statement of the Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for a settlement payment of $47,500,000 in cash (the "Settlement Amount") to be deposited by QuantumScape into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Gross Settlement Fund") less: (i) Taxes on the income thereof and any Tax Expenses; (ii)  Notice and Administration Expenses as authorized by the Stipulation; (iii) Attorneys' Fees and Expenses authorized by the Court; (iv) any Award to Plaintiffs authorized by the Court; and (v) any other fees and expenses authorized by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 13-21 below.

3.  **Estimate of Average Amount of Recovery Per Share:**  Based on Plaintiffs' damages expert's estimates of the number of QuantumScape securities purchased or otherwise acquired during the Class Period that may be eligible to participate in the Settlement and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.47.  Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Class Members may recover more or less than this estimated amount depending on, among other factors, the number of shares they purchased or otherwise acquired, when and at what prices they purchased/acquired or sold their QuantumScape securities, and the total number of valid Proof of Claim and Release Forms submitted (collectively "Claim Forms" and individually, a "Claim Form"). Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 13-21 below) or such other plan of allocation as may be ordered by the Court.

4.  **Statement of the Parties' Position on Damages:** Defendants deny all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Plaintiffs and/or the Class and that Plaintiffs or other Class Members suffered any injury as a result of Defendants' conduct. Moreover, the Parties do not agree on the amount of recoverable damages if Plaintiffs were to prevail on each of their claims.  The issues on which the Parties disagree include, but are not limited to, whether: (i) the statements made or facts allegedly omitted were material, false, or

misleading; (ii) Defendants are otherwise liable under the securities laws for those statements or omissions or any alleged scheme to defraud; and (iii) all or part of the damages allegedly suffered by the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which has been prosecuting the Action on a wholly contingent basis since its inception in 2021, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Plaintiffs' Counsel, Levi & Korsinsky, LLP, will apply to the Court for an award of attorneys' fees in an amount not to exceed 33% of the Settlement Fund. In addition, Plaintiffs' Counsel will apply for reimbursement of expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $2,200,000 and an "award of reasonable costs and expenses" to Plaintiffs not to exceed $40,000 in total. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected QuantumScape security, if the Court approves Plaintiffs' Counsel's fee and expense application, is $0.18 per eligible security. Copies of the Fee and Expense Application will be available on the settlement website.

6. **Identification of Attorneys' Representatives:** Plaintiffs and the Class are represented by Nicholas Porritt, Esq. of Levi & Korsinsky, LLP, 33 Whitehall St., Floor 17, New York, NY 10004, (212) 363-7500, nporritt@zlk.com.

7. **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow after trial. This process could be expected to last several years. Defendants, who have denied and continue to deny all allegations of wrongdoing, fault, liability, or damages whatsoever asserted by Plaintiffs, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Defendants have also denied, *inter alia*, the allegations that Plaintiffs or the Class have suffered damages or that Plaintiffs or the Class were harmed by the conduct alleged in the Action. Defendants have also raised credible loss causation issues surrounding the January 4, 2021 Seeking Alpha report by Brian Morin and the April 15, 2021 Scorpion Capital report. Defendants continue to believe the claims asserted against them in the Action are without merit. Defendants have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Settlement, and disclaim any and all wrongdoing and liability whatsoever.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN DECEMBER 14, 2024.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Claims (defined in ¶ 31 below) that you have against Defendants and the other Released Defendant Persons (defined |

| | in ¶ 32 below), so it is in your interest to submit a Claim Form. |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 9, 2024.** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendant Persons concerning the Released Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 23, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, or the proposed award to Plaintiffs you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. |
| **GO TO A HEARING ON NOVEMBER 13, 2024 AT 2:00 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN OCTOBER 23, 2024.** | Filing a written objection and notice of intention to appear by October 23, 2024 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, and/or award to Plaintiffs. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 5

What Is This Case About? What Has Happened So Far? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6

How Do I Know If I Am Affected By The Settlement? Who Is Included
    In The Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 8

What Are Plaintiffs' Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 8

What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 9

How Are Class Members Affected By The Action And
    The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 9

How Do I Participate In The Settlement? What Do I Need To Do? . . . . . . . . . . . . . . . . . Page 11

How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 12

4

What Payment Are The Attorneys For The Class Seeking?
How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 21
What If I Do Not Want To Be A Member Of The Class?
How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 22
When And Where Will The Court Decide Whether To Approve The Settlement?
Do I Have To Come To The Hearing? May I Speak At The Hearing If I
Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 22
What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . Page 24
Can I See The Court File? Whom Should I Contact If I Have Questions? . . . . . . . . . . . Page 24

| WHY DID I GET THE POSTCARD NOTICE? |
|---|

8.     The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired QuantumScape securities during the Class Period. The Court also directed that this Notice be posted online at www.QuantumScapeSettlement.com and mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement and the proposed Plan of Allocation, and the reasonableness of Plaintiffs' Counsel's Fee and Expense Application (the "Fairness Hearing").

10.     The Settlement Hearing will be held on November 13, 2024, at 2:00 p.m., before the Honorable William H. Orrick III, at the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes:

a.     to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

b.     to determine whether the Judgment as provided for under the Stipulation and Agreement of Settlement dated June 11, 2024 (the "Stipulation") should be entered;

c.     to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair, reasonable, and adequate and should be approved by the Court;

d.     to determine whether the application by Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses should be approved;

e.     to determine whether any applications for awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) should be approved; and

f.     to rule upon such other matters as the Court may deem appropriate.

11.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

---

### WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?

12.     On January 5, 2021, the initial complaint in this Action was filed, captioned *Malriat v. QuantumScape Corporation F/K/A Kensington Capital Acquisition Corp., and Jagdeep Singh*, Case No. 3:21-cv-00058 WHO (N.D. Cal.), alleging violations of the federal securities laws. On April 20, 2021, the Court appointed Frank Fish as lead plaintiff and approved Plaintiff's selection of Levi & Korsinsky, LLP as Plaintiffs' Counsel for the proposed Class.

13.     On June 21, 2021, Lead Plaintiff filed the Consolidated Class Action Complaint captioned *In re QuantumScape Securities Class Action Litigation* against QuantumScape, Jagdeep Singh, Kevin Hettrich, and Timothy Holme (collectively "Defendants"). In pertinent part, Lead Plaintiff alleged that Defendants violated the federal securities laws by making materially false and misleading statements relating to QuantumScape's battery technology during the Class Period. On August 20, 2021, a motion to dismiss Plaintiff's Consolidated Class Action Complaint was filed by the Defendants. On January 14, 2022, the Court entered an order granting in part and denying in part Defendants' motion to dismiss. Discovery then commenced.

14.     On July 14, 2022, Lead Plaintiff and additional plaintiffs Kathy Stark and Mary Cranny (collectively, "Plaintiffs") filed the Second Amended Consolidated Class Action Complaint against Defendants. Defendants filed an Answer to the Second Amended Consolidated Class Action Complaint, denying the complaint's allegations and asserting affirmative defenses. A copy of the Second Amended Consolidated Class Action Complaint and the Court's order on Defendants' motion to dismiss may be accessed at www.QuantumScapeSettlement.com.

15.     On July 29, 2022, Plaintiffs moved for certification of the Class. By order dated December 19, 2022, the Court certified the Class.

