UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re QuantumScape Securities Class Action

Case No. 21-cv-00058-WHO

**ORDER GRANTING FINAL APPROVAL AND AWARDING FEES AND COSTS**

Re: Dkt. No. 216, 217

Lead Plaintiff Frank Fish and Plaintiffs Kathy Stark and Mary Cranny (collectively, "Plaintiffs"), on behalf of themselves and the Class (defined below), and Defendants QuantumScape Corporation ("QuantumScape"), Jagdeep Singh, Kevin Hettrich, and Timothy Holme (collectively, the "Defendants" and together with Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement, dated June 11, 2024 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against the Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement").

Unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

The Court certified a Class consisting of certified a class of "[a]ll persons or entities that purchased or otherwise acquired QuantumScape securities between November 27, 2020 and April 14, 2021, inclusive, and were damaged thereby," excluding QuantumScape and its subsidiaries and affiliates, the Individual Defendants, and any of the Defendants' or QuantumScape's respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which Defendants has or had a controlling interest.

United States District Court
Northern District of California

By Order, dated July 18, 2024 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement.  Pursuant to that Preliminary Approval Order, due and adequate notice has been given to the Class.

I conducted a hearing on November 13, 2024 (the "Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants. Having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement including the first and second supplemental briefs and declarations I ordered plaintiff's counsel to file, and the record in the Action, and good cause appearing therefor I conclude that Final Approval may be granted at this juncture.  While the validation of the claims is ongoing – and while normally the number of valid claims should be finalized so the court may consider that figure in determining whether to grant Final Approval – I find a sufficient showing has been made by Class Administrator A.B. Data that this settlement will result in a significant number of valid claims (representing around 40% of the damaged shares) that surpasses recent settlements.  *See* Dkt. No. 225.  IT IS HEREBY ORDERED:

1.       Jurisdiction – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction for the Action over all of the Parties and each of the Class Members.

2.       Incorporation of Settlement Documents – This Order incorporates and makes a part hereof: (a) the Stipulation filed with the Court on June 11, 2024: and (b) the Notice, the Summary Notice, Claim Form, and the Postcard Notice, all of which were filed with the Court on June 11, 2024 and as amended following the Preliminary Approval Hearing (Dkt. No. 214).

3.       Adequacy of Representation – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations

United States District Court
Northern District of California

2

United States District Court
Northern District of California

in its order dated December 19, 2022 certifying Plaintiffs as Class Representatives for the Class and appointing Plaintiffs' Counsel as Class Counsel for the Class.  Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented the Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

4.  Notice – The Court finds that the dissemination of the Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice, as amended per Dkt. No. 214,: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the releases to be provided thereunder); (iii) Plaintiffs' Counsel's Fee and Expense Application, and for Plaintiffs' award; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Plaintiffs' Counsel's motion for Attorneys' Fees and Expenses and for Plaintiffs' award; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

5.  CAFA – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

6.  Objections – There were no objections filed.

7.  Final Settlement Approval and Dismissal of Claims – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the releases provided for therein; and the dismissal with prejudice of the claims asserted against the Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class.  Specifically, the Court

United States District Court
Northern District of California

finds that (a) Plaintiffs and Plaintiffs' Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is fair, reasonable, and adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8.     The Action and all of the claims asserted therein, as well as all of the Released Claims, are hereby dismissed with prejudice as to all Defendants and any other Released Defendant Persons. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.     Plan of Allocation – Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finds and concludes that due and adequate notice was directed to Persons who are Class Members advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to such Persons and entities who are Class Members to be heard with respect to the Plan of Allocation.

10.      The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Pendency and Proposed Settlement of Class Actions (the "Notice") provided to Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund provided by the Settlement among eligible Class Members, with due consideration having been given to administrative convenience and necessity.

11.     The Court hereby finds and concludes that the Plan of Allocation, as set forth in the Notice, is, in all respects, fair and reasonable, and the Court approves the Plan of Allocation.

12.     Binding Effect – The terms of the Stipulation and of this Order shall be forever binding on Defendants, Plaintiffs and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  The persons and entities

4

listed on Exhibit 1 at Dkt. No. 220 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

13.     Releases – The releases set forth in paragraphs 3.2 and 3.3 of the Stipulation, together with the definitions contained in paragraphs 1.1 to 1.60 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Class Members and Released Plaintiff Persons, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Order shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Claim against the Defendants and the other Released Defendant Persons, and shall forever be barred, enjoined, and estopped from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any or all of the Released Claims, in any capacity, against any of the Released Defendant Persons.  This release shall not apply to any person or entity that timely and validly sought exclusion from the Class, as listed on Exhibit 1 to Dkt. No. 220.

