Adam M. Apton (SBN 316506)
1160 Battery Street East
Suite 100 - #3425
San Francisco, CA 94111
Telephone: (415) 373-1671
Email: aapton@zlk.com

*Lead Counsel for Plaintiffs and the Class*

[additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | Case No. 3:21-CV-00058-WHO |
| | **PLAINTIFFS' NOTICE OF MOTION FOR AUTHORIZATION TO DISTRIBUTE THE NET SETTLEMENT FUND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | Honorable William H. Orrick<br>Hearing Date: August 13, 2025<br>Hearing Time: 2:00 p.m.<br>Place: Courtroom 2, 17th Floor |

**NOTICE OF MOTION**
**FOR AUTHORIZATION TO DISTRIBUTE THE NET SETTLEMENT FUND**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 13, 2025 at 2:00 p.m., in the United States District Court, Northern District of California, Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable William H. Orrick presiding, the Court-appointed Lead Plaintiffs Frank Fish, Mary Cranny, and Kathy Stark (together the "Plaintiffs") will and hereby do move for an Order Authorizing Distribution of the Net Settlement Fund.

This motion is based upon the supporting Memorandum of Points and Authorities that follows; the Declaration of Adam D. Walter (of claims administrator A.B. Data Class Action and Claims Solutions, Inc.), dated June 19, 2025; the exhibits thereto; the pleadings and records on file in the Action; and all such other matters as the Court may consider in deciding the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AUTHORIZATION TO DISTRIBUTE THE NET SETTLEMENT FUND**

## TABLE OF CONTENTS

I.      **BACKGROUND** .................................................................................................1

II.     **CLAIMS ADMINISTRATION** ....................................................................2

III.    **THE COURT SHOULD APPROVE ACCEPTANCE OF UNTIMELY BUT OTHERWISE ELIGIBLE CLAIMS** ...........................................................3

IV.    **DISTRIBUTION OF THE NET SETTLEMENT FUND** ...........................5

V.     **A.B. DATA'S COSTS AND FEES FOR CONDUCTING THE INITIAL DISTRIBUTION** ........................................................................................5

I.      **CONCLUSION** ..............................................................................................7

**TABLE OF AUTHORITIES**

**Cases**

*Briones v. Riviera Hotel & Casino*,
   116 F.3d 379, 381 (9th Cir. 1997) .......................................................................................... 4

*Burns v. Elrod*,
   757 F.2d 151, 155 (7th Cir. 1985) ........................................................................................ 4

*In re Cendant Corp. Prides Litig.*,
   233 F.3d 188, 195 (3d Cir. 2000)........................................................................................... 4

*In re Gilat Satellite Networks, Ltd.*,
   No. CV-02-1510 (CPS) (SMG), 2009 WL 803382, (E.D.N.Y. March 25, 2009)............................ 4

*In re Gypsum Antitrust Cases*,
   565 F.2d 1123, 1128 (9th Cir. 1977) ..................................................................................... 4

*In re TASER Int'l, Inc. Sec. Litig.*,
   No. CV-05-115-PHX-SRB, 2009 WL 10707825, (D. Ariz. July 15, 2009)................................... 5

*In re Valdez*,
   289 F. App'x 204, 206 (9th Cir. 2008) .............................................................................. 3, 4

*Lemus v. H & R Block Enters., LLC*,
   No. C 09-03179 SI, 2013 WL 3831866, (N.D. Cal. July 23, 2013) ................................................ 3

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
   507 U.S. 380, 395 (1993)...................................................................................................... 4

*Silber v. Mabon*,
   18 F.3d 1449, 1454 (9th Cir. 1993) ....................................................................................... 4

*Zients v. LaMorte*,
   459 F.2d 628, 630 (2d Cir. 1972)........................................................................................... 4


**Other Authorities**

*Manual for Complex Litigation (Fourth)*
   § 21.662 (2004).................................................................................................................... 4

*Reports of the Conference for District Court Judges*,
   63 F.R.D. 231, 262 (1973) ..................................................................................................... 5

Plaintiffs Frank Fish, Mary Cranny, and Kathy Stark (the "Plaintiffs"), through their counsel, respectfully submit this memorandum of law in support of their motion for entry of the Proposed Order Granting Authorization to Distribute the Net Settlement Fund (the "Distribution Order") in the above-captioned action.[1]  The proposed plan for distributing the Net Settlement Fund (the "Distribution Plan") is set forth in the accompanying Declaration of Adam D. Walter Concerning the Results of the Claims Administration Process (the "Walter Declaration"), which is being submitted on behalf of the Court-approved Claims Administrator, A.B. Data, Ltd. ("A.B. Data").

