**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | Case No. 3:21-CV-00058-WHO **[PROPOSED] ORDER GRANTING AUTHORIZATION TO DISTRIBUTE THE NET SETTLEMENT FUND** |

**[PROPOSED] ORDER AUTHORIZING DISTRIBUTION OF NET SETTLEMENT FUND**

WHEREAS, Frank Fish, Mary Cranny, and Kathy Stark, the Court-appointed Lead Plaintiffs ("Lead Plaintiffs" or "Plaintiffs"), through counsel, move this Court for an order approving the Distribution Plan in the above-captioned class action (the "Action") and for payment to the Claims Administrator to satisfy all administration fees and expenses through the initial distribution. Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Declaration of Adam D. Walter Concerning the Results of the Claims Administration Process (the Walter Declaration"); and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this __th day of _____, 2025, that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 11, 2024 (ECF No. 211-2) (the "Stipulation") and the Walter Declaration of A.B. Data, Ltd. Concerning the Results of the Claims Administration Process (the Walter Declaration"), and all terms used herein shall have the same meanings as set forth in the Stipulation and the Walter Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The proposed plan for distributing the Net Settlement Fund (the "Distribution Plan") as set forth in the Walter Declaration to Authorized Claimants is **APPROVED**.

Accordingly:

(a) The administrative recommendations of the Court-approved Claims Administrator, ("A.B. Data" or "Claims Administrator") to accept the Timely Eligible Claims set forth in Exhibit D to the Walter Declaration and the Late But Otherwise Eligible Claim set forth in Exhibit E to the Walter Declaration, are adopted;

(b) The Claims Administrator's administrative recommendations to reject the inadequately documented claims that have not been successfully cured and wholly ineligible Claims as set forth in Exhibit F to the Walter Declaration are adopted;

(c) A.B. Data is directed to distribute 100% of the Net Settlement Fund, after deducting all

2

payments previously allowed and the payments approved by the Court, including the 10% of attorney's fees ordered withheld until the filing of the Post-Distribution Accounting by the Order Granting Motion for Final Approval and Motion for Attorney's Fees, and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, to Authorized Claimants who would receive at least $10.00 based on their *pro rata* share of the Net Settlement Fund, which is based on each Authorized Claimant's Recognized Claim as compared to the Total Recognized Claims of all Authorized Claimants as set forth in paragraph 39(a) of the Walter Declaration (the "Distribution") and the Court-approved Plan of Allocation;

(d)    In order to encourage Authorized Claimants to promptly cash their checks, all Distribution checks shall bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE].";

(e)    Authorized Claimants who do not cash their Distribution checks within the time allotted shall irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated checks shall be available to be re-distributed to other Authorized Claimants in a Second Distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distributions (should such distributions occur) within the time allotted shall irrevocably forfeit any further recovery from the Net Settlement Fund;

(f)    After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks, but no earlier than nine (9) months after the Distribution, A.B. Data shall conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), in which any amounts remaining in the Net Settlement Fund after the Distribution, after deducting A.B. Data's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be distributed to all Authorized Claimants in the Distribution who cashed their Distribution check and who would receive at least $10.00 from such re-distribution based on their *pro rata* share of the remaining funds.  Additional re-distribution, after deduction of costs and expenses as described above and subject to the same conditions, may occur until Lead Counsel, in consultation with A.B. Data, determine that further re-

3

distribution is not cost effective;

(g)     No new Claims shall be accepted after May 15, 2025, and no further Claim adjustments received on or before May 15, 2025 that would result in an increased recognized claim amount shall be accepted.

4.     A.B. Data shall be paid $335,585.31 in satisfaction of the administration fees and expenses for conducting the initial distribution and shall withhold this amount when calculating the Net Settlement Fund. Additionally, (i) in no less than one (1) year after the Second Distribution, A.B. Data may destroy the paper copies of the Claim Forms and all supporting documentation; and (ii) in no less than one (1) year after all funds have been distributed, A.B. Data may destroy the electronic copies of the Claim Forms and all supporting documentation.

5.     This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

SO ORDERED this _____day of_____, 2025

_____
The Honorable William H. Orrick
United States District Judge

[PROPOSED] ORDER AUTHORIZING SETTLEMENT FUND DISTRIBUTION
CASE NO. 3:21-CV-00058-WHO