16.     During fact and class discovery, over one million pages of documents were produced by the Parties and non-parties and twenty depositions were taken by the Parties. Following the conclusion of fact discovery, Plaintiffs served initial expert reports on Defendants.

17.     Beginning in August of 2023, while fact discovery was ongoing, the Parties began preliminary discussions regarding settlement. On October 24, 2023, after exchanging mediation briefs detailing their respective theories of liability and damages, the Parties,

including Lead Plaintiff and representatives from QuantumScape and its insurers, attended a full-day mediation with David Murphy, Esq. in New York, New York. The Parties did not reach a settlement during the mediation.

18. On March 26, 2024, after the conclusion of fact discovery and while expert discovery was ongoing, the Parties had a second mediation. They exchanged supplemental mediation briefs detailing their respective theories of liability and damages, and then attended a second full-day mediation with Mr. Murphy in New York, New York. The Parties did not reach a settlement during the mediation but continued to engage in post-mediation discussions. Following a proposal from Mr. Murphy, the Parties came to an agreement in principle on April 8, 2024 to settle and release all claims asserted against Defendants in the Action in return for a cash payment of $47,500,000 for the benefit of the Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

19. Based on the investigation and mediation of the case and Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Settlement, after considering, among other things, (a) the substantial financial benefit that Plaintiffs and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

20. Defendants are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants has denied and continues to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted in the Action, and the Settlement and Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Released Defendant Persons (defined in ¶ 32 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Settlement and Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. The Settlement resolves all of the claims in the Action against the Defendants, as well as certain other claims or potential claims, whether known or unknown.

21. On July __, 2024, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Class Members and this Notice to be posted online and mailed to potential Class Members upon request, and scheduled the Fairness Hearing to consider whether to grant final approval to the Settlement.

---

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?** |
|---|

22. If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded. The Class consists of: all Persons that purchased or otherwise acquired

QuantumScape securities between November 27, 2020 and April 14, 2021, inclusive, and were damaged thereby. Excluded from the Class are QuantumScape and its subsidiaries and affiliates, the other Defendants, and any of the Defendants' or QuantumScape's respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are any persons or entities who or which exclude themselves by submitting a Request for Exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself," on page 22 below.

**PLEASE NOTE:  RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement Fund, you are required to submit the Claim Form that is available online at www.QuantumScapeSettlement.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, online or postmarked no later than December 14, 2024.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|---|

23.     Plaintiffs and Plaintiffs' Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  To recover damages, Plaintiffs would have to prevail at several stages – motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow. Additionally, there was no guarantee that Plaintiffs would succeed on appeal. Thus, there were very significant risks attendant to the continued prosecution of the Action.

24.     In light of these risks, the amount of the Settlement and the immediacy of recovery to the Class, Plaintiffs and Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Plaintiffs and Plaintiffs' Counsel believe that the Settlement provides a substantial benefit to the Class, namely $47,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

25.     Defendants have denied and continue to deny the claims asserted against them in the Action and have denied and continue to deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| **WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?** |
| --- |

26.     If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other Class Members would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| **HOW ARE CLASS MEMBERS AFFECTED**<br>**BY THE ACTION AND THE SETTLEMENT?** |
| --- |

27.     As a Class Member, you are represented by Plaintiffs and Plaintiffs' Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 22 below.

28.     If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?," on page 22 below.

29.     If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Plaintiffs' Counsel's application for attorneys' fees and reimbursement of expenses, or the award to Plaintiffs and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 22 below.

30.     If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim (as defined in ¶ 31 below) against the Defendants and the other Released Defendant Persons (as defined in ¶ 32 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Defendant Persons.

31.     "Released Claims" means any and all claims, rights, demands, obligations, damages, actions or causes of action, or liabilities whatsoever, of every nature and description, including both known claims and Unknown Claims, that have been or could have been asserted in this Action, or any other action arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule, or regulation, at law or in equity that (a) arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions,

facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in this Action, or which could have been alleged in this Action, or (b) arise out of, are based upon, or relate in any way to the purchase, acquisition, sale, disposition, or holding of any QuantumScape securities acquired during the Class Period. "Released Claims" does not include any claims to enforce any of the terms of the Stipulation or any claims that have been brought in any derivative action based on allegations similar to the allegations in this Action.

32. "Released Defendant Persons" means QuantumScape, Jagdeep Singh, Kevin Hettrich, Timothy Holme, and their Related Persons (as defined in ¶ 35 below).

33. "Released Defendants' Claims" means all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, by any of the Released Defendant Persons (or any of their successors or assigns) against any of the Plaintiffs or any of Plaintiffs' attorneys which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of this Action or the Released Claims, except for claims to enforce any of the terms of the Stipulation.

34. "Released Plaintiff Persons" means (i) the Plaintiffs and all Class Members; and (ii) each of their Related Persons.

35. "Related Persons" means (a) with respect to an individual, their immediate family members and any trust that such Person is the settlor of or which is for their benefit and/or the benefit of any of their family members; ***provided however***, that with respect to the Individual Defendants, "Related Persons" also includes the Individual Defendants' respective past and present representatives, insurers (including the D&O Insurers), reinsurers, auditors, underwriters, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, and administrators, in their capacities as such; and (b) with respect to a corporation, partnership, limited liability company or partnership, limited partnership, professional corporation, association, joint stock company, trust, estate, unincorporated association, government or any political subdivision or agency thereof, and any other type of legal or political entity, their subsidiaries, parent entities, divisions, and departments, and  their respective past and present officers, directors, employees, representatives, insurers (including the D&O Insurers), reinsurers, auditors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, and administrators, in their capacities as such. For purposes of the Stipulation and Agreement of Settlement, the Individual Defendants and QuantumScape are also each other's Related Persons.

36. "Unknown Claims" means any and all Released Claims that Plaintiffs or any other Class Members do not know or suspect to exist in their favor at the time of the release of the Released Defendant Persons, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor, which if known by any of them, might have affected his, her, or its decision(s) to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected his, her, or its decision not to object to this Settlement or not exclude himself, herself, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.

37.     With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Class Members (as regards to the Released Claims) and Defendants (as regards to the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have, and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Parties may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Action, but they stipulate and agree that, upon the Effective Date of the Settlement, the Parties shall expressly waive and by operation of the Judgment, or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released, any and all Released Claims or Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

38.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 33 above) against Plaintiffs and the other Released Plaintiff Persons (as defined in ¶ 34 above), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Persons.

---

### HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

---

39.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **online or postmarked no later than December 14, 2024**. A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.QuantumScapeSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 866-778-9623. Please retain all

records of your ownership of and transactions in QuantumScape securities and/or options, as they may be needed to document your Claim.  If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| **HOW MUCH WILL MY PAYMENT BE?** |
|---|

40.     At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

41.     Pursuant to the Settlement, QuantumScape has agreed to pay or cause to be paid forty-seven million and five hundred thousand dollars ($47,500,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Gross Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Gross Settlement Fund less (i) Taxes on the income thereof and any Tax Expenses; (ii)  Notice and Administration Expenses as authorized by the Stipulation; (iii) Attorneys' Fees and Expenses authorized by the Court; (iv) any Award to Plaintiffs authorized by the Court; and (v) any other fees and expenses authorized by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

42.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

43.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the Plan of Allocation.

44.     Approval of the Settlement is independent from approval of a Plan of Allocation.  Any determination with respect to a Plan of Allocation will not affect the Settlement, if approved.