(b) Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants and their Related Persons, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Order shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Released Plaintiff Persons, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Persons.  This release shall not apply to any person or entity that timely and validly sought exclusion from the Class, as listed on Exhibit 1 to Dkt. No. 220.

United States District Court
Northern District of California

5

14.     Notwithstanding paragraphs 13(a) – (b) above, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Order, or any other written agreement between or among the parties.

15.     Bar Order – Upon the Effective Date, Plaintiffs, all Class Members and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, maintaining, enforcing, asserting, or continuing to prosecute any action or proceeding in any court of law or equity arbitration tribunal, administration forum or other forum of any kind any of the Released Claims  against any of the Released Defendant Persons.

16.     Rule 11 Findings – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

17.     No Admissions – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Released Defendant Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Persons with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Persons or in any way referred to for any other reason as against any of the Released Defendant Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Released Plaintiff Persons, as evidence of, or

6

construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Persons that any of their claims are without merit, that any of the Released Defendant Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Released Persons and their respective counsel may refer to this Order and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

18.     The Released Persons may file the Stipulation and/or this Order in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties may file the Stipulation and/or this Order in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order.

19.     Retention of Jurisdiction – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or expenses by Plaintiffs' Counsel in the Action that will be paid from the Settlement Fund, and Plaintiffs' award; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Settlement Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

20.     On the motion of Plaintiffs' Counsel for an award of attorneys' fees and expenses, and an award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 318) notice of which was

given to all Class Members who could be identified with reasonable effort, as required by Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, I hereby award Plaintiffs' Counsel attorneys' fees of 30% of the Settlement Amount in the amount of $14,250,000.00, plus expenses sought (except that plaintiff counsel shall not recover contract attorney time as an expense), together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  That amount of fees is appropriate, fair, and reasonable under the "percentage-of-recovery" method given the substantial risks of non-recovery, the contingent nature of the representation, awards in similar cases, the time and effort involved, and the result obtained for the Class.  The awarded attorneys' fees and expenses and interest earned thereon shall be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the holdback (described below) as well as the terms, conditions, and obligations of the Stipulation, the terms, conditions, and obligations of which are incorporated herein

21.    In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

a.   the Settlement has created a fund of $47,500,000 in cash that is already on deposit, and numerous Class Members who  have submitted valid Proof of Claim forms will benefit from the Settlement created by Plaintiffs' Counsel;

b.   over 129,000 copies of the Postcard Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees not to exceed 33% of the Settlement Amount and for expenses in an amount not to exceed $2,200,000, plus interest thereon, and no objections to the fees or expenses were filed by Class Members;

c.   Plaintiffs' Counsel have pursued the Actions and achieved the Settlement with diligent advocacy;

d.   Plaintiffs' Counsel have expended substantial time and effort pursuing the Actions on behalf of the Class;

e.   Plaintiffs' Counsel pursued this Action on a contingent basis, having received no

8

compensation during the Actions, and any fee amount has been contingent on the result achieved;

f.   the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

g.   had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

h.   Plaintiffs' Counsel have devoted over 15,939.65 hours, with a lodestar value of $9,563,611.25 to achieve the Settlement;

i.   Plaintiffs approved the amount of attorneys' fees awards as fair and reasonable;

j.   the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

22.   Pending the filing and approval of the Plan of Allocation and the Post-Distribution Accounting required by the Northern District's Procedural Guidance for Class Action Settlements, 15% of plaintiff counsel's attorney fee award shall be withheld in the Settlement Fund held by Esquire Bank.  A further Case Management Conference ("CMC") is set for November 11, 2025 with the Post-Distribution Accounting filed by November 4, 2025.  If the settlement distributions are not stale or if all funds have not yet been distributed to class members by November 4, 2025, counsel shall submit a stipulation moving the date for the Post-Distributing Accounting and the further CMC to a date 21 days after all settlement distributions have been made and/or settlement payments become stale.  Following the filing of the Post-Distribution Accounting, if the Court finds a further CMC is not necessary, the Court will enter an order releasing the held back attorney fees and vacating the further CMC.

23.      Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards Lead Plaintiff Fish $12,500.00, and $5,000 each to Cranny and Stark for their time and expenses representing the Class.

24.      Modification of the Agreement of Settlement – Without further approval from the Court, the Plaintiffs and the Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit

United States District Court
Northern District of California

9

the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

25.     Termination of Settlement – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Class Members and the Defendants, and the Parties shall revert to their respective positions in the Action as provided in the Stipulation.

26.     Entry of Final Judgment – There is no reason to delay the entry of final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

27.     Confidentiality Orders – The Court's orders entered during this Action related to the confidentiality of information shall survive this Judgment.

**IT IS SO ORDERED.**

Dated: January 22, 2025

William H. Orrick
United States District Judge

United States District Court
Northern District of California

10