If entered by the Court, the Distribution Order will, among other things, (1) approve A.B. Data's recommendations accepting and rejecting Claims submitted in the Action; (2) direct the distribution of the Net Settlement Fund to Claimants whose Claims have been accepted as valid and approved by the Court; and (3) approve A.B. Data's fees and expenses incurred and estimated to be incurred in connection with the distribution.

## I.    BACKGROUND

The Stipulation entered into by Plaintiff and Defendants sets forth the terms of the settlement (the "Settlement"), and resolves all claims asserted against QuantumScape Corporation, Jagdeep Singh, Kevin Hettrich, and Timothy Holme (collectively, the "Settling Defendants"). Pursuant to the terms of the Settlement, a cash payment of $47,500,000.00 (forty-seven million and five hundred thousand U.S. dollars) was deposited in escrow for the benefit of the Settlement Class.

In accordance with the Preliminary Approval Order (ECF No. 215), A.B. Data: (i) mailed the Postcard Notice and Notice of (I) Pendency of Class Action, Certification of Settlement Class,

---

[1] Unless otherwise indicated herein, all terms with initial capitalization shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated June 11, 2024 (ECF No. 211-2) (the "Stipulation").

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AUTHORIZE DISTRIBUTION**
Case No. 3:21-CV-00058-WHO

1

and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") and the Proof of Claim and Release Form ("Claim Form") (with the Notice, the "Notice Packet") to potential Settlement Class Members and their brokers and other nominees; (ii) created and continues to maintain a toll-free helpline for inquiries during the course of the administration; (iii) created and continues to maintain a case website and posted case-specific documents on it; (iv) caused the Summary Notice to be published; (v) provided, upon request, additional copies of the Notice Packet to Class Members, brokers and other nominees; and (vi) received and processed claims. Walter Declaration at ¶¶ 4-6. A.B. Data mailed 133,799 Postcard Notices to Potential Class Members and received confirmation that 337,102 emails were sent to potential Class members with a link to the Notice and Claim Form. *Id.* at ¶ 4. The Notice informed Settlement Class Members that if they wished to be eligible to participate in the distribution of the Net Settlement Fund, they were required to submit a properly executed Claim Form postmarked no later than December 13, 2024. *Id.* at ¶ 7.

On January 22, 2025, following the dissemination of the Notice to potential Settlement Class Members and the publication of the Summary Notice as provided for in the Preliminary Approval Order, the Court entered the Order Granting Motion for Final Approval and Motion for Attorneys' Fees, granting final approval of the Settlement as fair, reasonable, and adequate. ECF No. 215; ECF No. 227. The Court also approved the Plan of Allocation, which was explained in the Notice sent to potential Settlement Class Members, as fair, reasonable, and adequate. ECF No. 227. Final Judgment was also entered on January 22, 2025. ECF No. 228. Claim Forms have now been processed and the Net Settlement Fund is ready to be distributed to Authorized Claimants. Accordingly, Plaintiff respectfully asks the Court to enter the Distribution Order.

## II.   CLAIMS ADMINISTRATION

As set forth in the accompanying Walter Declaration, through May 15, 2025 A.B. Data has received 215,326 Claim Forms, all of which have been fully processed in accordance with the Court-approved Plan of Allocation. Walter Declaration at ¶ 7. A.B. Data has identified 94,214

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AUTHORIZE DISTRIBUTION**
Case No. 3:21-CV-00058-WHO

2

properly documented valid claims in whole or part, 93,146 valid claims that were timely submitted and 1,068 valid claims that were received late but are otherwise eligible. *Id.* at ¶¶ 34-35. A.B. Data recommended 121,112 claims for rejection. *Id.* at ¶ 36. Of the claims recommended for rejection, 101,940 claims did not result in a recognized loss under the Plan of Allocation, 17,645 claims had no purchase of QuantumScape securities during the class period, 1 claim had uncured deficiencies, 1,519 claims were replaced or were otherwise duplicate claims, and 7 claims were withdrawn. *Id.* The Claims Administrator addressed all non-conforming claims through a comprehensive process. *Id.* at ¶¶ 19-21. For such claims, A.B. Data mailed or emailed inadequacy notices to each of these claimants advising them of the nature of their ineligibility, and if there was a deficiency, providing claimants an opportunity to cure. *Id.* at ¶ 20.