45.     Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form online or postmarked on or before December 14, 2024, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Released Claims (as defined in ¶ 31 above) against the Released Defendant Persons (as defined in ¶ 32 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Released Defendant Persons whether or not such Class Member submits a Claim Form.

46.     Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in QuantumScape securities held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of QuantumScape securities

during the Class Period may be made by the plan's trustees.

47.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

48.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

49.     Only Class Members, *i.e.*, persons and entities who purchased or otherwise acquired QuantumScape securities during the Class Period will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PLAN OF ALLOCATION

50.     The Settlement Amount of $47.5 million and any interest earned thereon shall be the "Gross Settlement Fund." The "Net Settlement Fund" means the Gross Settlement Fund less: (i) Taxes on the income thereof and any Tax Expenses; (ii) the Notice and Administration Expenses as authorized by the Stipulation; (iii) Attorneys' Fees and Expenses authorized by the Court; (iv) any Award to Plaintiffs authorized by the Court; and (v) any other fees and expenses authorized by the Court. The Net Settlement Fund shall be distributed to Class Members who submit timely and valid Proofs of Claim to the Claims Administrator ("Authorized Claimant(s)").

51.     The Plan of Allocation set forth herein is the plan that is being proposed by Plaintiffs and their counsel to the Court for approval. Any order modifying the Plan of Allocation will be posted on the Settlement website at: www.QuantumScapeSettlement.com.

52.     The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a result of the alleged violations of the federal securities laws during the Class Period (November 27, 2020 through April 14, 2021). To design this Plan of Allocation, Plaintiffs' Counsel has conferred with their damages expert. The Plan of Allocation, however, is not a formal damages analysis.

53.     The Claims Administrator shall determine each Authorized Claimant's **pro rata** share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. Because the Net Settlement Fund is less than the total losses alleged to be suffered by Class Members, the Recognized Claim formula under the Plan of Allocation is only a method to weigh the claims of Authorized Claimants against one another for the purposes of making **pro rata** allocations of the Net Settlement Fund.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

54.     For losses to be compensable damages under the federal securities laws, the disclosure of the alleged misrepresented information must be the cause of the change in the price of the

securities at issue. In this case, Plaintiffs allege that Defendants issued false statements and omitted material facts during the Class Period which allegedly artificially inflated the price of QuantumScape common stock, warrants, and call options, and artificially deflated the price of QuantumScape put options (together, "QuantumScape Securities").  Defendants' alleged false statements affected the market price of QuantumScape Securities on November 27, 2020, December 8, 2020, and December 9, 2020 and introduced artificial inflation on those days. Plaintiffs further allege that corrective information released to the market before markets opened on January 4, 2021 and April 15, 2021 ("Corrective Disclosure Dates") impacted the market price of QuantumScape Securities in a statistically significant manner and removed the alleged artificial inflation on those days.  Accordingly, to have a compensable loss in this Settlement, QuantumScape common stock, warrants, or call options must have been purchased or otherwise acquired during the Class Period and held through at least one of the alleged corrective disclosures listed above, or with respect to put options, those options must have been sold (written) during the Class Period and not closed through at least one of the alleged corrective disclosures.

55.     Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of QuantumScape publicly traded securities and/or options during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

## COMMON STOCK CALCULATIONS

56.     For each share of QuantumScape common stock purchased or otherwise acquired from November 27, 2020 through and including the close of trading on April 14, 2021, and:

(a)     If sold prior to January 4, 2021, the Recognized Loss Amount will be $0.00;

(b)     If sold from January 4, 2021, through and including the close of trading on April 14, 2021, the Recognized Loss Amount will be ***the least of***: (i) the amount of alleged artificial inflation per share on the date of purchase/acquisition as stated in Table A minus the amount of alleged artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price minus the sale price;

(c)     If sold from April 15, 2021, through but excluding the close of trading on July 13, 2021, the Recognized Loss Amount will be ***the least of***: (i) the amount of alleged artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price minus the sale price; or (iii) the purchase/acquisition price minus the "PSLRA Average Trading Price" indicated in Table B on the date of sale;[2]

---

[2] Under Section 21D(e)(1) of the Exchange Act, "in any private action arising under this [Act] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that

(d)      If held as of the close of trading on July 13, 2021, the Recognized Loss Amount will be *the lesser of*: (i) the amount of alleged artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price minus the sale price; or (iii) the purchase/acquisition price minus $29.47 per share.

### Table A: Alleged Artificial Inflation in QuantumScape Securities

| Date Range | Alleged Artificial Inflation Per Share | Alleged Artificial Inflation Per Warrant |
|---|---|---|
| November 27, 2020 through December 7, 2020 | $0.53 | $0.32 |
| December 8, 2020 | $13.78 | $8.11 |
| December 9, 2020 through January 3, 2021 | $28.51 | $16.79 |
| January 4, 2021 through April 14, 2021 | $3.50 | $5.54 |
| April 15, 2021 and thereafter | $0.00 | $0.00 |

### Table B: Common Stock 90-Day Lookback Values

| Sale/Disposition Date | 90-Day Lookback Value | Sale/Disposition Date | 90-Day Lookback Value | Sale/Disposition Date | 90-Day Lookback Value |
|---|---|---|---|---|---|
| 4/15/2021 | $35.85 | 5/14/2021 | $33.15 | 6/15/2021 | $30.51 |
| 4/16/2021 | $35.69 | 5/17/2021 | $32.91 | 6/16/2021 | $30.44 |
| 4/19/2021 | $34.33 | 5/18/2021 | $32.81 | 6/17/2021 | $30.37 |
| 4/20/2021 | $33.49 | 5/19/2021 | $32.64 | 6/18/2021 | $30.30 |
| 4/21/2021 | $33.49 | 5/20/2021 | $32.44 | 6/21/2021 | $30.22 |
| 4/22/2021 | $33.60 | 5/21/2021 | $32.23 | 6/22/2021 | $30.16 |
| 4/23/2021 | $33.94 | 5/24/2021 | $31.98 | 6/23/2021 | $30.13 |
| 4/26/2021 | $34.56 | 5/25/2021 | $31.71 | 6/24/2021 | $30.09 |
| 4/27/2021 | $34.90 | 5/26/2021 | $31.55 | 6/25/2021 | $30.07 |
| 4/28/2021 | $35.19 | 5/27/2021 | $31.38 | 6/28/2021 | $30.09 |
| 4/29/2021 | $35.34 | 5/28/2021 | $31.20 | 6/29/2021 | $30.09 |
| 4/30/2021 | $35.44 | 6/1/2021 | $31.06 | 6/30/2021 | $30.08 |
| 5/3/2021 | $35.43 | 6/2/2021 | $30.99 | 7/1/2021 | $30.03 |
| 5/4/2021 | $35.38 | 6/3/2021 | $30.92 | 7/2/2021 | $29.97 |
| 5/5/2021 | $35.21 | 6/4/2021 | $30.86 | 7/6/2021 | $29.91 |
| 5/6/2021 | $34.95 | 6/7/2021 | $30.84 | 7/7/2021 | $29.83 |

is the basis for the action is disseminated to the market."  Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of QuantumScape securities during the 90-day look-back period.  The mean (average) closing price for QuantumScape securities at the end of this 90-day look-back period was $29.47 per share.