Nineteen requests were made for Court review of A.B. Data's treatment of a claim. *Id.* at ¶ 28. A.B. Data was able to resolve each of these disputes and/or obtain any missing information so that there are no remaining disputed claims requiring Court review. *Id.*

The claims administration process is now complete, and A.B. Data has determined that out of the 215,326 Claim Form Proofs of Claim submitted through May 15, 2025, 94,214 are acceptable in whole or in part (93,146 timely and valid Claims and 1,068 late but otherwise valid Claims). *Id.* at ¶¶ 33-35. A.B. Data recommends 121,112 claims for complete rejection. *Id.* at ¶ 36. Plaintiffs respectfully request that the Court approve A.B. Data's recommendation to accept the timely and valid claims set forth in Exhibit D to the Walter Declaration, accept the late but otherwise eligible Claims set forth in Exhibit E to the Walter Declaration, and reject those listed in Exhibits F. *Id.* at ¶ 3A7, Exhibits D-F.

**III.    THE COURT SHOULD APPROVE ACCEPTANCE OF UNTIMELY BUT OTHERWISE ELIGIBLE CLAIMS**

It is well settled that a district court has discretion to allow late claims to a settlement fund. *See Lemus v. H & R Block Enters., LLC*, No. C 09-03179 SI, 2013 WL 3831866, at *2 (N.D. Cal. July 23, 2013) (citing *In re Valdez*, 289 F. App'x 204, 206 (9th Cir. 2008)) ("A district court has

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AUTHORIZE DISTRIBUTION**
Case No. 3:21-CV-00058-WHO

discretion to allow late claims to a settlement fund."); *see also In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977). Multiple circuits have held that the court maintains an inherent equitable power to "allow late-filed proofs of claim and late-cured proofs of claim." *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 195 (3d Cir. 2000); *accord Burns v. Elrod*, 757 F.2d 151, 155 (7th Cir. 1985); *Zients v. LaMorte*, 459 F.2d 628, 630 (2d Cir. 1972); *cf. Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1993) (recognizing that "the district court has discretion to extend a class member's time to opt out" of a class settlement). *The Manual for Complex Litigation* also recommends that "[t]he court should allow adequate time for late claims before any refund or other disposition of settlement funds occurs." *Manual for Complex Litigation (Fourth)* § 21.662 (2004). Courts regularly permit late-filed claims for "excusable neglect" or "good cause." *See Silber*, 18 F.3d at 1455; *Gypsum*, 565 F.2d at 1128; *see also Valdez*, 289 F. App'x at 206 (noting that district court permitted late-filed claims by claimants with "plausible excuses for not filing timely"). The excusable neglect analysis involves equitable consideration, and the Court may consider factors including the danger of prejudice, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, 2,986 of the Proofs of Claim were postmarked or received after the December 13, 2024 claim submission deadline. Walter Declaration at ¶ 29. Of these claims, 1,068 were found by A.B. Data to be eligible in whole or in part. *Id*. No proof of claim was rejected by A.B. Data solely because it was received after the submission deadline and the Proof of Claim has not caused significant delay in the processing or distribution of the Net Settlement Fund or otherwise prejudiced any Authorized Claimant or Defendant. *Id*. Indeed, when the equities are balanced, it would be unfair to prevent an otherwise valid Proof of Claim from recovering from the Net Settlement Fund solely because it was submitted after the cut-off date but while claims were still being processed. *In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510 (CPS) (SMG), 2009 WL

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AUTHORIZE DISTRIBUTION**
Case No. 3:21-CV-00058-WHO

803382, at *6 (E.D.N.Y. March 25, 2009) ("Because there is no showing of delay or prejudice, the late filed claims should be included in the class for settlement disbursement."). Therefore, Plaintiff respectfully requests that the Court approve the 1,068 late but otherwise valid claims listed in Exhibit E of the Walter Declaration. *Id.*, Exhibit E.

To facilitate the efficient distribution of the Net Settlement Fund, however, there must be a final cut-off date for claims. *See In re TASER Int'l, Inc. Sec. Litig.*, No. CV-05-115-PHX-SRB, 2009 WL 10707825, at *2 (D. Ariz. July 15, 2009) ("[I]n the distribution of a large class action settlement fund, 'a cutoff date is essential and at some point the matter must be terminated.'" (quoting *Reports of the Conference for District Court Judges*, 63 F.R.D. 231, 262 (1973)). A.B. Data, in consultation with Lead Counsel, recommends that no Claim received after May 15, 2025, or adjusted after May 15, 2025, be eligible for payment. Walter Declaration at ¶ 30. Accordingly, it is respectfully requested that the distribution order provide that no untimely claim received that is not already listed on Exhibit F to the Walter Declaration be accepted for any reason whatsoever. Walter Declaration at ¶ 30, Exhibit F.