| 5/7/2021 | $34.72 | 6/8/2021 | $30.83 | 7/8/2021 | $29.74 |
| 5/10/2021 | $34.37 | 6/9/2021 | $30.84 | 7/9/2021 | $29.66 |
| 5/11/2021 | $34.11 | 6/10/2021 | $30.76 | 7/12/2021 | $29.58 |
| 5/12/2021 | $33.77 | 6/11/2021 | $30.69 | 7/13/2021 | $29.47 |
| 5/13/2021 | $33.43 | 6/14/2021 | $30.59 | | |

## WARRANT CALCULATIONS

57.     For each warrant that was purchased or otherwise acquired from November 27, 2020 through and including the close of trading on April 14, 2021, and:

(a)     If sold or exercised prior to January 4, 2021, the Recognized Loss Amount will be $0.00;

(b)     If sold or exercise from January 4, 2021, through and including the close of trading on April 14, 2021, the Recognized Loss Amount will be ***the least of***: (i) the amount of alleged artificial inflation per warrant on the date of purchase/acquisition as stated in Table A minus the amount of alleged artificial inflation per warrant on the date of sale as stated in Table A; or (ii) the purchase/acquisition price minus the sale price;

(c)     If sold or exercised from April 15, 2021, through but excluding the close of trading on July 13, 2021, the Recognized Loss Amount will be ***the least of***: (i) the amount of alleged artificial inflation per warrant on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price minus the sale price; or (iii) the purchase/acquisition price minus the "90-Day Lookback Value" on the date of sale/exercise as indicated in Table C below;[3]

(d)     If held as of the close of trading on July 13, 2021 the Recognized Loss Amount will be ***the lesser of***: (i) the amount of alleged artificial inflation per warrant on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price minus the sale price or (iii) the purchase/acquisition price minus $18.17 per warrant.

### Table C: Warrants 90-Day Lookback Values

| Sale/Disposition Date | 90-Day Lookback Value | Sale/Disposition Date | 90-Day Lookback Value | Sale/Disposition Date | 90-Day Lookback Value |
| --- | --- | --- | --- | --- | --- |
| 4/15/2021 | $25.00 | 5/14/2021 | $21.77 | 6/15/2021 | $19.21 |
| 4/16/2021 | $24.48 | 5/17/2021 | $21.56 | 6/16/2021 | $19.14 |
| 4/19/2021 | $22.98 | 5/18/2021 | $21.46 | 6/17/2021 | $19.07 |

---

[3] The mean (average) price for QuantumScape warrants at the end of the 90-day look-back period was $18.17 per warrant.

| 4/20/2021 | $22.15 | 5/19/2021 | $21.27 | 6/18/2021 | $18.99 |
|---|---|---|---|---|---|
| 4/21/2021 | $22.12 | 5/20/2021 | $21.07 | 6/21/2021 | $18.90 |
| 4/22/2021 | $22.22 | 5/21/2021 | $20.89 | 6/22/2021 | $18.84 |
| 4/23/2021 | $22.53 | 5/24/2021 | $20.66 | 6/23/2021 | $18.81 |
| 4/26/2021 | $23.13 | 5/25/2021 | $20.40 | 6/24/2021 | $18.77 |
| 4/27/2021 | $23.43 | 5/26/2021 | $20.24 | 6/25/2021 | $18.74 |
| 4/28/2021 | $23.72 | 5/27/2021 | $20.07 | 6/28/2021 | $18.76 |
| 4/29/2021 | $23.87 | 5/28/2021 | $19.91 | 6/29/2021 | $18.76 |
| 4/30/2021 | $23.97 | 6/1/2021 | $19.77 | 6/30/2021 | $18.74 |
| 5/3/2021 | $23.98 | 6/2/2021 | $19.69 | 7/1/2021 | $18.70 |
| 5/4/2021 | $23.84 | 6/3/2021 | $19.61 | 7/2/2021 | $18.64 |
| 5/5/2021 | $23.66 | 6/4/2021 | $19.55 | 7/6/2021 | $18.58 |
| 5/6/2021 | $23.40 | 6/7/2021 | $19.55 | 7/7/2021 | $18.50 |
| 5/7/2021 | $23.18 | 6/8/2021 | $19.54 | 7/8/2021 | $18.41 |
| 5/10/2021 | $22.85 | 6/9/2021 | $19.53 | 7/9/2021 | $18.34 |
| 5/11/2021 | $22.68 | 6/10/2021 | $19.45 | 7/12/2021 | $18.26 |
| 5/12/2021 | $22.35 | 6/11/2021 | $19.38 | 7/13/2021 | $18.17 |
| 5/13/2021 | $22.02 | 6/14/2021 | $19.28 | | |

## OPTIONS CALCULATIONS

58.     Exchange-traded options are traded in units called "contracts," which entitle the holder to buy (in the case of a call option) or sell (in the case of a put option) 100 shares of the underlying security, which in this case is QuantumScape common stock.  Throughout this Plan of Allocation, all price quotations of exchange-traded options are per share of the underlying security (i.e., 1/100 of a contract).

59.     **For each exchange-traded QuantumScape call option purchased or otherwise acquired during the Class Period,[4] the Recognized Loss Amount per option shall be calculated as follows:**

   A.  For each call option not held at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss Amount per option is zero.

   B.  For each call option purchased during the Class Period and held at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

      1.  that was subsequently sold prior to the close of trading on April 15, 2021, the Recognized Loss Amount is the purchase price *minus* the sale price;

---

[4]With regard to call options purchased on November 27, 2020, a Recognized Loss Amount will be calculated for such purchases only if the Claimant provides documentation that establishes that such call option purchases were made after market close on that day.

17

2. that was subsequently exercised prior to the close of trading on April 15, 2021, the Recognized Loss Amount is the purchase price *minus* the intrinsic value of the call option on the date of exercise, where the intrinsic value shall be the *greater of*: (i) $0.00 or (ii) the closing price of QuantumScape common stock on the date of exercise *minus* the strike price of the call option;

3. that expired unexercised prior to the close of trading on April 15, 2021, the Recognized Loss Amount is equal to the purchase price;

4. that was still held as of the close of trading on April 15, 2021, the Recognized Loss Amount is the purchase price *minus* the intrinsic value of the call option as of the close of trading on April 15, 2021 where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) $38.85[5] *minus* the strike price of the call option.

C. No Recognized Loss Amount shall be calculated based on the purchase or acquisition of any QuantumScape call options that had been previously sold or written.

60. **For each exchange-traded QuantumScape put option sold (written) from during the Class Period,[6] the Recognized Loss Amount per option shall be calculated as follows:**

A. For each put option not option (*i.e.* not outstanding) at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss Amount is $0.00.

B. For each put option sold (written) during the Class Period and still outstanding at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

1. that was subsequently purchased prior to the close of trading on April 15, 2021, the Recognized Loss Amount is the purchase price minus the sale price;

2. that was subsequently exercised (*i.e.* assigned) prior to the close of trading on April 15, 2021, the Recognized Loss Amount is the purchase price minus the intrinsic value of the put option on the date of exercise, where the intrinsic value shall be the greater of: (i) $0.00 or (ii) the strike price of the put option *minus* the closing price of QuantumScape common stock on the date of exercise;

3. that expired unexercised prior to the close of trading on April 15, 2021, the Recognized Loss Amount is $0.00;

4. that was still outstanding as of the close of trading on April 15, 2021, the Recognized Loss Amount is the intrinsic value of the put option as of the close of

---

[5] $35.85 is the closing price of QuantumScape common stock on April 15, 2021.