For the foregoing reasons, as well as those set forth in the Walter Declaration, it is respectfully requested that the Court approve A.B. Data's administrative determinations accepting and rejecting claims.

## IV.    DISTRIBUTION OF THE NET SETTLEMENT FUND

The Claims Administrator has now finished processing all claims. Plaintiffs request that the Court approve A.B. Data's administrative recommendations to accept the 94,214 claims deemed acceptable (including the 1,068 late, but otherwise valid claims) listed in Exhibits D and E to the Walter Declaration, and to reject the 121,112 claims that A.B. Data has determined are inadequate or ineligible listed in Exhibit F to the Walter Declaration.  Walter Declaration at ¶¶ 34-36.

Upon the issuance of the Court's order authorizing distribution, A.B. Data will distribute the entire available balance of the Net Settlement Fund to Authorized Claimants, after deducting

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AUTHORIZE DISTRIBUTION**
Case No. 3:21-CV-00058-WHO

the payments previously allowed and requested herein, including the 10% of attorney's fees ordered withheld until the filing of the Post-Distribution Accounting in accordance with the Order Granting Motion for Final Approval and Motion for Attorney's Fees, (ECF 227), and after the payment of any estimated taxes and the costs of preparing appropriate tax returns and any escrow fees. Walter Declaration at ¶ 39(a). Each Authorized Claimant's *pro rata* share of the Net Settlement Fund will be based on each Authorized Claimant's Recognized Claim as compared to the Total Recognized Claims of all Authorized Claimants. *Id.* at ¶ 39(a)(1). No distribution will be made on a claim where the potential distribution amount is less than $10.00 in cash. *Id* at ¶ 39(a)(2). The Net Settlement Fund will be allocated among the authorized claimants mentioned in the paragraph above whose prorated payment is $10.00 or greater and any prorated amounts of less than $10.00 will be included in the pool distributed to those whose prorated payments are $10.00 or greater. *Id.* at ¶ 39(a)(3). To encourage Authorized Claimants to promptly cash their distributions and to avoid or reduce future expenses relating to unpaid distributions, Plaintiff proposes that all the distribution checks bear the notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." *Id.* at ¶ 39(b).

If there is any balance remaining in the Net Settlement Fund after nine (9) months from the initial distribution date (whether by reason of tax refunds, uncashed checks, or otherwise), Lead Counsel recommends that, if economically feasible, such remainder be allocated in a re-distribution, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who cashed their checks from the initial distribution, and who would receive at least $10.00 from such re-distribution. *Id.* at ¶ 39(d).

## V.    A.B. DATA'S COSTS AND FEES FOR CONDUCTING THE INITIAL DISTRIBUTION

Pursuant to the Final Approval Order, A.B. Data has incurred additional costs associated with the administration.   To date, A.B. Data has incurred $335,585.31 in fees and costs in administering the Settlement, none of which have been reimbursed. *Id*. at ¶ 38. A.B. Data estimates the cost of conducting the initial distribution is $335,585.31, and Plaintiff respectfully requests the Court's approval for A.B. Data to withhold this amount when calculating the Net Settlement Fund.

Additionally, Plaintiff respectfully requests that one year after the Second Distribution, A.B. Data be permitted to destroy the paper copies of the claim forms and all supporting documentation, and one year after all funds have been distributed, A.B. Data be permitted to destroy electronic copies of the claim forms and supporting documentation. *Id*. at ¶ 39(g).

## I.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the Distribution Order submitted herewith.

Dated: July 8, 2025                                  Respectfully submitted,


                                                     **LEVI & KORSINSKY, LLP**

                                                     */s/ Nicholas Porritt*
                                                     Nicholas I. Porritt
                                                     33 Whitehall Street, 27th Floor
                                                     New York, NY 10004
                                                     Tel: (212) 363-7171
                                                     Email: nporritt@zlk.com
                                                     Email: mweiss@zlk.com
                                                     (admitted *pro hac vice*)

                                                     Adam M. Apton (SBN 316506)
                                                     1160 Battery Street East
                                                     Suite 100 - #3425

                                                     *Lead Counsel for Plaintiffs and the Class*

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AUTHORIZE DISTRIBUTION**
Case No. 3:21-CV-00058-WHO

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ Nicholas Porritt*
Nicholas I. Porritt

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AUTHORIZE DISTRIBUTION**
Case No. 3:21-CV-00058-WHO

9