[6] As explained in footnote 4 above with regard to put options sold (written) on November 27, 2020, a Recognized Loss Amount will be calculated for such put options only if the Claimant provides documentation that establishes that such put option transactions were made after market close on that day.

trading on April 15, 2021 *minus* the purchase price where the intrinsic value shall be the *greater of*: (i) $0.00 or (ii) the strike price of the put option *minus* $38.85.

C. No Recognized Loss Amount shall be calculated based on the sale or writing of any QuantumScape put options that had been previously purchased or acquired.

61.     **Maximum Recovery for Options:**     The Settlement proceeds available for QuantumScape call options purchased during the Class Period and QuantumScape put options sold (written) during the Class Period shall be limited to a total amount equal to 2% of the Net Settlement Fund.

## ADDITIONAL PROVISIONS

62.     Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 65 below) is $10.00 or greater.

63.     If a claimant has more than one purchase or sale of QuantumScape publicly traded securities, purchases and sales will be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

64.     A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

65.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

66.     Purchases, acquisitions, and sales of QuantumScape publicly traded securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.   The receipt or grant by gift, inheritance, or operation of law of QuantumScape securities during the Class Period will not be deemed a purchase, acquisition, or sale of QuantumScape securities for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of QuantumScape securities unless: (i) the donor or decedent purchased or otherwise acquired the shares during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

67.     To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in QuantumScape common stock, QuantumScape warrants, QuantumScape call

options, and QuantumScape put options during the Class Period, the value of the Claimant's Recognized Claim shall be zero. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in QuantumScape common stock, QuantumScape warrants, QuantumScape call options, and QuantumScape put options during the Class Period, but that market loss was less than the total Recognized Loss Amount calculated above, then the Claimant's Recognized Loss Amount shall be limited to the amount of the actual market loss.

68.     With respect to QuantumScape common Stock, QuantumScape warrants, and QuantumScape call options acquired during the Class Period, for purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions during the Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[7] and (ii) the sum of the Total Sales Proceeds[8] and the Total Holding Value.[9] If the Claimant's Total Purchase Amount minus the sum of the Total Sales Proceeds and the Total Holding Value is a positive number, that number will be the Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the Claimant's market gain on such securities. With respect to QuantumScape put options sold (written) during the Class Period, the Claims Administrator shall determine the difference between (i) the sum of the Total Purchase

---

[7] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for QuantumScape securities purchased or acquired during the Class Period.

[8] For the QuantumScape securities, the Claims Administrator shall match a Claimant's dispositions (i.e., sales, redemptions) during the Class Period against his, her, or its opening position in like securities, if any, on a FIFO basis (the proceeds of those dispositions will not be considered for purposes of calculating market gains or losses). The total amount received for the remaining dispositions during the Class Period (excluding commissions and other charges) shall be the Claimant's "Total Sales Proceeds."

[9] The Claims Administrator shall ascribe a "Holding Value" to shares of QuantumScape common Stock acquired during the Class Period and still held as of the close of trading on April 15, 2021 of $38.85 per share (i.e., the closing price of the common stock on the last Corrective Disclosure Date). For each QuantumScape Warrant acquired during the Class Period and still held as of the close of trading on April 15, 2021, the Claims Administrator shall ascribe a "Holding Value" of $25.00 per warrant (i.e., the closing price of the warrants on the last Corrective Disclosure Date). For each QuantumScape call option acquired during the Class Period that was still held as of the close of trading on April 15, 2021, the Claims Administrator shall ascribe a "Holding Value" for that option which shall be the greater of: (i) $0.00 or (ii) $38.85 *minus* the strike price of the option. A Claimant's total Holding Values for QuantumScape common stock, QuantumScape warrants, and QuantumScape call options acquired during the Class Period that were still held as of the close of trading on April 15, 2021, shall be the Claimant's "Total Holding Value."

Amount[10] and the Total Holding Value;[11] and (ii) the Total Sales Proceeds.[12] For QuantumScape put options, if the sum of the Total Purchase Amount and the Total Holding Value minus the Total Sales Proceeds is a positive number, that number will be the Claimant's market loss; if the number is a negative number or zero, that number will be the Claimant's market gain.

69.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Released Plaintiff Persons or Released Defendant Persons, or the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Settlement, the Plan of Allocation approved by the Court, or further orders of the Court.  Plaintiffs, Defendants and their respective counsel, and all other Released Defendant Persons, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

70.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member or claimant.

71.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

| **WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?** |
| --- |

72.     Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33% of the Settlement Fund.  At the same time, Plaintiffs' Counsel also intends to apply for reimbursement of expenses in an amount not to exceed $2,200,000, and an "award

---

[10] For QuantumScape put options, the Claims Administrator shall match any purchases during the Class Period to close out positions in the options first against the Claimant's opening position in the options (the total amount paid with respect to those purchases will not be considered for purposes of calculating market gains or losses). The total amount paid for the remaining purchases during the Class Period to close out positions in put options is the "Total Purchase Amount."

[11] For each QuantumScape put options sold (written) during the Class Period that was still outstanding as of the close of trading on April 15, 2021 the Claims Administrator shall ascribe a "Holding Value" for that option which shall be the *greater of*: (i) $0.00 or (ii) the strike price of the option *minus* $38.85. A Claimant's total Holding Values for all QuantumScape put options sold during the Class Period that were still outstanding as of the close of trading on March 31, 2021, shall be the Claimant's "Total Holding Value."

[12] For QuantumScape put options, the total amount received for put options sold (written) during the Class Period is the "Total Sales Proceeds."

of reasonable costs and expenses" to Plaintiffs not to exceed $40,000 in total.  The Court will determine the amount of any award of attorneys' fees or reimbursement of expenses as well as any reasonable costs and expenses to Plaintiffs.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

<div style="border:1px solid black; text-align:center">

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS?
HOW DO I EXCLUDE MYSELF?**

</div>

73.     Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class, addressed to QuantumScape Settlement, EXCLUSIONS, c/o A.B. Data, P.O. Box 173001 Milwaukee, WI 53217.  The exclusion request must be ***received*** no later than October 9, 2024.  You will not be able to exclude yourself from the Class after that date.  Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Class in *In re QuantumScape Securities Class Action Litigation,* Case No. 3:21-cv-00058-WHO"; (c) state the number of QuantumScape securities that the person or entity requesting exclusion purchased/acquired during the Class Period; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

74.     If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Claim against any of the Released Defendant Persons.

75.     If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

76.     QuantumScape has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be Class Members in an amount that exceeds an amount agreed to by Plaintiffs and QuantumScape.

<div style="border:1px solid black; text-align:center">

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE
SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

</div>

77.   **Class Members do not need to attend the Fairness Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Fairness Hearing**.

78.   The Fairness Hearing will be held on November 13, 2024, at 2:00 p.m., before the Honorable William H. Orrick III at the United States District Court for the Northern District of California, United States Courthouse, Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 or via Zoom (in the Court's discretion). The Court reserves the right

to approve the Settlement, the Plan of Allocation, Plaintiffs' Counsel's Fee and Expense Application, awards to Plaintiffs and/or any other matter related to the Settlement at or after the Fairness Hearing without further notice to the Class Members. The Court reserves the right to hold the Fairness Hearing telephonically or by other virtual means. **Please check the settlement website or the Court's Public Access to Court Electronic Records (PACER) site to confirm that the date has not been changed.**

79.     Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Plaintiffs' Counsel's Fee and Expense Application, or the Award to Plaintiffs. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of California at the address set forth below on or before October 23, 2024.

<div align="center">

United States District Court
Northern District of California
Office of the Clerk
450 Golden Gate Avenue
San Francisco, CA 94102

</div>

80.     Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; and (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention. You may not object to the Settlement, the Plan of Allocation or Plaintiffs' Counsel's Fee and Expense Application or Plaintiffs' award if you exclude yourself from the Class or if you are not a member of the Class.

81.     You may file a written objection without having to appear at the Fairness Hearing.

82.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Plaintiffs' Counsel's Fee and Expense Application or Plaintiffs' award, you should also file a notice of appearance with the Clerk's Office and serve it on Plaintiffs' Counsel and Defendants' Counsel so that it is *received* **on or before October 23, 2024**. Persons who intend to object and desire to present evidence at the Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

83.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court so that the notice is *received* **on or before October 23, 2024.**

84.     The Fairness Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Fairness Hearing, you should confirm the date and time with Plaintiffs' Counsel.

| **WHAT IF I BOUGHT SECURITIES ON SOMEONE ELSE'S BEHALF?** |
| --- |

85.     If you purchased or otherwise acquired any securities of QuantumScape during the Class Period for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to QuantumScape Settlement, c/o A.B. Data  P.O. Box 173131 Milwaukee, WI 53217.  If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.04 per Postcard Notice actually mailed, plus postage at the pre-sort rate used by the Claims Administrator; $0.03 per link to the Notice and Claim Form emailed; or $0.04 per name, address, and email address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court.  Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.QuantumScapeSettlement.com, or by calling the Claims Administrator toll-free at 866-778-9623.

| **CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
| --- |

86.     This Notice contains only a summary of the terms of the proposed Settlement. For the precise terms and conditions of the settlement, please see the Stipulation and Agreement of Settlement available at www.QuantumScapeSettlement.com, by contacting Plaintiffs' Counsel, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Plaintiffs' Counsel at:

| | | |
| --- | --- | --- |
| Adam Walter | and/or | Nicholas Porritt, Esq. |
| A.B. DATA | | LEVI & KORSINSKY, LLP |
| P.O. Box 173131 | | 33 Whitehall Street |
| Milwaukee, WI 52317 | | Floor 17 |
| 866-778-9623 | | New York, NY 10004 |
| info@quantumscapesettlement.com | | Telephone: (212) 363-7500 |
| www.QuantumScapeSettlement.com | | Email: nporritt@zlk.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL**

**REGARDING THIS NOTICE.**

Dated: July __, 2024                     By Order of the Court
                                                 United States District Court
                                                 Northern District of California

Exhibit A-2

**QuantumScape Corporation Settlement**
**P.O. Box 173131**
**Milwaukee, WI 53217**
**Email: info@QuantumScapeSettlement.com**
**Settlement Website: www.QuantumScapeSettlement.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than December 14, 2024, or submit it online at www.QuantumScapeSettlement.com by December 14, 2024**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – INSTRUCTIONS** | **2** |
| **PART II – CLAIMANT INFORMATION** | **7** |
| **PART III – SCHEDULE OF TRANSACTIONS IN QUANTUMSCAPE COMMON STOCK, WARRANTS, AND/OR PUBLICLY TRADED QUANTUMSCAPE CALL OR PUT OPTIONS** | **8** |
| **PART IV – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGEMENTS** | **12** |
| **PART V – RELEASE OF CLAIMS AND SIGNATURE** | **13** |

## PART I – INSTRUCTIONS

A. **GENERAL INSTRUCTIONS**

1.    To recover as a member of the Class based on your claims in the Action entitled *In re QuantumScape Securities Class Action Litigation*, No. 3:21-cv-00058-WHO (N.D. Cal.) (the "Action"), you must complete and, on page 14 hereof, sign this Claim Form.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action. The Class in the Action consists of all Persons who purchased or otherwise acquired QuantumScape common stock or warrants from November 27, 2020 to April 14, 2021, inclusive (the "Class Period"); and/or (ii) transacted in publicly traded call options and/or put options of QuantumScape during the Class Period.

2.    Submission of this Claim Form, however, does not assure that you will share in the proceeds of Net Settlement Fund in the Action.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM ON OR BEFORE DECEMBER 14, 2024, ADDRESSED AS FOLLOWS:

*QuantumScape Securities Settlement*
c/o A.B. Data
P.O. Box 173131
Milwaukee, WI 53217
www.QuantumScapeSettlement.com

If you are NOT a member of the Class, as defined above and in the Notice of (I) Pendency of Class Action, Certification of Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), DO NOT submit a Claim Form as you may not, directly or indirectly, participate in the Settlement.

4.    If you are a member of the Class and you do not timely and validly request exclusion from the Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.    It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net

Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

B.      **CLAIMANT IDENTIFICATION**

1.      If you purchased or acquired QuantumScape common stock or warrants, and/or transacted publicly traded QuantumScape call options and/or put options and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, the certificate(s) were registered in the name of a third-party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third-party is the record purchaser.

2.      Use Part II of this form entitled "Claimant Information" to identify the beneficial owner(s) of QuantumScape common stock, warrants, and/or publicly traded QuantumScape call or put options.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the eligible QuantumScape securities in your own name, you are the beneficial owner as well as the record owner.  If, however, your eligible QuantumScape securities were registered in the name of a third-party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third-party is the record owner.  THIS CLAIM MUST BE FILED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE QUANTUMSCAPE SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this Claim Form and be identified in Part II.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4.      **One Claim should be submitted for each separate legal entity**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate

accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

5.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the QuantumScape securities and/or publicly traded QuantumScape call or put options; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

6.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own or owned the QuantumScape securities and/or the publicly traded QuantumScape call or put options you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

## C.    **CLAIM FORM**

1.     Use Part III of this form entitled "Schedule of Transactions in QuantumScape Common Stock, Warrants, and/or Publicly Traded QuantumScape Call or Put Options" to supply all required details of your transaction(s) in QuantumScape securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.     On the schedules, provide all of the requested information with respect to all of your purchases, acquisitions, transactions, and sales of QuantumScape securities and/or publicly traded QuantumScape call or put options that took place at any time on or between and including November 27, 2020 and April 14, 2021. Failure to report all such transactions may result in the rejection of your claim. Also, list the number of QuantumScape

shares, warrants, and/or publicly traded QuantumScape call or put options held at the close of trading on July 13, 2021.

3.      List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

4.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of QuantumScape securities and/or publicly traded QuantumScape call or put options set forth in the Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The parties and the Claims Administrator do not independently have information about your investments in QuantumScape securities and/or publicly traded QuantumScape call or put options.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents**.

5.      The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  In the event the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the Claimant's responsibility for any increased costs due to the nature and/or scope of the claim.

6.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

7.      **PLEASE NOTE**:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive their, his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any claimant calculates to less than $10.00, no payment shall be made to that claimant.

8. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, at the address on the first page of the Claim Form, by email at info@QuantumScapeSecuritiesSettlement.com, or by toll-free phone at 866-778-9623, or you can visit the website, www.QuantumScapeSettlement.com, where copies of the Claim Form and Notice are available for downloading.

9. NOTICE REGARDING ELECTRONIC FILES:   Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.QuantumScapeSettlement.com or you may email the Claims Administrator's electronic filing department at info@QuantumScapeSettlement.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection**.  Only one claim should be submitted for each separate legal entity (*see* ¶B.4 above) and the *complete* name of the beneficial owner(s) of the securities must be entered where called for (*see* ¶B.2 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.**

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGMENT POSTCARD OR EMAIL.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS, OR BY EMAIL WITHIN 10 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 866-778-9623 OR AT INFO@QUANTUMSCAPESETTLEMENT.COM TO INQUIRE ABOUT YOUR CLAIM AND CONFIRM IT WAS RECEIVED.**

## PART II – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Claimant Name(s) (as the name(s) should appear on the check, if eligible for payment; if the shares are jointly owned, the names of all beneficial owners must be provided):

Name of Person the Claims Administrator Should Contact Regarding this Claim Form (Must Be Provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:

State/Province:                Zip Code:                                          Country:

Last 4 digits of Claimant Social Security/Taxpayer Identification Number:[1]

Daytime Telephone Number:                                      Evening Telephone Number:

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

---

[1] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and the telephone number of the beneficial owner(s) may be used in verifying this claim.

**PART III: – SCHEDULE OF TRANSACTIONS IN QUANTUMSCAPE COMMON STOCK, WARRANTS, AND/OR PUBLICLY TRADED QUANTUMSCAPE CALL OR PUT OPTIONS**

Please be sure to include proper documentation with your Claim Form as described in detail in Part I.C. – Claim Form, Paragraph 4, above. Do not include information regarding securities other than QuantumScape Corporation common stock, warrants, and/or publicly traded call or put options.

## COMMON STOCK:

1. Number of shares of QuantumScape common stock held at the opening of trading on November 27, 2020. (Must be documented.) If none, write "zero" or "0": _____

2. Purchases or acquisitions of QuantumScape common stock from November 27, 2020, through April 14, 2021, inclusive. (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

3. Purchases/Acquisitions during the 90-day lookback period: Number of shares of QuantumScape common stock purchased/acquired (including free receipts) from after the opening of trading on April 15, 2021, through and including the close of trading on July 13, 2021.[2] If none, write "zero" or "0" _____.

4. Sales of QuantumScape common stock from November 27, 2020, through July 13, 2021, inclusive. (Must be documented.):

| Date of Sale (Trade Date) Mo. / Day / Year | Number of Shares Sold | Sale Price Per Share | Total Sales Price (not deducting any taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

---

[2] Information requested in this Claim Form with respect to your transactions on April 15, 2021 through and including the close of trading on July 13, 2021, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases during this period, however, are not eligible for a recovery because these purchases are outside the Class Period and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

**5.** Number of shares of QuantumScape common stock held at the close of trading on July 13, 2021. (Must be documented.)  If none, write "zero" or "0": _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

## WARRANTS:

**1.** State the total number of QuantumScape warrants held at the opening trading on November 27, 2020. (Must be documented.)  If none, write "zero" or "0": _____

**2.** Separately list each and every purchase of QuantumScape warrants during the period from November 27, 2020 through April 14, 2021, inclusive. (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Number of Warrants Purchased | Price Per Warrant (excluding commissions, taxes, and other fees) | Total Purchase Price (excluding commissions, taxes, and other fees) | Exercised? (Y/N) | Exercise Date (MM/DD/YY) |
|---|---|---|---|---|---|
| /      / | | $ | $ | | /      / |
| /      / | | $ | $ | | /      / |
| /      / | | $ | $ | | /      / |
| /      / | | $ | $ | | /      / |

**3.** Purchases/Acquisitions during the 90-day lookback period: Number of QuantumScape warrants purchased/acquired (including free receipts) from after the opening of trading on April 15, 2021, through and including the close of trading on July 13, 2021.[3] If none, write "zero" or "0" _____.

**4.** Separately list each and every sale of QuantumScape warrants during the period from November 27, 2020 through July 13, 2021, inclusive. (Must be documented.):

| Date of Sale (Trade Date) Mo. / Day / Year | Number of Warrants Sold | Price Per Warrant (excluding commissions, taxes, and other fees | Total Sale Price (excluding commissions, taxes, and other fees) |
|---|---|---|---|
| /      / | | $ | $ |
| /      / | | $ | $ |
| /      / | | $ | $ |
| /      / | | $ | $ |

---

[3] Information requested in this Claim Form with respect to your transactions on April 15, 2021 through and including the close of trading on July 13, 2021, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases during this period, however, are not eligible for a recovery because these purchases are outside the Class Period and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

**5.** State the total number of QuantumScape warrants held at the close of trading on July 13, 2021. (Must be documented.)  If none, write "zero" or "0": _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**CALL OPTIONS:**

**1.** Separately list all positions in QuantumScape call option contracts in which you had an open interest as of the opening of trading on November 27, 2020.  (Must be documented.)

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**2.** Separately list each and every purchase/acquisition (including free receipts) of QuantumScape call option contracts from after the opening of trading on November 27, 2020, through and including the close of trading on April 14, 2021.  (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Acquired | Purchase Price Per Call Option Contract | Total Purchase Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

**3.** Separately list each and every sale disposition (including free deliveries) of QuantumScape call option contracts from after the opening of trading on November 27, 2020, through and including the close of trading on April 14, 2021. (Must be documented.)

| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|---|
| /    / | $ | /    / | | | $ | $ |
| /    / | $ | /    / | | | $ | $ |
| /    / | $ | /    / | | | $ | $ |

**4.** Separately list all positions in QuantumScape call option contracts in which you had an open interest as of the close of trading on April 14, 2021. (Must be documented.)

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |

## PUT OPTIONS:

**1.** Separately list all positions in QuantumScape put option contracts in which you had an open interest as of the opening of trading on November 27, 2020. (Must be documented.)

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |

**2.** Separately list each and every sale (writing) (including free deliveries) of QuantumScape put option contracts from after the opening of trading on November 27, 2020, through and including the close of trading on April 14, 2021. (Must be documented.)

| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "A" if Assigned Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| /    / | $ | /    / | | | $ | | | /    / |
| /    / | $ | /    / | | | $ | | | /    / |

| / / | $ | / / | | | $ | | / / |
|-----|---|-----|---|---|---|---|-----|
| / / | $ | / / | | | $ | | / / |

**3.** Separately list each and every purchase/acquisition (including free receipts) of QuantumScape put option contracts from after the opening of trading on November 27, 2020, through and including the close of trading on April 14, 2021.  (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Purchased | Purchase Price Per Put Option Contract | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|---|
| / / | $ | / / | | | | $ |
| / / | $ | / / | | | | $ |
| / / | $ | / / | | | | $ |
| / / | $ | / / | | | | $ |

**4.** Separately list all positions in QuantumScape put option contracts in which you had an open interest as of the close of trading on April 14, 2021.  (Must be documented.)

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

## PART IV – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement dated June 11, 2024 ("Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Class Member (as defined in the Stipulation) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree

to furnish additional information to Plaintiffs' Counsel and/or the Claims Administrator to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions, transactions, or sales of QuantumScape securities and/or publicly traded QuantumScape call or put options during the Class Period and know of no other Person having done so on my (our) behalf.

## PART V – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST READ AND SIGN THE RELEASE AT PAGES 13-15.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

1.     I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge all of the Released Claims (including Unknown Claims) against each and all of the Released Defendant Persons, all as defined herein and in the Notice and Stipulation.

2.     Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims and Released Defendants' Claims, I (We) stipulate and agree that, upon the Effective Date, I (We) shall expressly waive and relinquish, and each Class Member shall be deemed to have, and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

3.     This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

4.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases of QuantumScape common

stock, warrants, and/or transactions of publicly traded QuantumScape call or put options, and know of no other person having done so on my (our) behalf.

5.      I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) purchases or acquisitions of QuantumScape common stock, warrants, and/or transactions of publicly traded QuantumScape call or put options during the Class Period, as well as the number of securities held at the close of trading on July 13, 2021.

6.      The number(s) shown on this form is (are) the correct SSN/TIN(s).

7.      I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim and waive any right of appeal or review with respect to such determination.

8.      I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is (they are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is (they are) no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he/she/it is (they are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                            Date

_____

Print your name here

_____

Signature of joint Claimant, if any                              Date

_____

Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of Claimant                                    Date

_____

Print your name here

_____

Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – see paragraph 5 on page 4 of this Claim Form.)

<div align="center">

ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

</div>

Reminder Checklist:

1.      Please sign the above release and acknowledgment.

2.      Remember to attach copies of supporting documentation, if available.

3.      Do not send original stock certificates.  Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Claim Form and all supporting documentation for your records.

5.      If you move, please send us your new address.

6.      If you have any questions or concerns regarding your claim, contact the Claims Administrator at *QuantumScape Securities Settlement*, c/o A.B. Data, by email at info@QuantumScapeSettlement.com, or by toll-free phone 866-778-9623, or you may visit www.QuantumScapeSettlement.com.  DO NOT call QuantumScape, the other Defendants, or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN DECEMBER 14, 2024**, ADDRESSED AS FOLLOWS:

<div align="center">

QuantumScape Settlement
P.O. Box 173131
Milwaukee, WI 53217

</div>

**OR SUBMITTED ONLINE AT www.QuantumScapeSettlement.com BY DECEMBER 14, 2024.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before December 14, 2024, is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGMENT POSTCARD OR EMAIL.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS, OR BY EMAIL WITHIN 10 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 866-778-9623 OR AT INFO@QUANTUMSCAPESETTLEMENT.COM TO INQUIRE ABOUT YOUR CLAIM AND CONFIRM IT WAS RECEIVED.**

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

Exhibit A-3

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | Case No. 3:21-cv-00058-WHO |
| | Honorable William H. Orrick III |

## SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO:** **All persons and entities who purchased or otherwise transacted in securities of QuantumScape Corporation ("QuantumScape") from November 27, 2020, to April 14, 2021, inclusive:**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that the above-captioned litigation (the "Action") has been certified as a class action for purposes of the Settlement only on behalf of the Class, except for certain persons and entities who are excluded from the Class by definition as set forth in the full Notice of (I) Pendency of Class Action, Certification of Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $47,500,000 in cash that, if approved, will resolve all claims asserted or that could have been asserted in the Action (the "Settlement").

A hearing will be held on November 13, 2024, at 2:00 p.m., before the Honorable William H. Orrick III at the United States District Court for the Northern District of California, United States Courthouse, Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 or via Zoom, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation and Agreement of Settlement dated June 11, 2024, (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair, reasonable, and adequate; and (iv) whether Plaintiffs' Counsel's Fee and Expense Application should be approved. The Court reserves the right to hold the Fairness Hearing telephonically or by other virtual means.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**.  The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, www.QuantumScapeSettlement.com.  You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at QuantumScape Corporation Settlement, c/o A.B. Data, P.O. Box 173131 Milwaukee, WI 53217, 866-778-9623.

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *online or postmarked* no later than December 14, 2024.  If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is *received* no later than October 9, 2024, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Plaintiffs' Counsel's Fee and Expense Application, must be filed with the Court such that they are *received* no later than October 23, 2024, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Plaintiffs' Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Plaintiffs' Counsel:

<div align="center">

LEVI & KORSINSKY, LLP
Nicholas Porritt, Esq.
33 Whitehall Street
17th Floor
New York, NY 10004
(212) 363-7500
nporritt@zlk.com

</div>

Requests for the Notice and Claim Form should be made to:

<div align="center">

*QuantumScape Corporation Settlement*
A.B. Data
P.O. Box 173131
Milwaukee, WI 53217
www.QuantumScapeSettlement.com

</div>

By Order of the Court

<div align="center">

2

</div>

QuantumScape Settlement
c/o A.B. Data
P.O. Box 173131
Milwaukee, WI 53217

[Postage Prepaid]

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

In re QuantumScape Securities Class Action Litigation
Case No. 3:21-cv-00058-WHO (N.D. Cal.)

Name
Address
City, State
Zip

---

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT* WWW.QUANTUMSCAPESETTLEMENT.COM *FOR MORE INFORMATION.*

The U.S. District Court for the Northern District of California (the "Court") has preliminarily approved a proposed Settlement of Claims against Defendants QuantumScape Corporation ("QuantumScape"), Jagdeep Singh, Timothy Holme, and Kevin Hettrich (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege the Defendants disseminated false and misleading statements about QuantumScape's battery technology which had the effect of artificially inflating the price of QuantumScape common stock, call options, and warrants, and artificially deflated the price of QuantumScape put options from November 27, 2020, to April 14, 2021, inclusive (the "Class Period"). Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have (i) purchased or otherwise acquired common shares or warrants of QuantumScape during the Class Period, and/or (ii) transacted in publicly traded call options and/or put options of QuantumScape during the Class Period.

Defendants have agreed to a Settlement Amount of $47,500,000 in exchange for the settlement of this case and the releases by Class Members of claims related to this case. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Class Members who submit a valid Claim Form. **For all details of the Settlement, read the Stipulation and full Notice, available at www.QuantumScapeSettlement.com.**

Your share of the Settlement proceeds will depend on the number of valid claims submitted, and the number, size and timing of your transactions in QuantumScape securities. If every eligible Class Member submits a valid Claim Form, Plaintiffs' Counsel estimates that the average recovery will be $0.47 per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted.  This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.QuantumScapeSettlement.com or will be mailed to you upon request to the Claims Administrator (866-778-9623). **Claim Forms must be submitted online or postmarked by December 14, 2024**. If you do not want to be legally bound by the Settlement, you must exclude yourself by October 9, 2024, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by October 23, 2024.  The detailed Notice explains how to submit a Claim Form, exclude yourself, or object, and also contains the definitions of many of the defined terms in this card (which are indicated by initial capital letters).

The Court will hold a hearing in this case on November 13, 2024 at 2:00 p.m., to consider whether to approve the Settlement and a request by the lawyers representing the Class for up to 33% of the Settlement Fund in attorneys' fees, plus actual expenses up to $2,200,000 for litigating the case and negotiating the Settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to. The Court reserves the right to hold the Fairness Hearing telephonically or by other virtual means.  For more information, call the Claims Administrator toll-free (866-778-9623) or visit the website www.QuantumScapeSettlement.com and read the detailed Notice.